GEORGE L. HASSELBACK, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiff Lisa Black

ORIGINAL

Clerk
District Court

NOV 1 8 2005

For The Northern Mariana Islands
By_____
    (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, <br><br> Plaintiff, <br><br> vs. <br><br> JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE. <br><br> Defendants. | CIVIL CASE NO. 05-0038 <br><br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL TERMINATION, AND DEMAND FOR JURY TRIAL |

Plaintiff Lisa Black, by and through counsel, submits this Complaint and hereby alleges, as follows:

I.

**INTRODUCTION**

1. This case arises out of the termination of a teacher in violation of her civil rights protected under the United States and Commonwealth Constitutions.

1

3221-01-051118-PL-Comp-glh

## II.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988. The Court also has supplemental jurisdiction over the various state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court under 28 U.S.C. §1391(a). All parties to this action are residents of and/or present in the Commonwealth of the Northern Mariana Islands ("CNMI"). Additionally the facts giving rise to this lawsuit occurred within this District.

## III.

## PARTIES

4. Plaintiff Lisa Black ("Ms. Black") is a citizen of the United States and, at all times relevant to this action, a resident of the CNMI.

5. Defendant Jim Brewer ("Mr. Brewer"), upon information and belief, is a citizen of the United States and, at all times relevant to this action, a resident of the CNMI. At all times relevant to this action, Mr. Brewer has acted as the principal of Hopwood Junior High School ("Hopwood").

6. Defendant Commonwealth of the Northern Mariana Islands Public School System ("PSS") is a non-profit corporation organized pursuant to CNMI statute with its principal place of business in the CNMI.

7.  Defendant(s) John/Jane Doe (collectively "Doe") is (are), upon information and belief, a citizen(s) of the United States and, at all times relevant to this action, a resident(s) of the CNMI. The identity of this (these) individual(s) is not ascertainable as of the filing of this Complaint.

## IV.

## FACTUAL ALLEGATIONS

8.  In or about March of 2003, Ms. Black began working as a teacher at Hopwood.

9.  During the initial portion of her tenure, Ms. Black received favorable evaluations and was regarded as a competent and effective teacher by her supervisors and peers. Specifically, her relationship with Mr. Brewer was both professional and congenial.

10. Between the beginning of her tenure at Hopwood and October 6, 2004, members of the Hopwood faculty and staff became concerned with the qualifications and competence of Ms. Beth Nepaial the Vice Principal of Hopwood ("Ms. Nepaial"). Because of these concerns, several members of the staff and faculty participated in the drafting of a "letter of concern" ("the Letter").

11. On October 6, 2004, the Letter was delivered to the administration of PSS and the Commonwealth's Board of Education. Upon receipt of this letter, the aforementioned contacted Mr. Brewer and tasked him with investigating these concerns.

12. After being made aware of this letter, Mr. Brewer formulated the erroneous belief that Ms. Black was responsible for drafting, circulating and/or encouraging others to sign it.

13. Acting upon this belief, Mr. Brewer began to single out Ms. Black for disparate treatment to include selective enforcement of policies, intimidation and harassment. Additionally, despite no change in her performance as a teacher, Ms. Black began to receive less-favorable evaluations in retaliation for her perceived involvement with the drafting and delivery of the letter.

14. This retaliatory behavior culminated on April 25, 2005, when Ms. Black received notice that her contract of employment would not be renewed.

15. Upon information and belief it is alleged that following the non-renewal of Plaintiff's contract to teach at Hopwood, that Mr. Brewer, acting alone or in concerted with others, actively interfered with Ms. Black's efforts to secure employment at other schools within the PSS system.

16. Plaintiff has been injured by the foregoing acts of the Defendants, and has incurred pecuniary and other losses including emotional distress, and is entitled to damages.

17. The foregoing acts of Defendants were taken under color of the law of the CNMI.

18. The foregoing acts of the Defendants were willful and malicious, taken in bad faith for oppressive reasons.

## FIRST CAUSE OF ACTION

### (violation of civil rights)

19. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 18 above.

20. This First Cause of Action is pled by Plaintiff against Mr. Brewer in his individual capacity.

21. At all relevant times, Mr. Brewer was acting under color of law.

22. Mr. Brewer acted in reckless disregard as to the civil rights of Ms. Black by refusing to renew her employment contract in retaliation for actual and/or perceived exercises of her right to free speech as guaranteed under the First Amendment to the United States Constitution.

23. Mr. Brewer acted in reckless disregard as to the civil rights of Ms. Black by establishing and/or implementing policies and/or procedures that resulted in a failure to renew her employment contract in retaliation for actual and/or perceived exercises of her right to free speech as guaranteed under the First Amendment to the United States Constitution.

24. The conduct of Mr. Brewer, as described herein, resulted in the non-renewal of Ms. Black's employment contract for a Constitutionally impermissible reason and therefore deprived her of her right to due process under the Fourteenth Amendment of the United States Constitution and deprived her of a property right to continued employment.

25.     The conduct of Mr. Brewer, as described herein resulted in financial and emotional damage to Ms. Black, entitling her to damages pursuant to 42 U.S.C. § 1983 and § 1988, including punitive damages and attorneys' fees in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (wrongful discharge – violation of public policy)

26.     Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 18 above.

27.     This Second Cause of Action is pled by Plaintiff against Mr. Brewer and against PSS.

28.     There exists in the Commonwealth of the Northern Mariana Islands a strong public policy favoring the free expression of ideas through speech and other expressive conduct by all persons evidenced by, among other things, the Constitution of the Commonwealth of the Northern Mariana Islands and the United States Constitution.

29.     The non-renewal of any employee, to include a public school teacher, for the actual and/or perceived exercise of their right to speak freely as guaranteed under both the United States and Commonwealth Constitutions would jeopardize this public policy by discouraging the exercise of free speech.

30.     Ms. Black's actual and/or perceived exercise of her right to speak freely as guaranteed under both the United States and Commonwealth Constitutions was the reason her employment contract was not renewed.

31.  No overriding justification for the non-renewal of Ms. Black's employment contract exists.

## THIRD CAUSE OF ACTION
### (violation of civil rights under the CNMI Constitution)

32.  Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 18 above.

33.  This Third Cause of Action is pled by Plaintiff against Mr. Brewer and against PSS.

34.  The actions of Mr. Brewer and/or PSS deprived Ms. Black of rights guaranteed by the Constitution of the Northern Mariana Islands, including, but not limited to her right under Article I § 5 to due process of law and her right of individual privacy under Article 1 § 10.

35.  The actions of Mr. Brewer and PSS caused Ms. Black to suffer injury and damages, and she is therefore entitled to damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (intentional infliction of emotional distress)

36.  Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 18 above.

37.  This Fourth Cause of Action is pled by Plaintiff against Mr. Brewer and against PSS.

38. The acts of Mr. Brewer and/or PSS as described above, were done willfully, maliciously, outrageously, deliberately and purposefully with the intention to inflict emotional distress upon Ms. Black.

39. In the alternative, these acts were done in reckless disregard of the probability of causing Ms. Black emotional distress.

40. In either event, these acts did in fact result in severe and extreme emotional distress, and she is therefore entitled to damages in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION
### (negligent infliction of emotional distress)

41. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 18 above.

42. This Fifth Cause of Action is pled by Plaintiff against Mr. Brewer and against PSS.

43. The conduct of Mr. Brewer and PSS caused Ms. Black severe anxiety that continues to this date, making her constantly apprehensive and fearful that she will not be able to secure employment and consequently have no means by which to support herself.

44. Having resulted in such severe and extreme emotional distress, the actions of Mr. Brewer and/or PSS have caused Ms. Black damages for which she entitled to compensation in amounts to be proven at trial.

## SIXTH CAUSE OF ACTION
### (breach of contract)

45. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 18 above.

46. The Sixth Cause of Action is pled by Plaintiff against PSS.

47. Ms. Black was initially hired by PSS at an international schools job fair that took place in Boston, Massachusetts in 1996. This arrangement was memorialized in a legally binding contract between PSS and Ms. Black.

48. As part of her compensation package, Ms. Black's contract included a "housing allowance."

49. Several months after her arrival and the commencement of her employment, PSS instituted new pay scales and demanded that Ms. Black sign a waiver so that they could cease paying her the "housing allowance."

50. Ms. Black never signed any such waiver.

51. In spite of her refusal to agree to waive this portion of her compensation, PSS ceased paying Ms. Black the "housing allowance" which constituted a material breach of her employment contract.

3221-01-051118-PL-Comp-glh

52. Ms. Black complied with all terms and conditions of her employment contract.

53. This breach resulted in financial damage to Ms. Black and she is therefore entitled to damages for this breach in an amount to be determined at trial.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

i. For general, consequential and compensatory damages to include back pay and front pay in amounts to be proven at trial.

ii. For Ms. Black's reinstatement to a teaching position within PSS commensurate with that which she formally held.

iii. For punitive damages in an amount to be proven at trial.

iv. For prejudgment interest as allowed by law.

iv. For attorney fees and costs of suit.

v. For such other and further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues so triable.

Dated: November 18, 2005.

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Lisa Black

By: _____
George L. Hasselback