ORIGINAL

Benjamin L. DeMoux (F0328)
Assistant Attorney General
Office of the Attorney General-Civil Division
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 664-2341
Fax: 664-2349
bendemoux@gmail.com
Attorney for Jim Brewer

Clerk
District Court

DEC 2 2 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK,<br><br>    Plaintiff,<br><br>    v.<br><br>JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM and JOHN AND/OR JANE DOE<br><br>    Defendants. | CIVIL ACTION NO. 05-0038<br><br>**ANSWER** |

      Hopwood Junior High School Principal, Jim Brewer ("Mr. Brewer"), by and through his attorney, submits the following response to Plaintiff's Complaint.

1.    Mr. Brewer denies the allegations contained in Paragraph 1.

2.    Mr. Brewer admits the allegations contained in Paragraph 2.

3.    Mr. Brewer admits the allegations contained in Paragraph 3.

4. Mr. Brewer admits that Plaintiff is a US citizen but lacks sufficient information to form a belief as to Plaintiff's residency in the CNMI at all times relevant to this action and therefore denies that allegation.

5. Mr. Brewer admits the allegations contained in Paragraph 5.

6. Mr. Brewer admits the allegations contained in Paragraph 6.

7. Mr. Brewer alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 and accordingly denies such allegations.

8. Defendant Mr. Brewer denies the allegations contained in Paragraph 8 – Ms. Black's term at Hopwood began in or about March of 2004.

9. Mr. Brewer admits the allegations in Paragraph 9 that Ms. Black received favorable evaluations during the first few months of her time at Hopwood and that Mr. Brewer had a congenial and professional relationship with her during that time. Mr. Brewer alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning how Ms. Black was viewed by others and accordingly denies such allegations.

10. Mr. Brewer admits the allegation in Paragraph 10 that a "letter of concern" was drafted on or about October 6, 2004. Mr. Brewer alleges that he is without sufficient knowledge or information to form a belief as to the truth of the rest of the allegations in Paragraph 10 and accordingly denies such allegations.

11. Mr. Brewer denies the allegations in Paragraph 11 that the "letter of concern" was presented to the administration of PSS and denies that he was tasked with investigating the concerns contained therein. Mr. Brewer alleges that he is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 that the "letter of concern" was delivered to the Board of Education and accordingly denies such allegations.

12. Mr. Brewer denies the allegations contained in Paragraph 12.

13. Mr. Brewer admits that Plaintiff received low marks in two of the eight categories of her performance appraisal of April 2005 but denies the remaining allegations contained in Paragraph 13..

14. Mr. Brewer admits that Plaintiff's contract was not renewed in April 2005 but denies the allegations contained in Paragraph 14.

15. Mr. Brewer denies the allegations contained in Paragraph 15.

16. Mr. Brewer denies the allegations contained in Paragraph 16.

17. Paragraph 17 states a legal conclusion, to the extent that any answer is needed it is denied.

18. Mr. Brewer denies the allegations contained in Paragraph 18.

19. Paragraph 19 requires no response, to the extent that any answer is needed it is denied.

20. Paragraph 20 requires no response, to the extent that any answer is needed it is denied.

21. Paragraph 21 states a legal conclusion, to the extent that any answer is needed it is denied.

22. Mr. Brewer denies the allegations contained in Paragraph 22.

23. Mr. Brewer denies the allegations contained in Paragraph 23.

24. Mr. Brewer denies the allegations contained in Paragraph 24.

25. Mr. Brewer denies the allegations contained in Paragraph 25.

26. Paragraph 26 requires no response, to the extent that any answer is needed it is denied.

27. Paragraph 27 requires no response, to the extent that any answer is needed it is denied.

28. Paragraph 28 states a legal conclusion, to the extent that any answer is needed it is denied.

29. Paragraph 29 states a legal conclusion, to the extent that any answer is needed it is denied.

30. Mr. Brewer denies the allegations contained in Paragraph 30.

31. Mr. Brewer denies the allegations contained in Paragraph 31.

32. Paragraph 32 requires no response, to the extent that any answer is needed it is denied.

33. Paragraph 33 requires no response, to the extent that any answer is needed it is denied.

34. Mr. Brewer denies the allegations contained in Paragraph 34.

35. Mr. Brewer denies the allegations contained in Paragraph 35.

36. Paragraph 36 requires no response, to the extent that any answer is needed it is denied.

37. Paragraph 37 requires no response, to the extent that any answer is needed it is denied.

38. Mr. Brewer denies the allegations contained in Paragraph 38.

39. Mr. Brewer denies the allegations contained in Paragraph 39.

40. Mr. Brewer denies the allegations contained in Paragraph 40.

41. Paragraph 41 requires no response, to the extent that any answer is needed it is denied.

42. Paragraph 42 requires no response, to the extent that any answer is needed it is denied.

43. Mr. Brewer denies the allegations contained in Paragraph 43.

44. Mr. Brewer denies the allegations contained in Paragraph 44.

45. Paragraph 45 through Paragraph 53 require no response as they are not directed at Mr. Brewer. To the extent that any answer is needed, the allegations in these paragraphs are denied.

AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state any claim upon which relief may be granted.

2. Plaintiff has failed to mitigate her damages.

3. Mr. Brewer is entitled to absolute or qualified immunity.

4. Mr. Brewer is not liable pursuant to the Government Liability Act (7 CMC 2201 et seq.).

5. Attorney's fees are not available for all causes of action alleged by Plaintiff.

6. Pre-judgment interest is not available for all causes of action alleged by Plaintiff.

7. Punitive damages are not available for all causes of action alleged by Plaintiff.

8. The right to trial by jury is not available for all causes of action alleged by Plaintiff.

**PRAYER FOR RELIEF**

Wherefore, Mr. Brewer requests the following relief:

(a) That Plaintiff takes nothing by reason the complaint;

(b) That the Court dismiss the Complaint with prejudice;

(c) That the Court grant Mr. Brewer his costs and attorneys fees;

(d) For such other and further relief as the Court deems just and equitable.

Date: December 22, 2005.

Respectfully submitted,
OFFICE OF THE ATTORNEY GENERAL

By: /s/ Benjamin L. DeMoux
Benjamin L. DeMoux
Assistant Attorney General
Attorney for Defendant Jim Brewer

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. Pro. 5(d), I certify that a copy of the foregoing ANSWER was by me or at my direction served on December 22, 2005 by hand on:

George Hasselback
O'Connor Berman Dott & Banes
Second Floor, Nauru Building
PO Box 501969
Saipan, MP 96950
Counsel for Plaintiff

Benjamin L. DeMoux
Assistant Attorney General
Counsel for Defendant Jim Brewer