Ms. Heather L. Kennedy
C.N.M.I. Public School System
P.O. Box 1370 CK
Saipan, MP 96950
Telephone: (670) 237-3046
Facsimile: (670) 664-3713

Attorney for: Public School System

F I L E D
Clerk
District Court

DEC 2 2 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, | ) Civil Case No. 05-0038 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **DEFENDANT THE CNMI PUBLIC** |
| JIM BREWER, CNMI Public School | ) |
| System and JOHN AND/OR JANE DOE, | ) **SCHOOL SYSTEM' S ANSWER** |
| | ) |
| Defendants. | ) |

## ANSWER

The CNMI Public School System (PSS), through its attorney, submits the following response to Plaintiff's Complaint:

1.    PSS denies the allegations contained in Paragraph 1.

2.    PSS admits the allegations contained in Paragraph 2.

3.    PSS admits the allegations contained in Paragraph 3.

4.    PSS admits that Plaintiff is a US citizen but lacks sufficient information to form a belief as to Plaintiff's residency in the CNMI at all times relevant to this action and therefore, denies that allegation.

5.    PSS admits the allegations contained in Paragraph 5.

6.    PSS admits the allegations contained in Paragraph 6.

7.    PSS alleges that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 and accordingly denies such allegations.

8.    PSS denies the allegations contained in Paragraph 8 – Ms. Black's term at Hopwood began in March of 2004.

9.    PSS admits that during the first few months of Plaintiff's employment at Hopwood that she received favorable evaluations and that her relationship with Defendant Brewer was professional and congenial.  PSS lacks sufficient information to form a belief regarding what Plaintiff's peers thought of her during the first few months of her employment at Hopwood and accordingly denies the remaining allegations in Paragraph 9.

10.    PSS admits that a "letter of concern" dated October 6, 2004 regarding Vice-Principal Beth Nepaial was signed by some Hopwood employees but lacks sufficient information to form a belief about the truth of the remaining allegations in Paragraph 10 and accordingly denies such allegations.

11.    PSS admits that the Chairman of the Board of Education received the "letter of concern" in October of 2004 but denies the remaining allegations contained in Paragraph 11.

12.    PSS denies the allegations contained in Paragraph 12.

13.  PSS admits that Plaintiff received low marks in two of the eight categories of her performance appraisal of April 2005 but denies the remaining allegations contained in Paragraph 13.

14.  PSS admits that Plaintiff's contract was not renewed in April 2005 but denies the remaining allegations contained in Paragraph 14.

15.  PSS denies the allegations contained in Paragraph 15.

16.  PSS denies the allegations contained in Paragraph 16.

17.  Paragraph 17 states a legal conclusion, to the extent that any answer is needed it is denied.

18.  PSS denies the allegations contained in Paragraph 18.

19.  Paragraphs 19-25 (Plaintiff's First Cause of Action) are asserted against Jim Brewer individually and require no response from PSS, to the extent that any answer is needed it is denied.

20.  Paragraph 26 requires no response, to the extent that any answer is needed it is denied.

21.  Paragraph 27 requires no response, to the extent that any answer is needed it is denied.

22.  Paragraph 28 states a legal conclusion, to the extent that any answer is needed it is denied.

23.  Paragraph 29 states a legal conclusion, to the extent that any answer is needed it is denied.

24.  PSS denies the allegations contained in Paragraph 30.

25.  PSS denies the allegations contained in Paragraph 31.

26.  Paragraph 32 requires no response, to the extent that any answer is needed it is denied.

27.  Paragraph 33 requires no response, to the extent that any answer is needed it is denied.

28.   PSS denies the allegations contained in Paragraph 34.

29.   PSS denies the allegations contained in Paragraph 35.

30.   Paragraph 36 requires no response, to the extent that any answer is needed it is denied.

31.   Paragraph 37 requires no response, to the extent that any answer is needed it is denied.

32.   PSS denies the allegations contained in Paragraph 38.

33.   PSS denies the allegations contained in Paragraph 39.

34.   PSS denies the allegations contained in Paragraph 40.

35.   Paragraph 41 requires no response, to the extent that any answer is needed it is denied.

36.   Paragraph 42 requires no response, to the extent that any answer is needed it is denied.

37.   PSS denies the allegations contained in Paragraph 43.

38.   PSS denies the allegations contained in Paragraph 44.

39.   Paragraph 45 requires no response, to the extent that any answer is needed it is denied.

40.   Paragraph 46 requires no response, to the extent that any answer is needed it is denied.

41.   PSS admits that it entered into a contract with Plaintiff with an effective date of July 29,
      1996.  PSS lacks sufficient information to form a belief as to the truth of the remaining
      allegations contained in paragraph 47 and, therefore, denies those allegations.

42.   PSS admits that the contract with an effective date of July 29, 1996 contained a housing
      allowance but denies any remaining allegations contained in Paragraph 48.

43.   PSS denies the allegations contained in Paragraph 49.

44.   PSS denies that Plaintiff did not waive her rights to a housing allowance when Plaintiff
      signed a contract with PSS on March 21, 1997 wherein Plaintiff accepted a higher salary
      in exchange for the termination of her housing benefits.

45.   PSS denies the allegations contained in Paragraph 51.

46.     PSS admits that Plaintiff completed the contract of July 29, 1996 and the contract that she signed on March 21, 1997.

47.     PSS denies the allegations contained in Paragraph 53.

48.     To the extent that any allegation in Plaintiffs' Complaint is not specifically admitted in the foregoing, it is hereby denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state any claim upon which relief may be granted.

2.     Plaintiff has failed to exhaust administrative remedies with respect to Cause of Action Six.

3.     The statute of limitations has expired with respect to Cause of Action Six.

4.     Plaintiff has failed to mitigate her damages.

5.     PSS is immune from liability under the doctrine of sovereign immunity.

6.     PSS is not liable pursuant to the Government Liability Act (7 CMC 2201 et seq.).

7.     Attorney's fees are not available for all causes of action alleged by Plaintiff.

8.     Pre-judgment interest is not available for all causes of action alleged by Plaintiff.

9.     Punitive damages are not available for all causes of action alleged by Plaintiff.

10.    The right to trial by jury is not available for all causes of action alleged by Plaintiff.

## PRAYER FOR RELIEF

Wherefore, Defendant PSS requests the following relief:

(a)     That Plaintiff takes nothing by reason the complaint;

(b)     That the Court dismiss the Complaint with prejudice;

(c)     That the Court grant PSS and Brewer their costs and attorneys fees;

(d)     For such other and further relief as the Court deems just and equitable.

Respectfully submitted this 2d day of December 2005 by:

Heather L. Kennedy, CNMI Bar #F0246
Attorney for the Public School System