ORIGINAL

F I L E D
Clerk
District Court

MAY 1 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

GEORGE L. HASSELBACK, ESQ.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiff Lisa Black

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK,<br><br>    Plaintiff,<br><br>    vs.<br><br>JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE,<br><br>    Defendants. | CIVIL ACTION NO. 05-0038<br><br><br><br><br><br>STIPULATION TO PROTECTIVE ORDER |

In order to expedite the discovery process in the above-captioned matter and to protect potentially confidential information of third-parties, the parties hereby stipulate to the form and content of the attached Proposed Protective Order and ask that this Court sign this Order into effect as soon as is practicable.

Dated: May 8, 2006

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Lisa Black

By: _____
GEORGE L. HASSELBACK

1

1  Dated: May 10, 2006                    Office of the Attorney General, CNMI
2                                          Attorneys for Defendant Jim Brewer
3                                          By: _____
4                                          BENJAMIN DEMOUX
5
6  Dated: May ___, 2006                   CNMI Public School System, Legal Dept.
7                                          Attorneys for Defendant PSS
8                                          By: _____
9                                          Heather Kennedy
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | [PROPOSED] |
| ) | PROTECTIVE ORDER |
| JIM BREWER, individually and in his ) | |
| official capacity as Acting Principal for ) | |
| Hopwood Junior High School, ) | |
| COMMONWEALTH OF THE NORTHERN ) | |
| MARIANA ISLANDS PUBLIC SCHOOL ) | |
| SYSTEM, and JOHN AND/OR JANE DOE, ) | |
| ) | |
| Defendants. ) | |

WHEREAS Plaintiff Lisa Black ("Ms. Black"), in the course of discovery, has requested from Defendant CNMI Public School System ("PSS") certain documents that PSS is concerned contain private information;

WHEREAS PSS recognizes that compliance with the requests may involve the disclosure of private information, protected under the CNMI Constitution from public dissemination;

WHEREAS PSS and Ms. Black believe that the entry of this Protective Order will prevent disclosure of such information.

NOW, THEREFORE, based on the above considerations, the Court will enter a Protective Order, as follows:

1

For good cause shown, IT IS HEREBY ORDERED that all counsel and all parties to this proceeding are hereby subject to this Protective Order for documents and testimony obtained in this proceeding from PSS.

A.  **INFORMATION SUBJECT TO THIS PROTECTIVE ORDER**

1. This Protective Order governs the access to, use and distribution of information designated as "CONFIDENTIAL" pursuant to this Protective Order. The information, which may be so designated, includes documents and deposition testimony, together with all information contained therein or derived therefrom, and all copies, transcripts, excerpts or summaries thereof.

2. If PSS in good faith believes that any information to be produced constitutes, contains or reflects private information protected from disclosure under the CNMI Constitution, PSS may designate such information as "CONFIDENTIAL" in accordance with the procedures set forth in paragraph A.3 of this Protective Order. Any information so designated, together with all information contained therein or derived therefrom, and all copies, excerpts or summaries thereof, shall be considered "CONFIDENTIAL" for purposes of this Protective Order.

3. To designate information as "CONFIDENTIAL" under this Protective Order, PSS shall:

   a. In the case of documents and other tangible things, mark such matters "CONFIDENTIAL" at or prior to the time of production of copies and in such a manner as not to interfere with the legibility of the document. Each page of each document containing such information shall be so marked. In lieu of marking this

notation on the original of documents, PSS may mark copies of such documents before delivery.

b. Unless otherwise agreed to by PSS or ordered by this Court, within 15 days after the receipt of a deposition transcript (or if the transcript is received within 30 days of the date set for the beginning of trial, within half of the number of days remaining before the date set for the beginning of trial), PSS may inform the parties of the portions of the transcript that it wishes to designate as "CONFIDENTIAL." Until such time has elapsed, deposition transcripts in their entirety are to be considered as "CONFIDENTIAL." All parties in possession of a copy of a designated deposition transcript shall appropriately mark the transcript cover and the designated pages as containing "CONFIDENTIAL" information. PSS shall have the right to exclude from any deposition any person who is not authorized by this Protective Order to receive "CONFIDENTIAL" information, but such right of exclusion shall only apply during periods of examination or testimony constituting, involving or relating to "CONFIDENTIAL" information.

4. If any party disagrees with the designation of information as "CONFIDENTIAL" pursuant to paragraph A.3 above, said party shall meet and confer with PSS in an effort to resolve the disagreement within thirty-five (35) days after production or designation of the information. If the dispute cannot be resolved within the thirty-five (35) days, PSS shall have the right to file a motion under Rules 26 and 45, Fed. R. Civ. P., seeking a protective order no later than twenty (20) days from the date of the conclusion of the meet and confer period. The burden of proof for retaining the "CONFIDENTIAL" designation shall be on PSS. Any information designated as "CONFIDENTIAL" shall remain subject to the terms of this Protective Order unless otherwise required by a final order of this Court.

## B. PERMITTED USE

1. All information designated as "CONFIDENTIAL" shall be used solely for the purpose of prosecuting or defending this action and shall not be disclosed in any manner to anyone other than the following categories of persons:

   a. Counsel of record for any party, and counsel's partners, associates, legal assistants and employees;

   b. In-house counsel for any party or its affiliated entities and such in house counsel's legal assistants and employees who work in the legal department.

   c. Experts and consultants employed by any party or their legal counsel, provided that such persons agree, in writing, to be bound by the provisions of this Protective Order;

   d. This Court's officials (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by a Court);

## C.   INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

1. To the extent provided by law, the inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim or privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter hereof. Any party receiving notice from PSS that privileged information has been inadvertently produced shall return all such information (including all copies thereof) to

PSS within seven (7) business days of receipt of such notice, unless application is made to this Court within such period to challenge the claim of privilege or other protection.

2. Inadvertent disclosure of, or failure to designate, any "CONFIDENTIAL" information produced by PSS shall be without prejudice to any claim that such information is "CONFIDENTIAL" and PSS shall not be deemed to have waived any rights by such inadvertent disclosure or failure to designate. Any party receiving notice from PSS that information has been inadvertently produced without the "CONFIDENTIAL" designation shall return all such information (including all copies thereof) to PSS within ten (10) business days of receipt of such notice so that the information may be designated "CONFIDENTIAL". The good faith disclosure of such "CONFIDENTIAL" material before the re-designation is communicated shall not be a violation of this Protective Order, provided that the disclosing party takes any actions necessary to prevent further disclosure of the material once it is informed of the proper designation.

D. **RETENTION OF PROTECTED INFORMATION**

1. Non-Work Product Materials. Within 90 days after the final disposition of this Action and any appeal therefrom, PSS may request in writing that any or all "CONFIDENTIAL" information either be returned to PSS or destroyed by the receiving party, at the option of PSS. The request shall specifically identify the documents or things to be returned or destroyed if the return or destruction of less than all "CONFIDENTIAL" information is requested. The attorney for the receiving party shall collect, assemble and either return or destroy (at the option of the designating party) within thirty (30) days all such "CONFIDENTIAL" information, including all copies (whether or not marked or written upon by any attorney or expert herein), extracts and summaries thereof in the possession of the receiving party, its counsel or other

authorized recipients, but not including extracts or summaries that contain or constitute attorney's or expert's work product or pleadings filed with the Court. Receipt of returned "CONFIDENTIAL" information shall be acknowledged in writing if such an acknowledgement is requested.

2.  Work Product Materials. Attorneys' consultants' and experts' work product referring to or reflecting "CONFIDENTIAL" may be retained after receipt of a request as described in Paragraph 7.1 hereof, but all such work product shall be subject to the terms of this Stipulation and Protective Order unless and until such work product is permanently destroyed.

E.  **TRIAL**

Any party that seeks to use "CONFIDENTIAL" information at trial shall notify PSS 30 days before trial and shall disclose to PSS the information that party seeks to use at trial and the proposed procedure at trial for protection of the information. The notifying party shall request the trial court to utilize the most protective procedures used at trial with respect to a party's information that is designated "CONFIDENTIAL." No party in this action who has received "CONFIDENTIAL" information from PSS shall oppose a motion by PSS to intervene in this action for purposes of protecting the confidentiality of its information.

F.  **LIMITATIONS**

This Protective Order shall not affect:

1.  Any party's rights to use the information, which it initially produced with complete discretion;

6

2. Any party's right to object to any discovery demand on any ground;

3. Any party's right to seek an order compelling discovery with respect to any discovery demand; or

4. Any party's right to object to the admissibility of any information on any ground;

5. Any party's right to seek modification of this Protective Order for good cause shown; or

6. Any party's right to seek further protection from the Court for any document.

It is so Ordered.

_____
Judge Alex R. Munson

K:\0003221-01 Lisa Black\PL\draft\Protective Order-060413-gh.doc

7