**GEORGE L. HASSELBACK, ESQ. – (F0325-NMI)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa S. Black*

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM IN SUPPORT |
| JIM BREWER, individually and in his ) | OF MOTION TO COMPEL |
| official capacity as Acting Principal for ) | |
| Hopwood Junior High School, ) | |
| COMMONWEALTH OF THE NORTHERN ) | |
| MARIANA ISLANDS PUBLIC SCHOOL ) | Date : August 10, 2006 |
| SYSTEM, and JOHN AND/OR JANE DOE, ) | Time: 9:00 a.m. |
| ) | Judge: Alex Munson |
| Defendants. ) | |

Plaintiff, by and through counsel and pursuant to Fed.R.Civ.P. 37 and LR 16.2CJ(d)(1), hereby moves this honorable Court for an Order compelling Defendant CNMI Public School System ("PSS") to properly respond to Plaintiff's Second Set of Requests for Production. In the first round of discovery, PSS identified a myriad of justifications for Plaintiff's termination. PSS also produced 1,464 pages of documents that supposedly support the claims of PSS. In the second round, Plaintiff zeroed in on the specific reasons PSS had put forth to justify Plaintiff's termination and requested to be told exactly what documents supported PSS' contentions. PSS produced an additional stack of about 451 documents but refused to identify which documents supported what contentions.

Merely dumping documents on a party is not a proper response to discovery. *See The Pacific Lumber Co, et al. v. Natl. Union Fire Ins. Co., et al.,* 2005 WL 318811 (N.D. Cal) (a copy of which is attached hereto) (where the Court found that a general reference to documents already produced constitutes a "[c]atch-all [provision] . . . not sufficiently specific to be responsive, even when combined with more specific references to evidence") and *United States of America v. Dick Pacific/Ghemm Joint Venture,* 2005 WL 2864745 (D. Alaska) (a copy of which is attached hereto) (finding that a party cannot "simply point to all [previously provided documents] as satisfying every request for production because that is not responsive to requests for particular categories of documents" and ordering that the non-responding party "identify the responsive documents by their Bates numbers").  PSS must specifically identify which documents support each of its various factual and/or legal contentions by Bates-stamp number. Pointing to a pile of documents and claiming that they are PSS' proof is not sufficient. Plaintiff's Motion to Compel should be granted.

Plaintiff does not want to be ambushed at trial. PSS claims that it has specific reasons

1

justifying Plaintiff's termination and PSS asserts that there is proof of this in the 1,915 pages produced. Plaintiff has made a diligent review but needs to be sure that she is not overlooking anything. As an example, PSS asserts that the Plaintiff was insubordinate on many occasions. Plaintiff has searched through the 1,915 pages and has found some documents that PSS might try to introduce at trial on this point, but there could be other documents Plaintiff has missed. If Plaintiff is not told now what documents supports which contentions, it might not be possible to make appropriate *in limine* motions before trial or depose witnesses with regard to specific documents. In the end, failing to tell Plaintiff which documents support what contentions could mean a much more lengthy and laborious trial will be required.

Plaintiff made a good faith effort to resolve this discovery dispute before seeking Court's assistance. *See Declaration of George Hasselback*, filed herewith. PSS would not cooperate. Plaintiff therefore, requests that this Court order PSS to properly respond to Plaintiff's discovery by identifying by Bates number the specific documents that support each contention, and to pay the reasonable costs and attorney's fees of the Plaintiff for having to bring this Motion To Compel.[1]

Dated: July 11, 2006

Respectfully submitted,
O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Lisa Black

By: _____/s/_____
GEORGE L. HASSELBACK (F0325)

K:\3000\3221-01 Lisa Black\PL\draft\Memo MOCompel-060711-jom.doc

---

[1] *See* Fed.R.Civ.P. 37(a)(4) stating, in relevant part that "the court **shall**, after affording an opportunity to be heard, require that the party … whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney fees" absent several circumstances not present in this situation.

2