**Westlaw.**

Slip Copy                                                                                                         Page 1

Slip Copy, 2005 WL 2864745 (D.Alaska)
**(Cite as: Slip Copy)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Alaska.
UNITED STATES OF AMERICA for the use of
Poong Lim/Pert Joint Venture, Plaintiff,
v.
DICK PACIFIC/GHEMM JOINT VENTURE;
Continental Casualty Co.; National Fire Insurance
Co. of Hartford; Seaboard Surety Co.; and St. Paul
Fire and Marine Insurance Co., Defendants.
**No. A03-290 CV JWS.**

Oct. 28, 2005.

ORDER FROM CHAMBERS
SEDWICK, J.

[Re: Motion at Docket 154]

*I. MOTION PRESENTED*

*1 At docket 154, Dick Pacific/Ghemm Joint Venture ("DPG") moves to compel "proper, complete and adequate responses to 57 Requests for Production, 20 Interrogatories and one Request for Admission." [FN1] At docket 180, Poong Lim/Pert Joint Venture ("Poong Lim") opposes DPG's motion. DPG has requested oral argument, but it would not assist the court. Therefore, DPG's request is denied.[FN2]

FN1. Doc. 154, p. 2.

FN2. D. Alaska R. 7.2(a)(3)[B].

*II. DISCUSSION*

A. Requests for Production

Federal Rule of Civil Procedure 34(b) allows a party to **request documents** by "individual item or by category." The disputed requests for production seek **documents** that fall into many categories. Most categories can be dealt with together. Several, however, require individual attention.

*1. Most of the Requests Fall into Nine Categories*

Most of DPG's requests for production call for **documents** that can be grouped into nine categories. Those categories include **documents** relating to 1) assertions Poong Lim makes in its complaint, either as claims or affirmative defenses, or in denying certain requests for admission; [FN3] 2) Poong Lim's damages claims; [FN4] 3) communications between Poong Lim and other entities and individuals; [FN5] 4) meeting minutes; [FN6] 5) change orders,[FN7] 6) shop and other drawings; [FN8] 7) fabrication and shipment of steel; [FN9] 8) accounting; [FN10] and 9) insurance. [FN11]

FN3. Requests for production 1, 3-5, 7-10, 14, 16-22, 64, 65, 74, 77, 78, 96, and 122.

FN4. Request for production 11.

FN5. Requests for production 35, 36, 59, 106, 108-11, 126, and 133. Request for production 133 also deals with information concerning construction of the new federal courthouse in Seattle, Washington. That portion of the request is discussed below.

FN6. Request for production 55.

FN7. Request for production 42.

FN8. Requests for production 47, 67, 93, and 104.

FN9. Requests for production 66, 120, and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                           Page 2
Slip Copy, 2005 WL 2864745 (D.Alaska)
(Cite as: Slip Copy)

121.

FN10. Request for production 123. This request also calls for information concerning the Seattle courthouse project. That portion of the request is discussed below.

FN11. Request for production 49.

In response to these requests, Poong Lim gave the following answer or one very similar to it: "[P]ursuant to an agreement between Poong Lim and DPG, Poong Lim previously produced its documents pertinent to this action and responsive to this question. Poong Lim is under no further obligation to sort through those documents for DPG."

The previous production that Poong Lim referred to is its initial disclosure of at least 50,000 documents, [FN12] apparently in the order it kept them in the course of its business.[FN13] It is not clear what Poong Lim means when it argues that it does not have to "sort through" those documents. However, it is clear that Poong Lim cannot simply point to all of them as satisfying every request for production because that is not responsive to requests for particular categories of documents. Instead, for each category, Poong Lim must identify the responsive documents by their Bates numbers. However, it need not organize its documents into folders corresponding to each category. By requiring Poong Lim to identify, but not organize, its documents in this way, the court seeks to accommodate Poong Lim's right to produce documents in the order it kept them in the course of its business [FN14] and DPG's right to request documents by category.

FN12. Doc. 154, ex. 12, affidavit of Scott A. Schillinger, p. 4, ¶ 15.

FN13. Doc. 180, p. 2.

FN14. Fed. R. Civ. P. 34(b).

2. *Requests Pertaining To the Seattle Courthouse Project*

Four requests ask for documents relating to Poong Lim's participation in the construction of the new federal courthouse in Seattle, Washington.[FN15] Poong Lim's objection to these requests is confusing. On one hand, it asserts that it already has produced these documents. On the other hand, it argues that the burden of producing them outweighs their probative value.

FN15. Requests for production 123-25 and 133.

The court agrees that the burden of producing the documents concerning the Seattle courthouse project outweighs their probative value. There could be as many documents regarding that project as there are concerning the project at issue in this case. And the chance that any of them is relevant here is too small to warrant their production. If Poong Lim has not produced them yet, it need not produce them now. Furthermore, if it has produced them, it need not identify which ones are responsive to DPG's request.

3. *Requests for Documents Released After Poong Lim's Initial Disclosure*

*2 One set of requests for production deals with documents that Poong Lim asserts it produced on May 18, 2005,[FN16] and documents that Poong Lim contends it disclosed in response to DPG's third set of discovery requests.[FN17] DPG does not question Poong Lim's representations that it has already produced those documents, nor does DPG argue that it cannot readily identify them. Consequently, Poong Lim need not take further action with respect to those documents.

FN16. Requests for production 127-31.

FN17. Doc. 154, ex. 7, minutes of Poong Lim's meetings attached in response to request for production 132.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                           Page 3
Slip Copy, 2005 WL 2864745 (D.Alaska)
(Cite as: Slip Copy)

### 4. Requests for Documents that Poong Lim Has Withheld

Three other requests for production address documents that Poong Lim continues to withhold.[FN18] Those documents are indexes for Poong Lim's document files; insurance contracts purchased by Poong Lim and Pert, Poong Lim's joint venture partner, after January 1, 2001; and Poong Lim's factory and employee certifications. Poong Lim has withheld the indexes on the grounds that they are protected by the work-product doctrine and the attorney-client privilege; the insurance contracts on relevance and undue-burden grounds; and the certifications on the ground that the request for those documents is overly broad.

FN18. Requests for production 37, 50, and 102.

In its opposition to DPG's motion to compel, Poong Lim does not offer any details about why it is withholding those documents. Instead, it points out that DPG's motion does not specifically address its objections and argues that, therefore, DPG's motion should be denied. DPG responds by contending that its motion put all Poong Lim's objections in play and by arguing that Poong Lim's failure to explain its objections means they fail.

As one treatise has noted, the usual burdens do not apply on motions to compel production because the court has considerable discretion in resolving discovery disputes.[FN19] Accordingly, the court will not dally over the parties' dithering about burdens. Instead, it will move on to decide whether the record supports Poong Lim's objections.

FN19. 8A Charles Alan Wright, et al. § 2214 (Civil 2d 1994) ("Wright").

The relevant information in the record consists of DPG's discovery requests and Poong Lim's responses to them. Based on that information, the court concludes that: 1) Poong Lim has waived its work-product protection and attorney-client privilege objections to producing its indexes. Poong Lim's objections do not provide "significant backup information"[FN20] about whether those doctrines apply, as is required under Federal Rule of Civil Procedure 26(b)(5). Consequently, its objections fail and the indexes must be produced. 2) Poong Lim need not produce the insurance agreements it purchased after January 1, 2001, because it has already produced the insurance documents required to be disclosed under Federal Rule of Civil Procedure 26(a)(1)(D).[FN21] If DPG believes there are other insurance documents that are relevant to this case, it may renew its motion to compel. 3) Poong Lim need not produce its certifications because DPG's request seeks all of Poong Lim's certifications, regardless of whether they are relevant to the project at issue here, and is therefore overly broad.

FN20. 8A Wright § 2213.

FN21. Doc. 154, ex. 2, p. 9 (Poong Lim's response to request for production 49).

### 5. One Request Is Moot

*3 One request for production is moot because it deals with a claim that has been dismissed.[FN22]

FN22. Request for production 12 (inquiring about documents supporting Poong Lim's equitable contract adjustment claim, which was dismissed at docket 136).

### B. Interrogatories

#### 1. Answers that Refer to Specific Interrogatories and Binders

In response to several interrogatories, Poong Lim refers to its answers to other interrogatories and binders of documents.[FN23] Those references are insufficient. Many of the disputed interrogatories ask multiple questions, and Poong Lim's references to other interrogatories do not indicate which questions are addressed by its answers to those interrogatories. And although Poong Lim does have

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 4
Slip Copy, 2005 WL 2864745 (D.Alaska)
**(Cite as: Slip Copy)**

the option of citing to its binders to answer DPG's interrogatories, [FN24] it may exercise that option only when the burden of examining its binders is substantially the same for both parties, and that is not so here. The information that DPG seeks must be extracted from 50,000 documents. Poong Lim is much more familiar with those documents than DPG and is therefore in a superior position to comb through them to find the relevant information. In addition to their sheer numbers, many documents are in the Korean language. This is another reason why it would be easier for Poong Lim, a joint venture involving a South Korean corporation, than DPG, a joint venture between two American corporations, to examine them.

> FN23. Answers to interrogatories 10, 11, 14, 26, 47, 48, 55, and 57.

> FN24. Fed. R. Civ. P. 33(d).

To correct its defective answers, Poong Lim must write responses that synthesize the information in its records. Poong Lim may cite to its records, but only in support of its narrative answers. And, if it does cite to its records, it must cite to them by Bates number.

*2. Answers that Refer to Other Interrogatories Without Identifying Them*

Several of Poong Lim's responses to interrogatories refer to its answers to other interrogatories without describing those interrogatories by their numbers. [FN25] These responses are anything but responsive. Poong Lim must try again, following the directions for answering interrogatories set out above.

> FN25. Answers to interrogatories 9, 12, 13, 15, 16, 18, 19, 21, and 23.

*3. Interrogatories Posing Unique Issues*

Three other interrogatories require individual attention. Interrogatory thirty-five, which requests that Poong Lim **identify documents** related to its claims and defenses, is now moot. Poong Lim must **identify** those **documents** in response to the requests for production discussed above. Interrogatory thirty-nine requests information regarding claims brought by Pert on its own behalf. No answer is necessary to that interrogatory because Pert has not brought any claims on its own behalf. Finally, interrogatory forty asks Poong Lim to identify the experts that it may use at trial. Poong Lim did this in its preliminary witness list at docket 91.

C. Request for Admission

DPG moves the court to determine the sufficiency of Poong Lim's response to DPG's request for admission 14. That request for admission inquires about "problems" that Poong Lim may have encountered with the Seattle courthouse project. [FN26] Poong Lim responded that "there were no issues ... which were not resolved successfully." [FN27] That response is sufficient considering that, as discussed above, the requested information's relevance is outweighed by the burden on Poong Lim to divulge it.

> FN26. Doc. 154, ex. 2, p. 14.

> FN27. *Id.*

III. CONCLUSION

*4 The motion at docket 154 is GRANTED in part and DENIED in part as set out above. Poong Lim shall provide the discovery responses required by this order no later than November 30, 2005.

D.Alaska,2005.
U.S. ex rel. Poong Lim/Pert Joint Venture v. Dick Pacific/Ghemm Joint Venture
Slip Copy, 2005 WL 2864745 (D.Alaska)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1502675 (Trial Motion, Memorandum and Affidavit) Defendant's Opposition to Motion for Reconsideration (Apr. 3, 2006)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                  Page 5

Slip Copy, 2005 WL 2864745 (D.Alaska)
**(Cite as: Slip Copy)**

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.