**GEORGE L. HASSELBACK, ESQ. – (F0325-NMI)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa S. Black*

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DECLARATION OF GEORGE L. |
| ) | HASSELBACK IN SUPPORT OF |
| JIM BREWER, individually and in his ) | MOTION TO COMPEL |
| official capacity as Acting Principal for ) | |
| Hopwood Junior High School, ) | Date : August 10, 2006 |
| COMMONWEALTH OF THE NORTHERN ) | Time : 9:00 a.m. |
| MARIANA ISLANDS PUBLIC SCHOOL ) | Judge: Alex Munson |
| SYSTEM, and JOHN AND/OR JANE DOE, ) | |
| ) | |
| Defendants. ) | |

0

I, George L. Hasselback, declare under the penalty of perjury according to the laws of the Commonwealth of the Northern Mariana Islands and the United States of America, that the following is true and based upon my personal knowledge, except where noted otherwise, and if called to testify, I could do so competently:

1.     In my capacity as attorney for Plaintiff Lisa Black ("Ms. Black"), I drafted and caused to be served upon counsel for Defendant CNMI Public School System ("PSS") Plaintiff's Second Set of Requests for Production of Documents on May 26, 2006. A copy of which is attached hereto as "Exhibit A". Many of these requests asked PSS to produced documents supportive of specific factual and/or legal contentions that it has made. Recognizing that PSS may have already provided copies of some of the documents responsive to these requests, I suggested that if this was the case, PSS could elect to simply identify such responsive documents by Bates-stamp number. At that time, PSS had provided to Plaintiff approximately one thousand six hundred (1600) pages of documents responsive to her requests.

2.     On June 26, 2006, my office received a copy of Defendant CNMI Public School System's Response to Plaintiff's Second Set of Requests for Production. A copy is attached hereto as "Exhibit B." This response came with approximately four hundred and fifty (450) pages of additional documents. This brings the total of documents produced by PSS in response to discovery requests by plaintiff to approximately two thousand (2000) pages.

3.     After reviewing this response, I determined that the majority of the responses to these requests generally referred my client to previously produced documents, documents produced

1

contemporaneously with this response, documents produced during her administrative grievance process or some combination thereof. This response did not contain any reference to any Bates-stamp number of any document previously produced or produced contemporaneously with PSS' response, but rather generally referred to documents "produced to Plaintiff in PSS' Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance" and "documents/copies produced herewith" (referring to the approximately 450 pages produced contemporaneously with the disputed response).

4.   I have identified from the responses of PSS a total of 37 reasons that PSS might assert at trial to justify the termination of the Plaintiff. I carefully went through all 2,000 pages of PSS' production to try to figure out what documents support which grounds for termination. Many of the asserted grounds do not seem to be supported at all. Some could be supported by certain documents but it is unclear. On behalf of my client, I need to know what documents PSS will claim support which of its contentions. If I do not learn this in discovery, my client could be prejudiced at trial.

5.   On June 27, 2006, I wrote to counsel for PSS in order to set up a time upon which to meet and confer in good faith in an attempt to resolve this issue without involving the Court. A copy of this letter is attached hereto as "Exhibit C."

2

6. One July 7, 2006 I again wrote to counsel for PSS in order to set up a time upon which to meet and confer in good faith in an attempt to resolve this issue without involving the Court. A copy of this letter is attached hereto as "Exhibit D."

7. To date, I have received no response to these attempts to meet and confer and presume that no amended answer to Plaintiff's Second Requests for Production of Documents will be voluntarily forthcoming from PSS. Therefore, I have filed the above referenced Motion To Compel with this Court.

Signed on Saipan, Commonwealth of the Northern Mariana Islands, this 11th day of July, 2006.

_____/s/_____
George L. Hasselback

K:\3000\3221-01 Lisa Black\PL\draft\MOCompel Declaratn-060711-jom.doc

3