# IN THE UNITED STATES DISTRICT COURT
## OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, | ) Civil Case No. 05-0038 |
| | ) |
| Plaintiff, | ) |
| | ) Defendant CNMI Public School System's |
| vs. | ) Response to Plaintiff's Second Set of |
| | ) Requests for Production |
| JIM BREWER, individually and in his | ) |
| official capacity as Acting Principal for | ) |
| Hopwood Junior High School, | ) |
| COMMONWEALTH OF THE | ) |
| NORTHERN MARIANA ISLANDS | ) |
| PUBLIC SCHOOL SYSTEM, and JOHN | ) |
| AND/OR JANE DOE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Comes now the Defendant CNMI Public School System (PSS), through its Legal

Counsel, Heather L. Kennedy, and hereby responds to Plaintiff's Second Set of Production

Requests as follows:

## General Objections

1. These responses are made solely for the purposes of this action, without waiver of the

   following:

   a. The right to object to all requests as to competency, relevancy, materiality,

      confidentiality, privilege and admissibility of the responses and subject matter

      thereof as evidence for any purpose in any further proceeding in this action,

      including trial;

   b. The right to object to the use of any such responses, or subject matter thereof, on

      any ground in any further proceeding in this action, including trial;

Law Offices
O'Connor Berman Dotts & Banes
R E C E I V E D

By: _jude_
Date: _26 June 06_ -Mon.
Time: _11:18 a.m._

**Exhibit "B"**

       c. The right to object on any ground at any time to a future demand for production or other discovery request; and

       d. The right to revise, correct, and to supplement or clarify any of the responses contained herein.

2. Defendant's responses and any identification or production of documents relating thereto are not intended to waive or prejudice any objection Defendant might assert as to, and without acknowledging, the admissibility, materiality, relevancy of any request or document or that such requests are in any way reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to the requests for production to the extent that any request may be construed as calling for information that is subject to a claim of privilege, including but not limited to the attorney-client privilege, or the attorney work product doctrine or any constitutional, statutory or regulatory proscription against disclosure.

4. Defendants object to all requests to the extent that they seek personal and private information that is confidential between Defendant and its employees and/or violates an individual's right to privacy as guaranteed by the CNMI Constitution.

5. If any response or document produced by Defendant violates the attorney-client privilege, work product doctrine or any constitutional, statutory or regulatory proscription against disclosure, such response or production is inadvertent and is not intended as a waiver of such privilege.

6. Defendant states that its investigation of the facts relating to this action is not yet complete and its investigation is still on going. Consequently, Defendant reserves the right to supplement these responses and to produce documents at any time during the course of these proceedings.

7. Defendant objects to the requests for production as not being reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to all Plaintiff's requests that ask that Defendant identify documents responsive to Plaintiff's Interrogatories by bates number. Documents were previously

produced in Response to Plaintiff's First Set of Production Requests and are produced

herewith as they are kept in the usual course of business. Defendant bates stamped

documents for Plaintiff for identification and use.

9. All of the following individual responses of Defendant PSS incorporate these general

objections.

Without waiving the foregoing objections, PSS responds to Plaintiff's request for production of documents as follows:

**Request For Production No. 1**: Please produce a complete copy of the personnel file of the "Ms. Katherine Barja" to whom several of the "**student letters**" (documents numbered 562-605 in PSS's initial document production) were addressed.

> **RESPONSE:** Defendant objects to this request as it is irrelevant and not reasonably
> calculated to lead to the discovery of admissible evidence. Defendant also objects to the
> extent that it seeks personal and private information that is confidential between
> Defendant and its employees. PSS cannot release such information without the consent of
> Ms. Barja. Without waiving the foregoing, PSS produces herewith documents from Ms.
> Barja's file that do not contain personal information.

**Request For Production No. 2**: Please produce a complete copy of the personnel files of any and all persons who conducted, supervised, directed, planned, organized or otherwise were involved in the solicitation of the "**student letters**" (documents numbered 562-605 in PSS's initial document production).

> **RESPONSE:** PSS objects to the assumption that any employee "conducted, supervised,
> directed, planned, organized, or solicited" the student letters regarding Plaintiff. Without
> waiving the forgoing, see PSS's Response to Request #2 above.

**Request For Production No. 3**: Please produce a complete copy of the personnel files of any and all persons who supervised, directed, planned, organized or otherwise were involved in the

production of the "**Memorandum**" summarizing "**student's concerns**" (document numbered 556 in PSS's initial document production).

**RESPONSE:** See Defendant's Response to Plaintiff's First Set of Production Requests No. 2.

**Request For Production No. 4**: Please produce any and all DOCUMENTS related to the solicitation, creation and/or gathering of the "**student letters**" to include, but not be limited to, any notes taken by persons conducting interviews with students, recordings made of these interviews, parental permission slips granting PSS authorization to conduct these interviews and/or any and all materials used to prepare the "**Memorandum**" summarizing these interviews (document numbered 556 in PSS's initial document production).

RESPONSE: These documents were produced in response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing.

**Request For Production No. 5**: Please produce any and all DOCUMENTS that reflect the policies and procedures of PSS, formal or informal, that RELATE TO the **solicitation of students for their opinions** regarding their teachers.

**RESPONSE:** These documents were produced during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing.

**Request For Production No. 6**: Please produce any and all DOCUMENTS that reflect the policies and procedures of PSS, formal or informal, that RELATE TO the **use of student opinion information in making personnel decisions** regarding PSS schoolteachers.

**RESPONSE:** These documents were produced during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing.

**Request For Production No. 7**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"Plaintiff was insubordinate on several occasions."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

> **RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 8**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"Plaintiff failed to follow school policies and rules and HJHS administrators' instructions."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

> **RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 9**: Please produce any and all DOCUMENTS that YOU will introduce into evidence at trial or otherwise used to support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"Plaintiff was difficult to work with and repeatedly had problems getting along with her supervisors, co-workers, other PSS employees and community members."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary

to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

RESPONSE: Defendant objects to this request to the extent that it requests attorney work product. Without waiving the foregoing, these documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 10**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"Plaintiff was abrasive, rude, condescending, pushy, hostile, inflexible, argumentative and constantly complaining about many matters concerning her employment with HJHS and PSS."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

RESPONSE: These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 11**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"Plaintiff constantly questioned the authority of administrators."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 12**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**Plaintiff had difficulty working in a team and cooperating with others, often demanding that the HJHS administrators and staff proceed according to her terms in many matters**." If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 13**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**Plaintiff had poor rapport with students and engaged in odd behavior in the classroom**." If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 14**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**Plaintiff assaulted students by flicking their ears and pushing their heads.**" If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE**: These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 15**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**Plaintiff singled out the son of Vice-Principal Beth Nepaial in front of his classmates and embarrassed him.**" If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE**: These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing.

**Request For Production No. 16**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**Students, staff and parents complained to the HJHS administration regarding Plaintiff's attitude and behavior.**" If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them

again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 17:** Please produce any and all DOCUMENTS that YOU will introduce into evidence at trial or otherwise used to support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"Plaintiff failed to meet the objectives and terms of the grant awarded to her the Governor's Office and failed to provide HJHS with the services and products listed in such grant."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** PSS objects to this request to the extent that it requests attorney work product. Without waiving the foregoing, PSS produces documents herewith.

**Request For Production No. 18:** Please produce any and all DOCUMENTS related to the approval, award, distribution and/or use of funds provided pursuant to Governor Juan N. Babauta's Education Initiative to any and all employees of PSS, including, but not limited to, Jim Brewer, Christine Halloran, Walter Taitingfong and John Pialur, from January 2003 to the present to include, but not be limited to:

a.  Any and all DOCUMENTS RELATED TO applications for the aforementioned grants;

b.  Any and all DOCUMENTS RELATED TO the award of the aforementioned grants;

c.  Any and all DOCUMENTS RELATED TO grant reports submitted by the aforementioned recipients;

    d.    Any and all DOCUMENTS reflecting how the grant proceeds distributed to the aforementioned recipients were utilized to include, but not be limited to, individual budgets, receipts, cancelled checks and purchase orders;

    e.    And, any and other DOCUMENTS evidencing how the aforementioned recipients utilized the grant money they were given.

In so producing, please indicate (if the DOCUMENTS do not already do so) the date upon which these DOCUMENTS were provided to PSS.

    **RESPONSE:** Defendant objects to this request as it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing, PSS produces herewith documents relating to the Li'Nala'Malawasch Grant from the Governor's Office.

**Request For Production No. 19**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In April of 2004, Plaintiff held at least two students after school (O.C. and T.G.) causing parent concern that students missed their rides home.**" If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

    **RESPONSE:** None at this time.

**Request For Production No. 20**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In May of 2004, Plaintiff had problems with co-worker Eileen Babauta regarding Plaintiff informing students that she is psychic; students in Cecile Manahane's class complained of being frightened that Black can tell the future.**" If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 21**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In May of 2004, Plaintiff refused to provide make-up work to student S.L. and questioned the authority of Vice-Principal Beth Nepaial inquiring into the situation**." If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests. Additional documents/copies are produced herewith.

**Request For Production No. 22**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In June 2004, Plaintiff refused to accept placement as physical education teacher for school year 04/05 wishing to remain as math teacher; cooperation with HJHS Administration steadily decreased after Plaintiff was placed as Life Skills teacher for 04/05**." If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 23**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"In July or early August of 2004, Plaintiff had problems with co-worker Annie Torres regarding classroom relocation and furniture."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** None, except the audio tape recordings of Plaintiff's Grievance hearing may include such information.

**Request For Production No. 24**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"In August of 2004, Principal Brewer told Black not to tell students that "I know what you are thinking" based on superstitions and fear of students."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 25**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"In late September or October 2004, Plaintiff refused to move from temporary library classroom to room V-6."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests. Additional documents/copies are produced herewith.

**Request For Production No. 26:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"In October of 2004, Plaintiff had dispute with co-worker Christine Halloran regarding a bathroom key."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing.

**Request For Production No. 27:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"In October 21, 2004, Plaintiff failed to follow school policies, procedures and instructions by awarding students pass/fail grades instead of percentage grades."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** PSS produces documents herewith.

**Request For Production No. 28:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"In January 2005, Plaintiff refused to provide substitution coverage as assigned and could not be located on campus during instructional hours."** If YOU have already produced some or all of the DOCUMENTS responsive to this

request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

> **RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 29:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In January 2005, Plaintiff interrupted Cecile Manahane's class during instructional time and singled out the son of Vice-Principal Beth Nepaial in front of his classmates and embarrassed him**." If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

> **RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 30:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In January 2005, soon after interrupting Ms. Manahane's class, Plaintiff called Ms. Nepaial's husband (Andy Nepaial) at home to discuss incident in subsection k.**" If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** Documents are produced herewith.

**Request For Production No. 31:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"In January 2005, Katherine Barja, HJHS teacher submitted student complaints to HJHS Administration regarding Ms. Black's treatment of students, including odd behavior and assault of the students."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 32:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"In February 2005, Plaintiff confronted co-worker Rory Starkey and threatened him."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 33:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of

employment was not renewed because "**In February 2005, Plaintiff interrupted Menchu Grayer's classroom during instructional time causing Ms. Grayer to feel threatened; Plaintiff interrupted the class and spoke with Ms. Grayer despite specific instructions from Principal Brewer.**" If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

RESPONSE: These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 34**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In February 2005, the HJHS Administration received a student complaint regarding students' fear of Plaintiff and Plaintiff requiring the students to repeat that Plaintiff is not psychic.**" If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

RESPONSE: These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 35**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In March 2005, Principal Jim Brewer became aware that Plaintiff inappropriately and without authorization connected a phone line to her room.**" If YOU have already produced some or all of the DOCUMENTS responsive to this

request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** Documents are produced herewith.

**Request For Production No. 36:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In March 2005, Plaintiff had dispute with Katherine Barja.**" If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 37:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In March 2005, Principal Brewer became aware of Plaintiff detaining students during their lunch time and preventing the students from eating lunch.**" If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests. Additional documents/copies are produced herewith.

**Request For Production No. 38:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because "**In March/April of 2005, Principal Brewer became**

aware of the terms of the Governor's Grant and Plaintiff's apparent failure to meet the terms of the grant." If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** PSS produces document herewith.

**Request For Production No. 39**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"In April 2005, Plaintiff refused to provide make-up work for student H.W. and refused to provide any information regarding the issue to the Principal in a timely manner."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 40**: Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"In April 2005, Plaintiff refused to report to a meeting with the administrators of HJHS."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance,

including the audio tape recordings of Plaintiff's Grievance hearing. Additional
documents/copies are produced herewith.

**Request For Production No. 41**: Please produce any and all DOCUMENTS that support
YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of
employment was not renewed because "**Throughout second semester 2004-05, Plaintiff had
problems during cohort meetings, including confrontations with Joseph Connolly and
Katherine Barja.**" If YOU have already produced some or all of the DOCUMENTS responsive
to this request, it is not necessary to produce them again, but rather IDENTIFY each of these
documents by the Bates-stamp number with which YOU have marked them.

RESPONSE: These documents during the process surrounding Plaintiff's Grievance,
including the audio tape recordings of Plaintiff's Grievance hearing. Additional
documents/copies are produced herewith.

**Request For Production No. 42**: Please produce any and all DOCUMENTS that support
YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of
employment was not renewed because "**Plaintiff received two letters of insubordination while
a teacher at Koblerville Elementary School (KOES) and took leave from KOES after being
informed that the leave was disapproved.**" If YOU have already produced some or all of the
DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather
IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked
them.

RESPONSE: These documents in PSS's Response to Plaintiff's First Set of Production
Requests and during the process surrounding Plaintiff's Grievance, including the audio tape
recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced
herewith.

**Request For Production No. 43**: Please produce any and all DOCUMENTS that support
YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of

employment was not renewed because **"Plaintiff contract of employment was not renewed at San Antonio Elementary School."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced in response to PSS's Response to Plaintiff's First Set of Production Requests.

**Request For Production No. 44:** Please produce any and all DOCUMENTS that support YOUR contention in response to Plaintiff's interrogatories that Plaintiff's contract of employment was not renewed because **"Principal Brewer learned of subsections t, u, and v above during May of 2004."** If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** See Response to Requests #42-43. Please note **CORRECTION:** Defendant PSS's Response to Interrogatory #3 subsection (z) should state: **"Principal Brewer learned of subsections x and y during May of 2004."**

**Request For Production No. 45:** Please produce any and all DOCUMENTS that reflect that any of the eleven items of "information" available to Defendant Jim Brewer (as identified in your response to Plaintiff's interrogatory No. 1 from Plaintiff's First Set of Interrogatories) were considered prior to April 2005 in determining whether or not to renew Plaintiff's employment contract with PSS. If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance.

including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 46**: Please produce any and all DOCUMENTS that were considered prior to April 2005 in determining whether or not to renew Plaintiff's employment contract with PSS. If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** These documents were produced to Plaintiff in PSS's Response to Plaintiff's First Set of Production Requests and during the process surrounding Plaintiff's Grievance, including the audio tape recordings of Plaintiff's Grievance hearing. Additional documents/copies are produced herewith.

**Request For Production No. 47**: Please produce any and all DOCUMENTS that reflect what information was considered prior to April 2050 in determining whether or not to renew Plaintiff's employment contract with PSS. If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**RESPONSE:** Same request as #Request 46. Same response.

I declare under penalty or perjury that I have reviewed the answers to the production requests provided above and the same are true and correct to the best of my knowledge and belief.

Dated this 26 of June 2006.

Heather L. Kennedy
PSS Legal Counsel