Ms. Heather L. Kennedy
C.N.M.I. Public School System
P.O. Box 501370 CK
Saipan, MP 96950
Telephone: (670) 237-3046
Facsimile: (670) 664-3713

Attorney for: Public School System

**IN THE UNITED STATES DISTRICT COURT**
**OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| LISA BLACK, | ) Civil Case No. 05-0038 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Defendant CNMI Public School System's** |
| | ) **Response to Plaintiff's Motion to Compel** |
| JIM BREWER, CNMI Public School System and JOHN AND/OR JANE DOE, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## DEFENDANT THE CNMI PUBLIC SCHOOL SYSTEM'S RESPONSE TO

## PLAINTIFF'S MOTION TO COMPEL

Comes now the CNMI Public School System (PSS), through Counsel, to submit the following response to Plaintiff's Motion to Compel.

Pursuant to Fed. R. Civ. Pro. 34(b), it is proper to produce documents as they are kept in the usual course of business. Rule 34 does not require PSS to organize the documents for Plaintiff. Plaintiff's Second Production Requests that requires PSS to identify by bates number documents that were already produced is simply an attempt to have PSS organize and

label the documents for Plaintiff and circumvent the twenty-five interrogatory limit of Fed. R. Civ. Pro.33(a).

Fed. R. Civ. Pro. 34(b), in pertinent part, provides:

> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request. (emphasis added)

Rule 34 does not give the requesting party, here the Plaintiff, the option to choose the form that the responding party must follow.  Producing documents as they are kept in the usual course of business or organizing and labeling the documents is at the discretion of the producing party.  See *Rowlin v. Alabama Dep't of Public Safety*, 200 F.R.D. 459, 462 (M.D.Ala 2001), (holding that "Rule 34(b) expressly grants the producing party the choice to produce documents 'as as they are kept in the usual course of business or [to] organize and label them to correspond with the categories in the request.'").

PSS has produced a total of 1915 pages of documents to Plaintiff to date as the documents are kept in usual course of business. *Declaration of Karen M. Klaver ("Klaver Decl")* paragraph 3.  On April 20, 2006, PSS produced 808 pages of documents in response to Plaintiff's First Set of Production Requests.  *Klaver Decl* p.4.   In accordance with a protective order and agreement with Plaintiff, PSS later produced 652 pages of documents containing information from personnel files and employee and applicant data as specifically requested by Plaintiff.  *Klaver Decl* p.5.   On May 15, 2006, PSS provided detailed responses to Plaintiff's First Set of Interrogatories.  Plaintiff's Interrogatories did not request that PSS identify any documents and PSS did not provide responses to the Interrogatories that referenced any documents.   *Klaver Decl* p.6.

Plaintiff then crafted 47 document requests many of which requested that PSS identify by bates number the documents that PSS had already produced to support each of PSS's

Interrogatory Answers. PSS timely responded by producing documents from a personnel file as specifically requested and notes, memos, bulletins and documents maintained by the Hopwood Junior High School and the Board of Education specifically relating to Lisa Black's performance and grievance against Mr. Brewer. *Klaver Decl* p. 9 and See Exhibit A. PSS did not identify documents by bates number as requested by Plaintiff because it produced documents as they are kept in the usual course of business.

Rule 34 does not create a duty for PSS to respond to production requests by identifying responsive documents by bates number. See *Williams v. Taser International, Inc.,* 2006 WL 183547 (N.D.Ga.)(slip copy) citing *Hagemeyer N.Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D.Wis.2004)(finding that "the plain language of Rule 34 makes it clear that 'a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business'").

Throughout this production, PSS produced documents as they are kept in the usual course of business. PSS produced the documents in a convenient form by bates stamping the documents. The documents are clearly grouped as they are maintained in PSS files. For example, copies of procedures, policies and regulations as requested by Plaintiff were produced and may be found in pages bates stamped 652-808. *Klaver Decl p.7* . Copies of documents maintained in personnel files of employees are found together in the order in which they are maintained by PSS. *Klaver Decl p.8* . 761 pages of the production are from these personnel files that were specifically requested by Plaintiff. *Klaver Decl p.8* .

The Advisory Committee Note to the 1980 Amendment to Rule 34(b) recognizes that the provision was designed to facilitate discovery by preventing parities from "deliberately mixing documents with others in the hope of obscuring documents significance." Advisory Committee Note to Rule 34(b) Amendments to the Federal Rules of Civil Procedure 85 F.R. 521, 532 (1980).

There is no allegation, nor can Plaintiff make any, that PSS has deliberately mixed documents to obscure their significance. The documents are not in an inconvenient form or "so disorganized that it is unreasonable for the party to whom the documents have been produced to make its own review." *Renda Marine, Inc. v. United States,* 58 Fed. Cl. 57 (Fed.Cl.2003), citing *Natural Res. Def. Council, Inc. v. Fox*, 1996 WL 497024, *5 n. 3 (S. D.N.Y. 1996). Here, the Defendants simply want PSS to organize the documents so they can better represent their clients. *Declaration of George Hasselback* paragraph 4. The Rules of Civil Procedure do not require PSS to assist Plaintiff's attorney in representing his client.

Even if the Court is not inclined to find that the form of production is at the producing parties option, the production of less than 1915 pages of documents as the documents were kept in the usual course of business does not require that PSS organize, label or identify the documents already produced. Plaintiff relies on *Pacific Lumber Co, et al. v. Natl. Union Fire Ins. Co., et al.,* 2005 WL 318811 (N.D. Cal) and *United States of America v. Dick Pacific/Ghemm Joint Venture,* 2005 WL 2864745 (D. Alaska) to support its contention that PSS must identify documents by bates numbers in response to Plaintiff's Second Set of Production Requests. Both of these cases address large-scale discovery and document production. In *Dick Pacific*, the Plaintiff produced at least 50,000 pages of documents as part of its initial disclosure. In *Pacific Lumber,* the production involved more than 70,000 pages of documents. Moreover, the court's reference to the inappropriateness of a catch all provision, as relied on by Plaintiff, relates to documents identified as answers to interrogatories not production requests.

In a production involving 38,000 pages, fewer than the cases relied on by Plaintiff but far more than 1915 pages in this case, the *Renda* court found that producing party had no obligation to identify documents by bates number. *Renda Marine, Inc.,* 58 Fed. Cl. at 64. In this case, PSS has produced 1915 pages of documents as they are kept in the usual course of business. In *Renda,* the court observed that the requesting party may conduct a Rule 30(b)(6) deposition to assist in its review of the produced documents. *Id.*

To avoid this motion to compel, PSS offered a compromise to Plaintiff. The compromise was that PSS would identify documents by bates number to indicate the specific files maintained by PSS. See *Exhibit A*. Also, Plaintiff has already scheduled a Rule 30(b)(6) deposition and several other depositions of potential defense witnesses. See *Exhibit B*. Plaintiff's attorney, therefore, has other means to appropriately represent his client without requiring PSS to provide paralegal services to O'Connor, Berman, Dotts and Banes.

PSS's production cannot in anyway be characterized as "dumping documents". All documents produced were in response to Plaintiff's specific production requests or are documents that address Lisa Black's work for PSS. PSS produced documents as they were kept in the usual course of business. Accordingly, PSS requests that Plaintiff's Motion to Compel be denied.

Submitted this 27th day of July, 2006.

By:

/s/_____
        Heather L. Kennedy
        Attorney for the Public School System