

1 | MICHAEL W. DOTTS, Esq. - F0150 (NMI)
O'Connor Berman Dotts & Banes
2 | 2nd Floor, Nauru Building
P.O. Box 501969
3 | Saipan, MP 96950
Tel. No. - (670) 234-5684
4 | Fax No. - (670) 234-5683

5 | *Attorneys for Plaintiff Lisa S. Black*

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK, | CIVIL ACTION NO. 05-0038 |
| Plaintiff, | |
| vs. | |
| JIM BREWER, individually and in his official capacity as Acting Principal of Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE, | THIRD NOTICE OF DEPOSITION RULE 30(b)(6) DEPOSITION OF PSS |
| Defendants. | |

TO:   JIM BREWER AND COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Plaintiff will take the Deposition of Commonwealth Northern Mariana Islands Public School System ("PSS") on August 8, 2006 at 10:00 a.m. at the Offices of O'Connor Berman Dotts & Banes pursuant to Rule 30 of the Federal Rules of Civil Procedure. Pursuant to Rule 30(b)(6) of the Fed. R. Civ. Pro., PSS shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, to testify with regard to the following subjects:



1

1. Plaintiff's work history with PSS.

2. Plaintiff's performance evaluations by PSS.

3. The policies and procedures of PSS with regard to employee appraisals.

4. The policies and procedures of PSS with regard to teacher contract renewals, including:

   a. The policies and procedures for the use of student evaluations of their teachers in the contract renewal process; and

   b. The actual use of student evaluations of other teachers besides Plaintiff (i.e., the identities of teachers that had student evaluations used in their contract renewal determinations and when these renewals that involved student evaluations occurred).

5. Each of the specific reasons why Plaintiff's employment contract was not renewed as set forth in Defendant CNMI Public School System's Response to Plaintiff's First Set of Interrogatories, at Response to Interrogatory No. 1.

6. When and how PSS learned of each of the reasons for Plaintiff's non-renewal, as set forth by PSS in Defendant CNMI Public School System's Response to Plaintiff's First Set of Interrogatories, at Response to Interrogatory No. 3.

7. The origin and authenticity of all documents produced in response to Plaintiff's First Set of Requests for Production of Documents, dated March 6, 2006, and Plaintiff's Second Set of Requests for Production of Documents, dated May 26, 2006, and the effort made to locate documents responsive to Plaintiff's Requests.

8. A summary of the educational qualifications of all teachers employed by PSS.

9. A summary of the work experience of all the teachers employed by PSS.

10. A summary of the turn over or attrition of teachers employed by PSS.

11. The history of the non-renewal of teachers due to performance problems from March 1, 2000 to the present.

12. The recruitment process and hiring process of teachers by PSS.

13. The staffing of Hopwood Junior High School, including the dates of hire, the educational, and employment backgrounds of all teachers, vice principals and principals at Hopwood Junior High School, since March 1, 2003.

14. The benefits provided to teachers, vice principals and principals at Hopwood Junior High School, since March 1, 2003.

15. Complaints made by employees and staff at Hopwood Junior High School, since March 1, 2003.

16. The role of PSS with regard to grants awarded to teachers by the Governor's Office.

17. The policies and rules of Hopwood Junior High School as they apply to the conduct of teachers.

18. The policies and rules of Hopwood Junior High School as they apply to student grading.

19. The policies and rules of Hopwood Junior High School as they apply teacher contract renewals.

20. The contention by PSS that Plaintiff failed to exhaust administrative remedies.

21. The contention by PSS that the Plaintiff failed to mitigate damages.

22. The "letter of concern" delivered on or about October 6, 2004, that involved Vice Principal Beth Nepaial, including any investigation made by PSS of the concerns raised in the latter.

23. The policies and procedures of PSS with regard to the receipt of complaints and/or grievances by employees and staff against other employees and staff.

24. Any difference in benefits that Beth Nepaial receives as compared to other vice principals, for the period of March 1, 2003 to the present.

25. Any complaints, grievances or charges received by PSS that involve, relate to or concern Jim Brewer, received from March 1, 2000 to the present.

This deposition shall be upon oral examination before an officer authorized by law to administer oaths. The examination will continue from day to day until completed. You are invited to attend and cross-examine.

Pursuant to Rule 30(b)(2) of the Commonwealth Rules of Civil Procedure, you are hereby notified that the deposition will be recorded by an audio recorder. The deposition may also be recorded by video tape. You are invited to attend and ask questions.

Dated this ___ day of July, 2006.

Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Lisa S. Black

By: _____
MICHAEL W. DOTTS (F0150)

K:\3000\3221-01 Lisa Black\PL\draft\Depo Notice 30(6)(b)-060629-jom.doc

5