**GEORGE L. HASSELBACK, ESQ. (F0325-NMI)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa Black*

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPLY TO OPPOSITION |
| JIM BREWER, individually and in his ) | TO MOTION TO COMPEL |
| official capacity as Acting Principal for ) | |
| Hopwood Junior High School, ) | Date: August 10, 2006 |
| COMMONWEALTH OF THE ) | Time: 9:00 a.m. |
| NORTHERN MARIANA ISLANDS ) | Judge: Munson |
| PUBLIC SCHOOL SYSTEM, and JOHN ) | |
| AND/OR JANE DOE, ) | |
| ) | |
| Defendants. ) | |

0

**The Issue**

PSS has missed the point.[1] The majority of PSS's opposition to Plaintiff's Motion centers around its contention that Plaintiff is attempting to force PSS to choose one of two options regarding the *manner* in which PSS should produce documents. *See* PSS's Response at 1-4. This is not the case. Actually, Plaintiff is attempting to *obtain* documents and does care how they are produced.

PSS has made 37 very specific allegations.[2] Plaintiff has made 37 very specific document requests in an effort to obtain documents that PSS contends supports each of its allegations. PSS must produce documents responsive to each request, either as they are kept in PSS's file cabinets at PSS (the "ordinary course of business"), or in the form of copies delivered to Plaintiff. If PSS chooses to open its file cabinets and let Plaintiff select which documents to copy, PSS must tell the Plaintiff "here are the documents responsive to request X and here are the documents responsive to request Y, etc." If PSS chooses to copy the documents out of its file cabinet and produce copies, PSS must explain which request each of the copies of documents produced is responsive to.[3] Instead, PSS has insisted that it is allowed to point to a stack of about 2,000 copies and say "it's all in there somewhere."

---

[1] PSS has filed a five-page "Response" to the Plaintiff's Motion to Compel. LR 16.2CJ(d)(1) makes no provision for filing a response without first obtaining leave of Court, and limits the memorandum in support of the motion itself to two pages. PSS in its response has muddied the water and to try to clear them up Plaintiff submits this reply.

[2] On May 15, 2006, PSS responded to Plaintiff's First Set of Interrogatories. *See* PSS's Response at 2. These included eleven (11) subjective factual allegations in response to Interrogatory No. 1 and twenty-six (26) in response to Interrogatory No. 2. A copy of this Response is attached hereto as "Exhibit A."

[3] PSS can do this by organizing the copies into 37 distinct piles (assuming it has documents supporting each of its allegations). As an alternative to creating 37 separate stacks, PSS can identify by Bates number what request each document produced is responsive to. In that way, documents do not need to be photocopied more than once.

1

PSS does offer to state by Bates number, what document came from where in its files. This misses the point. The document requests asked what documents support each of the 37 specific allegations PSS has made. Telling the Plaintiff that a document came out of a particular file is non-responsive and of no help.

**PSS's Cases**

PSS presents a line of cases to support the argument that PSS has no duty to "organize the documents." *See* PSS's Response at 4 citing to *Williams v. Tazer Int. Inc,* 2006 WL 1835437 (N.D.Ga) citing to *Hagemeyer N.Am., Inc v. Gateway Data Scis. Corp.,* 222 F.R.D. 594 (E.D. Wis. 2004). Both the *Williams* case and its parent *Hagemeyer*, however, involve a dispute distinct from the one before this Court. In *Williams* the parties were arguing about in whose office the documents would be produced, not whether or not a party had a duty to respond to a contention request with specificity (as here). *See Williams* 2006 WL 1835437 (N.D.Ga) at *1-2. Additionally, *Hagemyer* involved a demand by a propounding party that a corporation segregate non-responsive documents and perform a costly search of backup emails. 222 F.R.D. 594 (E.D. Wis. 2004). Here, Plaintiff is not asking any such thing, but rather merely wants to be informed (as she has every right to be) as to what documents PSS contends supports each of the specific allegations that it has made.

The case most applicable legal authority here is *United States of America v. Dick Pacific/Ghemm Joint Venture.[4]* There, a nearly identical situation to this one unfolded. There, just like here, one of the parties requested that the other produce documents that supported their

---

[4]     2005 WL 2864745 (D. Alaska). A copy of this case was attached to Plaintiff's Motion.

2

factual allegations. *Id* at *1. There, just like here, the responding party said that it "previously produced its documents." *Id.* There, just like here, the propounding party was not satisfied with this response and filed a motion to compel. *Id.* The Alaskan District Court had this to say:

> [t]he previous production that [the responding party] referred to is its initial disclosure of at least 50,000 documents, apparently in the order it kept them in the course of its business. It is not clear what [the responding party] means when it argues that it does not have to "sort through" those documents. ***However, it is clear that [it] cannot simply point to all of them as satisfying every request for production because that is not responsive to requests for particular categories of documents. Instead, for each category, [it] must identify the responsive documents by their Bates numbers.*** However, it need not organize its documents into folders corresponding to each category. ***By requiring [the responding party] to identify, but not organize, its documents in this way, the court seeks to accommodate [the responding party's] right to produce documents in the order it kept them in the course of its business and [the requesting party's] right to request documents by category.***

(internal citations omitted and emphasis added). *Id.* Therefore, here, just like there, this Court should order that PSS respond by stating which documents it produced will allegedly support each of its factual allegations. Plaintiff's Motion to Compel should be granted.

## Plaintiff is Just Trying to Be Practical

The purpose of the discovery sought is to avoid a surprise at trial. Plaintiff knows from its interrogatories that PSS will present 37 reasons why her termination was justifiable. Plaintiff knows from its production requests that PSS has 2,000 pages of what it believes are relevant documents. What Plaintiff does not know is which document supports what justification for her termination. If Plaintiff does not learn this in discovery, the trial could be a disaster. And if Plaintiff does learn in discovery that there are some documents that do support termination, then there is a greater chance this case will settle before trial.

PSS sets up a "straw man" argument in order to "win" on an issue that was never raised in Plaintiff's Motion, that PSS has "deliberately mixl[ed]" documents. *See* PSS's Response at 3-4. Plaintiff has not alleged any malfeasance on the part of PSS with regard to these documents, only nonfeasance. So the Advisory Committee note cited to by PSS that deals with the efforts to obscure significant documents by producing document en masse is irrelevant in this context as is the case law PSS cites to support it. *Id* at 3.

Finally, PSS suggests that since a Rule 30(b)(6) deposition is scheduled, Plaintiff has adequate means by which to discover which documents PSS will use to support which allegations. There are already 25 categories noticed for discussion at the 30(b)(6) deposition and going through the 2,000 pages and how they related to 37 specific allegations is not a productive use of limited deposition time. More importantly, if Plaintiff knows which documents support what allegations before the deposition starts, the deposition questioning can be properly focused.

Respectfully submitted this 3rd day of August, 2006.

> O'CONNOR BERMAN DOTTS & BANES
> Attorneys for Plaintiff Lisa Black
>
>
> By: _____/s/_____
>       GEORGE L. HASSELBACK (F0325)

K:\3000\3221-01 Lisa Black\PL\draft\Reply to Oppostn Compel-060803-jom.doc

4