# IN THE UNITED STATES DISTRICT COURT
# OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, | ) Civil Case No. 05-0038 |
| Plaintiff, | ) |
| vs. | ) Defendant CNMI Public School System's<br>) Response to Plaintiff's First Set of<br>) Interrogatories |
| JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE, | ) |
| Defendants. | ) |

Comes now the Defendant CNMI Public School System (PSS), through its attorney, Heather L. Kennedy, and hereby responds to Plaintiff's First Set of Interrogatories as follows:

**General Objections**

1. These responses are made solely for the purposes of this action, without waiver of the following:

    a. The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege and admissibility of the responses and subject matter thereof as evidence for any purpose in any further proceeding in this action, including trial;

    b. The right to object to the use of any such responses, or subject matter thereof, on any ground in any further proceeding in this action, including trial;

    c. The right to object on any ground at any time to a future interrogatory or other discovery request; and

     d. The right to revise, correct, and to supplement or clarify any of the responses contained herein.

2. Defendant's responses and any identification of documents relating thereto are not intended to waive or prejudice any objection Defendant might assert as to, and without acknowledging, the admissibility, materiality, relevancy of any request or document or that such requests are in any way reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to these interrogatories to the extent that any question may be construed as calling for information that is subject to a claim of privilege, including, but not limited, to the attorney-client privilege, or the attorney work product doctrine or any constitutional, statutory or regulatory proscription against disclosure.

4. No incidental or implied admissions are intended by Defendant's responses to these interrogatories. The fact that Defendant has responded or objected to any interrogatory or any part thereof should not be taken as an admission that the Defendant accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such response or objection constitutes admissible evidence. The fact that the Defendant has responded to part or all of any interrogatory is not intended and shall not be construed to be a waiver by the Defendant of all or any part of its objections to any interrogatory.

5. The responses given are based upon information that has been gathered to date. Defendant states that its investigation of the facts relating to this action is not yet complete and its investigation is still on going. Consequently, Defendant may not be in a position to provide complete responses to each interrogatory and the following responses are given without prejudice to Defendant's right to produce, up to and including the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material. To the best of the knowledge of the Defendant, the information contained herein is true and correct at this time, but Defendant reserves the right to correct inadvertent errors or omissions.

6. By making these responses, Defendant does not concede that the interrogatories propounded, nor the answer given thereto, are relevant to the subject matter of this proceeding or are reasonably calculated to lead to the discovery of admissible evidence. Defendant expressly reserves the right to object to further discovery into the subject matter of these interrogatories and reserves the right to object to introduction into evidence of information, documents or items produced in response to these interrogatories.

7. All of the following individual responses of Defendant PSS incorporate these general objections.

Without waiving the foregoing objections, PSS responds to Plaintiff's First Set of Interrogatories as follows:

**Interrogatory No. 1**: Please state each and every ground known to PSS, on or about April 25, that was taken into consideration and relied upon to justify the non-renewal of Plaintiff's employment contract.



**RESPONSE:** Defendant PSS objects to this interrogatory to the extent it assumes that PSS did not renew the contract of Plaintiff or that PSS must put forth any reason for the non-renewal notice delivered to Plaintiff in April 2005 regarding Plaintiff's teaching position at Hopwood Junior High School (HJHS). Without waiver of the foregoing, Principal Jim Brewer was aware of the following information when he issued the non-renewal notice to Plaintiff:

    a. Plaintiff was insubordinate on several occasions;

    b. Plaintiff failed to follow school policies and rules and HJHS administrators' instructions;

    c. Plaintiff was difficult to work with and repeatedly had problems getting along with her supervisors, co-workers, other PSS employees and community members;

d. Plaintiff was abrasive, rude, condescending, pushy, hostile, inflexible, argumentative and constantly complaining about many matters concerning her employment with HJHS and PSS;

e. Plaintiff constantly questioned the authority of administrators;

f. Plaintiff had difficulty working in a team and cooperating with others, often demanding that the HJHS administrators and staff proceed according to her terms in many matters;

g. Plaintiff had poor rapport with students and engaged in odd behavior in the classroom;

h. Plaintiff assaulted students by flicking their ears and pushing their heads;

i. Plaintiff singled out the son of Vice-Principal Beth Nepaial in front of his classmates and embarrassed him;

j. Students, staff and parents complained to the HJHS administration regarding Plaintiff's attitude and behavior; and

k. Plaintiff failed to meet the objectives and terms of the grant awarded to her by the Governor's Office and failed to provide HJHS with the services and products listed in such grant.

PSS also responds that it provided Plaintiff information, including witness testimony, documents and audiotapes during the grievance process and administrative hearing initiated by Plaintiff to the Board of Education and during the production of documents in this case that respond to this Interrogatory.

**Interrogatory No. 2:** Please state each and every ground in addition to those stated in the response to Interrogatory No. 1 that PSS now contends justify the non-renewal of Plaintiff's employment contract.

**RESPONSE:** PSS did renew the employment contract of Plaintiff after April 2005 and offered Plaintiff a transfer to Marianas High School (MHS). Plaintiff rejected PSS's offer of transfer to MHS on July 29, 2005.

**Interrogatory No. 3:** For each of the grounds justifying the non-renewal of Plaintiff's contract that you have identified in response to Interrogatories Numbers 1 and 2 above, please state when you learned of the particular ground; and how you learned of each particular ground.

**RESPONSE:** Defendant PSS objects to this interrogatory to the extent it assumes that PSS did not renew the contract of Plaintiff or that PSS must put forth any reason for the non-renewal notice delivered to Plaintiff in April 2005 regarding Plaintiff's teaching position at Hopwood Junior High School (HJHS). Without waiver of the foregoing, Principal Jim Brewer was aware of the following information when he issued the non-renewal notice to Plaintiff:

a. In April of 2004, Plaintiff held at least two students after school (O.C. and T.G.) causing parent concern that students missed their rides home;

b. In May of 2004, Plaintiff had problems with co-worker Eileen Babauta regarding Plaintiff informing students that she is psychic; students in Cecile Manahane's class complained of being frightened that Black can tell the future;

c. In May of 2004, Plaintiff refused to provide make-up work to student S.L. and questioned the authority of Vice-Principal Nepaial inquiring into the situation;

d. In June 2004, Plaintiff refused to accept placement as physical education teacher for school year 04/05 wishing to remain as Math teacher; cooperation with HJHS Administration steadily decreased after Plaintiff was placed as Life Skills teacher for 04/05;

e. In July or early August of 2004, Plaintiff had problems with co-worker Annie Torres regarding classroom relocation and furniture;

f. In August of 2004, Principal Brewer told Black not to tell students that "I know what you are thinking" based on superstitions and fear of students;

g. In late September or October 2004, Plaintiff refused to move from temporary library classroom to room V-6;

h. In October of 2004, Plaintiff had dispute with co-worker Christine Halloran regarding a bathroom key;

i. In October 21, 2004, Plaintiff failed to follow school policies, procedures and instructions by awarding students pass/fail grades instead of percentage grades;

j. In January 2005, Plaintiff refused to provide substitution coverage as assigned and could not be located on campus during instructional hours;

k. In January 2005, Plaintiff interrupted Cecile Manahane's class during instructional time and singled out the son of Vice-Principal Beth Nepaial in front of his classmates and embarrassed him;

l. In January 2005, soon after interrupting Ms. Manahane's class, Plaintiff called Ms. Nepaial's husband (Andy Nepaial) at home to discuss incident in subsection k.;

m. In January 2005, Katherine Barja, HJHS teacher, submitted student complaints to HJHS Administration regarding Ms. Black's treatment of students, including odd behavior and assault of the students;

n. In February 2005, Plaintiff confronted co-worker Rory Starkey and threatened him;

o. In February 2005, Plaintiff interrupted Menchu Grayer's classroom during instructional time causing Ms. Grayer to feel threatened; Plaintiff interrupted the class and spoke with Ms. Grayer despite specific instructions from Principal Brewer;

p. In February 2005, the HJHS Administration received a student complaint regarding students' fear of Plaintiff and Plaintiff requiring the students to repeat that Plaintiff is not psychic;

q. In March 2005, Principal Jim Brewer became aware that Plaintiff inappropriately and without authorization connected a phone line to her room;

r. In March 2005, Plaintiff had dispute with Katherine Barja;

s. In March 2005, Principal Brewer became aware of Plaintiff detaining students during their lunch time and preventing the students from eating lunch;

t. In March/April of 2005, Principal Brewer became aware of the terms of the Governor's Grant and Plaintiff's apparent failure to meet the terms of the grant;

u.  In April 2005, Plaintiff refused to provide make-up work for student H. W. and refused to provide any information regarding the issue to the Principal in a timely manner;

v.  In April 2005, Plaintiff refused to report to a meeting with the administrators of HJHS;

w.  Throughout second semester 2004-05, Plaintiff had problems during cohort meetings, including confrontations with Joseph Connolly and Katherine Barja;

x.  Plaintiff received two letters of insubordination while a teacher at Koblerville Elementary School (KES) and took leave from KES after being informed that the leave was disapproved;

y.  Plaintiff's contract of employment was not renewed at San Antonio Elementary School; and

z.  Principal Brewer learned of subsections t., u. and v. above during May of 2004.

PSS also responds that it provided Plaintiff information, including witness testimony, documents and audiotapes during the grievance process and administrative hearing initiated by Plaintiff to the Board of Education and the production in this case that respond to this Interrogatory.

I declare under penalty or perjury that I have reviewed the answers to the Interrogatories provided above and the same are true and correct to the best of my knowledge and belief.

Dated this 15 of May 2006.    Dated this 15 of May 2006.

_____    _____
Rita Hocog Inos, Ed. D          Heather L. Kennedy
Commissioner of Education       PSS Legal Counsel