**GEORGE L. HASSELBACK, ESQ. – (F0325-NMI)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa S. Black*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| LISA S. BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM IN SUPPORT** |
| JIM BREWER, individually and in his ) | **OF SECOND MOTION TO COMPEL** |
| official capacity as Acting Principal for ) | |
| Hopwood Junior High School, ) | |
| COMMONWEALTH OF THE NORTHERN ) | |
| MARIANA ISLANDS PUBLIC SCHOOL ) | Date : August 24, 2006 |
| SYSTEM, and JOHN AND/OR JANE DOE, ) | Time:  9:00 a.m. |
| ) | Judge:  Alex Munson |
| Defendants. ) | |

0

Plaintiff, by and through counsel and pursuant to Fed.R.Civ.P. 37 and LR 16.2CJ(d)(1), hereby moves this honorable Court for an Order compelling Defendant CNMI Public School System ("PSS") and Defendant Jim Brewer ("Mr. Brewer") to properly respond to various discovery requests.[1]

First, several of Defendants' responses to interrogatories refer the reader to other interrogatory answers. *See* Fed.R.Civ.P. 33(b)(1) stating, in relevant part, that "[e]ach interrogatory shall be answered separately and fully in writing." Also, *see generally Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D.Ind. 2000) stating that an interrogatory answer "should be complete in itself and should not refer . . . to other interrogatories." Defendants' should be compelled to resubmit answers to those discovery requests to which they referred to other responses

Again in an attempt to clarify admissibility issues in advance of trial, Plaintiff has asked PSS to identify any objection to admissibility of the over two-thousand (2,000) pages of documents it has produced. Once again, PSS has refused saying this is an overly burdensome request. As explained in Plaintiff's first Motion to Compel, all Plaintiff wishes to do is dispose of as many preliminary issues as it can before trial. Since these documents were produced by PSS and PSS has admitted to their authenticity (*see* Hasselback Decl.), there is no reason why PSS cannot now identify any objections it may have.

Additionally, both PSS and Mr. Brewer again refuse to answer specific document requests asking them to produce documents that they will use in support of their various factual

---

[1] In order to meet the two-page limit pursuant to this Court's local rule, Plaintiff would respectfully direct this Court to the Declaration of George Hasselback filed in support of this motion for a recitation of the various requests and the dates upon which they were served to the Defendants.

1

contentions. As this issue has been briefed in Plaintiff's first Motion to Compel, Plaintiff will refer the Court to its arguments and authorities in support of them and rest upon the previous briefings.

Furthermore, Mr. Brewer refuses to answer interrogatories and provide documents relating to his financial net worth. Since Plaintiff has plead facts sufficient to state a claim for punitive damages, Mr. Brewer's financial status is not only relevant, but discoverable right now. *See Mid. Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D.Kan.,1990) (stating that "knowledge of defendant's net worth will be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation"). Any privacy concerns can be met because "this interest can be adequately protected by a protective order." *Id.*

Plaintiff made a good faith effort to resolve this discovery dispute before seeking Court's assistance. *See* Declaration of George Hasselback and Declaration of Michael Dotts, filed herewith. PSS would not cooperate. Plaintiff therefore, requests that this Court order Defendants to serve responsive answers to the various discovery requests, and to pay the reasonable costs and attorney's fees of the Plaintiff for having to bring this Second Motion To Compel.[2]

    Dated: July 11, 2006            Respectfully submitted,
O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Lisa Black

By: _____/s/_____
    GEORGE L. HASSELBACK (F0325)

K:\3000\3221-01 Lisa Black\PL\draft\3221-01-080706-Memo MOCompel-glh.doc

---

[2] *See* Fed.R.Civ.P. 37(a)(4) stating, in relevant part that "the court *shall*, after affording an opportunity to be heard, require that the party … whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney fees" absent several circumstances not present in this situation.

2