**GEORGE L. HASSELBACK, ESQ. – (F0325-NMI)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa S. Black*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE
### COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | DECLARATION OF GEORGE L. |
| JIM BREWER, individually and in his ) | HASSELBACK IN SUPPORT OF |
| official capacity as Acting Principal for ) | SECOND MOTION TO COMPEL |
| Hopwood Junior High School, ) | |
| COMMONWEALTH OF THE NORTHERN ) | |
| MARIANA ISLANDS PUBLIC SCHOOL ) | |
| SYSTEM, and JOHN AND/OR JANE DOE, ) | |
| ) | |
| Defendants. ) | |

I, George L. Hasselback, declare under the penalty of perjury according to the laws of the Commonwealth of the Northern Mariana Islands and the United States of America, that the following is true and based upon my personal knowledge, except where noted otherwise, and if called to testify, I could do so competently:

1.    In my capacity as attorney for Plaintiff Lisa Black ("Ms. Black"), I drafted and caused to be served upon counsel for Defendant CNMI Public School System ("PSS") on July 5, 2006

Plaintiff's Second Set of Interrogatories (a copy of which is attached hereto as "Exhibit A") and Plaintiff's Request for Admissions and Special Interrogatory (a copy of which is attached hereto as "Exhibit B").  Additionally, I drafted and caused to be served upon counsel for Defendant Jim Brewer ("Mr. Brewer") on July 5, 2006 Plaintiff's Third Set of Interrogatories (a copy of which is attached hereto as "Exhibit C"), Plaintiff's Third Set of Requests for Production of Documents (a copy of which is attached hereto as "Exhibit D") and Plaintiff's Request for Admissions and Special Interrogatory (a copy of which is attached hereto as "Exhibit E").

2.   On August 4, 2006, my office received copies of PSS's Response to Plaintiff's Second Set of Interrogatories (a copy of which is attached hereto as "Exhibit F") and PSS's Response to Plaintiff's Request for Admissions and Special Interrogatory (attached hereto as "Exhibit G").  Additionally, on August 4, 2005 my office received copies of Mr. Brewer's Response to Plaintiff's Third Set of Interrogatories (a copy of which is attached hereto as "Exhibit H"), his Response to Plaintiff's Third Set of Requests for Production of Documents (a copy of which is attached hereto as "Exhibit I") and his Response to Plaintiff's Request for Admissions and Special Interrogatory (a copy of which is attached hereto as "Exhibit J").

3.   After reviewing PSS's Response to Plaintiff's Second Set of Interrogatories, I determined that several of the responses, specifically those to Interrogatories 7 and 8, referred the reader to other interrogatory answers and did not include their own independent answer.  Additionally, the responses to Interrogatories 7, 8 and 9 objected to these interrogatories based upon relevance and a perceived burdensomeness of the interrogatory.  These latter three

interrogatories sought information regarding PSS employee's who received Performance Improvement Grants from the Office of the Governor (as PSS has made it clear that it will contend that Plaintiff's performance with regard to her grant will be used to justify her termination). *See* Exhibit F. PSS declined to provide any more information in response to these interrogatories, directed Plaintiff to the Governor's Office and further objected on the grounds that this information would be confidential. *Id.*

4. After reviewing PSS's Response to Plaintiff's Request for Admissions and Special Interrogatory I determined that the responses to these two discovery requests were inconsistent and therefore, unresponsive. The Request for Admissions asked PSS to admit that any and all documents that it had produced were true and accurate copies of what they purported to be and therefore that the only objection PSS could offer to their admission at trial would be as to relevance. PSS admitted as to the authenticity of the documents but refused to admit to their admissibility (absent a relevance objection) and "reserved the right to object to the introduction of any document produced by PSS, except as to authenticity." *See* Exhibit G. Then, in response to the Special Interrogatory seeking to determine what objections PSS would have (other than relevance), PSS declined to answer due to several general objections.

5. After reviewing Mr. Brewer's Response to Plaintiff's Third Set of Interrogatories I determined that his response to Interrogatory No. 8 impermissibly referred to previous interrogatory answers and did not contain its own independent answer. *See* Exhibit H. Furthermore, he objected to Interrogatory No. 10 which sought financial information relevant to Plaintiff's claim for punitive damages and declined to answer it. *Id.*

6. After reviewing Mr. Brewer's Response to Plaintiff's Third Set of Requests for Production of Documents (that sought financial documentation relevant to Plaintiff's claims for punitive damages), I determined that he objected to these requests on various bases and declined to produce any of the requested documents. *See* Exhibit I. Additionally, in his answers to Requests Nos. 14-57, he refused to produce or identify with particularity any documents related actions that he has taken and/or that he would utilize to support his various factual contentions, instead referring Plaintiff to the nearly two-thousand (2,000) pages already produced by Defendant PSS. *Id.*

7. After reviewing Mr. Brewer's Response to Plaintiff's Request for Admissions and Special Interrogatory I determined that the responses to these two discovery requests were inconsistent and therefore, unresponsive. The Request for Admissions asked Mr. Brewer to admit that any and all documents that it had produced were true and accurate copies of what they purported to be and therefore that the only objection Mr. Brewer could offer to their admission at trial would be as to relevance. Mr. Brewer admitted as to the authenticity of the documents but refused to admit to their admissibility (absent a relevance objection) and "reserved the right to object to the introduction of any document produced by Mr. Brewer, except as to authenticity." *See* Exhibit J. Then, in response to the Special Interrogatory seeking to determine what objections Mr. Brewer would have (other than relevance), Mr. Brewer declined to answer due to several general objections.

8. I wrote to counsel for Defendants in order to set up a time upon which to meet and confer in good faith in an attempt to resolve this issue without involving the Court. A copy of this letter is attached hereto as "Exhibit K."

9. On August 7, 2006, Michael Dotts met with counsel for both Mr. Brewer and PSS in an attempt to resolve these shortcomings in the Defendants' responses without resorting to intervention from this Court. *See* Decl. of Michael W. Dotts in Support of Plaintiff's Second Motion to Compel filed separately with this Court. Mr. Dotts was unsuccessful and neither Defendant agreed to amend their responses voluntarily.

7. Because of the representations of Defendants' counsel that they will not voluntarily agree to amend their answers, I have filed the above referenced Motion To Compel with this Court. Furthermore, I have prepared a stipulation for Defendants' counsel to sign that will stipulate to both motions being heard upon the same date, that being August 24, 2006.

Signed on Saipan, Commonwealth of the Northern Mariana Islands, this 8th day of August, 2006.

/s/_____
George L. Hasselback