MICHAEL W. DOTTS, Esq. - F0150 (NMI)
O'Connor Berman Dotts & Banes
2nd Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Tel. No. - (670) 234-5684
Fax No. - (670) 234-5683

*Attorneys for Plaintiff Lisa S. Black*

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK,<br><br>    Plaintiff,<br><br>vs.<br><br>JIM BREWER, individually and in his official capacity as Acting Principal of Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE,<br><br>    Defendants. | CIVIL ACTION NO. 05-0038<br><br>PLAINTIFF'S THIRD SET OF INTERROGATORIES |

TO:   JIM BREWER and his Counsel of Record

COMES NOW Plaintiff, by and through counsel, and make the following discovery request of Jim Brewer. Pursuant to the Commonwealth Rules of Civil Procedure, you are requested to answer the following Interrogatory Requests in writing and under oath, and return said answers within 30 days to O'Connor Berman Dotts & Banes, at the 2nd Floor of the Nauru Building, Susupe, Saipan, CNMI.

RECEIVED
Office of the Attorney General
Civil Division
Date: 7-5-06
Time:
Rec'd by:

# I.

## INSTRUCTIONS AND DEFINITIONS

1. These DISCOVERY REQUESTS are to be deemed continuing and YOU and YOUR attorney are under a duty to supplement YOUR responses if YOU or any of YOUR employees, agents, or attorneys obtain additional information as to any of the matters inquired of herein.

2. If in responding to these DISCOVERY REQUESTS YOU encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding. If for any reason additional space is necessary in answering any Interrogatory, complete the answers on an additional sheet bearing the same number as the number of the Interrogatory which is being answered.

3. In responding to this or these DISCOVERY REQUEST(S), YOU must make a diligent search of YOUR records and other DOCUMENTS in YOUR possession or available to YOU, including information which is in the possession of YOUR attorneys, investigators for YOUR office, employees, representatives and agents, and not merely such information known to YOU or YOUR own personal knowledge.

4. If any of these DISCOVERY REQUESTS has sub-parts, respond to each part separately and in full so that YOUR response is understandable. Do not limit YOUR response to the request as a whole.

5.  Each written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If the objection is made to a part of an item or category, the part shall be specified.

6.  If YOU, as well as YOUR officers, agents, employees and attorneys discover additional information as to matters inquired of in these interrogatories, between the time answers are made and the date of trial, supplemental answers shall be made informing the offices of O'Connor Berman Dotts & Banes at the address and telephone number listed on page 1 of these DISCOVERY REQUESTS as to the newly discovered information.

7.  When YOU are asked to state the facts RELATING TO an allegation in any pleading, please DESCRIBE IN DETAIL, as defined herein, the relevant facts including but not limited to the date, time and specific location of each occurrence, and IDENTIFY, as defined herein, each and every person(s) and/or entity who is a witness and any related documents.

8.  If any of the Interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for YOUR inability to answer the remainder and stating whatever information or knowledge YOU have concerning the unanswered portion.

9.  For each response to these DISCOVERY REQUESTS that is withheld under a claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document or portion withheld:

    a.    The number and subject of each paragraph of this request that seeks its production;

    b.    The name and title of the author(s);

    c.    The name and title of each person to whom the document was addressed;

    d.    The name and title of each person to whom a copy of the document was sent;

    e.    The date of the document;

    f.    The number of pages;

    g.    A brief description of the nature and subject matter of the document;

    h.    The identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

    i.    The exact location of the original and each copy as of the date of receipt of this request; and

    j.    If the document is withheld on any ground other than privilege, each basis that you contend justifies its withholding.

10.    Throughout these DISCOVERY REQUESTS, including the definition of terms, words used in the singular include the plural. Whenever the word "or" appears herein, the meaning intended is the logical inclusive "or", *i.e.* "and/or". Whenever the word "each" appears herein, the meaning intended is "each and every".

11.    "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a natural person means that YOU are required to state the following information:

    a.    The name of the person;

    b.    Their title both currently and if different, at the time of the incident, event, or generation of a document;

    c.    The street address, country, state and country of the person's current residence;

    d.    The current "home" or residential telephone number of the person;

    e.    The current last known employer, job title, business address and business telephone number of the person; and

    f.    With respect to the PERSONS who were formerly employed by YOU, the last date such employment and the person's job title and business address on that date.

12.    "IDENTIFY", "IDENTITY" or "IDENTIFICATION" as used in reference to any entity other than a natural person means that YOU are required to state the following information:

    a.    The entity's full name; and

    b.    The address of the entity's principal place of business, and each of its other places of business or business facilities.

13.    When YOU are asked to IDENTIFY a DOCUMENT, provide all the following information known to you:

    a.    Date it was prepared;

    b.    Identities of its preparer;

    c.    Identities of its recipients;

    d.    Current location and custodian; and

    e.    Description of contents, sufficient for a motion to produce.

14.     "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a COMMUNICATION, means that YOU are required to state: the names of the persons participating in the COMMUNICATION or present when the COMMUNICATION took place, the exact, detailed, content of the COMMUNICATION, the building or other specific place in which the PERSONS participating in the COMMUNICATION were located at the time of the COMMUNICATION, the mode or method by which the COMMUNICATION occurred (e.g. telephone, in person, via e-mail etc.), and the date on which the COMMUNICATION occurred.

15.     "IDENTITY" as used with respect to behavior or conduct means that YOU are required to state all of the following information:

    a.     When the behavior or conduct occurred, giving both the date and time if known, and an approximate date and time if not known;

    b.     Where the behavior or conduct occurred;

    c.     A description of the behavior or conduct;

    d.     Who witnessed the behavior or conduct; and

    e.     The consequences of the behavior or conduct.

16.     When any of the DISCOVERY REQUESTS are answered by any such of YOUR officers, employees, servants and attorneys as are cognizant of the facts or opinions, then IDENTIFY each person who assisted or participated in preparing and/or supplying any of the information given in answer to or relied upon in preparing answers to these DISCOVERY REQUESTS.

17. Please state whether the information furnished is within the personal knowledge of the person answering and, if not, the identity, if known, of each person of whom the information is a matter of personal knowledge.

18. Where knowledge of information is requested, such request includes the knowledge of information of YOU as well as YOUR officers, agents, employees and attorneys. If more than one person is listed in answer to an interrogatory, each subsequent answer must identify which person supplied that answer and all persons so listed must sign the answers under oath.

19. If any of the DISCOVERY REQUESTS cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

20. The term "DOCUMENT" means, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, e-mail or related computer generated message, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports of consultants, photographs, motion picture, film, brochure, pamphlets, advertisements, circular, press releases, drafts, letters, any marginal comments appearing on any documents and all other writings.

21. "YOU" and "YOUR" include the person(s) to whom these requests are addressed, and all of such person's predecessors, successors, assigns, agents, employees, attorneys, and

insurance companies, and each of them, and all other persons acting or purporting to act on behalf of Defendants.

22. "PERSON" includes any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

23. "WRITING" means handwriting, typewriting, word processing, printing, photostating, photographing and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combination thereof.

24. "RELATING", "RELATIVE TO" or "RELATED TO" includes referring to, alluding to, responding to, concerning, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

25. "RELEVANT" is defined under the Federal Rules of Evidence and that definition is incorporated herein. Please note that information can be relevant without necessarily being admissible.

26. "COMMUNICATION" means the transmission, interchange, or exchange of thoughts, ideas, messages or information, by speech, signals, writing, code, satellite, computer, letter ( or other form of correspondence), memoranda, telecopy, telex, e-mail, telephone, telegram, voice mail, face-to-face communication, or any other mode or method of transmission regardless of format. Under this definition, "COMMUNICATION" may have been contained, obtained or

transmitted in any format, including but not limited to any DOCUMENT as defined herein or any subpart or portion thereof.

27. "DAMAGES" means any compensable harm that is claimed and for which YOU seek a recovery.

28. "ACTUAL DAMAGES" is a subcategory of the DAMAGES. "ACTUAL DAMAGES" are limited to the following:

    a. Out of pocket expenses, capable of being reduced to a specific dollar figure or an approximation thereof, for amounts YOU claim to have paid that YOU seek to recover in this matter;

    b. Lost wages for work that would have been performed by YOU but was not performed, and the nonperformance of which YOU allege is the fault of the Defendant;

    c. Back pay or unpaid wages that includes wages earned for work performed but that YOU claim were not paid;

    d. Front pay for wages that YOU would reasonably expect to earn but that YOU claim YOU will be prevented from earning by the Defendant;

    e. Lost benefits that are capable of being reduced to a monetary amount such as lost retirement benefits and lost insurance benefits; and

    f. Interest income on out of pocket expenses, lost wages, lost benefits and/or unpaid wages.

29. When asked to "DESCRIBE IN DETAIL" an event or occurrence or particular subject, YOU are asked to do more than merely state a conclusion. YOU are being asked, among other

things, to state the particular facts that YOU intend to submit through witnesses or DOCUMENTS at trial on the subject matter contained in the question. Among other things, YOU are being asked to IDENTIFY all COMMUNICATIONS REGARDING the event, occurrence or subject and state what action YOU took RELATED TO the event, occurrence or subject, the date(s) YOU took such action, and the reason YOU took such action. YOU are asked to state all of the facts that support YOUR conclusions, answering who was involved, what happened with respect to the subject, why YOU believe it happened, where it happened, and how it happened.

30. When asked to state "ALL FACTS" pertaining to a particular subject YOU are asked to do much more than merely state conclusions. YOU are asked to DESCRIBE IN DETAIL as defined herein who was involved or present when the facts occurred, what they or YOU did, why YOU or they acted as YOU or they did, how this situation came about and where YOU or the third PERSON were when the facts occurred. YOU are asked to state specifically all facts that support YOUR claims or beliefs, not conclusions. If YOU claim that something occurred, please state why YOU believe it occurred, why YOU acted as YOU did, what happened to make you act the way YOU did, and IDENTIFY the PERSON who caused YOU to act the way YOU did.

31. Unless otherwise stated, the relevant time period is from March 1, 2003 to the present.

32. Each of these definitions and instructions is hereby incorporated into each of the Interrogatories to which it pertains.

33. "Plaintiff" means Lisa Black.

34. The "Complaint" means the *Complaint for Violation of Civil Rights, Wrongful Termination, and Demand for Jury Trial*, filed on November 18, 2005, in this action.

35. "Defendants" are Jim Brewer, individually and in his official capacity as Acting Principal of Hopwood Junior High School and the CNMI Public School System.

36. "This matter" means *Lisa S. Black v. Jim Brewer, individually and in his official capacity as Acting Principal of Hopwood Junior High School*, et. al., Civil Case No. 05-0038, and all of the facts as alleged in the Complaint.

## II.

## INTERROGATORIES

**Interrogatory No. 1:**

PLEASE STATE if there are any answers to interrogatories given by PSS in response to Plaintiff's First Set of Interrogatories, served on March 22, 2006, that you disagree with.

**Interrogatory No. 2:**

To the extent that you disagree with any of the answers of PSS to Plaintiff's First Set of Interrogatories, PLEASE DESCRIBE IN DETAIL the grounds upon which you base your disagreement.

**Interrogatory No. 3:**

To the extent you are aware of information in addition to the information that PSS has provided the Plaintiff in answer to Plaintiff's First Set of Interrogatories, PLEASE STATE what additional information you have.

**Interrogatory No. 4:**

PLEASE IDENTIFY any and all complaints, grievances or charges made against you including but not limited to complaints made to PSS by teachers or students, civil lawsuits, charge made to the Equal Employment Opportunity Commission, and letters that evidence a complaint. You answer must STATE:

    a.    The date made;

    b.    The substance of the complaint, grievance or charge;

    c.    IDENTIFY who made the complaint, grievance or charge.

**Interrogatory No. 5:**

PLEASE STATE all background you have as an educator.

**Interrogatory No. 6:**

PLEASE STATE all background you have as a principal or school administrator.

**Interrogatory No. 7:**

PLEASE IDENTIFY all education and training you have received that prepared you to be a principal.

**Interrogatory No. 8:**

PLEASE IDENTIFY all work experience you have that prepared you to be a principal.

**Interrogatory No. 9:**

Have you ever been convicted of a crime?

**Interrogatory No. 10:**

What is your net worth? You may designate your answer to this Interrogatory as "CONFIDENTIAL" pursuant to the Protective Order entered in this matter on May 11, 2006.

Dated this 30 day of June, 2006.

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Lisa S. Black

By: _____
MICHAEL W. DOTTS (F0150)

K:\3000\3221-01 Lisa Black\PL\draft\3rdInterrogatories Brewer-060628-jom.doc