1  MICHAEL W. DOTTS, Esq. - F0150 (NMI)
   O'Connor Berman Dotts & Banes
2  2nd Floor, Nauru Building
   P.O. Box 501969
3  Saipan, MP 96950
   Tel. No. - (670) 234-5684
4  Fax No. - (670) 234-5683

5  *Attorneys for Plaintiff Lisa S. Black*

6              IN THE UNITED STATES DISTRICT COURT
                            FOR THE
7        COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

8  LISA S. BLACK,                          )    CIVIL ACTION NO. 05-0038
9                                          )
                     Plaintiff,            )
10                                         )
         vs.                               )
11                                         )    **PLAINTIFF'S THIRD SET OF**
   JIM BREWER, individually and in his     )    **REQUESTS FOR PRODUCTION**
12 official capacity as Acting Principal of )   **OF DOCUMENTS**
   Hopwood Junior High School,             )
13 COMMONWEALTH OF THE                      )
   NORTHERN MARIANA ISLANDS                 )
14 PUBLIC SCHOOL SYSTEM, and JOHN           )
   AND/OR JANE DOE,                         )
15                                          )
16                   Defendants.            )
17
18 TO:   JIM BREWER and his Counsel of Record
19
20        COMES NOW Plaintiff Lisa S. Black, by and through counsel, and makes the following
21 discovery requests of Defendant Commonwealth of the Northern Mariana Islands Public School
22 System ("PSS").     Pursuant to the Federal Rules of Civil Procedure, YOU are requested to
23 answer the following discovery requests separately and in writing and under oath, and return
24 said answers and/or produce the requested DOCUMENTS for copying and inspection within
25 thirty (30) days at O'Connor Berman Dotts & Banes at the 2nd Floor of the Nauru Building,
26
27 Susupe, Saipan, MP 96950.
28

                                           1

# I.

## INSTRUCTIONS AND DEFINITIONS

1.     These discovery requests are to be deemed continuing and YOU and YOUR attorney are under a duty to supplement your responses if YOU or any of YOUR employees, agents, or attorneys obtain additional information as to any of the matters inquired of herein.

2.     If, in responding to these discovery requests, YOU encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.   If for any reason additional space is necessary in answering any discovery requests, complete the answers on an additional sheet bearing the same number as the number of the discovery requests which is being answered.

3.     In responding to this or these discovery requests, YOU must make a diligent search of YOUR records and other DOCUMENTS in YOUR possession or available to YOU, including information which is in the possession of YOUR attorneys, investigators for YOUR office, employees, representatives and agents, and not merely such information known to YOU or YOUR own personal knowledge.

4.     If a discovery request has sub-parts, respond to each part separately and in full so that YOUR response is understandable.  Do not limit YOUR response to the request as a whole.

5.     Each written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which

2

event the reasons for objection shall be stated. If the objection is made to a part of an item or category, the part shall be specified.

6.    If YOU, as well as YOUR officers, agents, employees and attorneys discover additional information as to matters inquired of in these discovery requests, between the time responses are tendered and the date of trial, supplemental responses shall be made informing Plaintiff and her attorney as to the newly discovered information.

7.    When YOU are asked to state the facts RELATING TO an allegation in the Complaint and/or Answer, describe the relevant facts including the date, time and specific location of each occurrence, and identify, as defined above, each and every PERSON who is a witness and any related DOCUMENTS.

8.    If any of the discovery requests cannot be answered in full, please answer to the extent possible, specifying the reasons for YOUR inability to answer the remainder and stating whatever information or knowledge YOU have concerning the unanswered portion.

9.    Throughout these discovery requests, including the definition of terms, words used in the singular include the plural. Whenever the word "or" appears herein, the meaning intended is the logical inclusive "or", i.e. "and/or". Whenever the word "each" appears herein, the meaning intended is "each and every."

3

10.    For each response to these discovery requests that is withheld under a claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document or portion withheld:

     a.    The number and subject of each paragraph of this request that seeks its production;

     b.    The name and title of the author(s);

     c.    The name and title of each person to whom the DOCUMENT was addressed;

     d.    The name and title of each person to whom a copy of the DOCUMENT was sent;

     e.    The date of the DOCUMENT;

     f.    The number of pages;

     g.    A brief description of the nature and subject matter of the DOCUMENT;

     h.    The identity of each person to whom the DOCUMENT, its contents, or any portion thereof is known or has been disclosed;

     i.    The exact location of the original and each copy as of the date of receipt of this request; and

     j.    If the DOCUMENT is withheld on any ground other than privilege, each basis that you contend justifies its withholding.

     k.    For purposes of this instruction, PERSONS shall be identified by giving their title and business address both at the time the DOCUMENT was generated by or made available to them and at the present, as well as their name and present home address, to the extent known.

4

11.   When you are asked to IDENTIFY a PERSON, provide all the following information known to you:

    (a)   Full name;

    (b)   Person's employer currently;

    (c)   Job title currently;

    (d)   Current business address; and

    (e)   Current residential address.


12.   When you are asked to IDENTIFY a DOCUMENT, provide all the following information known to you:

    a.   Date it was prepared;

    b.   Identities of its preparer;

    c.   Identities of its recipients;

    d.   Current location and custodian; and

    e.   Description of contents, sufficient for a motion to produce.


13.   IDENTIFY each DOCUMENT relied upon which forms a basis for any answer given or which corroborates the answer given or the substance of what is given in answer to these discovery requests.


14.   When DISCOVERY REQUESTS are propounded by Plaintiff to Defendant are answered by such of Defendant's officers, employees, servants and attorneys as are cognizant of the facts or opinions, then IDENTIFY each person who assisted or participated in preparing

and/or supplying any of the information given in answer to or relied upon in preparing answers to these DISCOVERY REQUESTS.

15.    State whether the information furnished is within the personal knowledge of the PERSON answering and, if not, the identity, if known, of each PERSON of whom the information is a matter of personal knowledge.

16.    Where knowledge of information is requested, such request includes the knowledge of information of Defendant as well as its officers, agents, employees and attorneys.  If more than one PERSON is listed in answer to a discovery request, each subsequent answer must IDENTIFY which PERSON supplied that answer and all PERSONS so listed must sign the answers under oath.

17.    If any of the discovery requests cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

18.    The term "DOCUMENT" means, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports of consultants, photographs, motion picture, film, brochure, pamphlets,

6

advertisements, circular, press releases, drafts, letters, any marginal comments appearing on any DOCUMENTS and all other writings.

19.    "YOU" and "YOUR" include the person(s) to whom these requests are addressed, and all of such person's predecessors, successors, assigns, agents, employees, attorneys, and insurance companies, and each of them, and all other persons acting or purporting to act on behalf of YOU including but not limited to Defendant Jim Brewer and Ms. Beth Nepaial.

20.    "PERSON" includes any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

21.    "WRITING" means handwriting, typewriting, word processing, printing, photostating, photographing and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combination thereof.

22.    "RELATING", "RELATIVE TO" OR "RELATED TO" includes referring to, alluding to, responding to, concerning, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

23.    "OR" means and/or.

24.    "RELEVANT" is defined under the Federal Rules of Evidence and that definition is incorporated herein. Please note that information can be relevant without necessarily being admissible.

25.    "COMMUNICATION" means the transmission, interchange, or exchange of thoughts, ideas, messages or information, by speech, signals, writing, code, satellite, computer, letter (or other form of correspondence), memoranda, telecopy, telex, e-mail, telephone, telegram, voice mail, face-to-face communication, or any other mode or method of transmission regardless of format. Under this definition, "COMMUNICATION" may have been contained, obtained or transmitted in any format, including but not limited to any document as defined herein or any subpart or portion thereof.

26.    Each of these definitions and instructions is hereby incorporated into each of the discovery requests to which it pertains.

## II.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1:**    Please produce all of YOUR tax returns for the last five (5) years. YOU may designate this material as "CONFIDENTIAL" and subject to the Protective Order entered in this matter on May 11, 2006.

8

**Request for Production No. 2:**    Please produce all leases to real property of which YOU are a lessee and that of a term longer than one (1) year. YOU may designate this material as "CONFIDENTIAL" and subject to the Protective Order entered in this matter on May 11, 2006.

**Request for Production No. 3:**    Please produce all deeds to real property upon which YOU are listed as an owner. YOU may designate this material as "CONFIDENTIAL" and subject to the Protective Order entered in this matter on May 11, 2006.

**Request for Production No. 4:**    Please produce any brokerage account statements, stock ledgers or other DOCUMENTS that IDENTIFY any stock or mutual funds that YOU own. YOU may designate this material as "CONFIDENTIAL" and subject to the Protective Order entered in this matter on May 11, 2006.

**Request for Production No. 5:**    Please produce YOUR savings account statements for the last twelve (12) months. YOU may designate this material as "CONFIDENTIAL" and subject to the Protective Order entered in this matter on May 11, 2006.

**Request for Production No. 6:**    Please produce any time certificates of deposit that YOU had an interest in during the last twelve (12) months. YOU may designate this material as "CONFIDENTIAL" and subject to the Protective Order entered in this matter on May 11, 2006.

**Request for Production No. 7:**    Please produce a complete copy of any and all applications YOU received requesting employment as a classroom teacher with Defendant PSS in the last five (5) years.

9

**Request for Production No. 8:**    Please produce copies of any and all notes taken during the interview and hiring process of any applicant for a position as a classroom teacher with Defendant PSS in the last five (5) years.

**Request for Production No. 9:**    Please produce any and all DOCUMENTS RELATED TO the "letter of concern" circulated at Hopwood Junior High School regarding Ms. Beth Nepaial, including, but not limited to, internal memoranda, requests for investigation, requests for more information, responses to the same and written and/or recorded results of any such requests.

**Request for Production No. 10:**    Please produce any and all DOCUMENTS RELATED TO any and all policies and procedures, whether written or unwritten, formal or informal, RELATED TO the supervision of classroom teachers to work for Defendant PSS.

**Request for Production No. 11:**    Please produce any and all DOCUMENTS RELATED TO any and all policies and procedures, whether written or unwritten, formal or informal, RELATED TO YOUR authority to determine if a contracted employee of PSS will or will not have their employment contract renewed.

**Request for Production No. 12:**    Please produce any and all DOCUMENTS RELATED TO school board meetings at which the subject of hiring classroom teachers was discussed, including, but not limited to, minutes of the meetings, notes taken by board members during said meetings and any and all exhibits and other DOCUMENTS provided to the school board at said meetings or used by members of the board during the course of said meetings.

**Request for Production No. 13:**    Please produce any and all DOCUMENTS RELATED TO school board meetings at which the subject of the non-renewal of employment contracts of classroom teachers was discussed, including, but not limited to, minutes of the meetings, notes taken by board members during said meetings and any and all exhibits and other DOCUMENTS provided to the school board at said meetings or used by members of the board during the course of said meetings.

**Request for Production No. 14:**    Please produce any and all DOCUMENTS related to the solicitation, creation and/or gathering of the **"student letters"** to include, but not be limited to, any notes taken by YOU conducting interviews with students, recordings made of these interviews, parental permission slips granting PSS authorization to conduct these interviews and/or any and all materials used to prepare the **"Memorandum"** summarizing these interviews (document numbered 556 in PSS' initial document production). If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 15:**    Please produce any and all DOCUMENTS that reflect the policies and procedures of PSS, formal or informal, that RELATE TO the **solicitation of students for their opinions** regarding their teachers. If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some

or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 16:**     Please produce any and all DOCUMENTS that reflect the policies and procedures of PSS, formal or informal, that RELATE TO the **use of student opinion information in making personnel decisions** regarding PSS schoolteachers. If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 17:**     Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because **"Plaintiff was insubordinate on several occasions."** If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked

12

them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 18:**    Please produce any and all DOCUMENTS that support PSS contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Plaintiff failed to follow school policies and rules and HJHS administrators' instructions.**"    If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 19:**    Please produce any and all DOCUMENTS that YOU will introduce into evidence at trial or otherwise used to support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Plaintiff was difficult to work with and repeatedly had problems getting along with her supervisors, co-workers, other PSS employees and community members.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked

them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 20:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Plaintiff was abrasive, rude, condescending, pushy, hostile, inflexible, argumentative and constantly complaining about many matters concerning her employment with HJHS and PSS.**"  If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 21:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Plaintiff constantly questioned the authority of administrators.**"  If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Request for Production No. 22:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because **"Plaintiff had difficulty working in a team and cooperating with others, often demanding that the HJHS administrators and staff proceed according to her terms in many matters."** If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 23:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because **"Plaintiff had poor rapport with students and engaged in odd behavior in the classroom."** If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 24:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Plaintiff assaulted students by flicking their ears and pushing their heads.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 25:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Plaintiff singled out the son of Vice-Principal Beth Nepaial in front of his classmates and embarrassed him.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 26:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Students, staff and parents complained to the HJHS**

16

administration regarding Plaintiff's attitude and behavior." If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 27:**    Please produce any and all DOCUMENTS that YOU will introduce into evidence at trial or otherwise used to support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Plaintiff failed to meet the objectives and terms of the grant awarded to her by the Governor's Office and failed to provide HJHS with the services and products listed in such grant.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 28:**    Please produce any and all DOCUMENTS related to the approval, award, distribution and/or use of funds provided pursuant to Governor Juan N. Babauta's Education Initiative from January 2003 to the present to include, but not be limited to:

17

a.    Any and all DOCUMENTS RELATED TO applications for the aforementioned grants;

b.    Any and all DOCUMENTS RELATED TO the award of the aforementioned grants;

c.    Any and all DOCUMENTS RELATED TO grant reports submitted by YOU;

d.    Any and all DOCUMENTS reflecting how the grant proceeds distributed to YOU were utilized to include, but not be limited to, individual budgets, receipts, cancelled checks and purchase orders;

e.    And, any and all other DOCUMENTS evidencing how YOU utilized the grant money YOU received.

**Request for Production No. 29:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In April of 2004, Plaintiff held at least two students after school (O.C. and T.G.) causing parent concern that students missed their rides homes.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

18

**Request for Production No. 30:**     Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because **"In May of 2004, Plaintiff had problems with co-worker Eileen Babauta regarding Plaintiff informing students that she is psychic; students in Cecile Manahane's class complained of being frightened that Black can tell the future."** If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 31:**     Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because **"In May of 2004, Plaintiff refused to provide make-up work to student S.L. and questioned the authority of Vice-Principal Nepaial inquiring into the situation."** If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 32:** Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because **"In June 2004, Plaintiff refused to accept placement as physical education teacher for school year 04/05 wishing to remain as Math teacher; cooperation with HJHS Administration steadily decreased after Plaintiff was placed as Life Skills teacher for 04/05."** If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 33:** Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because **"In July or early August of 2004, Plaintiff had problems with co-worker Annie Torres regarding classroom relocation and furniture."** If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

20

**Request for Production No. 34:** Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "In August of 2004, Principal Brewer told Black not to tell students that **"I know what you are thinking"** based on superstitions and fear of students." If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 35:** Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because **"In late September or October 2004, Plaintiff refused to move from temporary library classroom to room V-6."** If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 36:** Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of

21

1  employment was not renewed because "**In October of 2004, Plaintiff had dispute with co-**

2  **worker Christine Halloran regarding a bathroom key.**" If YOU have already produced all of

3  YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some

4  or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you

5  to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to

6  PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff.

7  However, YOU must produce any responsive DOCUMENTS YOU have that were not

8  

9  produced by PSS.

10  

11  **Request for Production No. 37:**      Please produce any and all DOCUMENTS that support the

12  contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of

13  employment was not renewed because "**In October 21, 2004, Plaintiff failed to follow school**

14  **policies, procedures and instructions by awarding students pass/fail grades instead of**

15  **percentage grades.**"  If YOU have already produced all of YOUR DOCUMENTS responsive

16  to this request to PSS and if PSS has already produced some or all of the DOCUMENTS

17  responsive to this request to the Plaintiff, it is not necessary for you to produce them again.

18  Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp

19  number with which PSS has marked them in its production to Plaintiff. However, YOU must

20  produce any responsive DOCUMENTS YOU have that were not produced by PSS.

21  

22  

23  **Request for Production No. 38:**      Please produce any and all DOCUMENTS that support the

24  contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of

25  employment was not renewed because "**In January 2005, Plaintiff refused to provide**

26  **substitution coverage as assigned and could not be located on campus during instructional**

27  

28

**hours.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 39:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In January 2005, Plaintiff interrupted Cecile Manahane's class during instructional time and singled out the son of Vice-Principal Beth Nepaial in front of his classmates and embarrassed him.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 40:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In January 2005, soon after interrupting Ms. Manahane's class, Plaintiff** called Ms. Nepaial's husband (Andy Nepaial) at home to discuss incident in subsection k." If YOU have already produced all of YOUR DOCUMENTS

responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 41:**      Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In January 2005, Katherine Barja, HJHS teacher, submitted student complaints to HJHS Administration regarding Ms. Black's treatment of students, including odd behavior and assault of the students.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 42:**      Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In February 2005, Plaintiff confronted co-worker Rory Starkey and threatened him.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to

produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 43:**     Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In February 2005, Plaintiff interrupted Menchu Grayer's classroom during instructional time causing Ms. Grayer to feel threatened; Plaintiff interrupted the class and spoke with Ms. Grayer despite specific instructions from Principal Brewer.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 44:**     Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In February 2005, the HJHS Administration received a student complaint regarding students' fear of Plaintiff and Plaintiff requiring the students to repeat that Plaintiff is not psychic.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you

to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 45:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In March 2005, Principal Jim Brewer became aware that Plaintiff inappropriately and without authorization connected a phone line to her room.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 46:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In March 2005, Plaintiff had dispute with Katherine Barja.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with

which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 47:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In March 2005, Principal Brewer became aware of Plaintiff detaining students during their lunch time and preventing the students from eating lunch.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 48:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In March/April of 2005, Principal Brewer became aware of the terms of the Governor's Grant and Plaintiff's apparent failure to meet the terms of the grant.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

27

**Request for Production No. 49:**   Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In April 2005, Plaintiff refused to provide make-up work for student H.W. and refused to provide any information regarding the issue to the Principal in a timely manner.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 50:**   Please produce any and all DOCUMENTS that the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**In April 2005, Plaintiff refused to report to a meeting with the administrators of HJHS.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 51:**   Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of

employment was not renewed because "**Throughout second semester 2004-05, Plaintiff had problems during cohort meetings, including confrontations with Joseph Connolly and Katherine Barja.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 52:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Plaintiff received two letters of insubordination while a teacher at Koblerville Elementary School (KES) and took leave from KES after being informed that the leave was disapproved.**" If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 53:**    Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Plaintiff's contract of employment was not renewed**

**at San Antonio Elementary School**." If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 54:**     Please produce any and all DOCUMENTS that support the contention in response to Plaintiff's interrogatories by PSS that Plaintiff's contract of employment was not renewed because "**Principal Brewer learned of subsections t., u. and v. above during May of 2004**." If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 55:**     Please produce any and all DOCUMENTS that reflect that any of the eleven items of "information" available to YOU (as identified in PSS' response to Plaintiff's Interrogatory No. 1 from Plaintiff's First Set Of Interrogatories) were considered prior to April 2005 in determining whether or not to renew Plaintiff's employment contract with PSS. If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this

request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

**Request for Production No. 56:**    Please produce any and all DOCUMENTS that were considered prior to April 2005 in determining whether or not to renew Plaintiff's employment contract with PSS. If YOU have already produced some or all of the DOCUMENTS responsive to this request, it is not necessary to produce them again, but rather IDENTIFY each of these documents by the Bates-stamp number with which YOU have marked them.

**Request for Production No. 57:**    Please produce any and all DOCUMENTS that reflect what information was considered prior to April 2005 in determining whether or not to renew Plaintiff's employment contract with PSS. If YOU have already produced all of YOUR DOCUMENTS responsive to this request to PSS and if PSS has already produced some or all of the DOCUMENTS responsive to this request to the Plaintiff, it is not necessary for you to produce them again. Rather, you may IDENTIFY each of the documents YOU produced to PSS by the Bates-stamp number with which PSS has marked them in its production to Plaintiff. However, YOU must produce any responsive DOCUMENTS YOU have that were not produced by PSS.

Dated this _2ʳᵈ_ day of ___July___, 2006.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Lisa Black


By: _____
        MICHAEL W. DOTTS (F0150)

K:\3000\3221-01 Lisa Black\PL\draft\2ndInterrogatories PSS-060628-jom.doc