IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, | ) Civil Case No. 05-0038 |
| | ) |
| Plaintiff, | ) |
| | ) Defendant CNMI Public School System's |
| vs. | ) Response to Plaintiff's Second Set of |
| | ) Interrogatories |
| JIM BREWER, individually and in his | ) |
| official capacity as Acting Principal for | ) |
| Hopwood Junior High School, | ) |
| COMMONWEALTH OF THE | ) |
| NORTHERN MARIANA ISLANDS | ) |
| PUBLIC SCHOOL SYSTEM, and JOHN | ) |
| AND/OR JANE DOE, | ) |
| | ) |
| Defendants. | ) |

Comes now the Defendant CNMI Public School System (PSS), through its attorney, Heather L. Kennedy, and hereby responds to Plaintiff's Second Set of Interrogatories as follows:

**General Objections**

1. These responses are made solely for the purposes of this action, without waiver of the following:

    a. The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege and admissibility of the responses and subject matter thereof as evidence for any purpose in any further proceeding in this action, including trial;

    b. The right to object to the use of any such responses, or subject matter thereof, on any ground in any further proceeding in this action, including trial;

Law Offices
O'Connor Berman Dotts & Banes
RECEIVED
By: Uhen
Date: 8/4/06
Time:

    c. The right to object on any ground at any time to a future interrogatory or other discovery request; and

    d. The right to revise, correct, and to supplement or clarify any of the responses contained herein.

2. Defendant's responses and any identification of documents relating thereto are not intended to waive or prejudice any objection Defendant might assert as to, and without acknowledging, the admissibility, materiality, relevancy of any request or document or that such requests are in any way reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to these interrogatories to the extent that any question may be construed as calling for information that is subject to a claim of privilege, including, but not limited, to the attorney-client privilege, or the attorney work product doctrine or any constitutional, statutory or regulatory proscription against disclosure.

4. No incidental or implied admissions are intended by Defendant's responses to these interrogatories. The fact that Defendant has responded or objected to any interrogatory or any part thereof should not be taken as an admission that the Defendant accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such response or objection constitutes admissible evidence. The fact that the Defendant has responded to part or all of any interrogatory is not intended and shall not be construed to be a waiver by the Defendant of all or any part of its objections to any interrogatory.

5. The responses given are based upon information that has been gathered to date. Defendant states that its investigation of the facts relating to this action is not yet complete and its investigation is still on going. Consequently, Defendant may not be in a position to provide complete responses to each interrogatory and the following responses are given without prejudice to Defendant's right to produce, up to and including the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material. To the best of the knowledge of the Defendant, the

information contained herein is true and correct at this time, but Defendant reserves the right to correct inadvertent errors or omissions.

6. By making these responses, Defendant does not concede that the interrogatories propounded, nor the answer given thereto, are relevant to the subject matter of this proceeding or are reasonably calculated to lead to the discovery of admissible evidence. Defendant expressly reserves the right to object to further discovery into the subject matter of these interrogatories and reserves the right to object to introduction into evidence of information, documents or items produced in response to these interrogatories.

7. All of the following individual responses of Defendant PSS incorporate these general objections.

Without waiving the foregoing objections, PSS responds to Plaintiff's Second Set of Interrogatories as follows:

**Interrogatory No. 4**: Please describe in detail what relevant discoverable information each of the following individuals YOU identified in your Initial Disclosures, pursuant to Rule 26(a), have:

**RESPONSE:**

    a. Yvonne Atalig – Ms. Atalig is a staff member in the Human Resources Office who heard Plaintiff on July 29, 2005 reject a transfer to the high school. See attached statement.

    b. Karen Borja – Karen Borja is the Acting Principal of Marianas High School who investigated Plaintiff's grievance regarding Mr. Brewer in May of 2005. She also offered Plaintiff a teaching position at Marianas High School in July of 2005, which Plaintiff rejected.

    c. Laura Brown – Ms. Brown is currently working in the Special Education program for PSS. She is a former teacher of Koblerville elementary school and friend of Lisa Black. She has knowledge about Plaintiff's emotional condition and her

performance and attitude while Plaintiff was a teacher at Koblerville Elementary School.

    d.    Rita Hocog Inos – Dr. Inos was the Commissioner of Education from 1998-2006. She is knowledgeable about PSS procedures, policies and regulations, including but not limited to, the non-renewal, transfer and termination of PSS staff and PSS's expectations for teachers. She is knowledgeable about the "letter of concern" signed by some HJHS staff members and was involved in mediating the concerns of HJHS staff members with Principal Jim Brewer during the second semester of school year 2005-06. Dr. Inos met with Plaintiff regarding her grievance and issued a decision in the matter. She is familiar with Plaintiff's performance, attitude and reputation.

    e.    Annie Mendiola - Ms. Mendiola is a staff member in the Human Resources Office who heard Lisa Black on July 29, 2005 reject a transfer to the high school. See attached statement.

    f.    S.N. – S.N was a student at HJHS. He is the student that Plaintiff inappropriately singled out and embarrassed in front of the entire class in January 2005 because of her difficulties with the student's mother.

    g.    J.S. – J.S. was a student of HJHS who told Christine Halloran of Plaintiff's odd and inappropriate behavior in the classroom resulting in Ms. Halloran's letter to the Principal (bates number 1511).

**Interrogatory No. 5**: Please describe in detail the grounds upon which you base your answer in response to Interrogatory no. 1 that "Plaintiff was insubordinate in several occasions" by identifying when Plaintiff was insubordinate and how Plaintiff was insubordinate.

**RESPONSE:**

    a.    In August of 2004, Principal Brewer told Plaintiff not to tell students that "I know what you are thinking" because of superstitions and fear of students. Plaintiff continued to do so.

b. In January 2005, Plaintiff refused to provide substitution coverage as assigned and could not be located on campus during instructional hours;

c. In January 2005, Plaintiff interrupted Cecile Manahane's class during instructional time and singled out the son of Vice-Principal Beth Nepaial in front of his classmates and embarrassed him;

d. In February 2005, Plaintiff interrupted Menchu Grayer's classroom during instructional time and confronted Ms. Grayer despite specific instructions from Principal Brewer;

e. In April 2005, Plaintiff initially refused to provide make-up work for student H. W. and refused to provide any information regarding the issue to the Principal in a timely manner;

f. In April 2005, Plaintiff refused to report to a meeting with the administrators of HJHS; and

g. Plaintiff received two letters of insubordination while a teacher at Koblerville Elementary School (KES) and did not report to work at KES even after being informed that the leave was disapproved.

**Interrogatory No. 6:** Please describe in detail the grounds upon which you base your answer in response to Interrogatory No. 1 that "Plaintiff failed to follow school policies and rules and HJHS administrator's instructions" by identifying what policies, what rules and what administrator's instructions, how they were not followed and when.

**RESPONSE:** See response to Interrogatory No. 6 and

a. In October 21, 2004, Plaintiff failed to follow school policies, procedures and instructions by awarding students pass/fail grades instead of percentage grades;

b. Plaintiff did not timely submit inventory reports;

c. Plaintiff did not timely submit parental report card sign in sheets;

d. Plaintiff left students standing in the hot sun outside her classroom; and

e. Plaintiff was often late to class.

**Interrogatory No. 7:** Please identify any and all employees, administrators and/or agents of YOURS who applied for and received funding under Performance Improvement Grants issued by the Office of the CNMI Governor.

**RESPONSE:** PSS objects to the scope of this request in that it is unduly burdensome and seeks material irrelevant to the subject matter of this litigation. Without waiving the foregoing, PSS states that it is not in possession of a list of all PSS employees that received funding from the Governor's Office. Plaintiff may attempt to obtain this information from the Governor's Office, which was the Grantor. PSS already provided documents bates stamped 1645-1670 and 1895-1899 regarding HJHS employees who received grants from the Governor's Office.

**Interrogatory No. 8:** Please identify:
a. all employees, administrators and/or agents of YOURS who have complied with the terms and conditions of the Performance Improvement Grants issued by the Office of the CNMI Governor as describe in Interrogatory No. 7 above:
b. and, all employees, administrators and/or agents of YOURS who have not complied with the terms and conditions of the Performance Improvement Grants issued by the Office of the CNMI Governor as described in Interrogatory No. 7 above.

**RESPONSE:** PSS objects to the scope of this request in that it is unduly burdensome and seeks material irrelevant to the subject matter of this litigation. PSS also objects to the request to the extent that it seeks personal and private information that is confidential between Defendant and its employees. Without waiving the foregoing, PSS states that it is not in possession of the grant terms for every grant awarded to PSS employees. Plaintiff may attempt to obtain this information from the Governor's Office, which was the Grantor. PSS already provided documents bates stamped 1645-1670 and 1895-1899 regarding HJHS employees who received grants from the Governor's Office.

**Interrogatory No. 9:** Please describe in detail the grounds upon which you have determined that each of the individuals IDENTIFIED in Interrogatory No. 8 have or have not complied with the terms and conditions of the Performance Improvement Grants issued by the Office of the CNMI Governor as described in Interrogatory No. 7 above.

**RESPONSE:** See Response to Interrogatory No. 7 above.

I declare under penalty or perjury that I have reviewed the answers to the Interrogatories provided above and the same are true and correct to the best of my knowledge and belief.

Dated this 4th of August, 2006.          Dated this 4th of August, 2006.

_____                _____
Charley Kenty                            Heather L. Kennedy
Public School System                     Public School System
Human Resources Officer                  Legal Counsel