IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, | ) Civil Case No. 05-0038 |
| Plaintiff, | ) |
| vs. | ) Defendant CNMI Public School System's<br>) Response to Plaintiff's Request for<br>) Admissions and Special Interrogatory |
| JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE, | ) |
| Defendants. | ) |

Comes now the Defendant CNMI Public School System (PSS), through its attorney, Heather L. Kennedy, and hereby responds to Plaintiff's Second Set of Interrogatories as follows:

### General Objections

1. These responses are made solely for the purposes of this action, without waiver of the following:

    a. The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege and admissibility of the responses and subject matter thereof as evidence for any purpose in any further proceeding in this action, including trial;

    b. The right to object to the use of any such responses, or subject matter thereof, on any ground in any further proceeding in this action, including trial;

Law Offices
O'Connor Berman Dotts & Banes
RECEIVED
By: Jhen
Date: 8/4/06
Time:

c.  The right to object on any ground at any time to a future interrogatory or other discovery request; and

d.  The right to revise, correct, and to supplement or clarify any of the responses contained herein.

2. Defendant's responses and any identification of documents relating thereto are not intended to waive or prejudice any objection Defendant might assert as to, and without acknowledging, the admissibility, materiality, relevancy of any request or document or that such requests are in any way reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to these interrogatories to the extent that any question may be construed as calling for information that is subject to a claim of privilege, including, but not limited, to the attorney-client privilege, or the attorney work product doctrine or any constitutional, statutory or regulatory proscription against disclosure.

4. No incidental or implied admissions are intended by Defendant's responses to these interrogatories. The fact that Defendant has responded or objected to any interrogatory or any part thereof should not be taken as an admission that the Defendant accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such response or objection constitutes admissible evidence. The fact that the Defendant has responded to part or all of any interrogatory is not intended and shall not be construed to be a waiver by the Defendant of all or any part of its objections to any interrogatory.

5. The responses given are based upon information that has been gathered to date. Defendant states that its investigation of the facts relating to this action is not yet complete and its investigation is still on going. Consequently, Defendant may not be in a position to provide complete responses to each interrogatory and the following responses are given without prejudice to Defendant's right to produce, up to and including the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material. To the best of the knowledge of the Defendant, the

information contained herein is true and correct at this time, but Defendant reserves the right to correct inadvertent errors or omissions.

6. By making these responses, Defendant does not concede that the interrogatories propounded, nor the answer given thereto, are relevant to the subject matter of this proceeding or are reasonably calculated to lead to the discovery of admissible evidence. Defendant expressly reserves the right to object to further discovery into the subject matter of these interrogatories and reserves the right to object to introduction into evidence of information, documents or items produced in response to these interrogatories.

7. All of the following individual responses of Defendant PSS incorporate these general objections.

Without waiving the foregoing objections, PSS responds to Plaintiff's Request for Admissions and Special Interrogatory as follows:

### REQUEST FOR ADMISSION

**Requests For Admission No. 1:** Please admit that the documents that have been produced by Defendant Commonwealth of the Northern Mariana Islands Public School System, Bates No. 000001 to 001915, are not known to YOU to be anything other than accurate copies of original documents, kept in the ordinary course of business, and that other than the possible objection on the basis of relevance, YOU have no objections to the admission of Bates numbers 000001 to 001915 into evidence at trial.

**RESPONSE:** PSS admits that all documents produced by PSS are accurate copies of original authentic documents that were produced as they are kept in the usual course of business. Defendants admit that each such document is what it purports to be. Defendant reserves the right to object to the introduction of any document produced by PSS, except

where that objection relates to authenticity. Therefore, the rest of the request for admission is denied.

## SPECIAL INTERROGATORY

**"Special" Interrogatory**: If you do not admit Request for Admission Number 1, then you must answer the following interrogatory:

**Interrogatory No. 11**: To the extent YOU contend the admission into evidence at trial of any of the documents, Bates numbers 000001 to 001915 is objectionable, other than based upon an objection of relevance, please state:

    a.    The particular document by Bates number that you object to admission into evidence at trial; and

    b.    The basis of your objection.

**RESPONSE:**

Defendant objects to this interrogatory as unclear, harassing, unduly burdensome, beyond the scope of permitted discovery, and improperly calling for legal conclusions.

I declare under penalty or perjury that I have reviewed the answers to Plaintiff's Request for Admissions and Special Interrogatory provided above and the same are true and correct to the best of my knowledge and belief.

Dated this 4th of August, 2006.    Dated this 4th of August, 2006.

_____    _____
Charley Kenty    Heather L. Kennedy
Public School System    Public School System
Human Resources Officer    Legal Counsel