IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, | ) Civil Case No. 05-0038 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Defendant Jim Brewer's |
| JIM BREWER, individually and in his | ) Response to Plaintiff's Third Set of |
| official capacity as Acting Principal for | ) Interrogatories |
| Hopwood Junior High School, | ) |
| COMMONWEALTH OF THE | ) |
| NORTHERN MARIANA ISLANDS | ) |
| PUBLIC SCHOOL SYSTEM, and JOHN | ) |
| AND/OR JANE DOE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Comes now the Defendant Jim Brewer, through his legal counsel Benjamin L. DeMoux, and hereby responds to Plaintiff's Third Set of Interrogatories as follows:

**General Objections**

1. These responses are made solely for the purposes of this action, without waiver of the following:

   a. The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege and admissibility of the responses and subject matter thereof as evidence for any purpose in any further proceeding in this action, including trial;

   b. The right to object to the use of any such responses, or subject matter thereof, on any ground in any further proceeding in this action, including trial;

Page 1

Law Offices
O'Connor Berman Dotts & Banes
RECEIVED
By: Jhen
Date: 8/4/06

  c. The right to object on any ground at any time to a future interrogatory or other discovery request; and

  d. The right to revise, correct, and to supplement or clarify any of the responses contained herein.

2. Defendant's responses and any identification of documents relating thereto are not intended to waive or prejudice any objection Defendant might assert as to, and without acknowledging, the admissibility, materiality, relevancy of any request or document or that such requests are in any way reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to these interrogatories to the extent that any question may be construed as calling for information that is subject to a claim of privilege, including, but not limited, to the attorney-client privilege, or the attorney work product doctrine or any constitutional, statutory or regulatory proscription against disclosure.

4. No incidental or implied admissions are intended by Defendant's responses to these interrogatories. The fact that Defendant has responded or objected to any interrogatory or any part thereof should not be taken as an admission that the Defendant accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such response or objection constitutes admissible evidence. The fact that the Defendant has responded to part or all of any interrogatory is not intended and shall not be construed to be a waiver by the Defendant of all or any part of its objections to any interrogatory.

5. The responses given are based upon information that has been gathered to date. Defendant states that its investigation of the facts relating to this action is not yet complete and its investigation is still on going. Consequently, Defendant may not be in a position to provide complete responses to each interrogatory and the following responses are given without prejudice to Defendant's right to produce, up to and including the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material. To the best of the knowledge of the Defendant, the

information contained herein is true and correct at this time, but Defendant reserves the right to correct inadvertent errors or omissions.

6. By making these responses, Defendant does not concede that the interrogatories propounded, nor the answer given thereto, are relevant to the subject matter of this proceeding or are reasonably calculated to lead to the discovery of admissible evidence. Defendant expressly reserves the right to object to further discovery into the subject matter of these interrogatories and reserves the right to object to introduction into evidence of information, documents or items produced in response to these interrogatories.

7. All of the following individual responses of Defendant PSS incorporate these general objections.

Without waiving the foregoing objections, PSS responds to Plaintiff's ThirdSet of Interrogatories as follows:

**Interrogatory No. 1**: PLEASE STATE if there are any answers to interrogatories given by PSS in response to Plaintiff's First Set of Interrogatories, served on March 22, 2006, that you disagree with.

**RESPONSE:** Defendant does not disagree with any of the answers to interrogatories.

**Interrogatory No. 2:** To the extent that you disagree with any of the answer of PSS to Plaintiff's First Set of Interrogatories, PLEASE DESCRIBE IN DETAIL, the grounds upon which you base your disagreement.

**RESPONSE:** Moot, see answer to Interrogatory No. 1.

**Interrogatory No. 3:** To the extent you are aware of information in addition to the information that PSS has provided the Plaintiff in answer to Plaintiff's First Set of Interrogatories, PLEASE STATE what additional information you have.

**RESPONSE:** Defendant is not aware of any additional information.

**Interrogatory No. 4:** Please identify any and all complaints, grievances, or charges made against you including but not limited to complaints made to PSS by teachers or students, civil

lawsuits, charge made to the Equal Employment Opportunity Commission, and letters that evidence a complaint. Your answer must state:

  a. The date made:

  b. The substance of the complaint grievance or charge;

  c. IDENTIFY who made the complaint, grievance or charge.

**RESPONSE:** With regard to the grievance filed by Plaintiff, all relevant information was contained in PSS's responses to Plaintiff's Requests for Production.

Defendant is aware of only two other complaints: Greg Cruz who filed a grievance against Defendant in March of 2004 alleging unfair treatment regarding Cruz' wife repeatedly coming on campus during working hours. The grievance was settled through mediation and an agreement. Cruz later resigned and appealed to the Board who found that PSS properly followed the grievance procedures with respect to the mediation and agreement. Pastor Gagaring made a complaint to the EEOC on June 6, 2006 alleging discrimination based on race, national origin, and disability, and alleging retaliation.

**Interrogatory No. 5:** Please state all background you have as an educator.

**RESPONSE:** I have presented more than 50 training seminars to custody staff, probation officers, PSS teachers, administrators and staff in the last 8 years. As for education for elementary and secondary school students, I began teaching at the juvenile detention facility in a "one room school house" environment in April 1998. I worked there as well at the beginning of the alternative school setting until January of-2000 when I was transferred by Commissioner of Education (COE) to Hopwood Junior High School (HJHS) to open a learning opportunity center (LOC-in school suspension). I worked in the LOC until late in the 3rd quarter and was then assigned to an 8th grade Social Studies classroom to cover a vacancy. Start of 4th quarter I was assigned to a 7th grade math classroom until the end of the year. I returned for school year 2000-2001 under Principal David Borja and opened the LOC again. I was asked to assist the new Vice-Principal for Discipline and did so for the year. During that year, Principal Borja asked me to develop a formal grant proposal to open the alternative school on campus to meet the new BOE

regulation. I did that. Beginning SY 2001-2002 I opened the LMA school at HJHS with 3 other teachers. I was the Director of LMA and also taught general science. I continued this until January 2003 when Principal Borja asked me to be acting VP Discipline. I continued covering the science class until the end of the year. Since then I have been an administrator.

**Interrogatory No. 6:** Please state all background you have as a principal or school administrator.

**RESPONSE:** See answer to Interrogatory No. 5 and I was delegated Acting Principal summer of 2003 when Principal Borja went off island for about 5 weeks. I was promoted to Vice-Principal for Discipline sometime in September or October 2003. In January 2004, I was designated as acting principal when Principal Borja moved to a position with the PSS Central Office. I formally assumed the Principal position around April 2005.

**Interrogatory No. 7:** Please identify all education and training you have received that prepared you to be a principal.

**RESPONSE:** I have a Master's Degree in Criminal Justice. Most graduate level education in Public Administration, Education, Business Administration use a business model. Several of my graduate courses were in the school of business or public administration at California Lutheran University. I was the superintendent at a large juvenile detention facility giving me experience in the operation of facilities serving children. I have completed all of the PSS professional development for principals since being appointed acting Vice-Principal, approximately 12 or so, completed two graduate level courses from University of Guam (UOG): School Law and Clinical Supervision (course regarding how to perform classroom observation of teachers), an ethics course from PSS and one from the Public Auditor.

**Interrogatory No. 8:** Please identify all work experience you have that prepared you to be a principal.

**RESPONSE:** See responses to Interrogatories No. 5 and 6.

**Interrogatory No. 9:** Have you ever been convicted of a crime?

**RESPONSE:** No

**Interrogatory No. 10:** What is your net worth? You may designate your answer to this interrogatory as "CONFIDENTIAL" pursuant to the Protective Order entered in this matter on May 11, 2006

**RESPONSE:** Defendant objects to this interrogatory as harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

I declare under penalty or perjury that I have reviewed the answers to the interrogatories provided above and the same are true and correct to the best of my knowledge and belief.

Dated this ___ of August 2006.


_____/s/_____
Jim Brewer
Principal, Hopwood Junior High School



Dated this ___ of August 2006.


_____/s/_____
Benjamin L. DeMoux
Assistant Attorney General