IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, | ) Civil Case No. 05-0038 |
| Plaintiff, | ) |
| vs. | ) |
| JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE, | ) Defendant Jim Brewer's ) Response to Plaintiff's Third Set of ) Requests for Production |
| Defendants. | ) |

Comes now the Defendant Jim Brewer, through his Legal Counsel, Benjamin L. DeMoux, and hereby responds to Plaintiff's Third set of Production Requests as follows:

**General Objections**

1. These responses are made solely for the purposes of this action, without waiver of the following:

    a. The right to object to all requests as to competency, relevancy, materiality, confidentiality, privilege and admissibility of the responses and subject matter thereof as evidence for any purpose in any further proceeding in this action, including trial;

    b. The right to object to the use of any such responses, or subject matter thereof, on any ground in any further proceeding in this action, including trial;

Page 1

Law Offices
O'Connor Berman Dotts & Banes
RECEIVED
By: Jhen
Date: 8/4/06
Time:

    c. The right to object on any ground at any time to a future demand for production or other discovery request; and

    d. The right to revise, correct, and to supplement or clarify any of the responses contained herein.

2. Defendant's responses and any identification or production of documents relating thereto are not intended to waive or prejudice any objection Defendant might assert as to, and without acknowledging, the admissibility, materiality, relevancy of any request or document or that such requests are in any way reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to the requests for production to the extent that any request may be construed as calling for information that is subject to a claim of privilege, including but not limited to the attorney-client privilege, or the attorney work product doctrine or any constitutional, statutory or regulatory proscription against disclosure.

4. Defendants object to all requests to the extent that they seek personal and private information that is confidential between Defendant and its employees and/or violates an individual's right to privacy as guaranteed by the CNMI Constitution.

5. If any response or document produced by Defendant violates the attorney-client privilege, work product doctrine or any constitutional, statutory or regulatory proscription against disclosure, such response or production is inadvertent and is not intended as a waiver of such privilege.

6. Defendant states that its investigation of the facts relating to this action is not yet complete and its investigation is still on going. Consequently, Defendant reserves the right to supplement these responses and to produce documents at any time during the course of these proceedings.

7. Defendant objects to the requests for production as not being reasonably calculated to lead to the discovery of admissible evidence.

8. All of the following individual responses of Defendant PSS incorporate these general objections.

Without waiving the foregoing objections, PSS responds to Plaintiff's request for production of documents as follows:

**Requests For Production No. 1-6:**

> **RESPONSE:** Defendant objects to these requests as they are harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Requests For Production No. 7-9:**

> **RESPONSE:** Defendant is not in possession of any materials responsive to these requests.

**Request For Production No. 10:**

> **RESPONSE:** All documents responsive to this request have already been produced by PSS.

**Request For Production No. 11:**

> **RESPONSE:** To the best of defendant's knowledge, no documents responsive to this request exist.

**Requests For Production No. `12-13:**

> **RESPONSE:** Defendant is not in possession of any materials responsive to these requests.

**Requests For Production No. 14-27:**

> **RESPONSE:** Defendant is not in possession of any materials responsive to these requests that have not already been produced. Defendant objects to plaintiff's request to identify documents by Bates-stamp number as harassing, unduly burdensome, and beyond the scope of permitted discovery.

**Request For Production No. 28:**

> **RESPONSE:** All documents responsive to this request have already been produced by PSS.

**Requests For Production No. 29-57:**

> **RESPONSE:** Defendant is not in possession of any materials responsive to these requests that have not already been produced. Defendant objects to plaintiff's request to identify documents by Bates-stamp number as harassing, unduly burdensome, and beyond the scope of permitted discovery.

I declare under penalty or perjury that I have reviewed the answers to the production requests provided above and the same are true and correct to the best of my knowledge and belief.

Dated this ____ of August 2006.

_____/s/_____
Benjamin L. DeMoux
Assistant Attorney General

_____/s/_____
Jim Brewer
Principal, Hopwood Junior High School\