Benjamin DeMoux
Assistant Attorney
Office of the Attorney General
Juan A. Sablan Memorial Building
Caller Box 10007
Saipan, MP 96950
email: bendemoux@gmail.com
phone: (670) 664-2341
fax: (670) 664-2349
Attorney for Jim Brewer

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK,<br>   Plaintiff,<br><br>vs.<br><br>JIM BREWER, et al,<br><br>   Defendants | Case No.: 05-0038<br><br>**OPPOSITION TO SECOND MOTION TO COMPEL** |

Now comes defendant Jim Brewer to oppose plaintiff's second motion to compel.

As against Mr. Brewer, Plaintiff's motion alleges four things. First, it alleges that Mr. Brewer improperly answered one interrogatory by referring to answers to other interrogatories. Specifically, in answer to Interrogatory # 8 (Please identify all work experience you have that prepared you to be a principal), Mr. Brewer cited his answers to Interrogatories # 5 (Please state all background you have as an educator) and # 6 (Please state all background you have as a principal or school administrator). The answers to Interrogatories 5 & 6 taken together offer a separate and complete written answer to Interrogatory 8. The mere fact that they appear on the previous page (as to Interrogatory 5) and the same page (as to Interrogatory 6) is no hardship to plaintiff. If the failure to Mr. Brewer and his counsel to cut-and-paste was a technical violation of the rules (and Mr. Brewer does not concede it was) it was a harmless one.

Second, plaintiff alleges that Mr. Brewer should be made to review each page of the documents produced by PSS and state any objection he might have to it, relevance aside. Plaintiff states in their motion that "there is no reason why PSS cannot now identify any objections it might have." Strictly speaking, Mr. Brewer and PSS probably could do this, if they were willing to take a number of hours and reveal portions of their legal strategy to plaintiff. However, because, there is no rule that requires Mr. Brewer to respond to this harassing, burdensome, and patently ridiculous request, he properly declined to do so and the Court should not compel him to do so.

Third, plaintiff argues that Mr. Brewer should be made to identify which of the various documents produced by defendants will be used to support various defenses. This is another attempt by plaintiff to require defendants to reveal their trial strategy. PSS has more than adequately addressed this clearly improper request in its opposition to plaintiff's first motion to compel and Mr. Brewer incorporates that argument as if fully set forth herein.

Fourth, plaintiff has asked the Court to compel Mr. Brewer to turn over certain financial records. Since the motion was filed, this dispute has been amicably resolved and is no longer before the Court.

Plaintiff also makes a parenthetical claim for attorney fees. Because plaintiff's motion to compel should be denied, their claim for fees should also be denied. Mr. Brewer also reserves his right to fees under Fed. R. Civ. Pro. 37(a)(4)(B).

Dated this 17th day of August, 2006

/s/  
Benjamin DeMoux