Ms. Heather L. Kennedy
Ms. Karen M. Klaver
C.N.M.I. Public School System
P.O. Box 501370 CK
Saipan, MP 96950
Telephone: (670) 237-3046
Facsimile: (670) 664-3713

Attorney for: Public School System

IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, | ) Civil Case No. 05-0038 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Defendant CNMI Public School System's |
| | ) Response to Plaintiff's Second Motion to |
| JIM BREWER, CNMI Public School System and JOHN AND/OR JANE DOE, | ) Compel |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT THE CNMI PUBLIC SCHOOL SYSTEM'S RESPONSE TO

### PLAINTIFF'S SECOND MOTION TO COMPEL

Comes now the CNMI Public School System (PSS), through Counsel, to submit the following response to Plaintiff's Motion to Compel.

In the Memorandum of Support to Plaintiff's Second Motion to Compel, Plaintiff contends that PSS "again refused to answer specific document requests asking them to produce documents that they will use to support various factual contentions". Plaintiff's statement is incorrect for two reasons. First, PSS did not refuse to produce documents in response to Plaintiff's Second Production Requests. PSS refused to identify documents by bates number in response to each of Plaintiff's requests. PSS briefed this issue in response to Plaintiff's First Motion to Compel. Second, Plaintiff's Third Production Request was not directed at PSS so the allegation that PSS again refused to produce documents is incorrect.

Plaintiff Second Motion to Compel also raises two complaints regarding PSS's Responses to Plaintiff's Second Set of Interrogatories and Production Requests for Admissions and Special Interrogatory. In its memorandum in support of its motion to Compel, Plaintiff makes the broad allegation that Defendants' responses that refer to other interrogatories are insufficient. Plaintiff does not identify with particularity the interrogatory responses that are of concern. PSS will assume that Plaintiff refers to PSS's Response to Interrogatory 9.

Interrogatory No. 9 requests information "as described in Interrogatory No. 7." As PSS's objections and response are the same, it is appropriate to refer Plaintiff back to Interrogatory No. 7. It is wasteful for Plaintiff to require PSS to cut and paste the same answer in its response, particularly when the request is in the same area and Plaintiff's Request No. 9 incorporates Interrogatory No. 7.

Interrogatory No. 7 requests information regarding all PSS employees that applied for or received funding from the Governor's Office. PSS produced to Plaintiff documents regarding grants received by Hopwood Junior High School (HJHS) employees because HJHS

had this information in its possession. As stated in its response, PSS is not in possession of information regarding all grants distributed to PSS employees by the Governor's Office. PSS, as an autonomous agency created by the CNMI Constitution, is not a part of the executive branch of the CNMI government and does not have custody or control over the former Governor's files. Plaintiff, like HJHS, can request this information from the Governor's Office or the grant recipients.

Finally, Plaintiff's Request for Admissions and Interrogatories are beyond the scope of discovery, burdensome and harassing. Federal Rules of Civil Procedure Rule 26 (a)(3)(C) specifically addresses pre-trial disclosures of documents and objections thereto. Rule 26 (a)(3)(C) requires disclosure of documents and exhibits that a party expects to offer at trial at least 30 days before trial and allows a party to identify objections to admissibility of the materials within 14 days thereafter. PSS will provide its objections to Plaintiff's documents or exhibits after Plaintiff identifies documents that it will produce at trial as we enter the pretrial disclosure phase of this litigation.

Submitted this 17th day of August, 2006.

By:

_____/s/_____
Heather L. Kennedy
Attorney for the Public School System