**GEORGE L. HASSELBACK, ESQ. – (F0325-NMI)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa Black*

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | OMNIBUS REPLY TO |
| JIM BREWER, individually and in his ) | DEFENDANTS' OPPOSITIONS TO |
| official capacity as Acting Principal for ) | SECOND MOTION TO COMPEL |
| Hopwood Junior High School, ) | |
| COMMONWEALTH OF THE ) | Date:  August 24, 2006 |
| NORTHERN MARIANA ISLANDS ) | Time:  9:00 a.m. |
| PUBLIC SCHOOL SYSTEM, and JOHN ) | Judge:  Munson |
| AND/OR JANE DOE, ) | |
| ) | |
| Defendants. | |

0

Plaintiff, by and through counsel, offers this Reply to Defendant CNMI Public School System's ("PSS") Response to Plaintiff's Motion to Compel.[1] In responding to Plaintiff's concerns regarding their discovery responses, Defendants offer no substantive authority (be it binding or persuasive) and rely solely upon interpretations of the Federal Rules that, if followed, would result in a chaotic, drawn-out and much more expensive trial of this matter.

Firstly, Defendants continue to refuse to specifically identify which documents they will use to support specific factual allegations. This issue has been fully briefed in Plaintiff's first Motion to Compel and Plaintiff will rest upon her arguments and authorities contained therein.[2]

Next, both Defendants chafe at the Federal Rule 33(b)(1)'s requirement that "[e]ach interrogatory shall be answered separately and fully in writing." This is not, as Mr. Brewer contends, "a technical violation of the rules"[3], but rather a requirement imposed to ensure that responses to Interrogatories do not risk confusion. *See generally Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D.Ind. 2000). A black-letter reading of the Rules of Civil Procedure requires each interrogatory to have a separate and independent answer. *Id.* For instance, PSS, in its answer to Interrogatory No. 6 of Plaintiff's Second Set of Interrogatories says "[s]ee response to Interrogatory No. 6."[4] How can an interrogatory response refer to itself? This is precisely the type of confusion that is generated by providing cross-referenced and dependant interrogatory responses as opposed to the independent and individual responses. Defendants should answer Plaintiff's interrogatories as the Rules intend, with separate, complete answers.

Additionally, PSS complains that it does not have any additional documentation related to grants received by its employees from the Governor's office other than that it has already

---

[1] While Plaintiff can find no allowance in LR 16.2CJ(d)(1) for any response to Plaintiff's discovery motion without first securing leave of Court, Defendants has filed responses to which Plaintiff must reply so that the record is clear. To that end, Plaintiff offers this Reply should the Court decide to entertain more briefing than the original Motion itself (as is the practice under LR 16.2CJ(d)(1)). For the sake of brevity, Plaintiff will limit her Reply to 2 pages considering this Court's two-page limit for discovery motion memoranda.

[2] Mr. Brewer now contends that this will impermissibly reveal his attorney's trial strategy, but does not tell anyone how that could be. As has been previously briefed, specifically identifying what documents will support specific factual contentions is proper for disclosure. Mr. Brewer's secret trial strategies will be safe.

[3] Mr. Brewer's Opposition at 1.

[4] A copy of this discovery response is attached to Plaintiff's Second Motion to Compel.

provided Plaintiff.[5] PSS, however, only speaks of the documentation regarding these grants that Hopwood administrators gathered.[6] Additionally, PSS never confirms that what it has produced is all that it has in its possession that is responsive to this request.[7] If the grant documentation from Hopwood produced by PSS is all that it (as an organization) has in its possession, so be it. However, if there is more in its possession, whether some or all that exists, it should produce those documents to Plaintiff. Either way, Plaintiff deserves resolution of this issue.

Finally, and most troubling, are Defendants' refusal to address questions regarding evidentiary issues of admissibility.[8] Both Defendants refuse to respond to interrogatories and documents requests that seek to determine what documents they will attempt to admit into evidence and what objections to admissibility they may have to documents they have produced to Plaintiff.[9] While Rule 26(a)(3)(C) does speak of a deadline of thirty (30) days before trial, this is only so "[u]less otherwise directed by the court." This case has proven to be very document intensive with over 2,000 pages of documents produced. Certainly, disposing of questions of admissibility and objections to proposed evidence should be handled up front so that the trial process can proceed more smoothly. Since Defendants recognize that such work will have to be done anyway, better it be accomplished now and not during the final hectic weeks before trial.

Respectfully submitted this 22nd day of August, 2006:

                              O'CONNOR BERMAN DOTTS & BANES
                              Attorneys for Plaintiff Lisa Black

                              By: _____/s/_____
                                    GEORGE L. HASSELBACK (F0325)

---

[5] PSS Response at 2-3.

[6] *Id.*

[7] PSS says at 3 that it is "not in possession of information regarding ***all*** grants." Does this mean that it is in possession of some information regarding some grants? Plaitniff is left to wonder.

[8] *See* PSS Response at 3 and Mr. Brewer's Opposition at 2.

[9] *Id*.