F I L E D
Clerk
District Court

SEP - 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK,<br><br>           Plaintiff,<br><br>           vs.<br><br>JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN / or JANE DOE,<br><br>           Defendant. | Case No. CV-05-0038<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL** |

**THIS MATTER** came before the court on Thursday, August 24, 2006, for hearing of plaintiff's motions to compel defendants Commonwealth of the Northern Mariana Islands Public School System ("PPS") and Jim Brewer to provide amended responses to plaintiff's interrogatories, requests for production, and requests for disclosure. *See* Second Motion to Compel, No. 34 (Aug. 7, 2006); Memorandum In Support of Motion to Compel, No. 24 (July 12, 2006). Plaintiff appeared by and through her attorney, George L. Hasselback; defendant Brewer appeared by and through his attorney, Benjamin L. DeMoux; and defendant PPS appeared by and through its attorney Heather L. Kennedy.

**THE COURT**, having considered the arguments of the parties, **GRANTS** plaintiff's motion to compel defendants to properly respond to plaintiff's second set of requests for production and **DENIES** plaintiff's other motions to compel. The parties are **ORDERED** to submit an accounting in conformity with this order.

## I. BACKGROUND

On April 20, 2006, PSS produced 808 pages of documents in response to plaintiff's first set of production requests. Later, in accordance with the court's protective order, PSS produced 652 additional documents in response to plaintiff's production request. On May 15, 2006, PSS responded to plaintiff's first set of interrogatories. At least some of these responses stated legal conclusions, such as plaintiff was insubordinate on many occasions, without including a factual basis.

On May 26, 2006, plaintiff served defendant PSS with Plaintiff's Second Set of Requests For Production of Documents, *in* Declaration of George L. Hassleback in Support of Motion to Compel, Exhibit A, No. 25 (July 12, 2006). On June 26, 2006, plaintiff received a copy of PSS's response to plaintiff's second set of requests for production, *in* Declaration of George L. Hassleback in Support of Motion to Compel, Exhibit B [hereinafter Response]. The answers in the Response referenced generally to PSS's response to plaintiff's first set of production requests, documents disclosed during the process surrounding plaintiff's grievance process, and / or to the additional 450 documents provided contemporaneously with the Response. The Response did not specify which categories each document was being produced for.

## II. ANALYSIS

**A. Motion to Compel Defendant's to Properly Respond to Interrogatory Requests**

Since the time that the motion had been filed, the parties have resolved this issue. Accordingly, the court denies plaintiff's motion to compel defendants to serve plaintiff with an amended response to plaintiff's interrogatory requests.

//
//
//
//

**B. Motion to Compel Defendants to Properly Respond to Plaintiff's Second Set of Requests For Production**

Plaintiff requests the court to compel PSS to answer plaintiff's second set of requests for production by specifying the documents that support each request for production. PSS responds that PSS produced the requested documents as they have been kept in the usual course of business and that that is all that is required by Federal Rule of Civil Procedure 34(b) ("Rule 34(b)"). PSS further argues that requiring PSS to specify the documents that support each request for production is tantamount to requiring PSS to organize and label the documents. While plaintiff does not argue that the documents were not provided as they have been kept in the usual course of business, plaintiff asserts that PSS cannot simply discharge its duty to produce documents by handing over a pile of documents without specifying the documents that support each request for production.

For several reasons, the court agrees with plaintiff in these circumstances. First, requiring PSS to specify the documents that support each request for production does not require PSS to provide paralegal services to plaintiff. Because PSS's response to plaintiff's first set of interrogatories contained conclusory answers, plaintiff cannot simply sift through thousands of documents that PSS produced to determine the category for which each document was produced.[1] Furthermore, because PSS would have necessarily needed to know which documents were produced in response to each request for production, PSS would not be overly burdened by providing this information to plaintiff.

Second, while the answering party has the right to choose whether to "produce [documents] as they are kept in the usual course of business or [] organize and label them to correspond with the categories in the request[,]" Rule 34(b), the requesting party has the right to request the documents by individual item or category. By requiring the responding party to identify, and not organize, its

---

[1] For example, in one answer, PSS asserted that plaintiff was insubordinate on many occasions. PSS did not provide a factual basis for this legal conclusion. Accordingly, plaintiff cannot inspect the documents to determine which documents suggest that plaintiff had been insubordinate.

3

documents, the court seeks to accommodate these two rights. *See* Order From Chambers Regarding Docket Number 154, United States *ex rel.* Poong Lim/Pert Joint Venture v. Dick Pac./Ghemm Joint Venture, 2005 WL 2864745 *1 (D. Alaska 2005).

Third, requiring PSS to specify the documents that support each request for production comports with the spirit of the Federal Rules, which attempts to reduce surprise and speed the discovery and trial process. In accordance with the spirit of the Federal Rules, reason dictates that the Federal Rules allow the requested party to choose between two methods of producing documents to provide the requested party procedural flexibility while providing the requesting party similar results. The Federal Rules would not provide, as PSS suggests, a choice between producing documents by simply handing over a pile of documents or by an onerous task of organizing and labeling the documents to correspond with the categories in the request. Furthermore, if the Federal Rules did permit the requested party to simply hand over a pile of documents in response to a set of requests for production, the requesting party may resort to staggering each request for production. Thus, it is in the best interest of all parties to require the discovery procedure to be fair and efficient.

Accordingly, because plaintiff made a good faith attempt to meet and confer and because defendant did not indicate that specifying documents that support each production request would be overly burdensome, the court **GRANTS** plaintiff's motion. Defendant is **ORDERED** to produce an amended response to plaintiff's second set of requests for production whereby each written response specifies, by bates number, the document that supports each request. The parties may stipulate to some other type of response in conformity with this order.

**C. Motion to Compel Defendants to Identify Objectionable Documents**

Plaintiff, in her reply brief, admits that without the direction of the court, defendants are not required to identify objectionable documents until thirty days before trial. *See* Fed. R. Civ. P. 26(a)(3)(C). Plaintiff does not assert any special circumstances for why the court should deviate from this time line. Furthermore, the court has not ordered any alteration of the time line. Accordingly, the

court **DENIES** plaintiff's request to require PSS to identify objectionable documents at this stage of the proceedings.

**D. Motion to Compel Disclosure of Brewer's Financial Net Worth**

Since the time that the motion had been filed, the parties have resolved this issue. Accordingly, the court **DENIES** plaintiff's motion to compel defendant Brewer to disclose his financial net worth.

**E. Attorney's Fees**

Plaintiff requests the court to award plaintiff attorney's fees. Federal Rule of Civil Procedure 37(a)(4) states:

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the [requested party] to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant[] first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.
> (B) If the motion is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party . . . to pay the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

When a motion to compel is granted in part and denied in part, "the court may . . . , after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed. R. Civ. P. 37(a)(4)(C).

Here, the record indicates that plaintiff made a good faith effort to resolve these discovery issues except in regards to her discovery dispute between PSS over PSS's response to plaintiff's

interrogatory requests.[2] Because plaintiff's motion to compel PSS to identify objectionable documents is denied, the court will apportion the reasonable expenses among the parties.

**ACCORDINGLY, THE COURT HEREBY ORDERS** plaintiff to submit an accounting of her reasonable expenses she incurred in preparing her motion to compel defendant Brewer to properly respond to her interrogatory requests, preparing her motions to compel defendants PSS and Brewer to properly respond to her production requests, and preparing her motion to compel defendant Brewer to disclose his financial net worth. Plaintiff shall file such accounting no later than **September 14, 2006, at 3:30 p.m.**

**IT IS FURTHER ORDERED** that defendants submit an accounting for their reasonable expenses that they incurred in defending plaintiff's motion to compel them to disclose objections to documents. Defendants shall file such accounting no later than **September 14, 2006, at 3:30 p.m.**

No opposition or reply brief shall be accepted. A hearing shall not be scheduled unless the court deems one is necessary.

**IT IS SO ORDERED.**

DATED this ___1ST___ day of September, 2006.

_____
ALEX R. MUNSON
Chief Judge

---

[2] During the hearing, defendant PSS indicated that it did not respond to plaintiff's attempt, if any, to meet and confer with plaintiff regarding the interrogatory issues because there was confusion among the defendants as to whether plaintiff was attempting to meet and confer with just defendant Brewer or with both defendants.

6