Westlaw.

Not Reported in F.Supp.2d  Page 1
Not Reported in F.Supp.2d, 2005 WL 817710 (D.N.Mar.I.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
District Court for the Northern Mariana Islands.
Henry S. HOFSCHNEIDER, Plaintiff,
v.
Ana DEMAPAN-CASTRO, Defendant.
**No. CV-04-0022-ARM.**

April 11, 2005.

ORDER ON MOTION TO DISMISS

MUNSON, Chief J.
**\*1** This matter is before the Court on the Amended Motion to Dismiss the First, Second and Third Claims for Relief (Doc.8-9) filed by the defendant, Ana Demapan-Castro. Upon consideration of the memoranda of the parties, the argument of counsel and the applicable law, the Court makes the following disposition.

I. BACKGROUND

The plaintiff, Henry Hofschneider was the Commissioner of the Marianas Public Lands Authority ("MPLA"). The defendant, Ana Demapan-Castro, is the Chairwoman of the MPLA Board of Directors. It is alleged that defendant first suspended plaintiff without pay on July 30, 2004. On or about October 11, 2004, it is alleged that defendant terminated plaintiff.

On November 8, 2004, plaintiff filed his First Amended Complaint (Doc. # 2) wherein he alleged four claimed violations of 42 U.S.C. § 1983. In Count I plaintiff alleged that defendant suspended him without pay in violation of his procedural due process rights granted to him by the Fourteenth Amendment to the United States Constitution. In Count II plaintiff alleged that defendant terminated him in violation of his procedural due process rights granted to him by the Fourteenth Amendment to the United States Constitution. In Count III plaintiff alleged that defendant suspended plaintiff without pay and ultimately terminated plaintiff in retaliation for exercising his **First Amendment** free speech rights, all in violation of the Fourteenth Amendment to the United States Constitution. Finally, in Count IV, plaintiff alleged that defendant suspended plaintiff without pay and ultimately terminated plaintiff because of his political affiliation,[FN1] all in violation of the **First Amendment** as applied to the Commonwealth through the Fourteenth Amendment of the United States Constitution.

> FN1. It is alleged that the defendant is a political supporter of Governor Babauta while the plaintiff is the brother of Heinz Hofschneider, a political rival of Governor Babauta.

On December 27, 2004 defendant filed a Motion to Dismiss the First, Second and Third Claims for Relief (Doc.5-6) followed by an Amended Motion to Dismiss the First, Second and Third Claims for Relief (Doc.8-9) filed on December 30, 2004. Plaintiff filed an Opposition to Defendant's Motion to Dismiss (Doc. # 13) on February 25, 2005. On March 18, 2005, defendant filed a reply to plaintiff's opposition.

II. STANDARD OF REVIEW

Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro v. Block, 250 F.3d 729, 732 (9th Cir.2001). Dismissal is warranted where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.1984).

In reviewing a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir.1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint and matters of which the court takes judicial notice. Venetian Casino Resort L.L.C. v. Cortez, 96

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00038   Document 69-5   Filed 11/13/2006   Page 2 of 5

Not Reported in F.Supp.2d                                                                                                                                Page 2
Not Reported in F.Supp.2d, 2005 WL 817710 (D.N.Mar.I.)
**(Cite as: Not Reported in F.Supp.2d)**

F.Supp.2d 1102, 1106 (D.Nev.2000).

### III. LAW AND ANALYSIS

***2** Defendant seeks the dismissal of plaintiffs First, Second and Third Claims for Relief. Upon review of the allegations in the complaint and the applicable law, it is my opinion that defendants motion should be granted in its entirety. This conclusion is explained more fully below.

#### A. First and Second Claims for Relief

Plaintiff's first two claims for relief claim that defendant violated the Fourteenth Amendment to the United States Constitution. Basically, plaintiff alleges that his suspension without pay and eventual termination, all without notice and an opportunity to respond, violated his right to procedural due process. In order to determine whether plaintiff's suspension and termination violated his due process rights, the Court must first determine whether plaintiff had a constitutionally protected property interest in continued **employment**. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538 (1985); *Dyack v. Commonwealth of the Northern Mariana Islands,* 317, F.d3 1030, 1033 (9th Cir.2003).
Property interests subject to procedural due process protection are not limited by a few rigid, technical forms. Rather, "property" denotes a broad range of interests that are secured by "existing rules or understandings." A person's interest in a benefit is a "property" interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing.

*Perry v. Sindermann,* 408 U.S. 593, 601 (1972). Written contracts, as clear evidence of a formal understanding supporting a claim of entitlement, can create protected property interests. *Id.* Moreover, "a state law which limits the grounds upon which an employee may be discharged, such as conditioning dismissal on a finding of cause," creates a constitutionally protected property interest. *Dyack,* 317 F.3d at 1033 (quoting *Brady v. Gebbie,* 859 F.2d 1543, 1548 (9th Cir.1988)). However, where a state employee serves at will, he or she has no reasonable expectation of continued **employment**, and thus no property right. *Id.*

Article XX of the Constitution of the Commonwealth of the Northern Mariana Islands states that "[e]xemption from the civil service shall be as provided by law ..." Under Article XX only the legislature may create exceptions from the civil service. Dyack, 317 F.3d at 1033. Pursuant to CNMI statutory law, every government employee falls in the Civil Service System unless exempted by 1 CMC § 8131. Section 8131(a)(7) excepts from Civil Service "[p]ositions specifically exempted by any other law of the Commonwealth." Pub.L. No. 12-71 (2001) states that the Commissioner of the MPLA "shall serve at the pleasure of the Board of Directors" of the MPLA.

Defendant claims that under Pub.L. No. 12-71, plaintiff was an at will employee of the MPLA Board, and as such, could not possess a constitutionally protected property interest in continued **employment**. Plaintiff disagrees and makes two arguments. First, plaintiff argues that the "complete statutory scheme" applicable to plaintiff's **employment** demonstrates that plaintiff had a property interest. Second, plaintiff argues that his **employment** contract created an expectation of continued **employment**.

#### 1. Statutory Scheme

***3** As stated, plaintiff argues that the "complete statutory scheme" applicable to plaintiff's **employment** demonstrates that plaintiff had a property interest in continued **employment**. Plaintiff argues that the Court should consider the fact that Pub.L. 12-71 states that the Commissioner served at the pleasure of the MPLA "Board of Directors" and that the Board of Directors can only act by the "affirmative vote of the majority of the five directors." *Id.* Plaintiff further points out that CNMI law requires meetings of the MPLA Board to be open and afford people an opportunity to be heard. CNMI Open Government Meetings and Records Act, 1 CMC § 9901 *et seq.* Plaintiff states that the combination of these statue's requirements granted plaintiff a property right to continued **employment**.

These statutes do not grant a property right to continued **employment** because the statutory passages cited by plaintiff do not create an expectation of continued **employment**. At most, they explain the procedures the MPLA should take to discharge plaintiff and the process that would be due plaintiff. However, this is different from whether a property interest exists in the first place. Whether plaintiff possessed a property right in continued **employment** depends on whether CNMI law created

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2005 WL 817710 (D.N.Mar.I.)
**(Cite as: Not Reported in F.Supp.2d)**

a reasonable expectation of continued **employment**. CNMI law is very clear that the Commissioner serves at the pleasure of the MPLA Board of Directors. It does not say that plaintiff can only be discharged for cause or other reason. Thus, even if defendant violated all cited statutes in suspending and terminating plaintiff, it does not matter for purposes of determining whether plaintiff has a property interest in continued **employment**. See *Dorr v. County of Butte,* 795 F.2d 875, 877 (9th Cir.1986)("[A] substantive property right cannot exist exclusively by virtue of a procedural right"); *Federal Deposit Ins. Corp. v. Henderson,* 940 F.2d 465, 475 (9th Cir.1991)("[W]hile state law may create an interest in having officials adhere to state procedures, those procedures alone do not give rise to a 'legitimate claim of entitlement' that is subject to the protections of the federal due process clause"). As the statutes cited by plaintiff provide no reasonable expectation of continued **employment**, plaintiff cannot base a claim of deprivation of due process on them.

2. Contract

Plaintiff argues that the contractual relationship between plaintiff and the MPLA created a constitutionally protected property interest in: (1) continued **employment** with MPLA until May 4, 2007, unless (2) in the event of termination for cause, sixty days advance written notice and payout of the lump sum payment for the salary and benefits he would lose during the remainder of his contract period or twelve months, whichever period is longer; or (3) termination for cause in a manner consistent with Section 10 of the contract and applicable CNMI law.

The **employment** contract did not create a property interest in continued **employment**. The law of the Commonwealth is a part of every contract. See 72 Am.Jur.2d *States, Territories and Dependencies* § 75 (2001). A person who contracts with the Commonwealth is chargeable with knowledge of the statutes that regulate its contracting powers and is bound by them. *Id.* It is generally held that officers of a government may not enter into contracts that exceed statutory authority. *Id.* § 72. In the same vein, as stated by courts addressing similar issues, "no employee has a vested contractual right to continue **employment** beyond the time or contrary to the terms and conditions fixed by law." *Berstein v. Lopez,* 321 F.3d 903, 905 (9th Cir.2003)(quoting *Miller v. State,* 18 Cal.d3 808, 813 (1977)). Statutes controlling the terms of **employment** cannot be circumvented by contract. *Id.* See *Kelly v. Ogata,* 120 F.Supp.2d 1244, 1250 n.6 (D.Haw.2000). The clauses in the **employment** contract conflict with the Pub.L. 12-71's clear statement that plaintiff served at the pleasure of the Board. As such, the Board could not authorize these terms. Thus, the contract does not give plaintiff a property interest in continued **employment**.

**\*4** The cases cited by plaintiff in support of his argument that the contract created a property interest are distinguishable. In *Breedon v. Nome,* 628 P.2d 924 (Alaska 1981), the Alaska Supreme Court found an **employment** contract created a constitutionally protected property right in continued **employment**. However, unlike the present case, the applicable Alaska statute designated the public employee as terminable at will *subject to an **employment** contract to the contrary.* In *Henderson,* 940 F.2d at 476, the Ninth Circuit found that the subject **employment** contract gave rise to a "legitimate claim of entitlement" to ninety days of continued **employment** because the contract contained a clause stating that plaintiff could be fired at will but must be given ninety days notice. Unlike the present case, there was no statute in *Henderson* regulating his **employment** status, *i.e.,* a statute stating that he served at the pleasure of his employer. His status was determined by the contract alone. Thus the cases cited by plaintiff do not dissuade the Court from its determination that the contract in this case did not create a property interest in continued **employment**.

Because the statutory scheme cited by plaintiff and the **employment** contract between plaintiff and the MPLA do not create a reasonable expectation of **employment**, that is, a property interest protected by the Fourteenth Amendment to the United States Constitution, plaintiff fails to state a claim for a deprivation of due process. Consequently, plaintiff's first and second claims for relief will be dismissed.

B. Third Claim for Relief

Plaintiff's third claim for relief alleges that defendant suspended plaintiff without pay and ultimately terminated plaintiff in retaliation for exercising his **First Amendment** free speech rights, all in violation of the Fourteenth Amendment to the United States Constitution. To state a viable unlawful retaliation claim under § 1983, the Ninth Circuit has outlined the following factors. First, whether the plaintiff was engaged in a constitutionally protected activity.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 4
Not Reported in F.Supp.2d, 2005 WL 817710 (D.N.Mar.I.)
**(Cite as: Not Reported in F.Supp.2d)**

*Rendish v. City of Tacoma,* 123 F.3d 1216, 1219 (9th Cir.1997). Second, whether plaintiff's exercise of her constitutionally protected right was a "substantial" or "motivating" factor in the defendant's action. *Id.* Finally, whether defendant has established by a preponderance of the evidence that it would have taken the same action in the absence of the protected conduct. *Id.;* see also *Gillette v. Delmore,* 886 F.2d 1194, 1197 (9th Cir.1989); *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989). Preliminarily, the Court must determine if the **First Amendment** protects Plaintiff against termination for the type of speech in which he was engaged. *McKinley v. City of Eloy,* 705 F.2d 1110, 1113 (9th Cir.1983). In *Pickering v. Bd. of Educ.,* 391 U.S. 563 (1968), the United States Supreme Court articulated the "public concern" test in an attempt to balance the rights of public employees to free speech and of the government to regulate the workplace. Under *Pickering,* termination or other retaliation as a consequence of speech does not run afoul of the **First Amendment** unless the speech addresses a matter of "public concern." *Id.* at 572-74. Determining whether the speech in question involves a matter of public concern mandates an inquiry into the "content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers,* 461 U.S. 138, 147-148(1983).

**\*5** Well settled is the principle that speech by public employees "may be characterized as not of 'public concern' when it is clear that such speech deals with individual personnel disputes and grievances and that the information would be of no relevance to the public's evaluation of the performance of governmental agencies." *McKinley,* 705 F.2d at 1114, *Connick,* 461 U.S. at 148. On the other hand, speech that enables the population to "make informed decisions about the operation of their government merits the highest degree" of **First Amendment** protection. *McKinley,* 705 F.2d at 1114.

In the complaint, plaintiff made the following relevant allegations:
84. Subsequent to his suspension with pay, Commissioner Hofschneider made multiple statements to Board members, other governmental authorities, MPLA employees, and Defendant herself indicating that his suspension was made without lawful authority and without factual basis.

86. Such statements by Commissioner Hofschneider and the support from other Board members constituted speech that is protected by the **First Amendment** ...

88. Subsequent to his suspension without pay, Commissioner Hofschneider made multiple statements to Board members, other governmental authorities, MPLA employees, and Defendant herself indicating that his suspension without pay was made without lawful authority and without factual basis.
89. In addition, Commissioner Hofschneider filed a lawsuit in this Court, met with representatives of the AGO, OPA, and CNMI Finance to explain why his actions were not unlawful and the Defendant's were.
91. Such statements by Commissioner Hofschneider and the support from other Board members constituted speech that is protected by the **First Amendment** and touched on matters of public concern ...

The Court finds that these allegations show that plaintiff's speech deals with his personal dispute with defendant. It was not speech that enabled the population to "make informed decisions about the operation of their government." Thus this claim will be dismissed.

C. Motion to Strike

Defendant moves to strike pursuant to Fed.R.Civ.P. 12(f) certain comments contained in the complaint as immaterial and impertinent. Specifically, defendant moves to strike what it characterizes as "editorial comments" or what could be also characterized as headlines for subsequent groups of allegations. These include the following statements as they appear in the amended complaint:
Other MPLA Board Members Inform Defendant That She Is Acting Illegally
(Am. Compl. at 5)
Others Explain Why Defendant Was Wrong but She Refuses to Reconsider
(*Id.* at 6)
Defendant Retaliates By Suspending Commissioner Hofschneider Without Pay Pending the Outcome of an AGO/Finance Review
(*Id.* at 8)
Defendant Refuses to Cooperate With The AGO/Finance Review That She Requested
(*Id.*)
Defendant Reneges on Her Settlement Agreement Whereby Commissioner Hofschneider Would return

Not Reported in F.Supp.2d                                                                                                          Page 5
Not Reported in F.Supp.2d, 2005 WL 817710 (D.N.Mar.I.)
**(Cite as: Not Reported in F.Supp.2d)**

to Work Immediately
***6** (*Id.* at 9)
This Lawsuit is Filed and Commissioner Hofschneider Requests Release of His Annual Leave
(*Id.* at 10)
Three of The Five Board Members Order Commissioner Hofschneider Back to Work But Defendant and Her Attorneys Refuse To Allow Him Back
(*Id.*)
The Tables Are Turned: AGO and Finance Are Tired of Defendant's Refusal to Cooperate, Defendant Surreptitiously Receives A Copy of the Draft AGO/Finance Report Which Exonerates Commissioner Hofschneider, and She learns That OPA is Now Investigating her Actions
(*Id.* at 11)
Commissioner Hofschneider Writes Defendant to Indicate that Her One-Month Delay In Releasing His Annual Leave Payment Reeked of Retaliation
(*Id.* at 12)
Defendant's Final Desperate Act? She Terminates Commissioner Hofschneider
(*Id.* at 13)

Under Fed.R.Civ.P. 12(f) the Court may strike from a complaint "any redundant, immaterial, impertinent, or scandalous matter." Matter which is "immaterial" is "that which has no relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Figwort,* 984 F.2d 1524, 1527 (9th Cir.1993) *rec'd. on other grounds,* 510 U.S. 517 (1994). " 'Impertinent' matter consists of statements that do not pertain, and are not necessary to the issues in question." *Id.*

The Court agrees that the above cited passages are immaterial and impertinent. The passages are immaterial because they are conclusory "headlines" that look to have been placed in the complaint only for sensationalistic effect. C.f. *Bureerong v. Uvawas,* 922 F.Supp 1450, 1479 (C.D.Cal.1996)(striking the term "Slave Sweatshops" because the court found it appeared "only for inflammatory effect"). The passages are impertinent because they add nothing to the First Amended Complaint. They are just conclusory summaries of other factual allegations contained in the complaint. Because the passages are immaterial and impertinent, the above cited passages will be stricken by the Court.

D. Leave to Amend Complaint

When a court grants a Fed.R.Civ.P. 12(b)(6) motion to dismiss, it generally will permit the plaintiff an opportunity to amend the complaint to cure any defects. However, dismissal without leave to amend is appropriate where a court " 'determines that the pleading could not possibly be cured by the allegation of other facts." ' *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000)(en banc) (citations omitted). The Court will not grant plaintiff leave to amend the first and second claims for relief. The claims could not possibly be cured by the allegations of other facts since the law is clear that plaintiff could never gain a constitutionally protected property interest in continued **employment**. On the other hand, the Court will grant plaintiff leave to amend his third claim for relief. There is the possibility that the pleading of other facts may demonstrate that plaintiff engaged in speech protected by the **First Amendment**. Thus the Court will grant plaintiff ten (10) days from the date of this order to file an amended complaint amending the third claim for relief.

CONCLUSION

***7** Based on the foregoing, it is ORDERED that:
1. The Amended Motion to Dismiss the First, Second and Third Claims for Relief (Doc.8-9) filed by the defendant, Ana Demapan-Castro is GRANTED.
2. Plaintiff's first and second claims for relief are DISMISSED with prejudice and without leave to amend.
3. Plaintiff's third claim for relief is DISMISSED without prejudice and with leave to amend plaintiff's third claim for relief within ten (10) days of the date of this order.
4. Plaintiff's motion to strike is GRANTED. Accordingly, the passages cited in this order will be stricken from plaintiff's Amended Complaint.

D.N.Mar.I.,2005.
Hofschneider v. Demapan-Castro
Not Reported in F.Supp.2d, 2005 WL 817710 (D.N.Mar.I.)

Briefs and Other Related Documents (Back to top)

• 1:04cv00022 (Docket) (Aug. 27, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.