MATTHEW T. GREGORY #F0205
Attorney General
GREGORY BAKA #F0199
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:    (670) 664-2341
Fax:          (670) 664-2349
E-mail:       gbaka79@yahoo.com

Attorneys for Defendant Jim Brewer

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK,<br>                Plaintiff,<br>vs.<br><br>JIM BREWER, individually and in his official capacity as Acting Principal of Hopwood Junior High School, CNMI PUBLIC SCHOOL SYSTEM, and JOHN and/or JANE DOE,<br>                Defendants. | Civil Case No. 05-0038<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT BREWER'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing:   Thursday, 7 December 2006<br>Time:      9:00 a.m.<br>Judge:     Hon. Alex R. Munson |

# TABLE OF CONTENTS

I. STANDARD FOR SUMMARY JUDGMENT……………………………………....1

II. INTRODUCTION…………………………………………………..………..1

III. PLAINTIFF CANNOT MAINTAIN A CLAIM FOR VIOLATION OF FIRST AMENDMENT RIGHTS TO FREE SPEECH BECAUSE SHE DENIES MAKING THE SPEECH IN QUESTION……………………….....3

IV. PLAINTIFF CANNOT MAINTAIN A CLAM FOR WRONGFUL DICHARGE IN VIOLATION OF PUBLIC POLICY UNDER THE FIRST AMENDMENT……………………………………………………………….5

   a. Because Plaintiff Was Not Terminated, She Cannot Maintain a Cause of Action For Wrongful Termination……………………………………….6

   b. Even if a Cause of Action For Tortious Nonrenewal Existed, It Is Not Available When Plaintiff Denies Exercising First Amendment Rights………..……8

V. PLAINTIFF CANNOT MAINTAIN AN ACTION FOR DEPRIVATION OF DUE PROCESS BECAUSE SHE HAD NO PROPERTY INTEREST IN CONTINUED EMPLOYMENT ……………………………………………...8

VI. PLAINTIFF CANNOT MAINTAIN A CAUSE OF ACTION FOR INVASION OF PRIVACY BECAUSE SHE HAS ALLEGED NO FACTS IN SUPPORT THEREOF……………………………………………….…10

VII. PLAINTIFF CANNOT MAINTAIN A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BECAUSE DEFENDANT'S CONDUCT WAS NOT "OUTRAGEOUS" AS A MATTER OF LAW…………………………………………………………………….10

VIII. PLAINTIFF CANNOT MAINTAIN A CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BECAUSE SHE HAS NOT SUFFERED SERIOUS EMOTIONAL DISTRESS………………11

IX. PLAINTIFF'S CAUSE OF ACTION IS BARRED BY THE STATUTE OF LIMITATIONS……………………………………………………………..13

X. CONCLUSION………………………………………………………………..14

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby Inc.,* 477 US 242 (1986)……………..…….……………………….1

*Austin v. Terhune,* 367 F3d 1167 (9th Cir. 2004)……………………………………………..12

*British Airways Bd. v. Boeng Co.,* 585 F2d 956 (9th Cir. 1978)…………………………………1

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) …………………………………………………. 1

*Daly v. Exxon Corp.,* 55 Cal.App.4th (1997)……………………………………………..6, 7, 9

*Dyack v. Commonwealth of the Northern Mariana Islands*
   317 F3d 1030 (9th Cir. 2003)……………………………………………...…..8, 9, 14

*Fowler v. Varian Associates, Inc.,* 196 Cal.App.3d 34 (1987)………………………………….10

*Lawson v. Mgmt. Activities, Inc.,* 69 Cal.App. 4th 652 (1999)…………………………………12

*Macy's California, Inc., v. Superior Court,* 41 Cal.App.4th 744 (1995)………………………..12

*Moreau v. San Diego Transit Corp.* 210 Cal.App.3d 614 (1989)……………….…………11, 14

*Motevalli v. Los Angeles Unified School District,* 122 Cal.App.4th 97 (2004)…..…….6-9, 12, 14

*Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167 (1980)………………………………………6-7

*Wasson v. Sonoma County Junior College,* 203 F3d 659 (9th Cir. 2000)………………..3-6, 8, 14

**COMMONWEALTH STATUTE**

7 CMC § 2502………………………………………………………………………………..13

**COMMONWEALTH REGULATIONS**

NMIAC § 60-30.3-158………..……………………………………………………………...2, 11

NMIAC § 60-30.160……………………………………………………………………………….2

**RULES OF PROCEDURE**

Fed. R. Civ. P. 56 ………………………………………………………………………………..1

**TREATISES**

*Prosser and Keeton, Torts*, 851-66 (5th ed. 1984)……………………………………………10

# DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## I. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure requires that a motion for summary judgment be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After the moving party makes a properly supported motion, the responding party must present specific facts showing that contradiction of the moving party's presentation of evidence is possible. *See British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 951 (9th Cir. 1978). The mere existence of some alleged factual disputes between the parties will not defeat an otherwise proper motion for summary judgment. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986).

## II. INTRODUCTION

Although reams of documents have been produced in this case, the issue before the court is very simple: Did the defendants act unlawfully when they decided not to renew an employment contract with plaintiff? If the answer to that question is negative, plaintiff cannot prevail on any claims advanced in her complaint and defendants are entitled to judgment as a matter of law.

For purposes of this motion, the following facts, advanced by plaintiff, must be assumed as true:

1. Plaintiff had a contract of employment with defendant. (Complaint, p. 4, lines 11 – 13.)

    2. During the term of plaintiff's contract, "several members of the staff and faculty participated in the drafting of a 'letter of concern' regarding the Vice-Principal." (Complaint, p. 3, lines 16 – 21.)

    3. The "letter of concern" was delivered to the administration of PSS on or about October 6, 2004. (Complaint, p. 3, lines 23 – 25.)

    4. Plaintiff did not participate in drafting, circulating or signing the letter. (Plaintiff's Deposition Transcript, p. 67, lines 20 - 21; Complaint, p. 4, lines 1 – 2.)

    5. Plaintiff alleges defendants did not renew her contract of employment because they erroneously believed she was involved with the letter. (Complaint, p. 4, lines 1 – 13.)

In analyzing plaintiff's claims, the following provisions of law are relevant:

    1. NMIAC § 60.3-158: Purpose. *No employee has a right to the renewal of his or her contract of employment regardless of whether or not job performance during the contract period is satisfactory.* The decision whether to extend an offer for further employment is wholly within the discretion of the Public School System. No tenure of any nature, express or implied, is granted to any employee. (emphasis added)

    2. NMIAC § 60.3-160: Renewal. No employee or office of the Public School System is authorized to indicate, expressly or impliedly, that any employee has a right to be renewed based upon his or her contract or job performance.

Finally, plaintiff's employment contract provides:

    CONTRACT TENURE: There are no tenured employment positions offered by PSS. *This contract is only for the term stated in § 1 (c) and no right to renewal is granted, expressly or impliedly,* by PSS to the Employee regardless of whether job performance during the contract term is satisfactory. An offer for continued employment is completely within the discretion of PSS. (emphasis added)

    Importantly, plaintiff does *not* allege she *actually* engaged in any protected speech, nor that any person known to have participated in drafting or signing the "letter of concern"

Page 2

experienced any negative employment consequences. It is also not disputed that plaintiff completed the term of the employment contract.

### III. PLAINTIFF CANNOT MAINTAIN A CLAIM FOR VIOLATION OF FIRST AMENDMENT RIGHTS TO FREE SPEECH BECAUSE SHE DENIES MAKING THE SPEECH IN QUESTION.

For her first cause of action, plaintiff alleges defendant Brewer "formulated the erroneous belief that Ms. Black was responsible for drafting, circulating and/or encouraging others to sign" the letter of concern (Complaint, p. 4, lines 1 – 2), and "began to single out Ms. Black for disparate treatment" including selective enforcement of policies, intimidation, harassment and less-favorable evaluations. (Complaint, p. 4, lines 5 – 9)). The "retaliatory behavior culminated on April 25, 2005, when Ms. Black received notice that her contract of employment would not be renewed. (Complaint, p. 4, lines 11 – 12). Plaintiff alleges the failure of defendants to renew her contract violated free speech rights guaranteed by the First Amendment to the Constitution of the United States.

Unfortunately for plaintiff, the rule in the Ninth Circuit is directly and expressly contrary to plaintiff's claim for relief. In *Wasson v. Sonoma County Junior College*, 203 F.3d 659 (9th Cir. 2000) (*cert. denied* 531 U.S. 927, 121 S.Ct. 305, 148 L.Ed.2d 245), the Court of Appeals for the Ninth Circuit held that: (1) A public employee may not maintain a claim for wrongful retaliation for the exercise of First Amendment rights to free speech when she denies having made the speech in question; and (2) There can be no First Amendment retaliation claim when a public employee is falsely accused of making statements uttered by someone else. *Wasson, supra*, at 662, 663.

The plaintiff in *Wasson* was a professor at a junior college who filed suit against the president and vice-president of the college district after they recommended to the governing

board that Wasson be terminated. An undisputed fact before the court was that "defendants sought to fire Wasson because they believed her to be the author of six publicly disseminated writings that vilified [the district president]." *Id*. at 661. Wasson denied authoring the writings.

In its ruling, the Ninth Circuit Court acknowledged the long line of cases precluding "retaliation by a public employer against an employee on the basis of certain instances of protected speech by the employee." *Id*. at 662. Nonetheless, the Ninth Circuit Court affirmed the district court's grant of summary judgment to defendants "because she cannot show the alleged wrongful conduct was in retaliation for any exercise of her free speech rights." *Id*. at 662. Because the facts and issues in *Wasson* closely mirror the case before this Court, the reasoning of the Ninth Circuit Court is quoted at length:

> "This First Amendment case is unusual because Wasson asserts that the defendants retaliated against her for speech that she insists she did not make. Accepting Wasson's allegations as true, she thus has not engaged in any relevant constitutionally protected speech. Yet, she claims that her free speech rights under the First Amendment were violated because the defendants falsely imputed to her the letters critical of [the district president].
>
> "Several of our sister circuits have rejected claims identical to Wasson's holding that **there can be no First Amendment cause of action where there was no speech by the plaintiff.** *See Jones v. Collins*, 132 F.3d 1048, 1054 (5th Cir. 1998); *Fogarty v. Boles*, 121 F.3d 886, 890-91 (3rd Cir. 1997); *Barkoo v. Melby*, 901 F.2d 613, 619 (7th Cir. 1990). This circuit, although never squarely addressing the issue in question, has recognized that a plaintiff must demonstrate that she has engaged in constitutionally protected expression to establish a First Amendment retaliation claim. *See Moran v. Washington*, 147 F.3d 839, 846 (9th Cir. 1998) (citing *Board of County Comm'rs v. Umbehr*, 518 US 668, 675, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996)). **Having denied that she wrote the letters, Wasson undermines her claim that defendant's conduct impermissibly chilled her speech. "[A] free speech claim depends on speech, and there was none in this case."** *Fogarty*, 121 F.3d at 890.
>
> A First Amendment retaliation claim is not a wrongful termination claim. Rather, a First Amendment retaliation claim seeks to vindicate a public employee's exercise of free speech rights when she has suffered

an adverse employment action in response to having spoken out publicly. **It cannot be used to remedy a case of mistaken identity.** In fact, the Supreme Court has "never held that it is a violation of the Constitution for a government employer to discharge an employee based on substantively incorrect information." *Waters v. Churchill*, 511 US 661, 679, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994). Accordingly, **there can be no First Amendment claim when an employee is falsely accused of making statements uttered by someone else.** (emphasis added)

*Wasson, supra*, at 662, 663.

In this case, just as in *Wasson*, plaintiff specifically denies exercising free speech rights. Therefore, "she fails to state a First Amendment claim in these circumstances because she cannot show the alleged wrongful conduct was in retaliation for any exercise of her free speech rights." *Wasson, supra, at 661*.

There are no triable issues of fact: Plaintiff alleges her contract was not renewed because her employer "erroneously perceived" she participated in the "letter of concern." The Ninth Circuit Court of Appeals, in alignment with other Circuit Courts of Appeals, has expressly held that "there can be no First Amendment claim when an employee is falsely accused of making statements uttered by someone else." *Wasson, supra*, at 663.

Defendants are entitled to judgment as a matter of law on plaintiff's first claim for relief.

## IV. PLAINTIFF CANNOT MAINTAIN A CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY UNDER THE FIRST AMENDMENT.

For her second cause of action, plaintiff alleges the "actual and/or perceived exercise of [plaintiff's] right to speak freely as guaranteed under both the United States and Commonwealth Constitutions was the reason her employment contract was not renewed." (Complaint, p. 6, lines 26 – 28.) Plaintiff further alleges the non-renewal of her employment contract constituted wrongful termination in violation of a public policy favoring free expression.

Plaintiff's "facts" do not support a claim for wrongful termination. As stated by the Ninth Circuit Court of Appeals in *Wasson, supra*, at 663, "A First Amendment retaliation claim is not a wrongful termination claim." Moreover, there can be no claim for wrongful termination when an employee is not, in fact, "terminated."

### a. Because Plaintiff Was Not Terminated, She Cannot Maintain a Cause of Action For Wrongful Termination.

The California Court of Appeals has expressly ruled that no cause of action exists for tortious non-renewal of a non-tenured teacher's employment contract in violation of public policy. *Motevalli v. Los Angeles Unified School District,* 122 Cal.App.4th 97, 18 Cal. Rptr. 3d 562 (2004).

In *Motevalli*, *supra*, the plaintiff was a public school teacher who had been hired under a one-year contract. During the term of the contract, Motevalli refused to cooperate with the school policy on random weapon searches. Motevalli completed the contract term, but her contract was not renewed for the next school year. Montevalli sued, claiming, *inter alia*, the nonrenewal of her employment contract constituted wrongful termination in violation of public policy, and a violation of her free speech rights under the California Constitution.

It is important to note that in *Motevalli*, *supra*, unlike the case before this court, the plaintiff had *actually engaged in speech*. Nonetheless, the Court of Appeals ruled against Motevalli in her claims for wrongful termination and for damages under the First Amendment to the State Constitution.

In a lengthy analysis of wrongful termination cases, the court noted that the "seminal case" of *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980), recognized "a cause of action in tort where an employee is wrongfully discharged in contravention of fundamental policy," (*Motevalli, supra,* at 571), but concluded that wrongful termination actions under *Tameny* are limited by *Daly v. Exxon Corp.*, 55 Cal.App.4th 39, 63 Cal.Rptr.2d 727 (1997). As with *Wasson, supra*, because the reasoning of the court clarifies the legal principles at issue in this case, the opinion is quoted at length:

> "In the instant case, the issue presented is whether the District's nonrenewal of Motevalli's employment contract constituted a sufficient adverse employment action for purposes of maintaining a *Tameny* claim. We agree with the trial court that *Daly v. Exxon Corp*, *supra* is dispositive.
>
> "In *Daly*, the plaintiff contended she had pled a *Tameny* claim for wrongful termination in violation of public policy. The reviewing court rejected the argument on the ground the plaintiff was not fired, discharged, or terminated.
>
> > 'The contract was for a one-year term …. Under a fixed-term contract, the employment is terminated by expiration of its appointed term. Had Exxon fired, discharged, or terminated Daly before the contract expired because she complained about unsafe working conditions, she could have sued for wrongful discharge in addition to statutory damages. However, the plaintiff could not sue for tort damages where the employment contract was for a fixed term and expired.'
>
> "***Daly* also noted the plaintiff's use of the term 'wrongful termination' was a misnomer in that there was no termination, only a nonrenewal of the employment contract.** Daly further held that the plaintiff was not entitled to leave to amend to allege a new cause of action for what she labels 'tortious nonrenewal of the employment contract in violation of public policy.' 'We are unaware of any case, and [plaintiff] presents none, in which an employer was held liable in tort for refusing to renew an employment contract that had expired by its own terms.'
>
> "*Daly* is directly on point. **The District did not terminate Motevalli – she was a probationary teacher … whose contract was not renewed. Absent a termination, there is no cause of action for wrongful termination in violation of public policy.** Further, Motevalli was incapable of amending her complaint to allege a new cause of action for tortious nonrenewal of her employment contract in violation of public policy because no such cause of action is recognized. Accordingly, we uphold the trial court's grant of summary adjudication on Motevalli's *Tameny* [wrongful discharge in violation of public policy] claim." (citations and internal quotations omitted, emphasis added.)

*Motevalli, supra,* at 571, 572.

For purposes of analyzing plaintiff's wrongful termination cause of action in this case, *Daly* and *Motevalli* are directly on point. Plaintiff was not terminated—her contract simply

expired. "Absent a termination, there is no cause of action for wrongful termination in violation of public policy." *Motevalli, supra*, at 572.

### b. Even if a Cause of Action for Tortious Nonrenewal Existed, It Is Not Available When Plaintiff Denies Exercising First Amendment Rights.

Even assuming a cause of action for "tortious nonrenewal of an employment contract in violation of public policy" exists, plaintiff cannot prevail on her claim because she denies exercising free speech rights. As the Ninth Circuit Court of Appeals held in *Wasson v. Sonoma County Junior College*, 203 F.2d 659 (9th Cir. 2000), *supra*, a public employee may not maintain a claim for wrongful retaliation for the exercise of free speech when she denies exercising those rights. *Wassan, supra*, at 662, 663.

Thus, plaintiff's second cause of action fails both because: (a) the tort of wrongful termination is not available when an employment contract simply expires (*Motevalli*); (b) there is no tort based on tortious nonrenewal of an employment contract in violation of public policy (*Motevalli*); and (c) there is no First Amendment protection for speech the plaintiff denies making (*Wasson*). For these reasons, defendants are entitled to judgment as a matter of law.

## V. PLAINTIFF CANNOT MAINTAIN AN ACTION FOR DEPRIVATION OF DUE PROCESS BECAUSE SHE HAD NO PROPERTY INTEREST IN CONTINUED EMPLOYMENT.

In her third cause of action, plaintiff contends that defendant's decision not to renew her employment contract violated her rights to due process rights under Article 1, § 5 of the CNMI Constitution. Unfortunately for plaintiff, it is settled law in this jurisdiction that "only civil service employees have a property right to continued employment." *Dyack v. Commonwealth of the Northern Mariana Islands,* 317 F.3d 1030, 1034 (9th Cir. 2003). Without a property interest in employment, plaintiff was not "due" any process.

In *Dyack*, *supra*, the plaintiff was a physician who had a two-year employment contract

with the CNMI. The contract provided that it could be terminated without cause upon sixty days advance notice. Approximately six months after entering into the contract, Dyack received notice that the contract was being terminated without cause. Dyack brought a lawsuit claiming that termination of his contract without notice or a hearing violated his rights to due process.

The Ninth Circuit Court of Appeals held that Dyack was "excepted" from the civil service scheme and, therefore, "did not have a constitutionally protected property interest in his employment." Because Dyack did not have a property interest in employment, "the district court did not err in granting summary judgment to the defendants…" on the due process claim. *Dyack*, *supra*, at 1037.

In this case, plaintiff's claim to deprivation of due process is even less tenable: Dyack's contract was *actually terminated* during its term; this plaintiff's contract was *not* terminated, it simply expired as mutually agreed by the contracting parties. As stated by the courts in *Motevalli* and *Daly*, *supra*, there is a distinction between termination of employment and expiration of a contract.

Regardless of whether plaintiff may be able to argue she was protected by the civil service system, once her contract of employment expired by its own terms, she had no rights to due process based upon the bargained-for expiration of the contract term. *Motavelli, supra*.

Because plaintiff did not have a property interest in continued employment, and because her contract was not terminated, but simply expired, she cannot prevail on a claim of deprivation of due process rights. Plaintiffs are entitled to judgment as a matter of law.

**VI.  PLAINTIFF CANNOT MAINTAIN A CAUSE OF ACTION FOR INVASION OF PRIVACY BECAUSE SHE HAS ALLEGED NO FACTS IN SUPPORT THEREOF.**

Plaintiff's third cause of action alleges defendants violated "her right of individual privacy." (Complaint, p.7, lines 13 – 16). Other than this single conclusory allegation of law, no fact set forth in Plaintiff's complaint suggests an invasion of privacy.

*Prosser and Keeton*, *Torts*, 851-66 (5th ed. 1984) identifies the four kinds of claims grouped under "privacy" torts as: (1) appropriation of the plaintiff's name or likeness; (2) unreasonable and offensive intrusion upon the seclusion of another; (3) public disclosure of private facts; and (4) publicity which places the plaintiff in a false light in the public eye.

Plaintiff has not alleged appropriation of her name or likeness, unreasonable or offensive intrusion upon her seclusion, public disclosure of private facts, or publicity which placed her in a false light in the public eye. Because plaintiff has made no allegation of fact to support a claim for invasion of privacy, defendants are entitled to judgment as a matter of law.

**VII.  PLAINTIFF CANNOT MAINTAIN A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BECAUSE DEFENDANT'S CONDUCT WAS NOT "OUTRAGEOUS" AS A MATTER OF LAW.**

Plaintiff's cause of action for intentional infliction of emotional distress must fail as a matter of law because plaintiff has not set forth any facts from which it can be determined that defendant's conduct was "outrageous" or "exceeded all bounds tolerated in a civilized community." Without this showing, plaintiff's cause of action must fail.

"It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Fowler v. Varian Associates, Inc.*, 196 Cal. App. 3d 34, 44, 241 Cal. Rptr. 539 (1987). "Because this factor requires inquiry into the appropriateness of a defendant's behavior, it is necessary

to examine the terms of the collective bargaining agreement. If permitted by the agreement, the conduct of the defendant which has been called into question might be deemed reasonable." *Moreau v. San Diego Transit Corp.* 210 Cal.App.3d 614, 625, 258 Cal. Rptr. 647 (1989).

Although there is no "collective bargaining agreement" in the case before this court, the parties nonetheless had a written agreement (plaintiff's employment contract), which specifically provided "no right to renewal is granted, expressly or impliedly." Additionally, the relevant portions of the Education Code provide that "No employee has a right to the renewal of his or her contract of employment regardless of whether or not job performance during the contract period is satisfactory." NMIAC § 60.3-158.

Because nonrenewal of the employment contract was specifically contemplated by both the contract and the relevant statutes, it cannot be said that defendant's decision not to renew the contract was "outrageous" or "beyond all bounds tolerated in a civilized community."

Furthermore, in response to Interrogatory No. 12 regarding plaintiff's alleged "severe anxiety," plaintiff states: "The anxiety and stress that her unemployment caused were "the typical sort" that a person would experience when faced with the prospect of having no means by which to support themselves."

Plaintiff's claim for intentional infliction of emotional distress must fail because plaintiff cannot establish the essential elements of the claim. Defendant alleges nothing more than nonrenewal of her contract -- an action that was specifically contemplated by the contract and permitted by the statutes. Moreover, plaintiff's distress was "the typical sort" that anyone facing unemployment would experience. Taking the facts in the light most favorable to plaintiff, she cannot establish the requisite elements of a claim for intentional infliction of emotional distress. Accordingly, defendants are entitled to a judgment as a matter of law.

**VIII. PLAINTIFF CANNOT MAINTAIN A CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BECAUSE SHE HAS NOT SUFFERED SERIOUS EMOTIONAL DISTRESS.**

Assuming, without conceding, that a claim for negligent infliction of emotional distress

exists under CNMI law, the general rule for recovery in California is that a cause of action for negligent infliction of emotional distress requires that a plaintiff demonstrate (1) serious emotional distress, (2) actual and proximate causation, (3) wrongful conduct by the defendant and (4) foreseeability. *Austin v. Terhune*, 367 F.3d 1167 (9th Cir. 2004). The claim is not an independent tort but simply a species of negligence. *Lawson v. Mgmt Activities, Inc.*, 69 Cal.App. 4th 652, 656 (4th Dist. 1999) ("[T]here is no such thing as the independent tort of negligent infliction of emotional distress. Accordingly, the elements of duty, breach, causation, and damages apply to a claim for negligent infliction of emotional distress. *Macy's California, Inc. v. Superior Court*, 41 Cal. App. 4th 744, 747 (1st Dist. 1995).

Even if plaintiff had alleged causation, wrongful conduct and foreseeability, her cause of action must fail because defendant does not claim the stress she experienced was "serious." Rather, plaintiff admits that her stress was only "the typical sort" that anyone facing unemployment would experience (Plaintiff's Response to Interrogatory No. 12).

Moreover, even if plaintiff were to establish that her distress was "serious," her claim must still fail because she cannot, as a matter of law, establish that defendant's conduct in not renewing her employment contract was "wrongful." As stated by the court in *Motevalli v. Los Angeles Unified School District*, 18 Cal. Rptr. 3d 562, supra, no cause of action exists for tortious nonrenewal of an employment contract

Because plaintiff alleges that her emotional distress was only "the typical sort" and cannot, as a matter of law, establish "wrongful" conduct on the part of defendants, plaintiff cannot establish the requisite elements of her claim, defendants are entitled to a judgment as a matter of law on plaintiff's cause of action for negligent infliction of emotional distress.

### IX. PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF CONTRACT IS BARRED BY THE STATUTE OF LIMITATIONS.

Plaintiff claims that "several months after her arrival and the commencement of her employment" defendants breached the contact of employment entered into in 1996 by instituting new pay scales and ceasing the housing allowance. (Complaint, p. 9, lines 9 through 19). Assuming, for purposes of this motion only, that plaintiff is correct that the new pay scales and cessation of the housing allowance constituted a breach of the employment contract, the statute of limitations on this claim has long since passed.

The statute of limitations for contract claims in the CNMI is set forth in 7 CMC § 2502. This section requires a contract claim to be initiated within six years after the cause of action accrues.

If, as plaintiff alleges, the breach occurred "several months after" plaintiff's arrival in the CNMI, it must be assumed the alleged breach would necessarily have occurred in 1996 or 1997 (or even 1998). That being so, plaintiff's right to bring a cause of action on the breach would have expired no later than 2004.

Because plaintiff's claim for breach of contract is barred by the statute of limitations, defendants are entitled to judgment as a matter of law.

### X. CONCLUSION

Defendants are entitled to judgment as a matter of law on plaintiff's cause of action for:

1. <u>Violation of First Amendment rights</u> because there is no First Amendment cause of action where plaintiff denies participating in the speech in question. *Wasson v. Sonoma County Junior College*, 203 F.3d 659 (9th Cir. 2000).

2. <u>Wrongful termination in violation of public policy</u> because plaintiff was not terminated--her contract simply expired--and, absent termination, there can be no

cause of action for wrongful termination. *Motevalli v. Los Angeles Unified School District*, 18 Cal. Rptr. 3d 562 (2004).

3. <u>Deprivation of due process</u> because plaintiff was a contracted, excepted service employee, not a civil service employee and, accordingly, had no property interest in continued employment. *Dyack v. Commonwealth of the Northern Mariana Islands*, 317, F.3d 1030, 1034 (9th Cir. 2003). Moreover, it is undisputed that plaintiff completed the term of her contract and was awarded notice, a hearing, and an appeal.

4. <u>Invasion of privacy</u> because plaintiff has alleged no facts in support of her claim.

5. <u>Intentional infliction of emotional distress</u> because defendant's conduct in nonrenewal was contemplated by the contract and the statutes and, therefore is not "outrageous" as a matter of law. *Moreau v. San Diego Transit Corp.* (1989) 210 Cal.App.3d 614, 625, 258 Cal. Rptr. 647).

6. <u>Negligent infliction of emotional distress</u> because plaintiff does not allege "serious" distress and cannot establish wrongful conduct on the part of defendants.

7. <u>Breach of contract</u> because the alleged breach is barred by the statute of limitations.

THEREFORE, Defendants respectfully requests that the Court grants summary judgment for defendants on all claims contained in Plaintiff's complaint.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

Dated: 13 November 2006.            /s/
GREGORY BAKA #F0199
Deputy Attorney General

Attorneys for Defendant Brewer