**EXHIBIT "F"**

# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
## PUBLIC SCHOOL SYSTEM
P.O. BOX 1370 CK, SAIPAN, MP 96950

## NOTIFICATION OF PERSONNEL ACTION
### CERTIFIED APPOINTMENT

PSPS-1000-B.2

| | | |
|---|---|---|
| a. ( ) Mr. ( ) Mrs. ( ) Miss<br>BLACK　　LISA　　S<br>NAME: (CAPS) Last-First-Middle | b. CITIZENSHIP<br>1B/US | c. BIRTH DATE<br>08/29/61<br>Month/Day/Year | d. SERV. COMP. DATE<br>07/29/96<br>Month/Day/Year |

e. SOCIAL SECURITY NO.　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　00644

f. GROUP LIFE INSURANCE: WAIVED

g. HEALTH INSURANCE: 201-COVERED　Code No.

h. NATURE OF ACTION:
TRANSFER-CHANGE OF DUTY STATION & ACCT. NO.
CERTIFIED EMPLY. CONTRACT NO.E2030(NTE:07/28/2000)

i. EFFECTIVE DATE
07/29/98
Month/Day/Year

j. FROM:
CLASSROOM TEACHER III　E1725
POSITION TITLE AND NUMBER　2390

k. PAY LEVEL/STEP　VII/09

l. SALARY:
BI-WEEKLY: $1,544.53
PER ANNUM: $40,157.68

m. NAME AND LOCATION OF EMPLOYING OFFICE:
SAN ANTONIO ELEM. SCHOOL

n. DUTY STATION
SAIPAN

o. TO:
CLASSROOM TEACHER III　E3414
POSITION TITLE AND NUMBER　2390

p. PAY LEVEL/STEP　VII/09

q. SALARY:
BI-WEEKLY: $1,544.53
PER ANNUM: $40,157.68

r. NAME AND LOCATION OF EMPLOYING OFFICE:
KOBLERVILLE ELEM. SCHOOL

s. DUTY STATION
SAIPAN

t. LEAVE ACCRUAL ELIGIBILITY
ANNUAL [ ]　NO. OF HOURS PER PAY PERIOD 02 HRS.
SICK [ ]　NO. OF HOURS PER PAY PERIOD 01.5 HRS.

u. ACCOUNT CHARGEABLE: 1050-4110-900/KES

v. SUBJECT TO: CNMI Income Tax (X)　CNMI Retirement (X)
Social Security ( )　Other ( )

w. REMARKS:
TRANSFER-CHANGE OF DUTY STATION AND ACCOUNT NUMBER, FROM SAN ANTONIO ELEM. SCHOOL ACCT.1020-4110 TO KOBLEVILLE ELEM. SCHOOL, ACCT.#1050-4110, PER RECOMMENDATION MEMO DATED 07/17/98.

SEE ATTACHED CERTIFIED EMPLOYMENT CONTRACT. ANNUAL/SICK LEAVE BALANCE AND GROUP HEALTH INSURANCE COVERAGE WILL BE CARRIED ON TO THIS TRANSFER/RENEWAL.
VICE: ASH, ROBERT

(Signature) CHARLEY KENTY, Human Resources Officer　　7.21.98

(Signature) WILLIAM P. MATSON, ACTING Finance and Budget Officer　　7/21/98

(Signature) RITA HOCOG INOS Ed.D., Commissioner of Education　　7/23/98

000022

DISTRIBUTION:
1. Employee-White　2. Personnel-OPR-Green　3. Payroll-Pink　4. Program Manager-Goldenrod　5. Fiscal-Blue

EMPLOYMENT CONTRACT FOR CERTIFIED PERSONNEL

THIS CONTRACT FOR SERVICES is made and entered into upon the execution of the last of all the required signatures to this contract, by and between the **PUBLIC SCHOOL SYSTEM OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**, P.O. Box 1370, Saipan, MP 96950, a non-profit corporation responsible as the state education agency for pre-school, elementary and secondary education at 1 CMC § 2251, hereinafter referred to as "PSS," and __BLACK, LISA S.__, Address: **KOBLERVILLE ELEM. SCHOOL**, hereinafter referred to as "Employee."

*Terms and Conditions of Employment*

**1. EMPLOYMENT**: PSS hereby employs the Employee to fulfill the duties of the following job classification: __CLASSROOM TEACHER III__. The requirements of this position are described in the attached Job Description, which has been read and is understood by both parties.   a. Location: These services are to be performed primarily on the island of __SAIPAN__, at __KOBLERVILLE ELEM.__ school.

b. Compensation Level: The Employee shall receive an annual salary of $__40,157.68__ and shall be initially classified at Grade __VII__ Level __09__.

c. Term: Employment shall commence on the __29th__ day of __JULY__, 199_8_ and shall continue to the __28th__ day of __JULY__, __2000__.

d. Retiree Limitation: The Employee ___ is __XX__ is not a CNMI Government retiree who has received retirement benefits from the government. If the Employee is such a retiree, then the maximum number of calendar days of employment per fiscal year must be indicated here for this Contract to be valid: __N/A__.

e. Grades/Subject matter(s) generally to be taught: __4th - 6th Grade__.

**2. OBLIGATIONS**: Employee hereby agrees to be responsible for and perform all the acts and duties pertaining to the Employee's employment as a teacher or librarian during the assigned teaching period including, but not limited to, the following:

000023

a. To teach on a full-time basis, in a faithful and efficient manner, those grades and subjects as are assigned from time to time by PSS through its Commissioner and its subordinates.

b. To conform to all lawful rules, regulations, and policies of the Board of Education.

c. To make such reports as may be required by the Commissioner of Education or other members of the administrative staff.

d. To initially qualify, and remain qualified throughout the contract term, for certification as a teacher or librarian, as applicable.

e. To perform such other and further duties as required by the Commissioner of Education and his/her subordinates as may be assigned from time to time consistent herewith.

3. **EMPLOYEE'S RESUME AND APPLICATION**: Employee hereby represents that all the statements made in the Job Application and the Employee's Resume are truthful and accurate. PSS has relied on these statements in making the decision to offer employment and in certifying the Employee. Any material omissions or misstatements will be a ground for termination and for revoking the Employee's certification. If this is an initial contract as defined by §1302(a)(1)(i) of the Certified Regulations, the Job Application, Job Description, and Employee Resume are hereby attached and incorporated by this reference into this Contract. In the event that this Contract is for renewal, the Job Application and Employee Resume attached to the Employee's first Employment Contract for Certified Personnel are herein incorporated by reference as though attached hereto unless the Employee chooses to submit and attach either a new Job Application or a new Employee Resume, or both.

4. **WORK SCHEDULE**: The Employee shall work three hundred eighty (380) days, as defined by § 1403 of the Certified Regulations, during a two-year contract term as assigned by PSS. For contracts of less than a two year period, the required number of work days shall be pro-rated at the same ratio of work days to off-track days. It is expected that these days of work shall be performed on weekdays. For other days to qualify, permission must be received in writing in advance from the Commissioner. PSS may, in its sole discretion, assign the Employee to a multi-

000024

2

track school year, a single-track school year, a conventional school year, or to two school years in immediate succession, of any of the three types, during the contract term.

5. **COMPENSATION**: As compensation for the services to be provided hereunder, Employee shall be paid the total sum stated in § 1(b) per annum for two years, which total sum shall be payable in 52 equal bi-weekly installments. If the contract is for less than two years the employee shall be paid a prorated portion thereof as determined by the number of days to be worked multiplied by 1/190th of the annual salary listed in § 1(b). In the event that the Employee is discharged for sufficient and just cause in accordance with the PSS regulations, or shall have their Teacher's or Librarian's Certificate suspended or revoked, the Employee shall not be entitled to any compensation from and after such dismissal or certificate suspension.

   a. Within-Grade Increase: PSS may, in its sole discretion, grant an approximately 5% within-grade increase, in salary during the second year of this contract if the Employee receives a satisfactory job evaluation for services performed during the first year.

   b. Overtime: The Employee shall not be eligible for overtime pay or compensatory time. Work done by PSS certified personnel is professional in nature and is paid for on a salary basis.

6. **RESTRICTION ON HIRING OF CNMI GOVERNMENT RETIREES AND SUBSTITUTE TEACHERS AND LIBRARIANS**: Pursuant to 1 CMC § 8392(c), any person who has retired and received retirement benefits from the Government of the Northern Mariana Islands who is hired by PSS cannot be employed for more than sixty (60) calendar days in any fiscal year without forfeiting any retirement benefits. The Employee understands that this Contract does not change that law.

   a. The following Contract modifications apply to CNMI Government Retirees, Substitute Teachers, and Substitute Librarians:

      (1) Section 1(a) &(e): Employee agrees to work at any location and to teach and grade(s) and/or subject matter(s) assigned by the PSS and agrees that these assignments may be changed on a day-to-day basis depending upon the needs of the PSS.

000025

(2) Section 1(b): Compensation shall be paid on a daily basis for each calendar day, or portion of a calendar day in which the Employee is assigned to work. The compensation for one day's work shall be 1/190th of the annual salary listed in § 1(b).

(3) Section 4: The number of days to be worked shall be determined by the Human Resources Officer up to a maximum number of days per fiscal year as written in § 1(d). Work is assigned on a daily basis.

(4) Section 5: Compensation shall be paid bi-weekly for any week in which work has been assigned and performed. No within grade increases shall be awarded because of the limited nature of this Contract. The Employee shall not be eligible to receive overtime pay or compensatory time leave.

(5) Section 9: No insurance benefits are granted under this Contract, nor are any existing rights to insurance coverage or benefits affected hereby.

(6) Section 10: No right to receive any leave is granted under this Contract.

(7) Section 11: There shall be no liquidated damages awarded to PSS in the event of a resignation.

7. **WORK ASSIGNMENT**: Employee may be assigned by PSS to teach at any school, to teach any grade, or to teach any subject matter as listed in § 1(a)&(e) of this contract, subject to the requirements set forth in §1404 of the Certified Regulations.

8. **RENEWAL**: There are no tenured employment positions offered by PSS. This contract is only for the term stated in § 1(c) and no right to renewal is granted, expressly or impliedly, by PSS to the Employee regardless of whether job performance during the contract term is satisfactory. An offer for continued employment is completely within the discretion of PSS. If the Employee wishes to be considered for an additional contract period, then notice should be given to PSS six (6) months in advance of the termination date for consideration.

9. **INSURANCE BENEFITS**: The Commonwealth government, not the PSS, makes available health insurance and life insurance coverage for its employees. These are group policies in which the Employee, at his or her discretion, may wish to participate. Participation is

000026

on a shared basis where the employer pays a portion of the insurance premium and the employee pays the remainder. The Commonwealth government permits PSS employees to participate in these group plans. If the Employee chooses to participate, then PSS will contribute to premiums on the same basis as the Commonwealth government contributes for its employees.

10. **LEAVE**: An employee who has been employed by PSS for six years or less shall accrue annual leave at the rate of two (2) hours per pay period. An employee who has been employed by PSS for more than six years shall accrue annual leave at the rate of three (3) hours per pay period. The use of annual leave is subject to the conditions set forth by regulation or executive order. One hour of unused annual leave will be paid for at the rate of 1/2,080th of Employee's annual salary upon the accumulation of 360 hours of annual leave or upon Employee's separation from PSS.

11. **RESIGNATION**: The Employee may resign during the term of this contract only if accepted or agreed to by PSS. It is the practice of PSS not to accept any resignation unless or until a satisfactory replacement assumes the Employee's duties.

    a. If the Employee abandons or leaves employment during the contract term within the first two years of employment with PSS without the concurrence of PSS, the Employee shall pay Ten percent (10%) of the Employee's annual salary, as set forth in section 1(b) of this contract, as liquidated damages together with any attorneys' fees or costs incurred by PSS to collect the same. This amount may be withheld from any payments due to the Employee from PSS, including, but not limited to, paychecks or lump sum annual leave payments. The parties stipulate and agree that the amount so fixed is a reasonable forecast of just compensation for the harm caused by such breach and the harm caused by the breach is one that is incapable or very difficult of accurate estimation. This liquidated damages provision shall not be construed to grant the Employee the right to resign. The PSS shall concur with an employee's request to abandon or leave employment with the PSS if; the reason the employee is leaving employment with the PSS is because of the death of their spouse, child, sibling, or parent or because the employee or their spouse, child, sibling, or parent is domiciled with them and suffers from a "serious health condition" as defined

000027

5

by §7311 of the Certified Regulations, which cannot be adequately treated in the Commonwealth. By concurring, the PSS agrees not to seek compensation for the ten percent liquidated damages or expatriation expenses owed pursuant to the Off-Island Hire Terms and Conditions.

12. **OTHER LAWS AND RULES**: This Contract is not intended to set forth all of the various duties and obligations of the parties hereto, but rather is made subject to the PSS rules and regulations, as amended from time to time. The Employee has been presented with a copy of the PSS's certified rules and regulations concerning standards of conduct for teachers.

13. **SEVERABILITY**: The clauses, sentences and parts of this Contract are severable to the extent found to be unlawful or ineffective, by a court of competent jurisdiction, but the illegality or ineffectiveness of any such clause, sentence or part shall not affect any other clause, sentence or part of this Contract. Rather, the remaining provisions hereof shall remain in full force and effect.

14. **ENTIRE AGREEMENT**: This Contract, together with any exhibits or documents identified or referred to herein, such as the job description and the off-island hire terms and conditions, if applicable, contains the entire agreement of the parties with respect to the matters covered herein as of the date of execution hereof, and no other agreement, statement, or promise made by any party, or to any agent of any party, prior to the date of this Contract shall be binding or valid.

15. **MODIFICATION**: This Contract is not subject to modification except in writing, duly signed by the parties to be charged thereunder.

16. **GOVERNING LAW**: The laws of the Commonwealth of the Northern Mariana Islands and the Regulations for the Public School System Employment of Certified Personnel shall govern the validity, construction, and effect of this Contract. Any action brought for the enforcement of this Contract shall be brought in the courts of the Commonwealth of the Northern Mariana Islands only.

17. **GRIEVANCE PRIOR TO LAWSUIT**: The Employee hereby agrees that prior to filing any legal or equitable claim in court, he or she will first file a grievance with PSS and

000023

prosecute it to a conclusion pursuant to Chapter 5 of the Certified Regulations. Furthermore, the Employee agrees to act in good faith in pursuing the grievance remedy. If upon conclusion of the grievance proceedings, the Employee is not satisfied with the determination, then an action at law or equity may be filed in court to remedy the grievance. The Employee understands that this is a limitation on its right to sue and that a lawsuit cannot be filed until complying with this section of the Contract. These requirements do not preclude Employee from filing a complaint with a government agency charged with enforcing provisions of law (such as the EEOC), prior to completing the prosecution of a grievance through the PSS's grievance process.

18. **OFF-ISLAND HIRE**: If the Employee's point of hire was outside of the island which is the place of work assignment in § 1(a) and this is the first contract the employee is entering into with the PSS, then the Off-Island Hire Terms and Conditions of Employment, which must be attached hereto, apply to this Contract. Off-island terms and conditions carry over from contract to contract, regardless of whether they are attached to renewal contracts. Employee is not entitled to receive any housing benefits.

19. **FORMATION OF CONTRACT**: This contract form is not valid unless signed by all the parties indicated by the signature blanks. All PSS signatures must be executed first. At that time, the Contract form constitutes an offer of employment to the Employee. When the Employee signs the Contract without alteration, a contract of employment is established. Any alteration or modification of this Contract form by the Employee will constitute a rejection of the Contract, regardless of whether or not it is signed by the Employee.

20. **MEDICAL EXAMINATION**: If this contract is not for renewal of employment with the PSS this offer of employment is tentative. A medical examination will be required before the Employee starts work. If the examination discloses medical conditions that prevent the Employee from successfully performing the essential functions of the job, PSS will attempt to make accommodations to allow the Employee to work. If the examination discloses a medical condition that poses a significant risk of substantial harm to the health or safety of the employee or other people in the workplace, PSS will attempt to make accommodations to allow the Employee to

000029

work. In either case, if no reasonable accommodations can be found, or if they cause an undue hardship on PSS, the parties agree that this contract will be void.

IN WITNESS WHEREOF, the parties hereto have executed this Employment Contract on the dates noted by their respective signatures.

**HUMAN RESOURCES OFFICER**

I hereby certify that this person is qualified for a temporary certificate, that I have received verification of education and teaching experience and a criminal conviction clearance, or their substitute as provided for in the regulations, and that I have correctly classified the Employee and correctly determined the appropriate salary level. This Employee __XX__ is or ____ is not an Off-Island Hire entitled to benefits under § 18.

Date: 7·21·98

Charley Kenty
PSS Human Resources Officer

**FISCAL AND BUDGET OFFICER**

I hereby certify that this position is within the FTE requirement of PSS under the appropriation act of P.L. No. __10-35__ and that there are sufficient funds available in Account No. __1050-4110-900/KES__ for a total annual obligation of $__43,412.57__ required for this contract.

Date: 7/21/a°

WILLIAM P. MATSON
ACTING PSS Fiscal and Budget Officer

000030

8

**LEGAL COUNSEL**

I hereby certify that this is the proper contract form for this employment position, that the Commissioner has the legal capacity to execute contracts to employ PSS personnel, that this form has been filled out completely, and that the job description, application, and resume are attached if required.

Date: 7/24/98

Sean E. Frink
PSS Legal Counsel

**CONTRACTING PARTIES**

**FOR PSS:**

Date: 7/23/98

RITA HOCOG INOS Ed.D.
COMMISSIONER OF EDUCATION

**FOR THE EMPLOYEE:**

Date: 7/24/98

LISA S. BLACK
EMPLOYEE

000031

EXHIBIT
G

To:      Mr. Charlie Kenty
           PSS Human Resources

From:    Ms. Lisa Black
           KES Teacher

Date:     Friday, April 19, 2002

Re.:      Resignation

Hafa Adai Charlie!

     This is a courtesy letter to let you know I will be resigning from the CNMI Public School System at the end of my contract in July. After six mostly good years with PSS, it is time for me to move back into my profession as a Physical Educator. I am excited as I had many job offers at a job fair I attended recently, and have chosen a position which will enable me to teach Physical Education and Health at all grade levels as well as Athletic Director for the high school!

     Please let me know what steps I need to take to finalize my departure - both with the school and with PSS. Also, do I book my flight arrangements or does PSS take care of that completely?

     Thanks for all you have done over the years. Please send me a letter or an e-mail (blaklisa@itecnmi.com) to let me know what I need to do. If I need to meet with you, I can arrange that as well. Thanks again Charlie!

      Sincerely,

      *Lisa Black*
      Lisa

cc.:    Mrs. Ling Taman, KES Principal

000008

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**
STATE BOARD OF EDUCATION
PUBLIC SCHOOL SYSTEM
P.O. BOX 1370 CK
SAIPAN, MP 96950

Anthony (Tony) Pellegrino
Chairman

Marja Lee C. Taitano
Vice-Chairperson

Members
Esther S. Fleming
Roman Benavente
Frances H. Diaz

Scott Norman
Non-Public School Rep.

Antonille M. Mendiola
Student Representative

Commissioner of Education
Rita Hocog Inos, Ed.D

To : Ms. Lisa Black, classroom teacher

From : Acting Principal, KES

Subj. : Formal Reprimand                November 07, 2001

This letter is a formal reprimand as provided for in the Regulations for the Public School System of Certified Personnel, Chapter 4, 4101. You have failed to meet section 3404 a. and b. 3404(a) states, an employee is expected to carry out the announced policies which relate to the employee's duties are under consideration, the employee may, and is expected to, express his or her opinions concerning its merits. Once, however, a decision has been rendered by a person with authority, the employee will be required to unreservedly assume the success of the program or policy which he or she is responsible to effectuate. 3404(b) states, If an employee willfully or intentionally disobeys a reasonable order of a superior or the lawful regulation or policy of PSS, he or she may be subject to appropriate disciplinary action, including dismissal.

In the schools' weekly bulletin #1, dated August 15, I stated that any letter going out to parents or to the community must first secure concurrance from the principal. On September 25, it was brought to my attention that you have been sending letters (dated August 30, & September 14, 2001) to parents without my consent. On September 25, 2001, I wrote you a note reminding you to have me first concur the letters to the parents.

On October 05, 2001, Ms. Happy Miller-Retwaiut, the acting vice principal, again informed you of this matter in her letter to you. Later on the same day, you, Ms. Happy and I discussed this issue in my office. On October 25, 2001 you showed me a letter in regards to your reassignment to Rm. 116 for my concurrance. You went on to say that parents need to be informed about the transition from the computer lab to Rm. 116. I told you that I have no problem with that provided that you present a complete information to the parent. I suggested to you to include in your letter what prompted this reassignment, to cite the BOE Policy on the student-teacher ratio, placement of certified teachers and the reasons why the Reading Resource teachers are not being reassigned. In other words, I asked you to include what I discussed with the staff in the staff meeting how I come to this decision. Regardless of the suggestions I made to you, you went ahead and sent out the letter to the parents without my concurrance.

Board of Education
Telephone : (670) 664-3711/3727
Fax : (670) 664-3711/3717

website: http://www.saipan.com/gov/branches/pss/index.htm

Commissioner of Education
Telephone : (670) 664-3770
Fax : (670) 664-3798

000012

Because of the above misconduct you have displayed, I am therefore compelled to formally reprimand you. In the future, I expect that you will adhere to PSS policy in regards to the obligations set forth for certified personnel. Any future violations of PSS Regulations and Policy may result in further disciplinary action, including termination.

You have the right to pursue a grievance in this matter. Refer to section 5101 of the regulation.



Dolores S. Taman
Acting Principal


Cc   : Human Resource Office
       Equal Employment Opportunity
       Personnel File
       Ms. Happy Miller-Retwaiut, Acting Vice Principal

March 22, 2002

To : Ms. Lisa Black, classroom teacher

From : Principal, KES

Subj. : Formal Reprimand

This letter is a formal reprimand as provided for in the Regulations for the Public School System of Certified Personnel, Chapter 4, 4101. You have failed to meet section 3404( a). and (b).

3404 (a) states,"an employee is expected to carry out the announced policies and programs of PSS. While policies which relate to the employee's duties are under consideration, the employee may, and is expected to, express his or her opinions concerning its merits. Once, however, a decision has been rendered by a person with authority, the employee will be required to unreservedly assume the success of the program or policy which he or she is responsible to effectuate.

3404 (b) states, "If an employee willfully or intentionally disobeys a reasonable order of a superior or the lawful regulation or policy of PSS, he or she may be subject to appropriate disciplinary action, including dismissal.

The principal has the authority to assign people to leadership duties such as membership in technology, standards, and assessment task forces. This includes the designation of "technology coordinator". This also includes the authority to relieve someone from those duties and to assign new people to the duties.

On February 28, 2002, I personally informed you that you are no longer the technology coodinator for Koblerville Elementary School due to the fact that you continuously disobey my orders. I asked Ms. Happy in January to write you a note informing you to return the key for the computer lab. Two weeks passed and you did not submit the key to the office. I followed up by asking you personally and you replied that you did not have it at the time. I reminded you to bring the key the next day and you never did.

On February 28, 2002, I had the locks of the computer room changed. Later on in the afternoon of the same day that the doorknob was changed, you came to my office and snapped at me asking me why did I change the door knob? You continued on to say that " I am the technology coordinator and I do not have access to the computer room?" I then informed you that if you need to go in to the computer room, you have to come to the office and get the key. You responded by saying you do not agree with my decision. I said to you that if you disagree with my decision then I have to relinquish from you the

responsibilty as technology coordinator for Koblerville Elementary School and reappoint another teacher to be the technology coordinator who can work with me.

On March 14, 2002, you came into my office and inform me to help Ms. Reynolds who has a question concerning computer because you cannot help her since you are no longer the technology coordinator. Ms. Happy volunteered to assist Ms. Reynolds.

On March 18, 2002, Mr. Cepeda notified Ms. Happy that somebody had changed the passwords for the hard drive. On 3/21/02 Ms. Happy wrote to you a note (see attachment) asking you to give her the password to access the hard drive. You responded by writing a note back (see attachment) stating that Ms. Happy should let you know which computers need to be fixed and to give you the software so you can fix it after school. Later on in the day Ms. Happy verbally asked you in the office for the password and you answered by saying "no, I will not give it to you because I am the technology coordinator". Ms. Happy brought this matter to my attention. When you came out of the restroom I personally asked you for the password and you answered "no". I reminded you that I have the right to have the password because the computers belong to the school. You avoided me when I was talking to you by continually walking out the door.

Ms. Black, you went into the computer lab and changed the password without my knowledge and after you had been informed that you were no longer the technology coordinator. As a result of changing the password, the people who I have designated as the new technology coordinators are unable to access the hard drive. Therefore, you deprive the teachers and students of Koblerville Elementary School the opportunity to set up the computers to maximize their learning experience.

Because of the above misconduct you have displayed, I am therefore compelled to formally reprimand you. This is the second reprimand letter written to you in this school year. In the first letter, I informed you that I expect that you will adhere to PSS policy in regards to the obligations set forth for certified personnel. Any future violations of PSS Regulations and Policy may result in further disciplinary action, including termination.

You have the right to pursue a grievance in this matter. Refer to section 5101 of the regulation.

*Dolores S. Taman*
Dolores S. Taman

cc : Human Resource Office
Equal Employment Opportunity
Personnel File
Ms. Tracy Taimanao, Acting Vice Principal

000011