

## 9TH CNMI STATE BOARD OF EDUCATION

## BOE GRIEVANCE PANEL'S FINAL DECISION

## ON THE MATTER OF LISA BLACK

This appeal of Lisa S. Black came before this panel on September 22-23, 2005, for hearing. Lisa Black appeared with her attorney Eric D. Bozman. Jim Brewer was present. Heather Kennedy, the Public School System Legal Counsel, represented the Commissioner's Office.

The following is the final decision in this matter.

## PROCEDURAL HISTORY

On May 19, 2005, Lisa Black filed a formal grievance and complaint against Jim Brewer, Acting Principal at Hopwood Junior High School.

On July 15, 2005, the Commissioner of Education issued her decision regarding the grievance.

On August 15, 2005, Lisa S. Black filed her notice of appeal from the Commissioner's decision.

On September 14, 2005, the parties exchanged witness lists and documents intended to be introduced at the hearing.

On September 22, 2005, a pre-hearing conference was held, and the hearing on the appeal followed thereafter.

The parties were invited to submit proposed findings and conclusions in accordance with 1 CMC 9110 on or before Friday, October 7, 2005. Proposed findings and conclusions were submitted and considered by the panel.

The parties were invited to submit exceptions to the proposed decision dated October 25, 2005, in accordance with 1 CMC 9110. Exceptions were submitted and considered by the panel.

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

**EVIDENCE PRESENTED**

Lisa S. Black offered no testimony in support of her appeal and submitted her case on the following documents:

    Exhibit A, which consisted of her notice of appeal, the July 15, 2005, decision of the Commissioner, and her May 19, 2005, letter of formal grievance together with attachments A-W; and

    Exhibit B, which consisted of a 4-page transcript of a meeting.

Jim Brewer offered the testimony of the following witnesses:

    a. Lisa S. Black
    b. Katherine Barja
    c. Joseph P. Connolly
    d. Christine Halloran
    e. Beth Nepaial
    f. Menchu Grayer
    g. Rory Starkey
    h. Jim Brewer

and the following documents:

Exhibit 1, consisting of 59 pages (not including the 2-page cover).

**ISSUES**

The issues raised by Lisa S. Black are the following:

1. Was Lisa S. Black continuously harassed by Jim Brewer?

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

1      2. Was Lisa S. Black treated unequally by Jim Brewer?

2      3. Did Jim Brewer retaliate against Lisa S. Black for actions he believed she took, i.e., for his

3 perception of her involvement in a Letter of Concern or "petition" filed by Hopwood staff members

4 which she did not sign and had no part in writing or submitting?

5      4. Did Jim Brewer retaliate and harass Lisa S. Black by:

6          a. Undeserving and unsubstantiated Letters of Concern?

7          b. Undeserving and unsubstantiated Formal Reprimands?

8          c. His initiation and support of a poor Performance Appraisal completed by Beth

9          Nepaial?

10          d. Non-renewal of her teaching contract?

     5. Did Jim Brewer retaliate against Lisa S. Black for actions she had a legal right to take?

12      6. Did Jim Brewer violate § 3405 of the Regulations for the Public School System Employment

13 of Certified Personnel [hereinafter referred to as "PSS Regulations"], by subjecting the students of Lisa

14 S. Black to fear and emotional trauma through his actions, mannerisms, facial expression, and voice

15 toward Lisa S. Black on Friday, April 22, 2005?

16      7. Did Jim Brewer violate § 3507 of the PSS Regulations, by misreporting facts related to the

17 performance of Lisa S. Black and related to her application of continued employment with the Public

18 School System?

19      8. Did Jim Brewer violate § 3509(a) of the PSS Regulations, by sending someone to interrupt

20 Lisa Black during instructional time to call her to the office with inadequate notice or by yelling, by

21 maintaining a threatening posture, or otherwise engaging in intimidating and harassing communication?

22      9. Did Jim Brewer violate § 3509(b) of the PSS Regulations, by saying things that are offensive

001673

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

1  in staff or individual meetings?

2      10. Did Jim Brewer violate § 6102 of the PSS Regulations, by discriminating and harassing Lisa

3  S. Black "due to his erroneous perception of [Lisa Black's] involvement in "previously stated issues"?

4      11. Did Jim Brewer violate § 6103 of the PSS Regulations, by singling out of Lisa S. Black for

5  treatment different from her colleagues?

6

7                          **RELIEF SOUGHT**

8      Lisa S. Black seeks the following relief:

9      1. That the Formal Reprimands and Letters of Concern written by Jim Brewer be removed from

10  all files;

    2. That the 4/14/05 Performance Appraisal and all related responses from Jim Brewer be

12  removed from all files;

13      3. That a Performance Appraisal be completed by Mr. Pastor Gagaring, the Vice Principal for

14  Discipline and Administration at Hopwood Jr. High School or another unbiased, qualified person from

15  PSS;

16      4. That her contract be renewed for two years;

17      5. That she be reinstated to the position at Hopwood for which she was hired last year, i.e.,

18  teaching 7th grade math to the advanced team of students, in a classroom located with her team;

19      6. To work in an environment free from retaliation, harassment, verbal abuse, and inequity from

20  Jim Brewer;

21      7. The right to transfer to another school at her request and an administrator from said school or

22  another position in PSS if she is hired through the standard hiring process; and

001674

1   8. Legal expenses incurred throughout this process.

2

3                    **FINDINGS OF FACT**

4                **January 11, 2005, Formal Reprimand**

5   1. On January 11, 2005, Jim Brewer issued a Formal Reprimand to Lisa S. Black for "behavior
6   unbecoming a professional teacher," i.e., (1) she interrupted another teacher's class during instructional
7   time for the purpose of handing out her grades, (2) she embarrassed a student in front of the class, (3)
8   she failed to provide substitute coverage as assigned; and (4) she failed to provide an explanation for her
9   absence before leaving campus on December 22, 2004, as instructed by a supervisor. Exhibit A,
10  Attachment F; Exhibit 1, pp. 7-11.

    2. On or about December 21, 2004, Lisa S. Black did interrupt another teacher's class during
12  instructional time for the purpose of handing out her grades. Testimony of Lisa S. Black; Exhibit A,
13  Attachment G.

14  3. Lisa S. Black testified that she knocked and asked the teacher if she could pass out her
15  grades.

16  4. On or about December 21, 2004, while in the other teacher's classroom, Lisa S. Black did
17  question a child in front of the students about why he was not in her class, whether his mother was
18  afraid to send him to her class, and whether he was afraid to attend her class and the students who were
19  listening laughed. Testimony of Lisa S. Black; Exhibit A, Attachment G.

20  5. During the period of December 20-22, 2004, Lisa S. Black did fail to provide substitute
21  coverage as assigned. Testimony of Lisa S. Black; Exhibit A, Attachment G

22  6. Lisa S. Black did receive the assigned substitution schedule, but did not read it because she

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

1  had been told earlier that teachers would substitute only for their own team and she knew all of the

2  teachers on her team were going to be present. Testimony of Lisa S. Black.

3       7. Lisa S. Black did fail to provide an explanation for her absence before leaving campus on

4  December 22, 2004, as instructed by a supervisor. Exhibit 1, p. 11.

5

6               **February 14, 2005, Letter of Concern**

7       8. On February 14, 2005, Jim Brewer issued a Letter of Concern to Lisa S. Black regarding

8  actions in which she flicked the ears of students and pushed their heads forward or back with her hand.

9  Exhibit A, Attachment D.

10      9. Lisa S. Black did flick the ears of students and pushed their heads forward or back with her

.   hand. Testimony of Lisa S. Black

12      10. The testimony of Lisa S. Black that the flicking of ears and pushing of heads was a part of a

13  class unit on levels of comfort and discomfort was not credible.

14

15               **February 14, 2005, Formal Reprimand**

16      11. On February 14, 2005, Jim Brewer issued a Formal Reprimand to Lisa S. Black regarding

17  her interrupting a class for personal reasons and for disobeying a direct instruction from Jim Brewer to

18  refrain from interrupting classrooms for personal reasons. Exhibit A, Attachment H; Exhibit 1, p. 25

19      12. Lisa S. Black was instructed by Jim Brewer not to interrupt other classrooms. Testimony of

20  Lisa S. Black.

21      13. After having been instructed by Jim Brewer not to interrupt other classrooms, Lisa S. Black

22  did interrupt the classroom of Ms. Grayer during instructional time. Exhibit A, Attachment I.

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

1              Staff Letter of Concern/Petition

2    14. On February 16, 2005, four persons signed documents indicating that Lisa S. Black was not

3    involved in the writing of an alleged "letter of concern" about Beth Nepaial. Exhibit A, Attachment A.

4

5              **April 18, 2005, Letter of Concern**

6    15. On April 18, 2005, Jim Brewer issued a Letter of Concern to Lisa S. Black regarding (1) her

7    failure to attend a scheduled meeting with her immediate supervisor, Beth Nepaial, on April 14, 2005,

8    after being directly handed a note to do so, and (2) her failure to provide information concerning her

9    handling of an excused absence after being directed to do so via memo, and that such behavior was

10   "insubordinate per BOE Reg. § 3404b." Exhibit A, Attachment E.

11   16. Lisa S. Black did fail to attend a meeting with her immediate supervisor on April 14, 2005,

12   the request for which was sent to Lisa S. Black four minutes before the bell. Testimony of Beth

13   Nepaial.

14   17. Lisa S. Black did fail to provide information concerning her handling of an excused absence

15   as directed to do so by Jim Brewer on or about April 11, 2005. Exhibit 1, pp. 36-40.

16   18. It was not until April 28, 2005, more than two weeks after being requested for certain

17   information, that Lisa S. Black provided a partial response. Exhibit A, Attachment V (memo dated

18   April 28, 2005).

19

20              **April 14, 2005, Performance Appraisal**

21   19. On April 14, 2005, Beth Nepaial, Vice Principal of Curriculum and Instruction, prepared a

22   Performance Appraisal of Lisa S. Black, with an overall rating of 3.75 (with 3 being satisfactory and 4

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

1   being above satisfactory). Exhibit A, Attachment J.

2      20. On April 18, 2005, Lisa S. Black objected in writing to the Performance Appraisal, alleging

3   among other things that Beth Nepaial had not observed her in the classroom. Exhibit A, Attachment K.

4      21. On April 21, 2005, Jim Brewer responded to the April 18, 2005, memo of Lisa S. Black.

5   Exhibit A, Attachment M.

6      22. Beth Nepaial did observe Lisa S. Black in the classroom in May 2004 and within 12 months

7   of the Performance Appraisal. Testimony of Beth Nepaial; Exhibit A, Attachment M.

8      23. On August 31, 2004, Jim Brewer observed Lisa S. Black in class and generally gave her the

9   highest ratings on the August Observation Rubric. Exhibit A, Attachment B.

10     24. On October 12, 2004, Jim Brewer observed Lisa S. Black in class and generally gave her the

11   highest ratings on the Observation Rubric. Exhibit A, Attachment C.

12     25. The period covered by the Performance Appraisal Instrument is left blank; however, "04/05"

13   is indicated as the School Year. Exhibit A, Attachment J.

14     26. The reviews of performance at Hopwood Junior High School encompass a calendar year,

15   rather than a school year. Exhibit A, Attachment M.

16

### Notice of Non-Renewal of Contract

18     27. On April 25, 2005, Lisa S. Black was notified that her contract of employment with PSS,

19   which was to expire on July 30, 2005, would not be renewed. Exhibit A, Attachment L.

20

### CONCLUSIONS OF LAW

22     28. The employee Lisa S. Black has the burden of proving her grievance by a preponderance of

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

1   the evidence. PSS Regulations § 5605.

2   29. Jim Brewer's conduct is governed by the PSS Regulations for Non-Certified Personnel.
3   Although the grievance of Lisa S. Black alleges violations of the PSS Regulations for Certified
4   Personnel, the conduct about which Lisa S. Black complains is also found in the PSS Regulations for
5   Non-Certified Personnel. See, Regulations for the Public School System Employment of Non-Certified
6   Personnel, Sections 2405-2406, 2508, & 5102-5104 (1997).

7   30. The January 11, 2005, Formal Reprimand was factually justified and substantiated.

8   31. The PSS Regulations do not contain a definition of "behavior unbecoming a professional
9   teacher"; however, Section 3506 of the PSS Regulations provides that "[n]o employee shall engage in
10  unprofessional conduct" and that '[u]nprofessional conduct' shall mean conduct such as to indicate
.   unfitness to teach."

12  32. Contrary to the statement in the last paragraph of the Formal Reprimand dated January 11,
13  2005, a formal reprimand is a form of discipline; however, "[r]eprimands are to be used only for minor
14  misconduct," PSS Regulations § 4101, and do not require the disciplinary procedure set forth in the
15  regulations be followed. PSS Regulations § 4401.

16  33. The February 14, 2005, Letter of Concern was factually justified and substantiated.

17  34. The PSS Regulations forbid teachers from using corporal punishment on any student and
18  from engaging in any psychological cruelty which inflicts emotional trauma on a student. PSS
19  Regulations § 3405.

20  35. Jim Brewer correctly pointed out in the February 14, 2005, Letter of Concern that the
21  actions of flicking the ears of students and pushing their heads forward or back with her hand "could be
22  considered corporal punishment or assault by the student(s) or a third party" and his direction to Lisa

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

1 Black "to stop any physical touching or students in any manner that could be construed as aggressive,

2 punitive or assaultive by any person" was justified and appropriate.

3     36. PSS Regulation § 4101 provides the following regarding formal reprimands:

4 A formal reprimand is delivered by a written letter that instructs the employee that there has been one or

5 more deficiencies in performance, describes the misconduct and warns that a failure to improve may

6 result in more serious discipline. A copy of the letter is provided to the Human Resources Officer for

7 posting in the employee's file. Reprimands are to be used only for minor misconduct.

8     37. The PSS Regulations do not provide for letters of concern as a form of discipline.

9     38. The February 14, 2005, Letter of Concern does not constitute a Formal Reprimand and

10 should not be provided to the Human Resources Officer for posting in the employee's permanent file.

11     39. The February 14, 2005, Formal Reprimand was factually justified and substantiated.

12     40. The April 14, 2005, performance appraisal was factually justified and substantiated.

13     41. The April 18, 2005, Letter of Concern regarding (1) Lisa Black's failure to attend a

14 scheduled meeting with her immediate supervisor, Beth Nepaial, on April 14, 2005, after being directly

15 handed a note to do so, and (2) her failure to provide information concerning her handling of an excused

16 absence after being directed to do so via memo, was factually justified and substantiated.

17     42. An employee's willful or intentional disobeying of a reasonable order of a superior

18 constitutes insubordination within the meaning of Section 3404 of the PSS Regulations.

19     43. The fact that the note to meet with her immediate supervisor was delivered only four

20 minutes before the bell raises the issue of whether such order was reasonable; however, the burden was

21 on Lisa Black to prove her charge that the Letter of Concern was undeserved and unsubstantiated. She

22 did not do so.

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

1    44. Lisa Black's actions as set forth in the April 18, 2005, Letter of Concern constituted

2    insubordination within the meaning of Section 3404 of the PSS Regulations.

3    45. Nevertheless, the April 18, 2005, Letter of Concern does not constitute a Formal Reprimand

4    and should not be provided to the Human Resources Officer for posting in the employee's permanent

5    file.

6    46. Appeals from employee discipline and discretionary decision of assignment, transfer,

7    promotion and non-renewal are specifically excluded from the scope of employee grievances. PSS

8    Regulations. PSS Regulations § 5102.

9    47. However, included within the scope of employee grievances are "violations of regulations by

10   other than the employee, formal reprimands, performance evaluations, . . . and any form of

11   discriminatory treatment in employment on the basis of sex, sexual orientation, race, color, religion,

12   national origin, age, disability, or for the exercise of any of these listed rights ...." PSS Regulations §

13   5101.

14   48. Therefore, this panel will consider whether the non-renewal of Lisa Black's employment

15   contract was the result of discrimination or retaliation for Lisa Black's exercise of or perceived exercise

16   of her constitutional rights under Article I Section 2 of the Commonwealth Constitution or the First

17   Amendment of the United States Constitution.

18   49. Section 6102 prohibits discrimination and harassment of another person "on account of that

19   person's sex, sexual orientation, race, color, religion, national origin, age, disability, or in retaliation for

20   the exercise of any rights protected by this chapter." PSS Regulations, § 6102. See also, Regulations

21   for the Public School System Employment of Non-Certified Personnel, Section 5102 (1997).

22   50. The PSS Regulations define "discrimination" as "the singling out of a person or persons for

1  different treatment, regardless of whether good or bad, based on the factors listed in § 6103. See also,

2  Regulations for the Public School System Employment of Non-Certified Personnel, Section 5103

3  (1997).

4   51. The PSS Regulations define "harassment" as "[v]erbal or physical conduct towards a person

5  based on any of the factors listed in § 6102 which has the purpose or effect of creating an intimidating,

6  hostile or offensive work environment." PSS Regulations § 6104(a). See also, Regulations for the

7  Public School System Employment of Non-Certified Personnel, Section 5104(a) (1997).

8   52. There was no evidence that Jim Brewer discriminated against Lisa Black or harassed Lisa

9  Black "for his perception of [her] involvement in a letter of Concern or 'petition' filed by many

10  Hopwood staff members," "for actions he believes [she has] taken and for actions [she] has a legal right

11  to take."

12   53. There was no evidence that Jim Brewer discriminated against Lisa Black or harassed her in

13  violation of the Article I Section 2 of the Commonwealth Constitution or the First Amendment of the

14  United States Constitution.

15   54. Lisa Black has failed to prove that Jim Brewer singled her out for different treatment or that

16  he treated her differently from anyone else.

17   55. Although the time and place of the giving Lisa Black the notice of non-renewal of her

18  contract was not appropriate nor best administrative practice, nevertheless Lisa Black failed to prove

19  that Jim Brewer violated § 3405 of the PSS Regulations [or § 2405 of the PSS Regulations for

20  Non-Certified Personnel] relating to cruelty to students by subjecting Lisa Black's students to fear and

21  emotional trauma through his actions, mannerisms, facial expression, and voice toward Lisa Black on

22  Friday, April 22, 2005.



9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

1  56. Lisa Black failed to prove that Jim Brewer violated § 3507 of the PSS Regulations [or §
2  2506 of the PSS Regulations for Non-Certified Personnel] relating to dishonesty by misreporting facts
3  related to the performance of Lisa S. Black and related to her application of continued employment with
4  the Public School System.

5  57. Lisa Black failed to prove that Jim Brewer violated § 3509(a) of the PSS Regulations [or §
6  2508(a) of the PSS Regulations for Non-Certified Personnel] relating to immoral conduct by sending
7  someone to interrupt Lisa Black during instructional time to call her to the office with inadequate notice
8  or by yelling, by maintaining a threatening posture, or otherwise engaging in intimidating and harassing
9  communication. Such conduct, even if it had occurred, does not constitute immoral conduct within §
10 3509(a) of the PSS Regulations [or § 2508(a) of the PSS Regulations for Non-Certified Personnel].

11 58. Lisa Black failed to prove that Jim Brewer violated § 3509(b) of the PSS Regulations [or §
12 2508(b) of the PSS Regulations for Non-Certified Personnel] relating to immoral conduct by saying
13 things that are offensive in staff or individual meetings.

14 59. Lisa Black failed to prove that Jim Brewer violated § 6102 of the PSS Regulations [or §
15 5102 of the PSS Regulations for Non-Certified Personnel] relating to discrimination and harassment by
16 discriminating and harassing Lisa Black "due to his erroneous perception of [Lisa Black's] involvement
17 in "previously stated issues."

18 60. Lisa Black failed to prove that Jim Brewer violated § 6103 of the PSS Regulations [or §
19 5103 of the PSS Regulations for Non-Certified Personnel] relating to discrimination by singling out of
20 Lisa Black for treatment different from her colleagues.
21

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S FINAL DECISION
IN THE MATTER OF LISA BLACK

## CONCLUSION

1. For the foregoing reasons, the disciplinary actions taken by Formal Reprimands on January 11, 2005, and February 14, 2005, are affirmed.

2. The relief sought by Lisa Black is denied except that the Letters of Concern dated February 14, 2005, and April 18, 2005, shall not be included in Lisa Black's permanent file in the Human Resources Office. The April 14, 2005, Performance Appraisal is affirmed and shall remain in Lisa Black's permanent file in the Human Resources Office. The panel also notes that the April 14, 2005, Performance Appraisal of Lisa S. Black was between satisfactory and above satisfactory.

3. Furthermore, this decision does not preclude the hiring of Lisa S. Black for another position in PSS through the standard hiring process.

Pursuant to § 5610 of the Regulations for the Public School System's Employment of Certified Personnel, this decision was rendered on the 9th day of November 2005 by the BOE Grievance Panel.

_____
EGREDINO M. JONES
Panel Chair

_____
MARJA LEE C. TAITANO
Panel Member

_____
HERMAN T. GUERRERO
Panel Member

## LAW OFFICES OF O'CONNOR BERMAN DOTTS & BANES
### ATTORNEYS AT LAW

Second Floor, Nauru Building
P.O. Box 501969, Saipan, MP 96950-1969
Telephone No. (670) 234-5684/5 · Fax No. (670) 234-5683
E-mail: attorneys@saipan.com



11-1-05

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:   664-3711

To:       Board of Education
Of:       Public School System
From:     George L. Hasselback, Esq.
Client/Matter: *3221-01/Lisa Black*
Date:     November 1, 2005

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Complainant's Exceptions to Proposed Order | 3 |
|  |  |

*NOT INCLUDING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE JENNY IMMEDIATELY AT (670) 234-5684.

MESSAGE:

Original of the attached will be forthcoming.

George Hasselback

CONFIDENTIALITY NOTICE: The documents accompanying this transmission contain confidential information which is legal privileged. The information is intended only for the use of the recipient named above. If you have received this transmission in error, please immediately notify us by telephone, to arrange for the return of the original documents to us, and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance upon the contents of the information contained in this transmission is strictly prohibited.