## LAW OFFICES OF O'CONNOR BERMAN DOTTS & BANES
### ATTORNEYS AT LAW

Second Floor, Nauru Building
P.O. Box 501969, Saipan, MP 96950-1969
Telephone No. (670) 234-5684/5 · Fax No. (670) 234-5683
E-mail: attorneys@saipan.com

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:   664-3798

To:             Heather Kennedy
Of:             Public School System
From:           George L. Hasselback, Esq.
Client/Matter:  *3221-01/Lisa Black*
Date:           November 1, 2005

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Complainant's Exceptions to Proposed Order | 3 |

*NOT INCLUDING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE JENNY IMMEDIATELY AT (670) 234-5684.

MESSAGE:

Heather:

Original of the attached will be forthcoming.

*[signature]*

George Hasselback

CONFIDENTIALITY NOTICE: The documents accompanying this transmission contain confidential information which is legal privileged. The information is intended only for the use of the recipient named above. If you have received this transmission in error, please immediately notify us by telephone, to arrange for the return of the original documents to us, and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance upon the contents of the information contained in this transmission is strictly prohibited.

George L. Hasselback, Esq.
O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiff Lisa Black

BEFORE THE BOARD OF EDUCATION

| | |
|---|---|
| LISA BLACK, | ) CASE NO. _____ |
| Complainant, | ) |
| vs. | ) |
| JIM BREWER, individually and in his capacity as Acting Principal for Hopwood Junior High School, and COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, | ) COMPLAINANT'S EXCEPTIONS TO PROPOSED ORDER |
| Respondents. | ) |

Complainant Lisa Black, by and through counsel, hereby submits her Exceptions to Proposed Order.

**EXCEPTIONS TO PROPOSED ORDER**

1. Exception to Paragraph 10: The finding that "the flicking of ears and pushing of heads was a part of a class unit on levels of comfort and discomfort was not credible" is not supported by the facts and should be stricken from the Board's Order. There was no showing of any facts

1

3221-01-051101-PL-ExcepToPropOrder-glh

001687

that would support a conclusion that Ms. Black was telling anything other than the truth when she testified as to these events.

2. **Exception to Paragraph 30:** The finding that "[t]he January 11, 2005, Formal Reprimand was factually justified and substantiated" is not supported by the facts or the controlling law in this mater.

3. **Exception to Paragraph 33:** The finding that "[t]he February 14, 2005, Letter of Concern was factually justified and substantiated" is not supported by the facts or the controlling law in this mater.

4. **Exception to Paragraph 40:** The finding that "[t]he April 18, 2005, Letter of Concern . . . was factually justified and substantiated" is not supported by the facts or the controlling law in this mater.

5. **Exception to Paragraph 51-59:** The finding that Ms. Black failed to prove any of the allegations concerning the discriminatory, harassing, dishonest, inappropriate, intimidating and offensive behavior of Mr. Brewer towards Ms. Black is contrary to the overwhelming evidence presented to the Board in filings and at oral argument. In order to avoid litigation, the Board should recognize these inappropriate and illegal actions, properly censure Mr. Brewer and grant Ms. Black the relief that she requested in her grievance.

6. **Exception to Conclusions of the Board:** As neither the facts nor the controlling law in this matter supported the January 11, 2005 Formal Reprimand, and as it was motivated by

retaliatory and discriminatory animus on the part of Mr. Brewer, this document should likewise be removed from the personnel file of Ms. Black.

Dated: November 1, 2005.

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Lisa Black

By: _____
George L. Hasselback
Bar ID # (Pending Issuance)

Ms. Heather L. Kennedy
C.N.M.I. Public School System
P.O. Box 1370 CK
Saipan, MP 96950
Telephone: (670) 664-3737
Fax:(670) 664-3713

Attorney for: Commissioner of Education

## BEFORE THE BOARD OF EDUCATION HEARING PANEL

IN RE: LISA S. BLACK       )
GRIEVANCE                  )
                           )
                           )
                           )
                           )
                           )
                           )

## EXCEPTIONS TO PROPOSED DECISION

The Commissioner of Education, through PSS Legal Counsel Heather Kennedy, submits the following exceptions to the Board of Education Hearing Panel's proposed decision dated October 25, 2005.

1.  **Exception to Paragraph 39:** In this paragraph, the Hearing Panel finds that the letter of reprimand dated February 14, 2005 was factually justified and substantiated, but holds that the letter is no longer an issue because it was withdrawn in the Commissioner's decision. However, the Commissioner's decision merely removed the letter in the spirit of compromise and did not address the February 14th letter of reprimand in depth. The Commissioner's decision specifically states that the withdrawal of the letter "does not imply that the letter was unjustly issued." COE Decision p. 4. PSS regulations do not provide that the Hearing Panel is in anyway bound by the Commissioner's compromise. Unlike the Commissioner, the Hearing panel heard detailed testimony regarding Ms. Black's insubordination surrounding the interruption of Ms.

Grayer's class. The Hearing Panel also reviewed Ms. Black's exhibit entitled "Tape Recording Transcript" in which Black admits to interrupting Ms. Grayer's class despite Mr. Brewer's instructions not to do so. In fact when asked if she interrupted the class despite Mr. Brewer's instructions, Ms. Black replied "**Absolutely** . . ." (emphasis added). This blatant disregard and contempt for a supervisor's direct instruction must not be ignored. The evidence presented during the hearing overwhelming showed that the letter of reprimand for insubordination was warranted. Therefore, the Hearing Panel should order that the February 14th letter of reprimand be filed in Ms. Black's personnel file in the Human Resources Office.

2.      **Exception to Paragraph 54:** In this paragraph, the Hearing Panel notes that the time and place of the delivery of the non-renewal notice "was not appropriate nor the best administrative practice . . .". The evidence submitted during the hearing does not support this statement. In his testimony to the panel, Mr. Brewer related the incident in detail. He told the panel that he waited at Ms. Black's classroom for more than fifteen minutes before first period was scheduled to begin. Although teachers are required to report to class by 7:45 am, Ms. Black drove up to her classroom just at 8:00 a.m. when students were ready to enter her classroom.

Mr. Brewer had limited options to connect with Ms. Black to deliver the notice. Mr. Brewer needed to deliver the notice in person to dispute any claim by Ms. Black that she did not receive it or read it. Mr. Brewer could not meet with Ms. Black before class because she was late for class. Mr. Brewer had difficulty meeting with Ms. Black outside her classroom because Ms. Black had been ignoring direct instructions to report to the office for meetings with the Administration. Mr. Brewer took the opportunity to meet with Ms. Black for a few minutes before class. His actions were appropriate under the circumstances created by Ms. Black. Accordingly, the phrase quoted above should be struck from the decision.

3. **Exceptions to the Conclusion Section**: The conclusion section should include the following paragraphs:

a.  The letter of reprimand dated January 11, 2005 shall remain filed in Ms. Black's personnel file with the Human Resources Office.

b.  The two low marks on Ms. Black's performance evaluation are consistent with her performance at HJHS and the comments of her supervisors and colleagues. The performance evaluation will remain as is and become part of Ms. Black's permanent employment record.

c.  Mr. Brewer's decision not to renew Ms. Black's contract was not based on discrimination or issued in retaliation for Ms. Black's perceived exercise of her constitutional rights under the CNMI or U.S. Constitutions.

d.  This panel finds that Mr. Brewer did not discriminate against Ms. Black or violate any PSS regulation as alleged by Ms. Black.

e.  This panel finds that Ms. Black failed to prove any of the allegations in her grievance.

Respectfully submitted this 31st day of October 2005,

Heather L. Kennedy
PSS Legal Counsel

...

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S PROPOSED FINAL DECISION
ON THE MATTER OF LISA BLACK

16. Lisa S. Black did fail to attend a meeting with her immediate supervisor on April 14, 2005, the request for which was sent to Lisa S. Black four minutes before the bell. Testimony of Beth Nepaial.

17. Lisa S. Black did fail to provide information concerning her handling of an excused absence as directed to do so by Jim Brewer on or about April 11, 2005. Exhibit 1, pp. 36-40.

18. It was not until April 28, 2005, more than two weeks after being requested for certain information, that Lisa S. Black provided a partial response. Exhibit A, Attachment V (memo dated April 28, 2005).

### April 14, 2005, Performance Appraisal

19. On April 14, 2005, Beth Nepaial, Vice Principal of Curriculum and Instruction, prepared a Performance Appraisal of Lisa S. Black, with an overall rating of 3.75 (with 3 being satisfactory and 4 being above satisfactory). Exhibit A, Attachment J.

20. On April 18, 2005, Lisa S. Black objected in writing to the Performance Appraisal, alleging among other things that Beth Nepaial had not observed her in the classroom. Exhibit A, Attachment K.

21. On April 21, 2005, Jim Brewer responded to the April 18, 2005, memo of Lisa S. Black. Exhibit A, Attachment M.

22. Beth Nepaial did observe Lisa S. Black in the classroom in May 2004 and within 12 months of the Performance Appraisal. Testimony of Beth Nepaial; Exhibit A, Attachment M.

23. On August 31, 2004, Jim Brewer observed Lisa S. Black in class and generally gave her the highest ratings on the August Observation Rubric. Exhibit A, Attachment B.

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S PROPOSED FINAL DECISION
ON THE MATTER OF LISA BLACK

1   24. On October 12, 2004, Jim Brewer observed Lisa S. Black in class and generally gave

2   her the highest ratings on the Observation Rubric. Exhibit A, Attachment C.

3   25. The period covered by the Performance Appraisal Instrument is left blank; however,

4   "04/05" is indicated as the School Year. Exhibit A, Attachment J.

5   26. The reviews of performance at Hopwood Junior High School encompass a calendar

6   year, rather than a school year. Exhibit A, Attachment M.

7

8                           Notice of Non-Renewal of Contract

9   27. On April 25, 2005, Lisa S. Black was notified that her contract of employment with

10  PSS, which was to expire on July 30, 2005, would not be renewed. Exhibit A, Attachment L.

11

12                           **CONCLUSIONS OF LAW**

13  28. The employee Lisa S. Black has the burden of proving her grievance by a

14  preponderance of the evidence. PSS Regulations § 5605.

15  29. Jim Brewer's conduct is governed by the PSS Regulations for Non-Certified

16  Personnel. Although the grievance of Lisa S. Black alleges violations of the PSS Regulations for

17  Certified Personnel, the conduct about which Lisa S. Black complains is also found in the PSS

18  Regulations for Non-Certified Personnel. See, Regulations for the Public School System

19  Employment of Non-Certified Personnel, Sections 2405-2406, 2508, & 5102-5104 (1997).

20  30. The January 11, 2005, Formal Reprimand was factually justified and substantiated.

21  31. The PSS Regulations do not contain a definition of "behavior unbecoming a

22  professional teacher"; however, Section 3506 of the PSS Regulations provides that "[n]o

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S PROPOSED FINAL DECISION
ON THE MATTER OF LISA BLACK

1  employee shall engage in unprofessional conduct" and that "'[u]nprofessional conduct' shall mean

2  conduct such as to indicate unfitness to teach."

3  　　32. Contrary to the statement in the last paragraph of the January 11, 2005, Formal

4  Reprimand, a formal reprimand is a form of discipline; however, "[r]eprimands are to be used only

5  for minor misconduct," PSS Regulations § 4101, and does not require the disciplinary procedure

6  set forth in the regulations be followed. PSS Regulations § 4401.

7  　　33. The February 14, 2005, Letter of Concern was factually justified and substantiated.

8  　　34. The PSS Regulations forbid teachers from using corporal punishment on any student

9  and from engaging in any psychological cruelty which inflicts emotional trauma on a student. PSS

10 Regulations § 3405.

11 　　35. Jim Brewer correctly pointed out in the February 14, 2005, Letter of Concern that the

12 actions of flicking the ears of students and pushing their heads forward or back with her hand

13 "could be considered corporal punishment or assault by the student(s) or a third party" and his

14 direction to Lisa Black "to stop any physical touching or students in any manner that could be

15 construed as aggressive, punitive or assaultive by any person" was justified and appropriate.

16 　　36. PSS Regulation § 4101 provides the following regarding formal reprimands:

17 A formal reprimand is delivered by a written letter that instructs the employee that there has been

18 one or more deficiencies in performance, describes the misconduct and warns that a failure to

19 improve may result in more serious discipline. A copy of the letter is provided to the Human

20 Resources Officer for posting in the employee's file. Reprimands are to be used only for minor

21 misconduct.

22 　　37. The PSS Regulations do not provide for letters of concern as a form of discipline.

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S PROPOSED FINAL DECISION
ON THE MATTER OF LISA BLACK

1  38. The February 14, 2005, Letter of Concern does not constitute a Formal Reprimand
2  and should not be provided to the Human Resources Officer for posting in the employee's
3  permanent file.
4  39. The February 14, 2005, Formal Reprimand was factually justified and substantiated;
5  however, that February 14, 2005, Formal Reprimand was withdrawn from Lisa Black's file by the
6  Commissioner in her Decision Regarding Grievance, p. 4 (July 15, 2005) and is no longer an issue.
7  40. The April 18, 2005, Letter of Concern regarding (1) Lisa Black's failure to attend a
8  scheduled meeting with her immediate supervisor, Beth Nepaial, on April 14, 2005, after being
9  directly handed a note to do so, and (2) her failure to provide information concerning her handling
10 of an excused absence after being directed to do so via memo, was factually justified and
11 substantiated.
12 41. An employee's willful or intentional disobeying of a reasonable order of a superior
13 constitutes insubordination within the meaning of Section 3404 of the PSS Regulations.
14 42. The fact that the note to meet with her immediate supervisor was delivered only four
15 minutes before the bell raises the issue of whether such order was reasonable; however, the burden
16 was on Lisa Black to prove her charge that the Letter of Concern was undeserved and
17 unsubstantiated. She did not do so.
18 43. Lisa Black's actions as set forth in the April 18, 2005, Letter of Concern constituted
19 insubordination within the meaning of Section 3404 of the PSS Regulations.
20 44. Nevertheless, the April 18, 2005, Letter of Concern does not constitute a Formal
21 Reprimand and should not be provided to the Human Resources Officer for posting in the
22 employee's permanent file.

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S PROPOSED FINAL DECISION
ON THE MATTER OF LISA BLACK

45. Appeals from employee discipline and discretionary decision of assignment, transfer, promotion and non-renewal are specifically excluded from the scope of employee grievances. PSS Regulations. PSS Regulations § 5102.

46. However, included within the scope of employee grievances are "violations of regulations by other than the employee, formal reprimands, performance evaluations, . . . and any form of discriminatory treatment in employment on the basis of sex, sexual orientation, race, color, religion, national origin, age, disability, or for the exercise of any of these listed rights ...." PSS Regulations § 5101.

47. Therefore, this panel will consider whether the non-renewal of Lisa Black's employment contract was the result of discrimination or retaliation for Lisa Black's exercise of or perceived exercise of her constitutional rights under Article I Section 2 of the Commonwealth Constitution or the First Amendment of the United States Constitution.

48. Section 6102 prohibits discrimination and harassment of another person "on account of that person's sex, sexual orientation, race, color, religion, national origin, age, disability, or in retaliation for the exercise of any rights protected by this chapter." PSS Regulations, § 6102. See also, Regulations for the Public School System Employment of Non-Certified Personnel, Section 5102 (1997).

49. The PSS Regulations define "discrimination" as "the singling out of a person or persons for different treatment, regardless of whether good or bad, based on the factors listed in § 6103. See also, Regulations for the Public School System Employment of Non-Certified Personnel, Section 5103 (1997).

50. The PSS Regulations define "harassment" as "[v]erbal or physical conduct towards a

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S PROPOSED FINAL DECISION
ON THE MATTER OF LISA BLACK

1  person based on any of the factors listed in § 6102 which has the purpose or effect of creating an

2  intimidating, hostile or offensive work environment." PSS Regulations § 6104(a). See also,

3  Regulations for the Public School System Employment of Non-Certified Personnel, Section

4  5104(a) (1997).

5      51. There was no evidence that Jim Brewer discriminated against Lisa Black or harassed

6  Lisa Black "for his perception of [her] involvement in a letter of Concern or 'petition' filed by

7  many Hopwood staff members," "for actions he believes [she has] taken and for actions [she] has a

8  legal right to take."

9      52. There was no evidence that Jim Brewer discriminated against Lisa Black or harassed

10  her in violation of the Article I Section 2 of the Commonwealth Constitution or the First

11  Amendment of the United States Constitution.

12      53. Lisa Black has failed to prove that Jim Brewer singled her out for different treatment

13  or that he treated her differently from anyone else.

14      54. Although the time and place of the giving Lisa Black the notice of non-renewal of her

15  contract was not appropriate nor best administrative practice, nevertheless Lisa Black failed to

16  prove that Jim Brewer violated § 3405 of the PSS Regulations [or § 2405 of the PSS Regulations

17  for Non-Certified Personnel] relating to cruelty to students by subjecting Lisa Black's students to

18  fear and emotional trauma through his actions, mannerisms, facial expression, and voice toward

19  Lisa Black on Friday, April 22, 2005.

20      55. Lisa Black failed to prove that Jim Brewer violated § 3507 of the PSS Regulations [or

21  § 2506 of the PSS Regulations for Non-Certified Personnel] relating to dishonesty by

22  misreporting facts related to the performance of Lisa S. Black and related to her application of

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S PROPOSED FINAL DECISION
ON THE MATTER OF LISA BLACK

1    continued employment with the Public School System.

2    56. Lisa Black failed to prove that Jim Brewer violated § 3509(a) of the PSS Regulations
3    [or § 2508(a) of the PSS Regulations for Non-Certified Personnel] relating to immoral conduct
4    by sending someone to interrupt Lisa Black during instructional time to call her to the office with
5    inadequate notice or by yelling, by maintaining a threatening posture, or otherwise engaging in
6    intimidating and harassing communication. Such conduct, even if it had occurred, does not
7    constitute immoral conduct within § 3509(a) of the PSS Regulations [or § 2508(a) of the PSS
8    Regulations for Non-Certified Personnel].

9    57. Lisa Black failed to prove that Jim Brewer violated § 3509(b) of the PSS Regulations
10   [or § 2508(b) of the PSS Regulations for Non-Certified Personnel] relating to immoral conduct
11   by saying things that are offensive in staff or individual meetings.

12   58. Lisa Black failed to prove that Jim Brewer violated § 6102 of the PSS Regulations [or
13   § 5102 of the PSS Regulations for Non-Certified Personnel] relating to discrimination and
14   harassment by discriminating and harassing Lisa Black "due to his erroneous perception of [Lisa
15   Black's] involvement in "previously stated issues."

16   59. Lisa Black failed to prove that Jim Brewer violated § 6103 of the PSS Regulations [or
17   § 5103 of the PSS Regulations for Non-Certified Personnel] relating to discrimination by singling
18   out of Lisa Black for treatment different from her colleagues.

19

## CONCLUSION

21   For the foregoing reasons, the relief sought by Lisa Black is denied except that:

22   1. The Letters of Concern dated February 14, 2005, and April 18, 2005, shall not be

9TH CNMI STATE BOARD OF EDUCATION
BOE GRIEVANCE PANEL'S PROPOSED FINAL DECISION
ON THE MATTER OF LISA BLACK

1  included in Lisa Black's permanent file in the Human Resources Office, and

2      2. The February 14, 2005, Formal Reprimand shall be withdrawn from Lisa Black's file in

3  accordance with the Commissioner's Decision Regarding Grievance, p. 4 (July 15, 2005).

4      The panel notes that the April 14, 2005, Performance Appraisal of Lisa S. Black was

5  between satisfactory and above satisfactory.

6      Furthermore, this decision does not preclude the hiring of Lisa S. Black for another

7  position in PSS through the standard hiring process.

8

9  Pursuant to § 5610 of the Regulations for the Public School System's Employment of Certified

10 Personnel, this decision was rendered on the _25TH_ day of October 2005 by the BOE Grievance

11 Panel.

12
13
14 _____
15 EGREDINO M. JONES
16 Panel Chair
17
18
19
20 _____
21 HERMAN T. GUERRERO
22 Panel Member

_____
MARJA LEE C. TAITANO
Panel Member