EXHIBIT
" U "

1  MICHAEL W. DOTTS, Esq. - F0150 (NMI)
   O'Connor Berman Dotts & Banes
2  2nd Floor, Nauru Building
   P.O. Box 501969
3  Saipan, MP 96950
4  Tel. No. - (670) 234-5684
   Fax No. - (670) 234-5683
5
                                                RECEIVED
6  *Attorneys for Plaintiff Lisa S. Black*            8/3/06
                                                         3 wp 8
7            IN THE UNITED STATES DISTRICT COURT
                         FOR THE
8      COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

9  LISA S. BLACK,                    )  CIVIL ACTION NO. 05-0038
                                     )
10                Plaintiff,          )
                                     )
11      vs.                          )
                                     )  PLAINTIFF'S RESPONSE TO
12  JIM BREWER, individually and in his  )  DEFENDANT PSS' FIRST SET
   official capacity as Acting Principal of  )  OF INTERROGATORIES
13  Hopwood Junior High School,      )  AND FIRST REQUEST FOR
   COMMONWEALTH OF THE              )  PRODUCTION OF DOCUMENTS
14  NORTHERN MARIANA ISLANDS        )
   PUBLIC SCHOOL SYSTEM, and JOHN   )
15  AND/OR JANE DOE,                 )
                                     )
16                                   )
                Defendants.          )
17

18       COMES NOW Plaintiff Lisa Black, by counsel, hereby responds to Defendants CNMI

19  Public School System ("PSS")'s First Set of Interrogatories and First Request for Production of

20  Documents, as follows:

21

22

23  //

24

25  //

26

27

28                                      1

# I.

## GENERAL OBJECTIONS

These responses are made solely for the purpose of this action, and without waiving any and all rights to object to any question as to competency, relevancy, privilege, confidentiality and/or admissibility of or use of the responses on any relevant ground, legal or factual, for any purpose in any further proceeding in this action including trial.

To the extent that any of these Discovery Requests may be construed as calling for information that is subject to a claim of privilege, privilege, including but not limited to the attorney-client privilege, the work product doctrine or any constitutional, statutory or regulatory proscription against disclosure, Plaintiff hereby asserts that doctrine or privilege and object to the Discovery Request on that basis. In addition, the inadvertent disclosure of material protected by such privilege(s) or doctrine(s) shall not constitute a waiver of the applicable privilege(s) or doctrine(s) either as to those materials inadvertently produced or as to any other pertinent material.

Plaintiff objects to the Definitions and Instructions to the extent that they seek to impose obligations which exceed or differ from those imposed by the Federal Rules of Civil Procedure and its interpretive case law and to the extent the Definitions and Instructions contain discovery requests. Plaintiff also objects to the Definitions set forth in the Discovery and on the grounds that they exceed or alter the requirements of the Federal Rules of Civil Procedure and its interpretive case law.

2

1    Plaintiff objects to providing responses when the response thereto can be just as

2  reasonably obtained by Defendant, from identifiable documents containing the information or

3  from public records.

4

5

6    Plaintiff also reserves the right at any time to revise, correct and to supplement or

7  clarify any of the responses contained herein as Plaintiff has not yet completed investigation of

8  the facts relating to this case, nor completed discovery, nor completed preparation for trial.

9  Further, that by making an objection to a discovery request, Plaintiff does not infer that it has

10  information to such request or more information than that provided.

11

12

13    Without waiving these objections, Plaintiff will respond based on such information and

14  documents as are currently available.

15

16                                                II.

17                   **PLAINTIFF'S RESPONSE TO FIRST SET OF INTERROGATORIES**

18

19  **Interrogatory No. 1:**         State with particularity all facts supporting your contention that

20  Plaintiff is entitled to damages as a result of any act or omission of PSS or its employees,

21

22  including financial, emotional, and punitive damages and attorneys fees or other losses.

23

24  **Response to Interrogatory No. 1:**  Plaintiff objects that this interrogatory is vague, overly

25  burdensome, seeks a legal conclusion and seeks to invade the thoughts and mental impressions

26  of Plaintiff's counsel and would therefore violate the work-product privilege. Without waiving

27

28                                                3

1   the aforementioned objections, Plaintiff would direct PSS's attention to the facts as alleged in

2   Plaintiff's Complaint.   In short, Plaintiff was a career teacher who had received positive

3   evaluations. An issue at the school arose over Beth Nepaial. A petition was circulated. Plaintiff

4   was believed by the Principal to have drafted the petition. Plaintiff was then singled out for

5   

6   retaliation. That retaliation included singling out Plaintiff for selective enforcement of school

7   policies. Actions taken or perceived to have been taken by Plaintiff were characterized by

8   administrators as violations of school policies while the same, or more egregious actions taken

9   by more favored teachers, were ignored.  For example, while interruptions of classroom time

10  were tolerated in some instances (again when other more favored teachers would do so),

11  occasions when Plaintiff was thought to have done so were exaggerated in order to generate a

12  

13  pretext for her termination.  Plaintiff was then given an evaluation that was not performed in a

14  manner to fairly evaluate her. For example, her students were asked "what don't you like about

15  Ms. Black" and their responses were used in the evaluation. The resulting negative evaluation

16  was then used as a pretext to justify her termination. Consequently, having been the victim of a

17  wrongful termination, Plaintiff suffered emotionally and Defendants are liable for the damages

18  prayed for. Furthermore, as discovery in this matter is ongoing and both party and fact witness

19  

20  depositions have yet to be conducted, Plaintiff reserves the right to update this interrogatory, up

21  to and including at trial, as new facts become known to her.

22  

23  **Interrogatory No. 2:**       Describe the nature and extent of any injury or damage, including

24  financial, emotional, physical or other injuries that Plaintiff contends that she suffered by any

25  act or omission of PSS or any PSS employee.

26  

27  

28                                              4

1   **Response to Interrogatory No. 2:**   Because of the wrongful termination of Plaintiff, she has

2   suffered pecuniary damage in the form of lost wages and employee benefits. As a direct and

3   proximate consequence of this loss of wages and benefits, Plaintiff has been unable to seek

4
5   medical attention and medication for various conditions from which she suffers including ear

6   infections and routine physical examination such as her yearly mammograms. Additionally,

7   she has suffered from the stress and emotional strain associated with being terminated from her

8   teaching position and the attendant damage to her personal and professional reputation in the

9   community. Also, because of this added stress and strain on Plaintiff's health, a skin condition

10  from which she suffers has been exacerbated. Furthermore, as discovery in this matter is

11  ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves

12  the right to update this interrogatory, up to and including at trial, as new facts become known to

13  her.

14

15

16  **Interrogatory No. 3:**      Please identify all employers and state all money that you have

17  received for work, through employment or self-employment, from July 30, 2005 through the

18  present.

19

20  **Response to Interrogatory No. 3:**   Without waiving objections, Plaintiff states that she has

21  had the following employers since July 30, 2006:

22      Northern Marianas Academy
23      P.O. Box 10006 PMB 834
        Saipan, MP 96950
24      (670) 235-5597

25      American Education Institute
        P.O. Box 5310 CHRB
26      Saipan, MP 96950
27      (670) 234-0505

28                                          5