1    USANA Health Sciences
     3838 West Parkway Boulevard
2    Salt Lake City, UT 84120
     (801) 954-7200
3

4    Casablanca American School
     Route de la Mecque,
5    Lotissement Ougoug,
     Quartier Californie,
6    20150 Casablanca
     MOROCCO Tél.: +(212) (0)22.21.41.15
7

8    Plaintiff received the following pay for the time period covered by this interrogatory:

9        From Northern Marianas Academy: $1657.50

10       From American Education Institute: $1037.50

11       For housepainting services: $400.00

12       For sales of USANA Health Sciences products: $3900.00

13       From Casablanca American School (approximate due to fluctuating exchange rates):

14       $3977.03

15

16   **Interrogatory No. 4:**        For any alleged injury or emotional distress sustained by Plaintiff

17   as a result of any action or inaction of PSS or its employees, identify all health care providers,

18   who provided or are currently providing treatment to Plaintiff, and include the reason for the

19   nature of the treatment provided, and the amount of the charges for the treatment.

20

21

22   **Response to Interrogatory No. 4:**   Plaintiff objects as this interrogatory does not seek

23   information that is either admissible at trial or reasonably calculated to lead to the discovery of

24   information that is admissible at trial and is vague and/or overly burdensome. Without waiving

25   the aforementioned objections, all treatment for any injuries and/or emotional distress that

26   Plaintiff has suffered because of the actions and/or inactions of Defendants has been performed

27

28                                           6

1  by employees of the Commonwealth Health Center.  Plaintiff is not aware of the specific

2  names of the individuals involved in the aforementioned treatment nor the amount of the

3  charges for said treatment, but will agree to sign a release that will enable PSS to inspect

4  Plaintiff's records provided that PSS will provide a copy of any and all documents that PSS

5  copies from these records to Plaintiff.

6

7

8  **Interrogatory No. 5:**        Have you ever received treatment, counseling, or undergone

9  observation for a mental condition, alcoholism, narcotic addiction or disorder of any kind. If so

10  identify the health care provider or institution, the reason for and nature of the treatment, and

11  the dates of the treatment.

12

13  **Response to Interrogatory No. 5:**  Plaintiff objects as this interrogatory does not seek

14  information that is either admissible at trial or reasonably calculated to lead to the discovery of

15  information that is admissible at trial, is vague and/or overly burdensome.  Without waiving the

16  aforementioned objections, Plaintiff responds that she has undergone treatment for depression

17  with the personnel at the CNMI Community Guidance Center and Dr. Tony Stearns.  Plaintiff

18  will agree to sign a release that will enable PSS to inspect Plaintiff's records provided that PSS

19  will provide a copy of any and all documents that PSS copies from these records to Plaintiff.

20

21

22  **Interrogatory No. 6:**        Have you ever had any adverse employment action initiated or

23  taken against you, including letters of reprimand, letters regarding any failure to perform or

24  negative attitude, negative performance appraisals, or have you ever resigned from

25  employment to avoid any such adverse action. If so, identify the employer and any documents

26  related to the adverse action or resignation.

27

28

1   Response to Interrogatory No. 6:   Plaintiff objects as this interrogatory does not seek

2   information that is either admissible at trial or reasonably calculated to lead to the discovery of

3   information that is admissible at trial, is vague and/or overly burdensome as it seeks to compel

4   Plaintiff to examine her entire work history over her entire lifetime without any temporal or

5   geographic limit to its scope.  Without waiving the aforementioned objections, to the best of

6   Plaintiff's knowledge any such documents the identification of which would be responsive to

7   this interrogatory, are contained within her PSS personnel file and or the materials generated

8   during grievance proceedings filed with the CNMI Board of Education (to which PSS has more

9   ready access than Plaintiff).  Furthermore, Plaintiff has not resigned from any position in order

10   to avoid any negative personnel action.

13
14   **Interrogatory No. 7:**        Have you ever had your contract of employment not renewed

15   with any person or employer or have you ever resigned to avoid a non-renewal of contract? If

16   so, identify the employer and any documents related to the non-renewal of your contract.

17
18   **Response to Interrogatory No. 7:**   Plaintiff objects to this interrogatory as it is vague as the

19   term "not renewed" is not defined with any particularity and it is capable of more than one

20   interpretation.  Without waiving the aforementioned objections, the answer is "no."

22   **Interrogatory No. 8:**        State with particularity all facts supporting your contention that

23   Defendant Jim Brewer "formed erroneous belief that Ms. Black was responsible for drafting,

24   circulating and/or encouraging others to sign it ("letter of concern")."

26   //

8

1  **Response to Interrogatory No. 8:**  Plaintiff would direct PSS's attention to the facts as

2  alleged in Plaintiff's Complaint.  Additionally, Defendant Jim Brewer made several statements

3  to Plaintiff and other individuals, both in the company of others and when alone with Plaintiff,

4  communicating his belief that Plaintiff had some involvement with the "letter of concern" as

5  alleged in Plaintiff's Complaint.  Furthermore, as discovery in this matter is ongoing and both

6  party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to

7  update this interrogatory, up to and including at trial, as new facts become known to her.

8

9

10  **Interrogatory No. 9:**        State with particularity all facts supporting your contention that

11  Defendant Jim Brewer, "acting alone or in concerted [sic] with others, actively interfered with

12  Ms. Black's efforts to secure employment at other schools within the PSS system."

13

14  **Response to Interrogatory No. 9:**  Plaintiff would direct PSS's attention to the facts as

15  alleged in Plaintiff's Complaint.  Additionally, after her teaching contract at Hopwood Junior

16  High School was terminated, Plaintiff attempted to secure other employment within the PSS

17  employment system.  Plaintiff, because of her experience teaching and reputation amongst

18  other PSS administrators, was met with overtures of employment from several administrators

19  within the PSS employment system.  However, on those occasions, when said administrators

20  attempted to effectuate Plaintiff's employment in their particular school with PSS Human

21  Resources, they, for some reason unknown to Plaintiff, suddenly abandoned their efforts to

22  employ Plaintiff, instead communicating to her that there was some issue with her employment

23  at the Human Resources level. Additionally, once Plaintiff was able to find a teaching position

24  with a private language school, persons acting on behalf of Defendants contacted her employer

25  and expressed their concern that Plaintiff was unfit to teach.  Furthermore, as discovery in this

26

27

28                                                          9

1  matter is ongoing and both party and fact witness depositions have yet to be conducted,

2  Plaintiff reserves the right to update this interrogatory, up to and including at trial, as new facts

3  become known to her.

4

5

6  **Interrogatory No. 10:**    State with particularity all facts supporting your contention that

7  you exercised or were perceived to have exercised your right to free speech while an employee

8  at Hopwood Junior High School.

9

10  **Response to Interrogatory No. 10:** Plaintiff would direct PSS's attention to the facts as

11  alleged in Plaintiff's Complaint. Additionally, Defendant Jim Brewer made several statements

12  to Plaintiff and other individuals, both in the company of others and when alone with Plaintiff,

13  communicating his belief that Plaintiff had some involvement (as in drafting, circulating,

14  encouraging others to adopt and/or otherwise ratifying the contents of) with the "letter of

15  concern" as alleged in Plaintiff's Complaint. Furthermore, as discovery in this matter is

16  ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves

17  the right to update this interrogatory, up to and including at trial, as new facts become known to

18  her.

19

20

21

22  **Interrogatory No. 11:**    State with particularity all facts supporting your contention that

23  "the actions of Mr. Brewer and/or PSS deprived Ms. Black of rights guaranteed by the

24  Constitution, including, but not limited to her right under Article 1 Section 5 to due process of

25  law and her right of individual privacy under Article 1 Section 10."

26

27

28                                                        10