**Response to Interrogatory No. 11:** Plaintiff would direct PSS's attention to the facts as alleged in Plaintiff's Complaint. Additionally, in deciding not to renew Plaintiff based upon a perceived and/or actual exercise of her right to freely express herself, Defendants deprived Plaintiff of rights protected by the CNMI Constitution. Specifically, in so terminating the employment of Plaintiff because of her perceived and/or actual exercise of her right to free speech, Defendants have either retaliated against Plaintiff for her constitutionally protected activity and/or created a work environment where employees fear to exercise their constitutionally protected rights and must curry personal favor with administrators or risk losing their jobs and the means by which to support themselves. Additionally, Plaintiff was deprived of her right to due process as the reasons offered for her termination were pretextual and the administrative proceeding to review this termination was nothing more than a "rubber stamp" upon the decision made by Defendant Brewer. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update this interrogatory, up to and including at trial, as new facts become known to her.

**Interrogatory No. 12:** State with particularity all facts supporting your contention that "the conduct of Mr. Brewer and PSS caused Ms. Black severe anxiety that continues to this date, making her constantly apprehensive and fearful that she will not be able to secure employment and consequently have no means by which to support herself."

**Response to Interrogatory No. 12:** Plaintiff would direct PSS's attention to the facts as alleged in Plaintiff's Complaint. Furthermore, the anxiety and stress that her unemployment caused were of the typical sort that a person would experience when faced with the prospect of

11

having no means by which to support themselves. Additionally, the loss of her teaching position and the subsequent efforts by Defendants to ensure that Plaintiff would not be hired as a classroom teacher within the CNMI caused Plaintiff to leave the CNMI in order that she would be able to find a position as a classroom teacher and pursue her chosen vocation. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update this interrogatory, up to and including at trial, as new facts become known to her.

**Interrogatory No. 13:** State with particularity all facts supporting your contention that "members of the Hopwood faculty and staff became concerned with the qualifications and competence of Ms. Beth Nepaial the Vice Principal of Hopwood."

**Response to Interrogatory No. 13:** Plaintiff would direct PSS's attention to the facts as alleged in Plaintiff's Complaint. Plaintiff would also direct PSS's attention to the contents of the "letter of concern" mentioned in Interrogatory No. 8 and the press coverage of this "letter of concern" as it appeared in the local newspapers and on the local television news in the CNMI. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update this interrogatory, up to and including at trial, as new facts become known to her.

**Interrogatory No. 14:** State with particularity all facts supporting your contention that upon receipt of the "letter of concern," PSS administration and the Board of Education "contacted Mr. Brewer and tasked him with investigating these concerns."

12

**Response to Interrogatory No. 14:** Plaintiff would direct PSS's attention to the facts as alleged in Plaintiff's Complaint. Plaintiff would also direct PSS's attention to the contents of the "letter of concern" mentioned in Interrogatory No. 8 and the press coverage of this "letter of concern" as it appeared in the local newspapers and on the local television news in the CNMI. Finally, Plaintiff would direct PSS's attention to the contents and testimony provided by various witnesses during the administrative grievance proceeding initiated by Plaintiff to address her termination. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update this interrogatory, up to and including at trial, as new facts become known to her.

**Interrogatory No. 15:** Have you ever been involved in any other litigation, either as a defendant or a plaintiff? If so, state the date, place, and title of such action, the nature of such action and the result of such action.

**Response to Interrogatory No. 15:** Plaintiff objects to this interrogatory as it is overly broad and overly burdensome (as it lacks any temporal or geographic limit in its scope), vague (as the term "litigation" is undefined and capable of more than one interpretation) and does not seek information admissible at trial or calculated to lead to the discovery of admissible information. Without waiving the aforementioned objections, Plaintiff has been involved in a legal dispute with a former landlord that resulted in legal action almost twenty-five (25) years ago.

//

//

13

## III.

## DOCUMENT REQUEST

**Production Request No. 1:** Please produce all medical records, surgical records, mental illness, and counseling records, including but not limited to records or materials to diagnostic or treatment tests, procedures, writings, notes or memoranda relating to all of your physical, medical or mental conditions, illnesses or disabilities, without regard to whether you contend that such illness or conditions were in any way caused by Defendant PSS or Defendant Brewer.

**Response to Document Request No. 1:** Plaintiff objects to this request as it does not seek information admissible at trial or information reasonably likely to lead to the discovery of information admissible at trial, vague, overly burdensome and grossly invasive into Plaintiff's private matters unrelated to this lawsuit. Without waiving such objections, Plaintiff does not retain her medical records, but will sign any reasonable release that will enable PSS to gather documents relevant to the claims and defenses in this suit provided that a copy of any documents copied from Plaintiff's medical records and retained by PSS is given to Plaintiff.

**Production Request No. 2:** Please produce all medical records, surgical records, mental illness, and counseling records, including but not limited to records or materials related to diagnostic or treatment tests, procedures, writings, notes or memoranda relating to all of your physical, medical or mental conditions, illnesses or disabilities, that relate to any illness or condition allegedly caused by any act or omission of PSS or its employees.

**Response to Document Request No. 2:** Plaintiff objects to this request as it does not seek information admissible at trial or information reasonably likely to lead to the discovery of

14

information admissible at trial, vague and overly burdensome. Without waiving such objections, Plaintiff does not retain her medical records, but will sign any reasonable release that will enable PSS to gather these documents provided that a copy of any documents copied from Plaintiff's medical records and retained by PSS is given to Plaintiff.

**Production Request No. 3:** Please produce all documents relating to any work that you have performed, including but not limited to employment or consultation, for compensation, whether employed or self-employed, from the period of July 30, 2005 until the present, including but not limited to receipts, checks, bills and invoices.

**Response to Document Request No. 3:** Plaintiff objects to this request as it does not seek information admissible at trial or information reasonably likely to lead to the discovery of information admissible at trial, vague, overly burdensome and grossly invasive into Plaintiff's private matters unrelated to this lawsuit. Without waiving such objections, Plaintiff has conducted a reasonable search of her personal documents and produces what documents she has been able to locate within her custody and/or control responsive to this request by attaching them to these responses. Specifically, Plaintiff has provided letters of employment, employment records, pay records and cancelled checks that related to her employment since July 30, 2005.

**Production Request No. 4:** Please produce all documents relating to any work that you have performed, including employment, consultation or volunteering, whether for compensation or not, related to teaching, coaching or other work in the field of education. Please include all documents contained in personnel files of former employers, including but not limited to performance appraisals or evaluations, any documents related to resignation from employment or any adverse employment action initiated or taken against you, including letters of reprimand,

15