letters regarding any failure to perform or negative attitude, performance appraisals, termination or resignations from employment.

**Response to Document Request No. 4:** Plaintiff objects to this request as it does not seek information admissible at trial or information reasonably likely to lead to the discovery of information admissible at trial, vague, overly burdensome and grossly invasive into Plaintiff's private matters unrelated to this lawsuit. Without waiving such objections, Plaintiff does not have within her custody and/or control copies of former employers personnel files and other documents. However, Plaintiff has conducted a reasonable search of her personal documents and produces what documents she has been able to locate within her custody and/or control responsive to this request by attaching them to these responses. Specifically, Plaintiff has provided letters of employment, employment records, pay records and cancelled checks that related to her employment since July 30, 2005.

**Production Request No. 5:** Please produce all documents relating to your contention that upon receipt of the "letter of concern" "the administration and the Commonwealth's Board of Education" "contacted Mr. Brewer and tasked him with investigating these concerns.

**Response to Document Request No. 5:** Plaintiff objects to this request as it is overly broad in that it seeks documents not in the custody and/or control of Plaintiff. Additionally, documents already in the custody and/or control of PSS support this contention. Please see the documents attached hereto, specifically the copies of media reports concerning the "letter of concern." Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update this request, up to and including at trial, as new documents become known to her.

16

**Production Request No. 6:** Please produce all documents relating to your contention that Defendant Jim Brewer "formed the erroneous belief that Ms. Black was responsible for drafting, circulating and/or encouraging others to sign it ("the letter of concern").

**Response to Document Request No. 6:** Plaintiff objects to this request as it is overly broad in that it seeks documents not in the custody and/or control of Plaintiff. Additionally, documents already in the custody and/or control of PSS support this contention. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update her response to this request, up to and including at trial, as new documents become known to her.

**Production Request No. 7:** Please produce all documents relating to your contention that Defendant Jim Brewer, "acting alone or in concerted [sic] with others, actively interfered with Ms. Black's efforts to secure employment at other schools within the PSS system."

**Response to Document Request No. 7:** Plaintiff objects to this request as it is overly broad in that it seeks documents not in the custody and/or control of Plaintiff. Additionally, documents already in the custody and/or control of PSS support this contention. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update her response to this request, up to and including at trial, as new documents become known to her.

**Production Request No. 8:** Please produce all documents relating to your contention that you exercised or were perceived to have exercised your right to free speech while an employee at

17

Hopwood Junior High School.

**Response to Document Request No. 8:**   Plaintiff objects to this request as it is overly broad in that it seeks documents not in the custody and/or control of Plaintiff. Additionally, documents already in the custody and/or control of PSS support this contention. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update her response to this request, up to and including at trial, as new documents become known to her.

**Production Request No. 9:** Please produce all documents relating to your contention that "the actions of Mr. Brewer and/or PSS deprived Ms. Black of rights guaranteed by the Constitution, including, but not limited to her right under Article 1 Section 5 to due process of law and her right of individual privacy Article 1 Section 10."

**Response to Document Request No. 9:**   Plaintiff objects to this request as it is overly broad in that it seeks documents not in the custody and/or control of Plaintiff. Additionally, documents already in the custody and/or control of PSS support this contention. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update her response to this request, up to and including at trial, as new documents become known to her.

**Production Request No. 10:** Please produce all documents relating to your contention that "the conduct of Mr. Brewer and PSS caused Ms. Black severe anxiety that continues to this date, making her constantly apprehensive and fearful that she will not be able to secure employment and consequently have no means by which to support herself."

18

**Response to Document Request No. 10:** Plaintiff objects to this request as it is overly broad in that it seeks documents not in the custody and/or control of Plaintiff. Additionally, documents already in the custody and/or control of PSS support this contention. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update her response to this request, up to and including at trial, as new documents become known to her.

**Production Request No. 11:** Please produce all documents relating to your contention that Plaintiff is entitled to damages as a result of any act or omission of PSS or its employees, including financial, emotional, and punitive damages and attorneys fees or other losses.

**Response to Document Request No. 11:** Plaintiff objects to this request as it is overly broad in that it seeks documents not in the custody and/or control of Plaintiff. Additionally, documents already in the custody and/or control of PSS support this contention. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update her response to this request, up to and including at trial, as new documents become known to her.

**Production Request No. 12:** Please produce all documents relating to the nature and extent of any injury or damage, including financial, emotional, physical or other injuries that Plaintiff contends that she suffered by any act or omission of PSS or any PSS employee.

**Response to Document Request No. 12:** Plaintiff objects to this request as it is overly broad in that it seeks documents not in the custody and/or control of Plaintiff. Additionally,

1  documents already in the custody and/or control of PSS support this contention. Furthermore,
2  as discovery in this matter is ongoing and both party and fact witness depositions have yet to be
3  conducted, Plaintiff reserves the right to update her response to this request, up to and
4  including at trial, as new documents become known to her. Without waiving such objections,
5  Plaintiff does not retain her medical records, but will sign any reasonable release that will
6  enable PSS to gather these documents provided that a copy of any documents copied from
7  Plaintiff's medical records and retained by PSS is given to Plaintiff. Please see the documents
8  produced herewith.

**Production Request No. 13:** Please produce all documents, including but not limited to medical records and bills, of any health care provider who provided or is currently providing treatment to Plaintiff for any physical, mental or emotional condition that was allegedly caused by an action or inaction of PSS or its employees.

**Response to Document Request No. 13:** Plaintiff objects to this request as it is overly broad in that it seeks documents not in the custody and/or control of Plaintiff. Additionally, documents already in the custody and/or control of PSS support this contention. Furthermore, as discovery in this matter is ongoing and both party and fact witness depositions have yet to be conducted, Plaintiff reserves the right to update her response to this request, up to and including at trial, as new documents become known to her. Without waiving such objections, Plaintiff does not retain her medical records, but will sign any reasonable release that will enable PSS to gather these documents provided that a copy of any documents copied from Plaintiff's medical records and retained by PSS is given to Plaintiff. Please see the documents produced herewith.