Ms. Heather L. Kennedy
Ms. Karen Klaver F0241
C.N.M.I. Public School System
P.O. Box 501370 CK
Saipan, MP  96950
Telephone:  (670) 237-3046
Facsimile:  (670) 664-3713

Attorneys for:  CNMI Public School System

# IN THE UNITED STATES DISTRICT COURT
# OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **LISA BLACK,** | ) Civil Case No. 05-0038 |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| vs. | ) Defendant CNMI Public School System's |
| | ) Notice and Motion To Dismiss |
| **JIM BREWER, CNMI Public School System and JOHN AND/OR JANE DOE,** | ) |
| | ) Hearing: |
| | ) Time:  9:00 a.m. |
| | ) Hon. Alex R. Munson |
| **Defendants.** | ) |
| | ) |
| _____ | ) |

## NOTICE
### TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

Please take notice that Defendant's Motion to Dismiss will be heard on ____, 2007 at the CNMI District Court for the Northern Mariana Islands.

## **MOTION**
### **DEFENDANT THE CNMI PUBLIC SCHOOL SYSTEM'S MOTION TO DISMISS**

Comes now the CNMI Public School System (PSS), through Counsel, and moves this Court to dismiss the case of *Lisa Black v. Jim Brewer, CNMI Public School System* for lack of jurisdiction under the Federal Rules of Civil Procedure 12(b)(1)[1].

---

[1] Defendants are aware of the court's January 9, 2007 Order Denying Stipulated Request To Continue Trial Date that the court will not entertain further dispositive motions because the cut-off date for such motions has passed, but

This court's jurisdiction is limited to cases arising under the U.S. Constitution or federal law in cases involving diversity of citizenship. See 28 U.S.C. §§ 1331, 1332. The initial complaint filed in this case alleged federal and state claims. On January 5, 2007, this court issued an order Granting Partial Summary Judgment. The January 5, 2007 Order dismissed all of plaintiff's federal claims that would entitle her to the jurisdiction of this court.

The threshold issue in this motion is whether the district court can retain subject matter jurisdiction over Plaintiff's state law claims once the federal claims have been dismissed. Plaintiff's remaining two claims are the state law claims that do not arise under the laws of the United States.

A district court may in its discretion reach pendent state claims even when the federal claims are dismissed before trial. *See Aydin Corp. v. Loral Corp,* 718 F.2d 897, 903 (9th Cir. 1983) *citing Rosado v. Wyman,* 397 U.S. 397, 403-05, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

In this case, the state courts should hear the remaining claims as the black listing claim are novel questions of state law in the Commonwealth.

Respectfully submitted this 12th day of January 2007.

By:

_____/s/_____
Karen M. Klaver
Attorney for the Public School System

---

the court's dismissal of all federal claims in the January 5, 2007 Order requires attorneys for Defendants to diligently defend the case by moving for dismissal for lack of jurisdiction.