Ms. Heather L. Kennedy
Ms. Karen Klaver F0241
C.N.M.I. Public School System
P.O. Box 501370 CK
Saipan, MP  96950
Telephone:  (670) 237-3046
Facsimile:  (670) 664-3713

Attorneys for:  Public School System

**IN THE UNITED STATES DISTRICT COURT**
**OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **LISA BLACK,** | ) Civil Case No. 05-0038 |
| **Plaintiff**, | ) |
| vs. | ) Memorandum in Support of Defendant CNMI Public School System's |
| **JIM BREWER, CNMI Public School System and JOHN AND/OR JANE DOE,** | ) Motion To Dismiss |
| | ) Hearing: |
| | ) Time:  9:00 a.m. |
| **Defendants.** | ) Hon. Alex R. Munson |

### DEFENDANT THE CNMI PUBLIC SCHOOL SYSTEM'S MEMORANDUN IN SUPPORT OF MOTION TO DISMISS

Comes now the CNMI Public School System (PSS), through Counsel, and moves this Court to dismiss the case of Lisa Black v. Jim Brewer, CNMI Public School System for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

The initial complaint filed in this case alleged federal and state claims. On January 5, 2007, this court issued an Order Granting Partial Summary Judgment.  The January 5, 2007 Order dismissed all of Plaintiff's federal claims that would entitle her to the jurisdiction of this court.

The threshold issue in this motion is whether the district court can retain subject matter

jurisdiction over Plaintiff's state law claims once the federal claims have been dismissed. Defendants argue the district court must not retain jurisdiction. The court originally had jurisdiction over the matter when Plaintiff brought civil rights claims under 42 U.S.C. §§ 1983, 1988. At that time this court had pendent jurisdiction over the state law claims. After the court's January 5, 2007 Order, the remaining claims are that Plaintiff's liberty interest was violated under Article I, section 5 of the Commonwealth Constitution and an intentional infliction of emotional distress under state law when defendants allegedly took actions beyond the non-renewal of plaintiff's contract. The federal courts have federal question jurisdiction only over civil actions "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331 (1982). Plaintiff's remaining two claims are state law claims that do not arise under the laws of the United States. Therefore no independent federal question jurisdiction on Plaintiff's claims now exist.

Since there is no federal question jurisdiction over Plaintiff's state law claim, the next inquiry is whether the district court should retain pendent jurisdiction over the state law claims once it dismissed Plaintiff's federal claims. The doctrine of pendent jurisdiction gives a federal court power to hear a claim that has no independent basis for federal jurisdiction if the claim derives from a "common nucleus of operative fact" with a federal claim that is substantively sufficient to confer subject matter jurisdiction on the court. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The doctrine's justification "lies in considerations of judicial economy, convenience and fairness to litigants," *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139, which are furthered by allowing litigants to try all related claims in a single forum. When these three factors are not present, therefore, "federal courts should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726, 86 S. Ct at 1139.

As the Supreme Court reasoned in *Gibbs,* "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be

dismissed as well." *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139 (footnotes omitted.)

A district court may in its discretion reach pendent state claims even when the federal claims are dismissed before trial.  *See Aydin Corp. v. Loral Corp,* 718 *F.*2d 897, 903 (9th Cir. 1983) *citing Rosado v. Wyman,* 397 U.S. 397, 403-05, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).  The *Aydin* court found that the district court did not abuse its discretion in retaining jurisdiction to decide the state claims, because the record shows that the court and the litigants had expended considerable time on the pendent claims before the antitrust claims were dismissed.  *Arizona v. Cook Paint & Varnish Co.,* 541 F.2d 226, 227-28 (9th Cir.1976) (per curiam), *cert. denied,* 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977).  While discretion may be justified by judicial economy, convenience and fairness to the litigants, none of the concerns are met here. *Hagans,* 415 U.S. at 546, 94 S. Ct. at 1383.  Distinguishable from this current case, is the litigants have not expended considerable time on the pendent claims separate from the federal claims.

However, Ninth Circuit case law suggests that exercising discretion to retain jurisdiction is this case would not be proper. When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim. See *Hodge* v. *Mountain States Tel. & Tel. Co.,* 555 F.2d 254, 261 (9th Cir. 1977); *Toensing* v. *Brown,* 528 F.2d 69, 72 (9th Cir. 1975). "(T)he issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation". *United Mine Workers* v. *Gibbs,* 383 U.S. 715, 727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). We do not find the argument for retention of the state claims under the circumstances persuasive[1]. Although

---

[1] The Seventh Circuit has consistently affirmed the district courts' exercise of discretion in dismissing pendent state law claims without prejudice when the federal claims are dismissed before trial.[1] *Buethe v. Britt Airlines, Inc. C.A. Ind.*, 749 F.2d 1235 (7th Cir. 1984) [The Seventh Circuit has] "even vacated a district court's judgment on a pendent state law claim when all federal claims were dismissed before trial with directions to dismiss the state law claim without prejudice."  *See Buethe at 1240, Bernstein v. Lind-Waldock & Co.,* 738 F.2d 179, 188 (7th Cir.1984).

the district court has familiarity with the case, the issues arising under state law have not been extensively briefed, nor have they been illuminated in the oral arguments of the parties in the federal court.

In a Ninth Circuit case, *Wren v. Sletten Const. Co.*, 654 F.2d 529 (9th Cir. 1981), former employees brought an action against former employer to recover unpaid wages, overtime compensation and other monies under provisions of the Fair Labor Standards Act of 1938 and the Montana Wage Claim Act. The Ninth Circuit Court of Appeals held the federal claim was to be dismissed due to plaintiffs' failure to exhaust arbitration and grievance procedures and the pendent state claims were to be remanded.

In the Ninth Circuit case, *Hodge v. Mountain State Tel. and Tel.*, 55 F.2d 254 (9th Cir. 1977), a customer filed a civil suit against telephone company, alleging a number of federal and state claims stemming from defendant's installation of a pen register on his telephone in connection with an investigation into obscene telephone calls. The court stated, [w]hen a district court dismisses all federal claims prior to trial, it should not retain jurisdiction over pendent state claims. *Hodge*, 55 F.2d 254, 261, citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Walling v. Beverly Enterprises*, 476 F.2d 393, 398 (9 Cir. 1973); *Wham-O-Mfg. Co. v. Paradise Manufacturing Co.*, 327 F.2d 748, 752-753 (9 Cir. 1964). The court concluded that appellant stated no federal constitutional or statutory claim. The court states, "[I]n light of our disposition of the federal claims, we feel that it is appropriate to remand the state law claims to the district court with instructions to dismiss for want of federal jurisdiction." *Hodge*, 55 F.2d 254, 261.

Dismissal of all the federal claims on the merits does not always deprive the district court of pendent jurisdiction to hear the state law claims. Pendent jurisdiction exists where there is a sufficiently substantial federal claim to confer federal jurisdiction in the first place, and a "common nucleus of operative act" between the state and federal claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *see Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974).

A federal claim is insubstantial to begin with if it is " 'absolutely devoid of merit' " or " 'obviously frivolous' ".  <u>Hagans,</u> 415 U.S. at 536-37, 94 S.Ct. at 1379 (citations omitted). In this case, the federal law as to First Amendment Right to free speech was settled, in addition Plaintiff did not properly plead the claim.  This court found that "plaintiff is judicially estopped from claiming that she took part in the letter of Concern when she denied any connection to the letter of concern in the complaint." Order Granting Partial Summary Judgment, January 5, 2007 at 4. The court also found that plaintiff has "no cognizable remedy for her claim for wrongful discharge."

In addition, the idea of black listing claim can be considered novel questions of law in the Commonwealth that should be left to the decision of the state courts.

For the above stated reasons, Defendant CNMI Public School System respectfully requests this court to grant the motion to dismiss.

Respectfully submitted this 12th day of January 2007.

By:

_____/s/_____
Karen M. Klaver
Attorney for the Public School System