Filed: **January 13, 2007**
**10:50 a.m.**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA BLACK,           ) | Civil Action No. 05-0038 |
|                       ) | |
|     Plaintiff         ) | |
|                       ) | |
|     v.                ) | ORDER DENYING |
|                       ) | MOTION TO AMEND OR, |
| JIM BREWER, et al.,   ) | IN THE ALTERNATIVE, TO |
|                       ) | RECONSIDER GRANT OF |
|                       ) | PARTIAL SUMMARY JUDGMENT |
|     Defendants        ) | IN FAVOR OF DEFENDANTS |
| _____ ) | |

THE COURT has before it plaintiff's motion for leave to amend the complaint or, in the alternative, for the court to reconsider its order granting partial summary judgment in favor of defendants on five of the her seven causes of action.

Due to the imminence of the trial date, and to conserve the resources of the court and the parties, the court will decide the motion without the necessity of a filing by defendants or a hearing.

AO 72
(Rev. 08/82)

This lawsuit was filed on November 18, 2005. The complaint was never amended.

The case management scheduling order was entered on February 8, 2006, and trial was set to begin on February 5, 2007. At plaintiff's request, and to accommodate her travel schedule, the trial date was moved, by order dated May 3, 2006, to February 20, 2007. Although the court has accommodated the parties by entering orders granting modest time extensions as to certain deadlines, the trial date has not again been extended. Further, at the last status/settlement conference, all parties agreed that this matter would not be settled and that it would definitely go to trial. At that point, due to the court's own schedule, it became necessary to contact the Chief Judge of the U.S. Court of Appeals for the Ninth Circuit to ask her to appoint a judge to travel to Saipan to hear this case. She did so, and the judge appointed has changed his own calendar in Los Angeles to assist this court.

In her complaint, plaintiff averred certain facts in regards to her knowledge of a letter that was written regarding a fellow employee. In short, she denied drafting, circulating, and encouraging people to sign the letter. At some point during discovery, plaintiff changed her story and admitted her participation in the drafting of the letter. She did not thereafter attempt to amend her complaint until the motion presently before the court was filed, which was *after* summary judgment had been entered against her.

The court denies plaintiff's motion to amend and it will not reconsider its order granting partial summary judgment in favor of defendants.

As an initial matter, this motion was not preceded by a motion to shorten time, as provided by the local rules. Were the court to hear this motion on its regular motion calendar, it would not come before the court until February 15, 2007, five days before the trial is set to begin.

Plaintiff's complaint controls this litigation. She made certain allegations that were based in large measure on knowledge that was almost exclusively hers. She, more than anyone, had responsibility for sketching the broad outlines of her lawsuit. Defendants, in turn were entitled to rely on the unchanged allegations in plaintiff's complaint when they filed their motion for summary judgment. It was plaintiff's duty to timely move to amend her complaint to reflect her current version of events immediately upon the revelation or admission that the averments in her complaint were false.

Post-summary judgment motions to amend are extremely disfavored. *See* Summary Judgment: Federal Law and Practice § 7.10, (3rd ed. 2006) (A motion to amend introduces "a moving target."). The reasons for this are obvious. First, the non-moving party cannot be allowed to create a genuine issue of material fact by contradicting *her own* earlier factual contentions, whether in the complaint or discovery. *See, e.g.,* Coleman v. Quaker Oats Co., 232 F.3d 1271 (9th Cir. 2000); U.A.

3

Local 343 v. Nor-Cal Plumbing, 48 F.3d 1465 (9th Cir. 1994); In re Coordinated Pretrial Proceedings in Petroleum Products Anti-Trust Litigation, 906 F.2d 432 (9th Cir. 1990); Radobenko v. Automated Equipment Corp., 520 F.2d 540 (9th Cir. 1975). It is not only appropriate but it is required that the court consider the pleadings, as well as other matters, when deciding a summary judgment motion: "The judgment shall be rendered forthwith if the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Second, to grant this motion would allow plaintiff to escape summary judgment by *now* changing the allegations in her complaint --- allegations to which she remained wedded and which therefore have continued to define the parameters of her claims---until judgment is entered.  Third, the summary judgment motion in this case was precisely of the kind anticipated by Federal Rule of Civil Procedure 56 ("Rule 56 "): a party makes material factual assertions, which the opposing party shows are not supported or are contradicted by the party's earlier statements, resulting in summary judgment.  To grant plaintiff's motion would be to entirely eviscerate Rule 56, a result which this court is unwilling to endorse or allow.

For the reasons stated above, the court likewise denies plaintiff's motion for reconsideration, *i.e.* to alter or amend the judgment, brought pursuant to Federal Rule of Civil Procedure 59.

In order to allow the parties to prepare for trial, this court will not entertain further motions (other than proper motions *in limine*), including a motion brought pursuant to 28 U.S.C. § 1292.

IT IS SO ORDERED.

DATED this 13th day of January, 2007.

_____
ALEX R. MUNSON
Judge