**IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| **LISA S. BLACK,** | ) | CIVIL ACTION NO. 05-0038 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM IN SUPPORT OF |
| | ) | PLAINTIFF'S PROPOSED |
| **JIM BREWER, individually and in his** | ) | FINAL PRETRIAL ORDER |
| **official capacity as Acting Principal for** | ) | |
| **Hopwood Junior High School,** | ) | |
| **COMMONWEALTH OF THE NORTHERN** | ) | |
| **MARIANA ISLANDS PUBLIC SCHOOL** | ) | |
| **SYSTEM, and JOHN AND/OR JANE DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff Lisa Black by and through counsel, hereby submits this Memorandum to support the text of her Proposed Final Pretrial Order as the language that this Court should adopt as its Final Pretrial Order.

### I. Facts.

On January 16, 2007, the Parties met with this Court to hold a settlement/status conference. At that conference, the Parties informed the Court that they had a disagreement as to the language of section "c" of the Proposed Final Pretrial Order (that being the "List of Issues To Be Tried"). Despite exchanging several suggested drafts of language, the Parties cannot agree as to the language of this section of the Order and therefore, Plaintiff has presented this Court with her Proposed Order and offers this Memorandum to support this Court's adoption thereof.

K:\3200\3221-01 Lisa Black\PL\draft\MemoSuppPretrial Order-011707-glh.doc

## II. Argument.

First it is helpful to understand what Plaintiff is claiming in her second remaining claim. This is not specifically a claim of "blacklisting" as most such claims arise from a statutory prohibition of conduct defined as such. Rather, this is a claim for violation of rights under the CNMI constitution to due process because of certain post-non-renewal actions taken by an employer. The language chosen by Plaintiff reflects that of the US Supreme Court in the *Roth* case cited in this Court's previous Order Granting Partial Summary Judgment.

The only two relevant questions at issue in this claim are 1) did PSS and/or Mr. Brewer engage in any actions that damaged Plaintiff's standing and associations in the community or that imposed a stigma so as to impose due process rights and 2) if they did, to what amount should they be liable to Plaintiff for failing to provide that due process protection before the damaging actions were taken or the stigma imposed.[1] The U.S. Supreme Court in Roth stated that two post non-renewal situations may implicate due process. They are:

> The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in the community...[h]ad it done so, this would be a different case [deserving of due process protection.

and

> "[T]here is no suggestion that the State, in declining to re-employ the respondent, imposed upon him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities."

*Roth* 408 U.S. 564, 573 (1972).

---

[1] This Court has already ruled, as a matter of law, that any post-non renewal action taken by PSS or Mr. Brewer was afforded no due-process for any action taken to "actively [prevent] Plaintiff from securing other employment as a public or private school teacher in Saipan."  This is the law of the case.

2

Defendants offer alternative language that incorporated a CNMI Supreme Court decision regarding a factually distinguishable case.[2] The language suggested by Defendants for the Final Pretrial Order is overly complex and unnecessary. The issues to be decided simply are, did Defendants do either of the two things that *Roth* says triggers a right to due process protection and, if so, how much are Defendants liable for their actions. The specific interpretation in the *Hill* case is only appropriate upon a motion to test the sufficiency of evidence presented or upon appeal. It is unessecary for determining the language of the Final Pretrial Order.

### III.  Conclusion.

This Court should adopt Plaintiff's Proposed Final Pretrial Order.

Respectfully submitted, January 17, 2007.

                                    O'CONNOR BERMAN DOTTS & BANES

                                    Attorneys for Plaintiff Lisa Black

                                    By: _____/s/_____

                                    GEORGE L. HASSELBACK (F0325)

---

[2] *Hill v. CNMI*, 1 CR 905 involving a claim that solely centered on public statements made by the government, unlike here where the allegations involve statements that may damage reputation *and* the attachment of a stigma or disability forclosing other job opportunities.

3