MATTHEW T. GREGORY #F0205
Attorney General
GREGORY BAKA #F0199
Deputy Attorney General
LINDA L. WAUGH #T0046
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:	(670) 664-2341
Fax:	(670) 664-2349
E-mail:	gbaka79@yahoo.com

Attorneys for:  Defendant Jim Brewer

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| LISA S. BLACK,<br>  Plaintiff<br>  vs.<br>JIM BREWER, individually and in his official capacity as Acting Principal of HJHS Junior High School, CNMI Public School System and JOHN AND/OR JANE DOE,<br>  Defendants | ) Civil Case No. 05-0038<br>)<br>) **DEFENDANT JIM BREWER'S**<br>) **MOTION AND MEMORANDUM IN**<br>) **SUPPORT OF MOTION TO DISMISS**<br>) **FOR LACK OF SUBJECT MATTER**<br>) **JURISDICTION**<br>)<br>)<br>)<br>) **Hearing:   Waived**<br>) **Hon. Alex R. Munson**<br>)<br>)<br>) |

**<u>DEFENDANT JIM BREWER'S MOTION AND
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

Comes now defendant, Jim Brewer, through Counsel and, for the reasons set forth herein, moves this Court to dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1).

Page 1

**STANDARD FOR DISMISSAL**

"An objection based on the ground of absence of jurisdiction over the subject matter *must be considered and can be raised at any time.*" 20 *Am. Jur. 2d* 63 (emphasis added).

The Supreme Court of the United States has expressly ruled:

> **Certainly, if the federal claims are dismissed before trial**, even though not insubstantial in a jurisdictional sense, **the state law claims should be dismissed as well**. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. (footnotes omitted)

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966).

The language of the Supreme Court is mandatory, not permissive: "If the federal claims are dismissed, … the state law claims *should* be dismissed as well." The Court did not say the state law claims *may* be dismissed if all federal claims are dismissed. Moreover, the Ninth Circuit Court of Appeals is squarely in line with the reasoning of the Supreme Court:

> "**When a district court dismisses all federal claims prior to trial, it should not retain jurisdiction over pendent state claims**. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L. Ed. 2d 218 (1966); *Walling v. Beverly Enterprises,* 476 F.2d 393, 398 (9th Cir. 1973); *Wham-O-Mfg. Co. v. Paradise Manufacturing Co*., 327 F.2d 748, 752-753 (9th Cir. 1964). In light of our disposition of the federal claims, we feel that **it is appropriate to remand the state law claims to the district court with instructions to dismiss for want of federal jurisdiction**. (emphasis added)

*Hodge v. Mountain States Telephone and Telegraph Co.*, 555 F.2d 254 (9th Cir. 1977).

It cannot reasonably be argued that the court has broad discretion to retain jurisdiction

over state law claims after dismissal of all federal claims. The Ninth Circuit has clearly ruled to the contrary:

> When federal claims are dismissed before trial, the question whether pendent state claims should be entertained is within the discretion of the district court. *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985). **We have held that the proper exercise of discretion is to dismiss the pendent state claims as well**. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 651 (9th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)(emphasis added).

*Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242 (9th Cir. 1990).

## II. DISCUSSION

All of plaintiff's federal claims have been dismissed before trial. Therefore, in this case especially, following the express rulings of the Supreme Court, and of the Ninth Circuit Court of Appeals, the proper exercise of discretion requires dismissal of the Commonwealth law claims.

"Here, the state law claims not only predominate, they are all that remain of the case after the Court's grant of summary judgment. ... The 'values of economy, convenience, fairness and comity,' will be best served by allowing [state] courts to decide the state law claims." *Yezek v. Mitchell*, 2007 WL 61887 (N.D. Cal. 2007).

In denying the motion to dismiss for lack of subject matter jurisdiction, the court specified several reasons: (1) trial is slightly more than one month away; (2) the parties and the court have given "significant investment" to this matter; (3) the supplemental claims are so related to the federal claims that they form part of the same case or controversy; (4) the court is familiar with the law and the facts of the case; and (5) judicial economy and convenience to the parties are factors to be considered.

Defendant agrees that it is appropriate for the court to consider these factors, but argues that none of the factors weighs in favor of retaining jurisdiction. Rather, the facts strongly indicate that the "proper exercise of discretion is to dismiss" the Commonwealth claims.

a. <u>The Nearness of the Trial Date Weighs against Retaining Federal Jurisdiction</u>.

Following dismissal of all federal claims by this court on January 5, 2007, the parties filed a *Stipulated Request to Continue Trial Date*, which was summarily dismissed by this court on January 9, 2007, less than one week ago. Therefore, it cannot reasonably be argued, under these circumstances, that it would be unfair or inconvenient to any party to remove this case from the federal court docket. The parties mutually and specifically requested a delay in resolution by the federal court. The fact that all parties requested a continuance evidences not only a complete lack of urgency on the part of any party to have this case immediately resolved by the federal court, but a clear preference to the contrary. Accordingly, there are no issues of convenience or fairness to the parties that weigh in favor or retaining federal jurisdiction.

b. <u>Retaining Federal Jurisdiction Is an Inconvenience to the Federal Court</u>.

The court, also, is inconvenienced by retention of federal jurisdiction. The judge who has presided over this matter will not be available for trial. Rather, a new federal judge, totally unfamiliar with the case, must be brought to the Commonwealth from California to conduct the trial, in federal court, on the exclusively Commonwealth law claims. It cannot reasonably be argued that a federal judge from California, who is totally unfamiliar with the facts of this case and, presumably, also unfamiliar with Commonwealth law, will better decide issues of Commonwealth law than will a current, resident, Commonwealth judge.

c. The Interests of Judicial Economy and Convenience Do Not Favor
<u>Retention of Federal Jurisdiction</u>.

At settlement conference on January 16, 2007, the court volunteered that bringing in

a new federal judge to try the sole remaining Commonwealth law issues will cost $40,000.00. The defendant has no knowledge of how the court determined the cost of bringing in a federal judge to try the Commonwealth law claims, so does not dispute the figure. Defendant does, however, posit that if the court is correct, it cannot be argued that the interests of judicial economy are best served by retaining federal jurisdiction over the remaining exclusively Commonwealth law claims. To the contrary, dismissing this case without prejudice will save, by the court's acknowledgment, $40,000.00 in unnecessary federal judicial expenses. Trying the Commonwealth claims in Commonwealth court will not require any expense other than those expenses ordinarily associated with trial. Accordingly, the interests of judicial economy are best served by dismissing this case for lack of subject matter jurisdiction.

    d.    There Is No Basis for Favoring Federal Jurisdiction over Exclusively <u>Commonwealth Claims.</u>

Assuming, without conceding, that the sole remaining Commonwealth law claims "form part of the same case or controversy" as the now-dismissed federal claims, there still exists absolutely no basis for favoring federal court jurisdiction over Commonwealth jurisdiction in this case. The only remaining claims are intentional infliction of emotional distress and "blacklisting" in violation of the Commonwealth Constitution. The judge who will try the case is no more familiar with the facts allegedly supporting the dismissed claims or, as importantly, with the remaining Commonwealth law issues, than would be a Commonwealth judge. Rather, a Commonwealth law judge is better suited to try these claims than is a federal judge unfamiliar with this case or with local law.

    e.    The Interests of Economy, Convenience, Fairness, and Comity Favor <u>Resolution in Commonwealth Courts</u>.

There is no interest of "economy, convenience, fairness, or comity" that favors

resolution of the Commonwealth claims in federal court. Following dismissal of all federal claims, the parties mutually and specifically requested that this case be removed from the federal court calendar. The Commonwealth court is equally as convenient for all parties as is the federal court. The federal court judge who will try the case is not familiar with the facts or with local law, there is no unfairness inherent in resolution of exclusively Commonwealth claims in the Commonwealth court, and trial of the Commonwealth issues in federal court will require an unnecessary expenditure of $40,000 to bring a federal judge to the Commonwealth. As importantly, it cannot reasonably be argued that the Commonwealth court will have less interest in a fair, efficient, economical, equitable, and timely resolution of this case than will a federal judge from California.

Moreover, resolution of the remaining Commonwealth claims in the Commonwealth court is especially appropriate because one of the two remaining claims, "blacklisting" is, to the best of defendant's knowledge and belief, not a recognized tort under Commonwealth law. However, even if defendant is incorrect, whether the tort of "blacklisting" exists in the Commonwealth is a novel question of Commonwealth law that should most appropriately be decided by the Commonwealth court, not the federal court. As the Supreme Court stated:

> **Needless decisions of state law should be avoided** both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, **if the federal claims are dismissed before trial, … the state claims should be dismissed as well**. (emphasis added, footnote omitted.)

*United Mine Workers of America, v. Gibbs*, *supra*, 383 U.S. at 726.

### III.   CONCLUSION

Because: (1) No remaining issues of federal law exist; (2) The Supreme Court of the United States and the Ninth Circuit Court of Appeals have both expressly held that the proper

exercise of judicial discretion is to dismiss state law claims when all federal claims have been dismissed; (3) The parties mutually and specifically requested this case be removed from the federal court calendar, thereby evidencing a preference against immediate resolution of this case, or these issues, by a federal court; (4) A new federal judge from California, unfamiliar with the facts or with Commonwealth law, must be flown in, at significant and unnecessary expense, if the federal court retains jurisdiction over the exclusively Commonwealth claims; (5) The remaining claims contain novel issues of Commonwealth law that should be decided by a Commonwealth court; and (6) The interests of judicial economy, fairness, convenience, and comity will be better served by trial of these exclusively Commonwealth claims in the Commonwealth court, rather than in a federal court,

**Therefore**, defendant respectfully requests the Court dismiss this case for lack of subject matter jurisdiction.


      /s/
_____
GREGORY BAKA #F0199
Deputy Attorney General


      /s/
_____
LINDA L. WAUGH #T0046
Assistant Attorney General