Case 1:05-cv-00038   Document 94   Filed 01/19/2007   Page 1 of 7

FILED
Clerk
District Court

JAN 19 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK, | CIVIL ACTION NO. 05-0038 |
| Plaintiff, | |
| vs. | ARM |
| | [PLAINTIFF'S PROPOSED] |
| JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE, | FINAL PRETRIAL ORDER |
| Defendants. | |

Plaintiff Lisa Black by and through counsel, pursuant to Local Rule 16.2CJ.e.9, having attempted to resolve disagreements with Defendants regarding the language of Section "c" ("List of Issues To Be Tried") and been unable to do so, hereby submits her Proposed Final Pre-trial Order, as follows:

a.   Firm trial date:   February 20, 2007 at 9:00 a.m.

b.   Stipulated and uncontroverted facts:

1.   Plaintiff Lisa Black ("Ms. Black") is a citizen of the United States and, at the time of the events giving rise to this action, was a resident of the CNMI.

1

K:\3200\3221-01 Lisa Black\PL\draft\Pretrial Order-011207-glh.doc

2. Defendant Jim Brewer is a citizen of the United States and, at the time of the events giving rise to this suit occurred, was a resident of the CNMI.

3. Defendant Commonwealth of the Northern Mariana Islands Public School System ("PSS") is a non-profit corporation organized pursuant to CNMI statute with its principal place of business in the CNMI. PSS is charged with maintaining and operating all of the CNMI's public schools to include Hopwood Junior High School ("Hopwood"). PSS was Mr. Brewer's employer and therefore responsible for his supervision.

4. In or about March of 2003, Ms. Black began working as a teacher at Hopwood.

5. During the entire tenure of Ms. Black's employment as a classroom teacher at Hopwood, Mr. Brewer was the Principal of Hopwood. As Principal, Mr. Brewer had primary authority to recommend hiring, non-renwal and termination of classroom teachers.

6. Between the beginning of Ms. Black's tenure at Hopwood and October 6, 2004, members of the Hopwood faculty and staff became concerned with the qualifications and competence of Ms. Beth Nepaial the Vice Principal of Hopwood ("Ms. Nepaial"). Because of these concerns, several members of the staff and faculty participated in the drafting of a "letter of concern" ("the Letter").

K:\3200\3221-01 Lisa Black\PL\draft\Pretrial Order-011207-glh.doc

7.   On October 6, 2004, the Letter was delivered to the administration of PSS and the Commonwealth's Board of Education. Upon receipt of this letter, the aforementioned contacted Mr. Brewer and tasked him with investigating these concerns.

8.   On April 25, 2005, Ms. Black received notice that her contract of employment would not be renewed.

9.   In April of 2006, Ms. Black left the Commonwealth to accept a teaching position in Morocco.

c.   List of issues to be tried:

1.   Relevant to Plaintiff's Intentional Infliction of Emotional Distress claim:

   a. Did Defendants engage in conduct that was extreme and outrageous?

   b. If so, did this conduct, either intentionally or recklessly, cause severe emotional distress to the Plaintiff?

   c. If so, in what amount should Plaintiff be compensated for any severe emotional distress caused, either intentionally or recklessly, by Defendants' outrageous conduct?

   d. If Defendants did engage in conduct that was extreme and outrageous, and if this conduct, either intentionally or recklessly, resulted in severe emotional distress, did this cause physical harm to the Plaintiff?

   e. If so, in what amount should Plaintiff be compensated for physical harm caused by the severe emotional distress caused, either intentionally or recklessly, by Defendants' extreme and outrageous conduct?

   f. To what amount, if any, are Defendants liable to Plaintiff for punitive damages if they did engage in extreme and outrageous conduct that caused, either intentionally or recklessly, severe emotional distress and/or physical harm to Plaintiff?

2. Relevant to Plaintiff's Violation of rights guaranteed by the CNMI Constitution:

   a. Did Defendants make any charge against Plaintiff that might seriously damage her standing and associations in the community?

   b. If so, to what amount, if any, are Defendants liable to Plaintiff for failing to afford due process prior to making any charge against Plaintiff that might seriously damage her standing and associations in the community?

   c. Did Defendants impose a stigma or other disability upon Plaintiff that foreclosed her freedom to take advantage of other employment opportunities?

   d. If so, to what amount, if any, are Defendants liable to Plaintiff for failing to afford due process prior to imposing a stigma or other disability upon Plaintiff that foreclosed her freedom to take advantage of other employment opportunities?

d.  Disclosure of all witnesses:

1　　　　　The Parties shall have until January 23, 2007, to exchange their final witness lists. The Parties shall then have until February 7, 2007 to file in limine motions to exclude any witnesses from testifying.

e.　Listing and exchange of copies of all exhibits:

　　　　The parties shall exchange their exhibits and file a list of exhibits with the Court by January 23, 2007. The parties shall have until February 6, 2007, to file objections to the exhibit lists submitted. The failure to state an objection to an exhibit by February 6, 2007, shall act as a waiver of objections to its admissibility into evidence at trial.

f.　Pretrial rulings, where possible, on objections to evidence:

　　　　Not applicable at this time, but Parties anticipate filing certain in limine motions.

g.　Disposition of all outstanding motions:

　　　　Presently Plaintiff has outstanding a Motion To Amend her Complaint. Defendants have a Motion To Dismiss for want of jurisdiction outstanding.

h.　Elimination of unnecessary or redundant proof, including limitations on expert witnesses:

　　　　Parties reserve the right to file in limine motions.

i.　Itemized statements of all damages by all parties:

1. Plaintiff is claiming that she is entitled to general, consequential, compensatory and punitive damages and prejudgment interest.

2. Defendants do not claim damages. But reserve the right to request taxation of attorney fees and costs as would be appropriate.

j. Bifurcation of the trial:

There is no need to bifurcate the trial.

k. Limits on the length of the trial:

The parties shall have two weeks to present this matter unless otherwise ordered.

l. Jury selection issues:

No out of the ordinary jury selection issues are presented by this case.

m. Any issue that in the judge's opinion may facilitate and expedite the trial, for example, the feasibility of presenting testimony by a summary written statements:

Not applicable.

n. The date when proposed jury instructions shall be submitted to the court and opposing counsel, which, unless otherwise ordered, shall be the first date of the trial:

The parties shall exchange jury instructions that may be amended to conform to evidence presented at trial, shall be submitted to this Court the first day of trial.

IT IS SO ORDERED,

Date: 1-19-07 .

_____
Judge Alex Munson

7

K:\3200\3221-01 Lisa Black\PL\draft\Pretrial Order-011207-glh.doc