Karen M. Klaver F0241
Heather L Kennedy F0246
C.N.M.I. Public School System
P.O. Box 1370 CK
Saipan, MP 96950

Telephone: (670) 237-3046
Fax:(670) 664-3713

Attorneys for: CNMI Public School System

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **LISA S. BLACK,** | ) CIVIL ACTION NO. 05-0038 |
| ) | |
| **Plaintiff,** | ) |
| ) | |
| vs. | ) |
| ) | |
| **JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE,** | ) **DEFENDANT CNMI PUBLIC SCHOOL SYSTEM'S OBJECTIONS TO PLAINTIFF'S EXHIBITS** |
| ) | |
| **Defendants.** | ) |

Defendant the CNMI Public School System through counsel hereby submits the following objections to Plaintiff's list of proposed exhibits for trial. Defendant will submit motions in limine addressing some of these objections by February 7, 2007. All Rule numbers refer to the Federal Rules of Evidence.

1

1. *E-mail correspondence regarding PSS' teaching positions.*

   **Objections:**

   a. Lack of foundation.
   b. Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.

2. *Letter of Concern dated October 6, 2004.*

   **Objections:**

   a. Lack of foundation.
   b. Irrelevant under Rule 401 and thus inadmissible under 402.
   c. Any relevancy is outweighed by the danger of unfair prejudice, confusion or misleading the jury pursuant to Rule 403.
   d. Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.
   e. Impermissible character evidence regarding witness Elisabeth Nepaial pursuant to 404(b).

3. *Report by Dr. Edward Dragan.*

   **Objections:**

   a. Lack of foundation.
   b. Irrelevant under Rule 401 and thus inadmissible under Rule 402.
   c. Any relevancy is outweighed by the danger of unfair prejudice, confusion or misleading the jury pursuant to Rule 403.
   d. Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.
   e. Expert testimony that does not meet the requirements of Rule 702.

4. *Report by Larry Hocog.*

   **Objections:**

   a. Lack of foundation.
   b. Irrelevant under Rule 401 and thus inadmissible under Rule 402.
   c. Any relevancy is outweighed by the danger of unfair prejudice, confusion or misleading the jury pursuant to Rule 403.
   d. Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.
   e. Expert testimony that does not meet the requirements of Rule 702.

5. *Report of Roger Slater.*

    a.      Lack of foundation.
    b.      Irrelevant under Rule 401 and thus inadmissible under Rule 402.
    c.      Any relevancy is outweighed by the danger of unfair prejudice, confusion or misleading the jury pursuant to Rule 403.
    d.      Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.
    e.      Expert testimony that does not meet the requirements of Rule 702.

6. *Statistical Analysis of teacher qualifications by PSS and student performance at Hopwood.*

**Objections:**

    a.      Lack of foundation.
    b.      Irrelevant under Rule 401 and thus inadmissible under Rule 402.
    c.      Any relevancy is outweighed by the danger of unfair prejudice, confusion or misleading the jury pursuant to Rule 403.
    d.      Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.

7. *Emails from Jim Brewer to Austin Briggs and Brad Latzke.*

**Objections:**

    a.      Lack of foundation.
    b.      This exhibit is incomplete and thus inadmissible unless the remainder of the e-mail is introduced pursuant to Rule 106.

8. *Notice of Personnel Action.*

**Objections:**

    a.      Lack of foundation.
    b.      This exhibit is incomplete and thus inadmissible unless the remainder of the document is introduced pursuant to Rule 106.

9. *Letters of Recommendation.*

**Objections:**

    a.      Lack of foundation.
    b.      Irrelevant under Rule 401 and thus inadmissible under Rule 402.
    c.      Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.

*10. Correspondence regarding disputes between Lisa Black, Rory Starky and Katherine Barja.*

**Objections:**

    a.    Lack of foundation.
    b.    Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.

*11. Evaluations of Plaintiff.*

**Objections:**

    a.    Lack of foundation.

*12. Correspondence regarding propriety of evaluations of Plaintiff.*

**Objections:**

    a.    Lack of foundation.
    b.    Irrelevant under Rule 401 and thus inadmissible under Rule 402.
    c.    Any relevancy is outweighed by the danger of unfair prejudice, confusion or misleading the jury pursuant to Rule 403.
    d.    Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.

*13. Correspondence regarding letters of concern and formal reprimands.*

**Objections by page number:**

    a.    Page 408-409: lack of foundation; hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.

    b.    Page 413: no objection

    c.    Page 418: lack of foundation; hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.

    d.    Page 455: no objection

    e.    Page 444: no objection

       f.       Page 443: no objection

       *g.*       Page 419: same document as p. 443– no objection

*14. Correspondence regarding investigation of letter of concern.*

**Objections:**

    a.    Lack of foundation.
    b.    Irrelevant under Rule 401 and thus inadmissible under Rule 402.
    c.    Any relevancy is outweighed by the danger of unfair prejudice, confusion or misleading the jury pursuant to Rule 403.
    d.    Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.
    e.    Impermissible character evidence pursuant to Rule 404(b).

*15. Various newspaper articles reporting on the letter of concern.*

**Objections:**

    a.    Lack of foundation.
    b.    Irrelevant under Rule 401 and thus inadmissible under Rule 402.
    c.    Any relevancy is outweighed by the danger of unfair prejudice, confusion or misleading the jury pursuant to Rule 403.
    d.    Hearsay pursuant to Rule 801 and thus inadmissible under Rule 802.
    e.    Impermissible character evidence pursuant to Rule 404(b).

*16. Photographs of Hopwood.*

**Objections:**
    a.    No copy provided to Defendant PSS.
    b.    Lack of foundation.
    c.    Irrelevant under Rule 401 and thus inadmissible under Rule 402.

Respectfully submitted by:


_____/s/_____
Heather L. Kennedy    F0246
Attorney for the Public School System