**IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| **LISA S. BLACK,** | ) | CIVIL ACTION NO. 05-0038 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DECLARATION OF GEORGE** |
| **JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE,** | ) ) ) ) ) ) | **HASSELBACK, ESQ.** |
| | ) | |
| **Defendants.** | ) | |

I, George L. Hasselback, declare under the penalty of perjury according to the laws of the Commonwealth of the Northern Mariana Islands and the United States of America, that the following is true and based upon my personal knowledge, except where noted otherwise, and if called to testify, I could do so competently:

1. I am an associate with O'Connor, Berman, Dotts & Banes, the attorneys of record for the Plaintiff in the above-entitled action.

2. During the course of my representation of the Plaintiff, I have contacted Plaintiff's expert witness Dr. Edward F. Dragan to arrange for his presence at trial. In so arranging, I explored the option of utilizing this Court's video-conferencing equipment to allow Dr. Dragan to appear remotely for his testimony. I have determined that the costs associated with Dr.

Dragan's actual appearance trial (considering compensation for travel time, plane tickets, lodging and other costs) would be approximately ten-thousand dollars ($10,000.00) more than if he appeared remotely. Considering the ease and security with which his testimony can be taken remotely, to require his physical appearance in a courtroom on Saipan would result in a significant hardship to Plaintiff, who is a woman of limited means and who we represent on a contingency basis.

3.     Furthermore, during the course of my representation of Plaintiff I have contacted Plaintiff's witness Robert Schwalbach to arrange for his appearance at trial. Mr. Schwalbach has informed me that his current academic schedule will not allow him to travel to Saipan to be physically present at trial. Considering the ease and security with which his testimony can be taken remotely, to require his physical appearance in a courtroom on Saipan would represent a significant hardship to Plaintiff as it would deprive Plaintiff of the ability to present Mr. Schwalbach as a witness. Since Mr. Schwalbach possesses unique knowledge of acts taken by Defendants after Plaintiff's non-renewal unavailable from any other source, his testimony is vital to Plaintiff's case.

Signed, on Saipan, Commonwealth of the Northern Mariana Islands, this 6th day of February, 2007.

_____/s/_____
George L. Hasselback, Esq.