Karen M. Klaver F0241
Heather L Kennedy F0246
C.N.M.I. Public School System
P.O. Box 501370 CK
Saipan, MP  96950

Telephone: (670) 237-3046
Fax:(670) 664-3713

**Attorneys for: CNMI Public School System**

**IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **LISA S. BLACK,** ) | **CIVIL ACTION NO.  05-0038** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **JIM BREWER, individually and in his** ) | **DEFENDANT CNMI PUBLIC** |
| **official capacity as Acting Principal for** ) | **SCHOOL SYSTEM (PSS)** |
| **Hopwood Junior High School,** ) | **MEMORANDUM IN SUPPORT OF** |
| **COMMONWEALTH OF THE NORTHERN** ) | **SECOND MOTION IN LIMINE** |
| **MARIANA ISLANDS PUBLIC SCHOOL** ) | **REGARDING TESTIMONY OF** |
| **SYSTEM, and JOHN AND/OR JANE DOE,** ) | **ROGER SLATER, FRONT PAY AND** |
| ) | **PUNITIVE DAMAGES** |
| **Defendants.** ) | |

**DEFENDANT CNMI PUBLIC SCHOOL SYSTEM'S MEMORANDUM IN SUPPORT
OF MOTION IN LIMINE TO EXCLUDE TESTIMONY ON DAMAGES**

**I.   INTRODUCTION**

The CNMI Public School System (PSS), makes this motion in limine to

1

1. Exclude the testimony and report of Roger Slater, the economic expert offered by Plaintiff;

2. Exclude any testimony regarding front pay;

3. Limit any damages to the cap of $100,000 as required by CNMI law; and

4. Exclude consideration of punitive damages as required by CNMI law.

## II.   ARGUMENT

**A.   Expert Testimony regarding damages as a result of wrongful discharge is not relevant.**

In this Court's Order Granting Partial Summary Judgment, the Court has already ruled that Plaintiff was not the victim of discrimination in wrongful discharge. "[P]laintiff did not engage in constitutionally protected speech.  Thus, as a matter of law, plaintiff has no cognizable remedy for her claim for wrongful discharge." Order Granting Partial Summary Judgment at 5. Accordingly, any testimony regarding damages based on a wrongful discharge is irrelevant and prejudicial.

Mr. Slater's report and testimony is based on a wrongful discharge.  The title of Mr. Slater's report is "Analysis of economic injuries [sic]sustained as a result of the **wrongful termination** [sic] of Lisa S. Black by the CNMI Public School System"(emphasis added). The goal of the report is stated as: " [w]e have been asked to determine economic damages that Ms. Black incurred as a result of her **wrongful termination** from her teaching position."  Roger D. Slater Report p. 1 (emphasis added).   His assumptions are based on wrongful discharge: "[w]e assumed that Ms. Black would continue to receive the same salary and housing allowance as she was earning at the time of her **wrongful termination** until December 2012."  Roger D. Slater

2

Report p. 1 (emphasis added).   His testimony, therefore, is not relevant to an intentional infliction of emotional distress and "blacklisting" claim.  Any relevancy is outweighed by the prejudicial effect of his conclusions based on wrongful termination.

**B.     Even if the court finds that expert testimony is relevant, expert testimony regarding back pay is not necessary.**

Mr. Slater's testimony must also be excluded pursuant to Rule 702.  Expert testimony must assist the jury in understanding evidence or determining a main issue of fact in the case. The inquiry is whether an untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute. Fed.R.Evid. 702 Advisory Committee's notes.

Determining back pay does not require the analysis of an expert but rather simple math applied to the facts of this case.  Plaintiff's earnings subtracted from the salary that she was earning at PSS.  Basic subtraction does not require the assistance of an expert.  Therefore, any expert testimony regarding back pay is not necessary to assist the jury and must be excluded.

**C.     Testimony regarding front pay is irrelevant, prejudicial and misleading.**

Front pay is not an entitlement. Nor is front pay, in contrast to back pay, a presumptively appropriate remedy for alleged employment discrimination.  Plaintiff is ineligible for a front pay award because her claim for wrongful termination has failed.  The original purpose of a front pay award was simply to provide plaintiffs who were discriminatorily terminated, and who cannot be reinstated, a financial cushion during a relatively short period in which they can be expected to obtain substantially equivalent employment. *Duke v. Uniroyal Inc*. 928 F.2d 1413, 1424 (4th Cir.

3

C:\Documents and Settings\kapileoj\Local Settings\Temporary Internet Files\OLK5253\Black PSS Motion Limine Front Pay (2).doc

1991) (front pay can be awarded "to bridge a time when the court concludes the plaintiff is reasonably likely to obtain other employment"). For example, where front pay is awarded because of hostility or antagonism under Title VII, the front pay period ends when the victim has had a reasonable amount of time to secure comparable employment. *Goss v. Exxon Office Systems Co.*, 747 F.2d 885, 889-890 (3d Cir. 1984)(Plaintiff employee charged employer with sex discrimination in violation of Title VII of the Civil Rights Act of 1964).

By the time of trial, Plaintiff will have had nearly two years to obtain employment as a teacher since she was notified that her contract with Hopwood Junior High School was not renewed in April of 2005. Plaintiff claims to have passed PRAXIS I and II which would make her a highly qualified teacher in many states and territories under U.S. jurisdiction under the No Child Left Behind Act. Accordingly, if successful in this lawsuit, then an award of back pay would be the most appropriate form of compensation and would prevent Plaintiff from obtaining a windfall at the expense of the under funded CNMI Public School System. See *Moysis v. DTG Datanet*, 278 F.3d 819, 829 (8th Cir. 2002)(court should consider employee's current employment and other awards such as compensatory damages and back pay to avoid granting plaintiff a windfall).

It is undisputed that the length of Plaintiff's employment with the CNMI Public School System for Plaintiff was for a limited term, which expired on July 31, 2005. There is no permanency in teaching positions or tenure in the Public School System as affirmed by this court's Order Granting Partial Summary Judgment. This court stated: "As a matter of law, plaintiff has no cognizable remedy for defendants' decision to not renew her employment contract." Order at 5-6, lines 24,25, 1. Since Plaintiff was not discriminatorily terminated or discharged, there is no entitlement to front pay nor should there be any mention of front pay.

4

If, for some reason, the court finds that front pay may be available for the Plaintiff, the court has the discretion to determine when the front pay period ends for a victim. *Wulach v. Bear, Stearns & Co., 53 Empl.Prac. Dec. (CCH) Paragraph 39,903 (S.D.N.Y.1990)* (front-pay limited to two years because well-qualified employee should be able to obtain comparable employment).

The recovery period for front pay ends when the employer proves that the victim would have lost his or her job based on legitimate, nondiscriminatory criteria. *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 13 Fed. R. Serv. 3d 302 (9th Cir. 1989). Again, Employer's non-discriminatory reason is already clear. It is simply the term of the contract, which ended on July 31, 2005, thus not entitling Plaintiff to any front pay.

**D.    Failure to Mitigate**

Front pay should not be mentioned, nor considered by the court as Plaintiff is also ineligible for a front pay award because of her apparent failure to mitigate damages. *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991) ("front pay may be denied or reduced when the employee fails to mitigate damages"). Even if the court were to conclude that plaintiff exercised reasonable diligence in seeking employment, the undisputed availability of jobs for which plaintiff is qualified dictates that an award of front pay, if any, be limited to a reasonable amount of time which plaintiff may be expected to obtain comparable employment. The duty to mitigate requires plaintiffs to exercise reasonable diligence in seeking employment substantially equivalent to the job from which they were terminated. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231, 102 S. Ct. 3057 (1982).

In addition, a plaintiff who accepts a lower paying job that is not substantially equivalent to the job from which her or she was terminated is not relieved of his or her obligation to

5

continue a search for comparable employment. *Tubari Ltd., Inc. v. NLRB*, 959 F.2d 451, 458 (3d Cir. 1992) (immediate acceptance of lower paying job without reasonable efforts to find comparable employment constitutes a failure to mitigate). Plaintiff has offered no proof that there is a dearth of teaching positions around the globe and that the only possible position she could have taken was in Morocco for lower pay. As she was not terminated nor let go for any discriminatory reason, she simply is not entitled to front pay damages.

**E.    Front pay is Unavailable Because Calculation of an Award if Too Speculative**

Finally, front pay is unavailable because the calculation of an award is too speculative. In *Inks v. Healthcare Distribs*, 901 F. Supp. 1403, 1408 (N.D. Ind. 1995) for an age and sex discrimination plaintiff, a front pay award was denied in light of the uncertainty whether plaintiff would have remained employed at former employer and in the absence of evidence that plaintiff would suffer significant future damages. In this case, Plaintiff herself anticipates that she will remain in the workforce for eighteen more years (from age 44-62), far too long to allow a reasonably accurate calculation of front pay given the uncertainty whether Plaintiff would have remained employed by the CNMI Public School System.

It is also undisputed that Plaintiff's employment record with the CNMI Public School System shows that Plaintiff was not renewed after her initial two-year contract at San Antonio Elementary School in 1998; that she resigned in April 2002; and that her return to the PSS as a teacher at Hopwood Junior High School was from March 2004-July 2005. Based on the Public School System's limited term contract and lack of tenure as well as the Plaintiff's sporadic employment history with PSS, it is far too speculative to assume that she would remain employed for eighteen more years at the CNMI Public School System

6

Front pay may be denied if calculation is too speculative. The longer the periods of front pay, the greater the uncertainty and the greater the likelihood an award will be invalidated. *Hybert v. Hearst Corp*, 900 F.2d 1050, 1056-1057 (9th Cir. 1990) (vacating five-year front pay award as "impermissibly speculative", "the longer the front pay a period, the more speculative the front pay award"); *Dominc v. Consolidated Edison Co.,* 652 F. Supp 815, 820 (jury's front pay award for 52-year old plaintiff covering projected salary differential until age 70 was "highly speculative"; award reduced to two years' differential), aff'd 882 F.2d (2d Cir. 1987); **Peyton v. Dimario**, 287 F.3d 1121 (D.C.Cir. 2002)(overturning unduly speculative award of front pay until retirement to 34 year old employee).

Here front pay involves hypothetical judgments and is hopelessly speculative. No fact finder can determine with reasonable accuracy whether the plaintiff would have retained her job with defendant for eighteen years, or, if so, whether her pay and benefits would have increased significantly given the dire economic situation, such as austerity days, in the Commonwealth. Nor can a fact finder accurately determine plaintiff's mitigated earnings over the course of the next eighteen years. Accordingly, testimony regarding front pay will simply serve to mislead and confuse the jury and therefore, must be excluded.

**F.   Plaintiff is Not Entitled to Punitive Damages**

Plaintiff is not entitled to punitive damages against the Commonwealth[1]. 7 CMC § 2202 (a) states:

The Commonwealth government shall be liable in tort for damages arising from the negligent acts of employees of the Commonwealth acting within the scope of their office or employment; provided that:

---

[1] Public Law 15-22 repealed the Public Employee Legal Defense and Indemnification Act, 7 CMC §§ 2301-2307 (Public Law 5-12, as amended by Public Law 9-68) in August of 2006.

7

(1) The Commonwealth and any employees engaged in the performance of services on behalf of the Commonwealth shall not be liable in tort for more than $50,000 in an action for wrongful death. Liability in other tortuous occurrences shall be limited to $100,000 per person, or $200,000 per occurrence.
(2) The Commonwealth shall not be liable for interest prior to judgment, court fees, witness fees, or for punitive damages.

The federal claims in this case have been dismissed and only state claims are left. By Commonwealth law, there are no punitive damages and any recovery is limited to $100,000. 7 CMC § 2202.

## **Conclusion**

Plaintiff should be precluded from introducing any testimony of expert report from Roger Slater regarding economic damages since the basis of the report is faulty. The parties are not going to trial on whether or not Plaintiff was wrongly terminated as written in the Slater report. The report and testimony would be confusing and highly prejudicial and should be excluded. Plaintiff is not entitled to an award of front pay for several reasons, including Plaintiff has no right to front pay since she was not wrongfully terminated, her failure to mitigate and the undue speculation in calculating front pay. Plaintiff is also not entitled to punitive damages under Commonwealth law.

Dated this 7th day of February, 2007.

Respectfully submitted by:

_____/s/_____
Heather L. Kennedy    F0246
Karen M. Klaver        F0241
Attorneys for the Public School System

8