Karen M. Klaver F0241
Heather L Kennedy F0246
C.N.M.I. Public School System
P.O. Box 1370 CK
Saipan, MP 96950

Telephone: (670) 237-3046
Fax:(670) 664-3713

Attorneys for: CNMI Public School System

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | DEFENDANT CNMI PUBLIC |
| JIM BREWER, individually and in his ) | SCHOOL SYSTEM'S |
| official capacity as Acting Principal for ) | MEMORANDUM IN SUPPORT OF |
| Hopwood Junior High School, ) | THIRD MOTION IN LIMINE TO |
| COMMONWEALTH OF THE NORTHERN ) | EXCLUDE REFERENCES |
| MARIANA ISLANDS PUBLIC SCHOOL ) | REGARDING ALLEGED |
| SYSTEM, and JOHN AND/OR JANE DOE, ) | DISCRIMINATORY ACTS AND/OR |
| ) | COMMENTS AND ANY |
| Defendants. ) | COMPLAINTS AGAINST |
| ) | DEFENDANT BREWER |

## DEFENDANT THE CNMI PUBLIC SCHOOL SYSTEM (PSS) MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE ALLEGED DISCRIMINATORY ACTS AND/OR COMMENTS AND ANY COMPLAINTS AGAINST DEFENDANT BREWER

Defendant PSS seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Plaintiff Black interjects these matters into the trial of her case through a party, an attorney or a witness, Plaintiff will cause irreparable harm to Defendants'

1

case, which no jury instruction could cure.  In an effort to avoid prejudice, Defendant PSS urges its motion in limine based on this memorandum.

**Evidence/testimony regarding alleged acts of discrimination must be excluded.**

Defendant CNMI Public School System anticipates that Plaintiff will seek to introduce evidence at trial regarding acts of alleged discrimination, mistreatment and/or favoritism of employees at Hopwood Junior High School by Defendant Jim Brewer.  Such evidence is not relevant to Plaintiff's case and any probative value that such evidence may have is outweighed by its prejudicial nature.  This evidence must be excluded pursuant to Fed.R.Evid. 403.  In addition, evidence of other acts for the purpose of proving a person acted similarly on other occasions must be excluded pursuant to Fed.R.Evid. 404(b).

In this case, the admission of any off-hand or even insensitive comments by Defendant Brewer and/or newspaper articles regarding alleged discrimination by Brewer at Hopwood Junior High School are more prejudicial than probative.   Plaintiff may attempt to introduce comments made by Brewer referring to "little manilla" and a joke about Mexicans.  The admission of these allegations creates the danger of unfair prejudice.   Even in cases of employment discrimination, such offhand comments, teasing, and isolated incidents do not amount to discrimination.  See, *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275 (U.S. 1998).  At any rate, the off-hand comments could not have been directed at plaintiff who is a white female.

Such remarks are not relevant and even if marginally relevant, have a greater potential to cause the jury to punish Defendants Brewer and PSS for conduct that has nothing to do with Plaintiff's claims.   This court has the authority to exclude such comments. In *Kelly v. Boeing Petroleum Services, Inc*. 61 F.3d 350, 356-357 (5th Cir 1995), the Court excluded testimony concerning a supervisor's (Mr. Lemoine) insensitive actions and unsympathetic attitudes towards other employees who were members of several disadvantaged minority groups.  The court found

2

that these "Bunker-esque" remarks even if relevant had "the substantial potential to confuse and mislead the jury and is calculated to arouse jury sympathy of the *unfairly* prejudicial genre causing the jury to attempt to punish BPS (employer) for other acts of Mr. Lemoine . . .". *Id.* at 356-57.

The admission of media articles and/or testimony from witnesses regarding alleged discrimination at Hopwood are marginally relevant at best. Such evidence and testimony regarding discrimination at Hopwood is "a textbook example of unfair prejudice". See, *Bhaya v. Westinghouse Elec. Corp*., 922 F. 2d, 184, 188 (3rd Cir 1990) citing 10 *Moore's Federal Practice* § 403.10[1] at IV-75 & n. 9 (1990); E. Cleary (ed.), *McCormick on Evidence* § 185 at 545 (1984); C. Wright & A. Miller, *Federal Practice and Procedure* § 5215 at 281. In *Bhaya*, the court excluded testimony from a witness regarding management's comments regarding violating a collective bargaining agreement. The court held that "such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs." *Bhaya*, 922 F. 2d at 188. Consequently, the *Bhaya* court upheld the exclusion of the testimony.

This is not a discrimination case. The only claims are the intentional infliction of emotional distress and CNMI due process violation. Yet, Plaintiff through the testimony of some employees at Hopwood and the admission of newspaper articles regarding alleged discrimination will attempt to portray Mr. Brewer as a racist who discriminated against employees at HJHS. It must be noted that the newspaper articles are hearsay and must be excluded pursuant to Fed. R.Evid.801(d)(2).   Clearly, any probative value of testimony regarding alleged discrimination of off-hand comments and jokes is outweighed by its prejudicial effect.

**Testimony from Hopwood employees regarding how they were treated by Defendant Brewer and/or PSS is similarly irrelevant and prejudicial.**

In *Haskell v. Kaman Corp*., 743 F.2d 713, 722 (2nd Cir. 1984), the court upheld the exclusion of six former employees in an age discrimination case regarding the circumstances of their termination. The court found that probative value of such testimony was so 'substantially

3

outweighed by the danger of unfair prejudice' that it definitely should have been excluded by the district court in accord with Fed.R.Evid. 403. Id at 722.  The Court noted that "even the strongest jury instructions could not have dulled the impact of a parade of witnesses" that claimed to have been laid off because of their age. *Id*.; see also, *Cowan v. Prudential Ins. Co. of America*, 141 F.3d 751, 757 (C.A.7 (Ill.) (1998)(evidence of sexual harassment of a co-worker does not demonstrate sexual harassment of Plaintiff "because only harassment which subjectively offends the plaintiff is actionable, a plaintiff cannot rely on what another plaintiff claims to be offensive").

The risk of allowing evidence regarding discrimination and/or prior complaints against Defendant Brewer will create a mini-trial regarding whether Defendant Brewer engaged in any discrimination at HJHS.  This is exactly what Evidence Rules 403 and 404(b) are designed to prevent. See, *McWhorter v. City of Birmingham*, 906 F.2d 674, 679 (11th Cir.1990) (exclusion of testimony regarding other employee grievances was upheld because the admission of such testimony "could have resulted in a series of mini-trials centering on the employment history of each officer").  Any evidence regarding discrimination at Hopwood Junior High School and complaints against irrelevant to this matter and, even if marginally relevant, its prejudicial effect far outweighs any probative value.

Based on the foregoing, Defendant PSS requests that the court issue an order excluding all references by parties, attorneys and witnesses, including all direct and indirect forms of communications, including pleadings, questions, testimony, remarks and arguments regarding the following:

1. any comments by Defendants regarding race, ethnicity, or national origin;
2. any complaints and/or grievances, other than Plaintiff's grievance, against Defendant Brewer, including any Equal Employment Opportunity Commission (EEOC) charges;
3. allegations of discrimination of any kind by Defendants;

4

Respectfully submitted this 7th day of February 2007 by:

_____/s/_____
Karen M. Klaver  F0241
Heather L. Kennedy    F0246
Attorneys for the Public School System