Heather L Kennedy F0246
Karen M. Klaver F0241
C.N.M.I. Public School System
P.O. Box 501370 CK
Saipan, MP  96950

Telephone: (670) 237-3046
Fax:(670) 664-3713

Attorney for: CNMI Public School System

**IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| LISA S. BLACK, ) | CIVIL ACTION NO.  05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JIM BREWER, individually and in his ) | DEFENDANT CNMI PUBLIC |
| official capacity as Acting Principal for ) | SCHOOL SYSTEM'S |
| Hopwood Junior High School, ) | MEMORANDUM IN SUPPORT OF |
| COMMONWEALTH OF THE NORTHERN ) | FOURTH MOTION IN LIMINE TO |
| MARIANA ISLANDS PUBLIC SCHOOL ) | EXCLUDE TESTIMONY |
| SYSTEM, and JOHN AND/OR JANE DOE, ) | REGARDING THE LETTER OF |
| ) | CONCERN, FREE SPEECH AND |
| Defendants. ) | WRONGFUL DISCHARGE |

**DEFENDANT CNMI PUBLIC SCHOOL SYSTEM MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING THE LETTER OF
CONCERN, ALL REFERENCES TO FREE SPEECH AND WRONGFUL
DISCHARGE**

Defendant CNMI Public School System (PSS) requests this court to exclude all references by parties, attorneys and witnesses, including all direct and indirect forms of communications, including pleadings, questions, testimony, remarks and arguments, regarding the following:

1.  Any testimony concerning the October 2004, Letter of Concern;

1

2. Any testimony and references that Plaintiff's free speech rights were violated;

3. Any testimony and references that Plaintiff was wrongfully discharged.

Defendant PSS requests that the court exclude all such evidence and testimony pursuant to Fed. R. Evid. 402, 403, and 404(b).

Defendant PSS anticipates that plaintiff will seek to introduce evidence at trial regarding the October 6, 2004 Letter of Concern regarding then vice-principal of Hopwood Junior High School, Beth Nepaial. Before the voir dire examination of the jury panel, defendant, CNMI Public School System makes this motion in limine. Defendant seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If plaintiff, Lisa Black, injects these matters into trial or this case through a party, an attorney, or a witness plaintiff will cause irreparable harm to the defendant's case, which no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention of a jury, defendant would be compelled to move for a mistrial. In an effort to avoid prejudice, confusing, waste of time and a possible mistrial, defendant urges this motion in limine.

### III.   ARGUMENT

**A.   The Court has Decided No Wrongful Discharge**

In this Court's Order Granting Partial Summary Judgment, the court has already ruled that Plaintiff was not the victim of wrongful discharge thus any mention that Plaintiff was wrongfully discharged should be excluded. References to wrongful discharge are irrelevant to the current cause of action. Any limited probative value of wrongful discharge is outweighed by the misleading, prejudicial and confusing effect on the jury.

2

### B. This Court has Decided Free Speech Was Not Violated

Plaintiff's claim of violation of her right to free speech under 42 U.S.C. § 1983 failed in her allegation that Brewer retaliated against her in violation of her right to free speech because Brewer had an erroneous belief that Plaintiff was responsible for drafting, circulating, and /or encouraging other parties to sign the Letter of Concern.   Order at 3. This court reiterated under Plaintiff's Claim Two for wrongful discharge "plaintiff did not engage in constitutionally protected speech".   Order at 5.  The court held as matter of law that plaintiff has no cognizable remedy for her claim of violation of her first amendment right to free speech or wrongful discharge.  The result of the order is that Black's claims for wrongful discharge and free speech are denied and should be precluded from mention at trial.

### C. The Letter of Concern is Irrelevant to This Trial

The issue and circumstances regarding the letter of concern are **irrelevant** to this trial, will **confuse the issues**, and possibly **mislead** the jurors. The Letter of Concern will also be **more prejudicial than probative** against the Defendants. Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The Letter of Concern has little if any relevance or probative value because it lacks any appreciable link to plaintiff's alleged black listing claim. Plaintiff was not responsible for drafting, circulating and/ or encouraging other parties to sign the Letter of Concern. Order at 2. The Letter of Concern is irrelevant to this trial as Ms. Black has no connection to nor was a signatory to the Letter of Concern.   In addition, the Letter of Concern is in regards to Ms. Beth Nepaial, the Vice Principal of Hopwood, and not Defendants Jim Brewer and PSS. Order at 2.

Any testimony surrounding the letter of concern could create the danger of confusing the issues.  The jury is only being asked whether the plaintiff was "black listed" from employment, not whether the issues and accusations regarding the vice-principal are accurate.   The issue at trial is not how Defendants PSS and Brewer handled the issues surrounding the letter of concern.

3

1  Again, the issues are confusing since plaintiff did not sign the letter of concern nor is the letter of
2  concern against Defendant Brewer. The Letter could divert the focus of the jury's attention away
3  from the issue at trial, and the testimony and exhibits would inject a confusing factor into this
4  case. The allegations in the letter of concern could become a mini-trial and confuse the issues to
5  the jury thus should be excluded. *Tennison v. Circus Circus Enterprises, Inc*., 244 F.3d 684, 690
6  9th Cir.(2001) (risk of "mini trial" considering that much of the testimony was disputed by
7  Defendants provided basis to exclude coworker testimony of sexual harassment).  The letter of
8  concern was not signed by Black or against Mr. Brewer and is thus misleading and irrelevant for
9  the jury.

10      Defendants dispute the allegations against Vice Principal Nepaial in the Letter of
11  Concern. If the contents of the Letter of Concern are revealed, then Ms. Nepaial should be given
12  the chance to clear her good name against such horrendous allegations against her
13  professionalism and alleged, unfounded racism. This is not a trial about Ms. Nepaial and should
14  not turn in to one.

15      Any testimony regarding the letter of concern should be excluded due to its probative
16  value being substantially outweighed by danger of unfair prejudice, confusion of issues, and
17  misleading jurors.  If relevant at all, the Letter of Concern is less probative than it is misleading
18  and unfairly prejudicial.   The letter of concern could lead the jury to believe the assertions in the
19  letter against Ms. Nepaial and implicate the leadership of Mr. Brewer, his management of
20  Hopwood Junior High School.   The issues included in the letter of concern are not relevant and
21  could damage not only Mr. Brewer's character, but Ms. Nepaial's character as well.
22  
23      By contrast, the out-of court statements created a great danger of "unfair prejudice"
24  (Fed.R.Evid. 403), which has been defined as an "undue tendency to suggest decision on an
25  improper basis." Advisory Committee Note on Rule 403. Evidence that a party committed
26  wrongs other than those at issue in a case often creates a danger of "unfair prejudice" because
27
28                                         4

such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs.  See 10 *Moore's Federal Practice* § 403.10[1] at IV-75 & n. 9 (1990); E. Cleary (ed.), McCormick on Evidence § 185 at 545 (1984); C. Wright & A. Miller, *Federal Practice and Procedure* § 5215 at 281.  *Bhaya v. Westinghouse Elec. Corp.*, 922 F. 2d, 184, 188 (3rd Cir 1990). In *Bhaya*, the testimony indicating that Westinghouse management was willing to engage in conduct that might violate the "labor laws of the contract" or might be "illegal" in some unspecified way created just such a danger. As the trial judge aptly put it, "[t]he jury probably was left with the impression that [Westinghouse's] managers were a lawless bunch." *Bhaya v. Westinghouse*, 709 F.Supp. at 600. The jury might well have been influenced to return a verdict against Westinghouse simply because the jury disapproved of management's generally lawless attitude as portrayed by […] testimony. Thus the testimony at issue here presented a textbook example of unfair prejudice. *Bhaya* at 188-189.

The letter of concern and references to free speech violations and wrongful discharge, as in *Bhay*, could show that the administration of Hopwood was a despicable bunch willing to violate the law. The jury could be convinced to return a verdict against Brewer because of the allegations written about Ms. Nepaial and accusations of violating the law.

The issues of the letter of concern, free speech and wrongful discharge are not probative to the issues at trial. Plaintiff's claim or any mention that she was not renewed due to free speech in the letter of concern or that she was wrongfully discharged has already been decided and should be excluded from mention because of its misleading and prejudicial effect.

Submitted this 7th day of February, 2007.

_____/s/_____
Heather L. Kennedy     F0246
Karen M. Klaver          F0241
Attorneys for the Public School System

5