Karen M. Klaver F0241
Heather L Kennedy F0246
C.N.M.I. Public School System
P.O. Box 1370 CK
Saipan, MP 96950

Telephone: (670) 237-3046
Fax:(670) 664-3713

Attorney for: CNMI Public School System

**IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **LISA S. BLACK,** | ) CIVIL ACTION NO. 05-0038 |
| **Plaintiff,** | ) |
| vs. | ) |
| **JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE,** | ) **DEFENDANT CNMI PUBLIC SCHOOL SYSTEM'S FIFTH MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE CERTAIN WITNESS TESTIMONY** |
| **Defendants.** | ) |

<u>**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE CERTAIN WITNESS TESTIMONY**</u>

In addition to the information that Defendant PSS seeks to exclude in its previous motions in limine, Defendant PSS seeks to exclude all testimony from the following witnesses because such information is not relevant and if relevant, its probative value is outweighed by the risk that testimony from these witnesses will be prejudicial, confusing and misleading. Moreover, other than Nariany Sikyang, the witnesses that Defendant seeks to exclude by this

1

motion were not listed in Plaintiff's or Defendant's initial disclosures.

**Dr. Janet McCullough**

Dr. McCullough was not listed in Plaintiff's initial disclosures and was not revealed as having relevant information during the course of discovery in this litigation. Defendant anticipates that Plaintiff will attempt to use this witness as a character witness and/or as expert witness not previously identified.

Dr. McCullough does not have information relevant to this case. It is Defendant's belief that Dr. Janet McCullough is a psychologist in the CNMI and friend of Plaintiff. Plaintiff's claims are that Defendant Brewer intentionally inflicted emotional distress and that she did not receive due process before allegedly being blacklisted. Dr. McCullough does not have first hand knowledge of the interactions between Black and Defendant Brewer. Any information that Dr. McCullough would offer could only be based on hearsay.

Moreover, character testimony from a friend is not relevant in this matter. Plaintiff argues that her reputation has been damaged by Defendants. However, this is not a defamation case. Plaintiff has argued that Plaintiff's liberty interest was violated without due process when Plaintiff was not offered teaching jobs with Defendant PSS after her contract with Hopwood Junior High School was not renewed. Unless the testimony is related to Plaintiff's work experience, it is not relevant. There is no information produced during discovery in this case that Dr. McCullough was ever a co-worker or supervisor of Plaintiff. Therefore, Dr. McCullough would have no first hand or relevant knowledge about Plaintiff's reputation as a teacher.

Defendants request that any testimony from friends regarding plaintiff's performance not be admissible. In *Rauh v. Coyne*, the employer Defendants were granted a ruling by the Court in limine that testimony from colleagues and friends of plaintiff concerning her job performance before and after her employment at defendants' establishment will not be admissible. *Rauh v. Coyne*, 744 F. Supp 1181, 1184 (D.C. Cir. 1990). While such evidence would have some slight probative value, bearing upon her performance for defendants, that probative value is far

2

outweighed by other considerations.  The court went on to say that: "Rule 404(a) provides that evidence of a 'person's ... trait of character is not admissible for the purpose of proving action consistent therewith on a particular occasion." *Id.*

Finally, any testimony from Dr. McCullough regarding any stress suffered by Plaintiff must be excluded because it will confuse and mislead the jury.  Dr. McCullough has not been identified as an expert witness.  Yet, her profession will lead the jury to assume that any information that she submits regarding any stress suffered by Plaintiff is the opinion of an expert.  Any testimony regarding Plaintiff's stress should be excluded from testimony as the probative value of a doctor lay witness testifying is more prejudicial than probative. "Jurors may well assume that an expert, unlike an ordinary mortal, will offer an authoritative view on the issues addressed;  if what an expert has to say is instead tangential to the real issues, the jury may follow the "expert" down the garden path and thus focus unduly on the expert's issues to the detriment of issues that are in fact controlling." *Rogers v. Raymark Industries, Inc.*, 922 F.2d 1426, 1431 (9th Cir. 2001).  As discussed at length in Defendant PSS's First Motion in Limine to exclude expert witnesses, the risk of prejudice and confusion associated with witnesses perceived as experts outweighs any probative value that Dr. McCullough's testimony may have.

**Anthony Sterns, M.D.**

It is Defendant's belief that Dr. Anthony Sterns operates a family practice on the island of Saipan.  He was not listed in Plaintiff's initial disclosures and was not identified as an expert in this matter.  It is Defendant's belief that Dr. Sterns is the husband of Janet McCullough and friend of Plaintiff.  His testimony must be excluded for the same reasons to exclude Dr. McCullough that the risk of prejudice and confusion associated with the doctor witness outweighs any probative value.

**Nariany Sikyan**g

3

During the relevant time period, Nariany Sikyang worked as a counselor at Hopwood Junior High School. Defendant anticipates that Nariany Sikyang will testify regarding the "letter of concern" and her allegations of discrimination. Plaintiff has offered as exhibits newspaper articles where Ms. Sikyang is quoted. As stated in Defendant's Third and Fourth Motions in Limine, testimony regarding the letter of concern, allegations of discrimination, free speech violations and employee complaints about Defendant Brewer and Elizabeth Nepaial are not relevant to this matter.

The testimony of any co-worker should be focused on whether the co-worker was a witness to any extreme or outrageous conduct by Defendant Jim Brewer. Any co-worker who does not have first hand knowledge of such conduct must be prohibited from testifying. Ms. Sikyang does not have personal knowledge about Jim Brewer's treatment of Plaintiff other than what Plaintiff told Ms. Sikyang. She was not a witness to any private meetings between Defendant Brewer and Plaintiff. Any testimony that she may provide regarding staff meetings would be cumulative to the testimony of other witnesses identified by Plaintiff. The risk of prejudice, confusion and creating a mini-trial regarding Ms. Sikyang's complaints regarding the administration at Hopwood Junior High School, as covered by the local media, far outweighs any probative value of testimony from Ms. Sikyang.

Defendant are trying to avoid the situation of a potential mini-trial regarding Sikyang's complaints against Brewer. Defendant disputes the allegations in the newspaper articles where Sikyang is quoted and do not feel the probative value of those articles and testimony outweighs the testimony and exhibit's prejudicial effects. In *Tennison v. Circus Circus Industries, Inc.*, 244 F.3d 684 (9th 2001) the court found that while testimony from co-workers in a sexual harassment case testimony may be probative, it also presented a legitimate and substantial risk of unfair prejudice to Defendants. "The trial court could reasonably conclude that the unfair prejudice substantially outweighed the probative value. *See* Fed.R.Evid. 403. Here, admitting [coworkers] testimony might have resulted in a "mini trial," considering that much of their testimony was disputed by Defendants. The trial court could reasonably conclude this would be

4

an inefficient allocation of trial time.   In addition, the trial court could reasonably conclude that admitting [coworkers] testimony, along with Defendants' rebuttal evidence, would create a significant danger that the jury would base its assessment of liability on remote events involving other employees, instead of recent events concerning Plaintiffs." *Tennison* at 690.

**Roland Brown**

Roland Brown was not on the initial disclosure list.  Based on the Declaration of Roland Brown that Plaintiff submitted with its Combined Opposition to Defendant's Motion for Summary Judgment, Mr. Brown has nothing to offer other than hearsay.  Mr. Brown's affidavit, attached as Exhibit B, provides no specific factual allegation that Defendant Brewer or PSS representatives ever spoke with Mr. Brown about Plaintiff.  The affidavit vaguely asserts "…I was informed by persons other than Ms. Black regarding certain issues she had with the administration of Hopwood."   Consequently, Roland Brown should be excluded from testifying.

**Dr. John B. Joyner**

The Plaintiff did not identify Dr. John B. Joyner as a person having discoverable information.  Defendant anticipates that Plaintiff will offer Dr. John Joyner to discuss his involvement in the "letter of concern" dispute at Hopwood.  Again, for the reasons stated in Plaintiff's Fourth Motion in Limine excluding testimony related to the letter of concern and allegations of discrimination at Hopwood, Dr. Joyner must be excluded from testifying.

WHEREFORE, Defendant PSS requests that the court exclude the aforementioned witnesses from testifying in this matter for the reasons set forth.

5

Respectfully submitted this 7th day of February 2007.

_____/s/_____
Heather L. Kennedy    F0246
Karen M. Klaver       F0241
Attorneys for the Public School System