**GEORGE L. HASSELBACK, ESQ. – (F0325-NMI)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa S. Black*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **LISA S. BLACK,** ) | **CIVIL ACTION NO. 05-0038** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **MOTION IN LIMINE TO** |
| **JIM BREWER, individually and in his** ) | **PRECLUDE INTRODUCTION OF** |
| **official capacity as Acting Principal for** ) | **IRRELEVANT, PREJUDICIAL** |
| **Hopwood Junior High School,** ) | **CHARACTER EVIDENCE** |
| **COMMONWEALTH OF THE NORTHERN** ) | |
| **MARIANA ISLANDS PUBLIC SCHOOL** ) | |
| **SYSTEM, and JOHN AND/OR JANE DOE,** ) | **Trial Date: February 20, 2007** |
| ) | |
| **Defendants.** ) | |

### I. Introduction.

Plaintiff, Lisa Black, by and through counsel, hereby moves this Court to prohibit the introduction of certain proposed exhibits by Defendant CNMI Public School System ("PSS").[1] This Motion is supported by the authority and argument contained herein, as well as all other papers on file with this Court and all argument to be adduced at the hearing of this Motion. The evidence sought to be introduced by PSS is irrelevant considering the narrow issues to be

---

[1] Specifically, Plaintiff seeks to bar the admission of PSS's Proposed Exhibits A, B, C, D, E, FF and VV.

tried before the jury. In light of this, its introduction constitutes impermissible character evidence and is therefore inadmissible.

## II. Argument.

The documents Plaintiff asks this Court to preclude from entry into evidence relate solely to previous positions that she has held with PSS. PSS seeks to present these documents to justify the non-renewal of Plaintiff. However, since the propriety of this non-renewal is no longer at issue in this case, those documents are irrelevant and could only be used to impermissibly attack Plaintiff's character.

### A. Whether PSS Was Justified In Refusing To Renew Plaintiff's Contract Is No Longer An Issue.

After this Court decided the PSS's Motion for Summary Judgment, the only remaining causes of action to be tried before the jury are 1) for violations of the CNMI and U.S. Constitutions guarantees to due process, and 2) intentional infliction of emotional distress.[2] Plaintiff's basis for both of these remaining causes of action are allegations that once Defendant Jim Brewer ("Mr. Brewer") determined not to renew Plaintiff, both he and the PSS took action to prevent Plaintiff from being able to secure another job as a teacher in the CNMI. Importantly, neither claim depends upon the propriety of the non-renewal, but rather they are only concerned with what PSS may or may not have done to prevent Plaintiff from other gainful employment as a teacher in the CNMI. Put simply, ***whether PSS was justified in***

---

[2] *See* this Court's Order dated Januray 5, 2007 (granting partial summary judgment) and this Court's Order dated January 18, 2007 (clarifying that due process claims under both the U.S. and CNMI Constitution were preserved for trial).

*refusing to renew Plaintiff's employment contract is no longer an issue in this case.* Therefore, PSS's justifications for non-renewal are irrelevant and highly prejudicial.

### B. This Evidence Is Irrelevant.

Federal Rule of Evidence 402 specifically states that "[e]vidence which is not relevant is not admissible." Likewise, Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Here, PSS seeks to present evidence to justify their non-renewal of Plaintiff's employment contract. However, as mentioned above, whether or not PSS was justified in refusing to renew Plaintiff's employment contract *is no longer at issue in this case.* Perhaps if Judge Munson had not dismissed Plaintiff's claims of wrongful termination, these documents would have some "tendency to make the existence of any fact that is of consequence." He did not, however, and therefore, these documents that seek to justify Plaintiff's non-renewal have no relevance in this trial and should be deemed inadmissible.

PSS has another motivation to present this evidence, however, but it should not be allowed to improperly attack Plaintiff's character through the introduction of otherwise inadmissible evidence.

### C. This Evidence Would Be Used To Improperly Attack Plaintiff's Character.

Since whether PSS was right or wrong in refusing to renew Plaintiff's employment contract is off the table so to speak, presentation of evidence justifying that personnel action

would only serve to attack Plaintiff's character. PSS will produce this evidence to convince the jury that Plaintiff was a bad teacher and a lousy person. Since PSS's justification in refusing to renew Plaintiff's contract is no longer at issue (*see* above), the effect of the presentation of this evidence would be to insinuate that since, as PSS will contend with this evidence, Plaintiff was a bad teacher and a lousy person, the jury should not believe her.[3]

Impeachment of a witnesses through extrinsic character evidence (like these documents), however, is restricted to extrinsic evidence as to the witnesses' "character for truthfulness or untruthfulness." Fed.R.Evid. 608(b). Here, the documents that PSS wishes to present have nothing to do with Plaintiff's truthfulness or untruthfulness. They are documents which reflect her job performance in previous positions that she has held with PSS. These documents could not be used as extrinsic evidence of Plaintiff's character because they do not tend to indicate, one way or another, what Plaintiff's character is with regard to telling the truth. Therefore, as they are not relevant to the remaining causes of action and they cannot be used to impeach Plaintiff's credibility, these documents should not be admitted into evidence at trial.

---

[3] PSS's intention to attack Plaintiff's character improperly is made more obvious by PSS seeking to introduce as Proposed Exhibit VV which is so glaringly irrelevant and would so uneqivicoly serves no purpose in this case. Proposed Exhibit VV is an email from Plaintiff to a person who has no connection whatsoever to this case and concerns a dispute about a house painting contract that she and Plaintiff entered into. What possible relevance could this document possibly have? How else could PSS intend to use it other than to "prove" that Plaintiff is a bad person? If this document were admitted into evidence, what would stop PSS from introducing every unflattering document that it could get its hands on, regardless of their complete lack of relevance.

K:\3200\3221-01 Lisa Black\PL\draft\Motions In Limine\MotLimPriorJob-020707-glh.doc

### III. Conclusion.

As much as Defendants want to defend their non-renewal of Plaintiff, this issue has been put to rest on summary judgment. The documents that they wish to introduce that support their alleged justification are no longer relevant in any of the remaining causes of action. The only remaining use for these documents is to attempt to convince the jury that Plaintiff is a bad person and that they should not listen to her. This would be an improper use of extrinsic character evidence. Therefore, these documents should be excluded from presentation as evidence.

Dated : February 7, 2007    Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Lisa Black


By: _____/s/_____
GEORGE L. HASSELBACK (F0325)

K:\3200\3221-01 Lisa Black\PL\draft\Motions In Limine\MotLimPriorJob-020707-glh.doc