**GEORGE L. HASSELBACK, ESQ. – (F0325-NMI)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa S. Black*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| LISA S. BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | MOTION IN LIMINE TO |
| JIM BREWER, individually and in his ) | PRECLUDE TESTIMONY OF |
| official capacity as Acting Principal for ) | KAREN KLAVER |
| Hopwood Junior High School, ) | |
| COMMONWEALTH OF THE NORTHERN ) | |
| MARIANA ISLANDS PUBLIC SCHOOL ) | Trial Date : February 20, 2007 |
| SYSTEM, and JOHN AND/OR JANE DOE, ) | |
| ) | |
| Defendants. ) | |

### I.  Introduction.

Plaintiff, Lisa Black, by and through counsel, hereby moves this Court to prohibit the trial testimony of Defendants' proposed witness Karen Klaver ("Ms. Klaver").  This Motion is supported by the authority and argument contained herein, as well as all other papers on file with this Court and all argument to be adduced at the hearing of this Motion.  As Ms. Klaver is an attorney for PSS who has appeared in this case, her testimony at trial would be highly inappropriate and possibly violative of the ethical rules governing the practice of law within the CNMI.

## II. Argument.

Ms. Klaver has appeared on behalf of PSS in this case via pleadings, appearance at deposition and appearance at settlement and status conferences. Her sudden transformation now from advocate to material witness is not only improper under the CNMI's ethical rules governing attorneys,[1] but will also operate to unduly influence the jury.

### *A. Ms. Klaver, As PSS's Attorney, Should Not Act As A Witness.*

First and foremost, Ms. Klaver should not be permitted to now abandon her role as attorney for PSS and testify as a witness at trial.

#### *1. Ms. Klaver Testifying At Trial Would Violate Ethical Rules.*

Rule 3.7 of the Model Rules of Professional Conduct states that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Comment 2 to this Rule outlines the various risks involved in allowing an attorney to testify as a witness, in that:

> [t]he tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

Here, Defendants have informed Plaintiff that Ms. Klaver will not be acting as counsel for PSS during the trial, but rather Ms. Linda Waugh ("Ms. Waugh") of the CNMI Attorney General's

---

[1] The CNMI has adopted the American Bar Association's Model Rules of Professional Conduct as its ethical rules.

office will be doing so. However, Ms. Klaver has defended a number of witness depositions that could very well be introduced at trial as "prior inconsistent statements" under Federal Rule of Evidence 105. Plaintiff is then entitled under Rule 105 for a jury instruction that these deposition statements can be received to 1) assess the witnesses credibility,[2] or, more importantly in the context of this Motion, 2) as substantive evidence to show the truth of the prior statement.[3] Therefore, if a prior inconsistent statement in a deposition is offered as substantive evidence under the second scenario, Ms. Klaver will, in effect, be appearing as the trial attorney for the purposes of that substituted testimony, thus triggering her ethical obligations under Model Rule 3.7. Considering the potential for an ethical violation, she should not be permitted to testify at trial.

### *2. Ms. Klaver As A Witness Risks Fundamental Tenets Of Our Adversarial System.*

Furthermore, Ms. Klaver's transformation from advocate to witness implicates more than her individual ethical obligations as an attorney. Long has "[t]he advocate-witness rule prohibit[ed] an attorney from appearing as both a witness and an advocate in the same litigation." *U.S. v. Prantil*, 764 F.2d 548, 552, 553 (9th Cir. 1985).[4] More than just threatening a violation of ethical obligations:

> [t]his venerable rule is a necessary corollary to the more fundamental tenet of our adversarial system that ***juries are to ground their decisions on the facts of a case and not on the integrity or credibility of the advocates***. Accordingly, adherence to this time-honored rule is more than just an ethical obligation of individual counsel; ***enforcement of the rule is a matter of institutional concern implicating the basic foundations of our system of justice***.

---

[2] Under Federal Rule of Civil Procedure 32(a)(1).

[3] Under Federal Rule of Evidence 801(d)(1)(A) allowing it to be received for the truth that the statement asserts.

[4] Examining the "advocate-witness rule" in the context of a criminal case, but this rule is just as applicable in the civil context. *See generally Travelers Ins. Co. v. Dykes,* 395 F.2d 747 (5th Cir. 1958).

*Id* (emphasis added). So then, were Ms. Klaver permitted to testify, the jury could become confused when instructed to judge the credibility of witnesses and not that of the attorneys involved.[5] This risks too much, and therefore, Ms. Klaver should be prohibited from testifying as a fact witness in this case.

### B. Plaintiff Will Be Unfairly Prejudiced By Her Testimony.

In addition to the impropriety of Ms. Klaver acting as a witness in this case, her position as the attorney of one of the Defendants (PSS) will unduly inflate her credibility with the jurors to the prejudice of Plaintiff. Other than the ethical and institutional considerations that gave rise to the "advocate-witness rule," there is "a risk that the jury might confuse the lawyer's testimony as a witness with the lawyer's testimony as an advocate—a risk that brings Federal Rule 403 into play." MCCORMICK ON EVID. § 68 (6th ed.). Here, if the jury is presented with testimony by a witness who is also an attorney for one of the Defendants and who has actively participated in all pre-trial stages of litigation (to include defending depositions that may be entered into evidence), the risk that they will be unduly influenced to believe Ms. Klaver's testimony is not to be underestimated. For this reason too then, Ms. Klaver should be prohibited from testifying at trial.

Plaintiff is not aware of any special knowledge that Ms. Klaver has or that Ms. Klaver was a witness to any incidents or facts remaining in issue. Plaintiff believes that PSS has chosen to call its attorney rather than someone from its human resources department or some

---

[5] This risk is even more acute considering that the jury would have to weigh Ms. Klaver's statements as evidence and the other PSS attorney's statements as argument ("Ms. Waugh"). The potential for jury confusion is high.

other knowledgeable manager for the very reason that the "advocate-witness rule" was adopted—to take advantage of her added credibility because of her status as an attorney. Under these circumstances, PSS should not be allowed to call Ms. Klaver as a witness.

### III. Conclusion.

Because her testimony at trial is an ethical impropriety that would undermine the integrity of the trial, Ms. Klaver should not testify as a witness. Because her testimony at trial violates the "attorney-advocate rule" and undermines the fundamental tenets of our adversarial system Ms. Klaver should not testify as a witness. Because her testimony at trial would unduly influence the jury and prejudice the Plaintiff Ms. Klaver should not testify as a witness. Any of these reasons alone would justify this Court's grant of Plaintiff's Motion. Therefore this Court should grant Plaintiff's Motion In Limine and Order that Ms. Klaver is not permitted to testify as a witness at trial.

Dated : February 7, 2007          Respectfully submitted,

                                  O'CONNOR BERMAN DOTTS & BANES
                                  Attorneys for Plaintiff Lisa Black


                                  By: _____/s/_____
                                  GEORGE L. HASSELBACK (F0325)

K:\3200\3221-01 Lisa Black\PL\draft\Motions In Limine\MotLimKlaver-012207-glh.doc