MATTHEW T. GREGORY #F0205
Attorney General
GREGORY BAKA #F0199
Deputy Attorney General
LINDA L. WAUGH #T0046
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:   (670) 664-2341
Fax:         (670) 664-2349

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| LISA S. BLACK<br><br>             Plaintiff<br><br>  vs.<br><br>JIM BREWER, individually and in his official capacity as Acting Principal of HJHS Junior High School , CNMI Public School System and JOHN AND/OR JANE DOE,<br><br>             Defendants | ) Civil Case No. 05-0038<br>)<br>)<br>)<br>)<br>) **DEFENDANTS' MOTION IN LIMINE**<br>) **TO EXCLUDE HEARSAY EVIDENCE**<br>) **AND MEMORANDUM IN SUPPORT**<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION

Defendant Jim Brewer hereby moves to order plaintiff to refrain from seeking to introduce at trial hearsay evidence through testimony of witness Roland Brown. This motion is supported by the following memorandum in support.

# MEMORANDUM

Federal Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to rove the truth of the matter asserted." Federal Rule of Evidence 802 prohibits the admission of hearsay at trial.

In support of plaintiff's claims that defendants violated plaintiff's rights by "blacklisting," plaintiff offered the Declaration of Mr. Roland Brown. Mr. Brown declared as follows:

> "Subsequent to hiring Ms. Black, I was informed by persons other than Ms. Black regarding certain issues that Ms. Black had had with the administration of Hopwood Junior High School. Specifically, I was informed that Ms. Black had been involved with a grievance proceeding involving the Principal of Hopwood, Mr. Jim Brewer. I was told that I should discontinue her employment as soon as contractually possible because of the problems that she had with PSS and its administration. It was my understanding that this information had been disseminated by Hopwood staff and administration.
>
> "I was also informed that Ms. Black had a warrant issued by the Department of Public Safety ("DPS") for her arrest. I was told that I should terminate her immediately because of this warrant. I contacted DPS and was told that no such warrant had been issued. Because the information regarding the warrant turned out to be false, I did not give much credence to the other information passed on to me regarding Ms. Black and decided to continue her employment as a teacher."

Mr. Brown's declaration amounts to nothing more than hearsay. Mr. Brown does not indicate that he "was informed" by defendants of the allegations concerning Ms. Black. Moreover, Mr. Brown admits that he disregarded the information, and continued to employ

Ms. Black, thereby destroying her claim that the alleged dissemination of information by defendants caused Ms. Black employment injury.

The Court may grant a motion in limine to exclude inadmissible hearsay. In the alternative, the Court may caution plaintiff "not to attempt to elicit inadmissible hearsay from any witness." *U.S. v. Low*, slip op., 2006 WL 1582432 (D. Hawaii).

Even if Mr. Brown's testimony was not excludable as hearsay, it is irrelevant or, if marginally relevant, prejudicial and misleading. Therefore, the proferred testimony is excludable pursuant to Fed. R. Evid. 402, 403 and 702.

## IV. CONCLUSION

For the reasons contained herein, defendants request the court issue an order excluding the hearsay testimony of witness Roland Brown..

DATED this 7th day of February, 2007.

      /s/
_____

LINDA L. WAUGH #T0043
Assistant Attorney General