**GEORGE L. HASSELBACK, ESQ. – (F0325-NMI)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa S. Black*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **LISA S. BLACK,** ) | **CIVIL ACTION NO. 05-0038** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **OPPOSITION TO DEFENDANT** |
| **JIM BREWER, individually and in his** ) | **BREWER'S MOTION IN LIMINE** |
| **official capacity as Acting Principal for** ) | |
| **Hopwood Junior High School,** ) | |
| **COMMONWEALTH OF THE NORTHERN** ) | **Trial Date :  February 20, 2007** |
| **MARIANA ISLANDS PUBLIC SCHOOL** ) | |
| **SYSTEM, and JOHN AND/OR JANE DOE,** ) | |
| ) | |
| **Defendants.** ) | |

## I.  Introduction.

Defendant Jim Brewer ("Mr. Brewer") has moved this Court to order Plaintiff not to attempt to introduce inadmissible testimony at trial.  This Motion is based upon erroneous assumptions that Mr. Brewer knows how and to what one of Plaintiff's witnesses will testify. Furthermore, Mr. Brewer wastes Plaintiff's and this Courts time with a Motion In Limine raising concerns that are more properly brought in the form of an objection at trial.  For these reasons, this Motion should be denied in full.

**II. Argument.**

Mr. Brewer's erroneous assumptions as to the character and form of testimony that will be given by Dr. Roland Brown ("Dr. Brown") should not justify any limitation of its presentation at trial.

*A. How Would Mr. Brewer Know The Character And Form Of Mr. Brown's Testimony?*

First and foremost, Mr. Brewer cannot with any confidence purport to know how, and about what, Mr. Brown will testify. Just like PSS, Mr. Brewer learned of Dr. Brown and his possession of relevant information when Plaintiff was deposed in August of 2006. Despite this knowledge, however, ***Mr. Brewer never interviewed or deposed Dr. Brown.*** So then, just like PSS, Mr. Brewer makes assumptions about the amount of information that Dr. Brown has and the form of the testimony he shall give.

*B. Mr. Brown's Testimony Is Relevant.*

Plaintiff would like to expose the fallacy that Mr. Brown's testimony is in any way irrelevant (or marginally relevant) as Mr. Brewer contends.[1] Central to all of Plaintiff's causes of action is the question of whether or not Mr. Brewer and PSS actively attempted to prevent Plaintiff from gaining employment as a public or private school teacher after her employment contract was not renewed.[2] As the portions of Dr. Brown's declaration testimony quoted by Mr. Brewer reflect, Dr. Brown has information regarding attempts by certain individuals to get him to fire Plaintiff because of her conflict with Defendants, even going so far as to lie about

---

[1] Mr. Brewer's Motion In Limine at 3.

[2] *See* this Court's Order Granting Partial Summary Judgment that preserves claims for due process violation and intentional infliction of emotional distress, both based on allegations of actual and/or attempted "blacklisting" within the CNMI educational community.

K:\3200\3221-01 Lisa Black\PL\draft\Motions In Limine\Response to theirs\OppMotLimBrewer-020907-glh.doc

criminal charges that Plaintiff has never faced.[3]  Certainly testimony tending to prove or disprove that steps were taken to scuttle Plaintiff's chances at continued employment in the CNMI educational community are relevant to Plaintiff's claims.  Therefore, the insinuation that this testimony is trivial or irrelevant is highly disingenuous, and should not support grant of Mr. Brewer's Motion In Limine.

### *C. Mr. Brewer Is Jumping The Gun With This Motion.*

Despite having never deposed Dr. Brown or asked any substantive questions about his testimony, Mr. Brewer moves this Court to "caution plaintiff (sic) "not to attempt to elicit inadmissible hearsay from any witness.""  Mr. Brewer's Motion at 3 citing *U.S. v. Low,* slip op., 2006 WL 1582432 (D. Hawaii).  This request presupposes that Plaintiff's counsel is planning on attempting to admit evidence that they know is inadmissible (a possible violation of the code of ethics).  Putting aside for a moment how insulting this insinuation is considering the utter lack of any effort to depose or interview Dr. Brown, this request does nothing but waste this Court's and all Parties' time and efforts.

To put this to rest, Plaintiff agrees wholeheartedly with the holding of *U.S. v. Low* in that "[d]uring the trial, if [Plaintiff] asks a question of a witness that [Mr. Brewer] believes may elicit inadmissible hearsay, ***[Mr. Brewer] may raise an objection at that time*** (emphasis added).  2006 WL 1582432 (D. Hawaii).  Mr. Brewer does not know the context under which any questions will be asked of Dr. Brown.  Mr. Brewer does not know the form that any such questions may take.  Mr. Brewer does not know what foundation Plaintiff's counsel may lay

---

[3] Mr. Brewer's Motion In Limine at 2.

before asking any such questions. Mr. Brewer does not know of the purpose for with any statements may be elicited from Dr. Brown. In short, at trial, and not now, is the proper time to raise a hearsay objection.

      This Motion should be denied

Dated : February 7, 2007          Respectfully submitted,

                                      O'CONNOR BERMAN DOTTS & BANES
                                      Attorneys for Plaintiff Lisa Black

                                      By: _____/s/_____
                                      GEORGE L. HASSELBACK (F0325)