Heather L Kennedy F0246
Karen M. Klaver F0241
C.N.M.I. Public School System
P.O. Box 1370 CK
Saipan, MP  96950

Telephone: (670) 237-3046
Fax:(670) 664-3713

Attorney for: CNMI Public School System

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **LISA S. BLACK,** | ) CIVIL ACTION NO.  05-0038 |
| **Plaintiff,** | ) |
| vs. | ) |
| **JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE,** | ) **DEFENDANT CNMI PUBLIC SCHOOL SYSTEM'S OPPOSITION TO MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF IRRELEVANT, PREJUDICIAL CHARARCTER EVIDENCE** |
| **Defendants.** | ) **Trial Date: February 20, 2007**<br>) **Hon. Terry Hatter** |

**Introduction**

The CNMI Public School System is in opposition to Plaintiff's motion in limine to preclude introduction of irrelevant, prejudicial character evidence. The evidence sought to be introduced is relevant considering the issues to be tried in this matter and should be admitted.

**Argument**

1

The character evidence that PSS intends to introduce is not to justify the non-renewal of Plaintiff's contract. The issues left in this case relevant to her allegation of violation of rights guaranteed by the CNMI Constitution include whether Defendants took action against Plaintiff to prevent her from being able to secure a job in the CNMI. Evidence regarding Plaintiff's behavior and performance at other schools because it indicates that there are reasons other than any actions by Defendants that prevented Plaintiff from being employed in the CNMI.  In addition, Plaintiff will likely claim that Defendant Brewer's disciplinary actions are based on reasons other than Plaintiff's behavior and performance.  The fact that plaintiff has a history of insubordination and problems getting along with colleagues is relevant to the defense in this case.   Defendants must have the opportunity to demonstrate that Plaintiff through her interactions with colleagues and superiors at Hopwood and other schools provided more than enough information to cause employers not to want to hire her without any effort by Defendants to blacklist her.

**Character Evidence**

Where a person's character is an issue in a case within the meaning of Rule 404 (a) or Rule 405(b) character evidence is admissible to show action in conformity with that character. Here, Plaintiff claims that Defendants have made charges against Plaintiff that might **seriously damage her standing** and association in the community and that defendants imposed **a stigma or other disability** upon Plaintiff that foreclosed her freedom to take advantage of other employment opportunities.  Her performance as a teacher at Hopwood and other schools is material to Defendant's case.

Defendant PSS is accused of black listing the plaintiff. Where a character trait is an essential element of a claim, charge, or defense in lawsuit, character evidence is admissible on

2

propensity. Plaintiff is suing Defendant PSS for imposing a stigma on her and seriously damaging her standing in the community. Plaintiff's background of employment with the very same employer she is accusing, is material and relevant thus character evidence is admissible.

Under Rule 405, methods of proving character may be used by specific instances of conduct. In cases, such as this one, in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of that person's conduct. The exception to allowing evidence of a person's character evidence is relevant and necessary as Plaintiff claims she was black listed due to her involvement in the letter of concern at Hopwood. Defendant PSS will argue and present a defense that shows Plaintiff's tarnished her own image, and seriously damaged her own standing long before her employment at Hopwood. Although Plaintiff does not want evidence of her character admitted because she concludes evidence will show she is a "bad teacher and a lousy person," the evidence should be left for a fact finder to make the conclusion. Unfortunately for Plaintiff, she believes her past employment record will show she is a "bad teacher" and "lousy person", however that is the same evidence that Defendant PSS is relying on to defend the claims that Plaintiff is not black listed and that Defendant did not impose any stigma on her reputation.

Plaintiff's character is relevant as to why other principals did not hire Plaintiff. Plaintiff is charging PSS with imposing a stigma on her ability to teach. Plaintiff's character is relevant to the issues in this trial. The documents regarding her non-renewal go the heart of her character and her image in the educational community. Insubordination, letter of reprimand and non-renewal notices are exactly what is at issue, whether defendants created a stigma or Plaintiff created it herself.

3

**Past Performance is Relevant**

Under Rule 401 relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence. Evidence is relevant if it has any tendency to establish a proposition or fact that is material to the lawsuit. (A practical guide to Federal Evidence, Bocchino & Sonenshein, 1996, p. 31)

Although Plaintiff argues that all "Evidence which is not relevant is not admissible", defendant will argue another line of Rule 402 that "all relevant evidences admissible, except as otherwise provided [.]" Plaintiff is suing Defendant PSS for imposing a stigma on her and seriously damaging her standing in the community. Plaintiff's background of employment with the very same employer she is accusing, is a material issue and is relevant. There is a philosophy in favor of admitting evidence and allowing the fact finder to determine the weight to be given the evidence. In this case Plaintiff's past work performance with PSS has a logical relationship to reasons she may not have been rehired from the same employer.   The fact that Plaintiff would not have been hired by schools for reasons other than Plaintiff's claims of blacklisting are clearly relevant and admissible.

Previous employment and performance during that employment is relevant in any job search.  References from prior employers are often used to determine whether an applicant is acceptable.  Plaintiff's performance and behavior at schools both at Hopwood and elsewhere is admissible to show that Plaintiff would have been unable to obtain employment regardless of any efforts by PSS to blacklist her. Plaintiff's history of insubordination and problems getting along with colleagues is relevant it could help the jury understand why potential supervisors for Plaintiff would not consider her employment.

4

Past performance and non-renewals of employment are relevant to show that the stigma Plaintiff alleges that was placed on her by PSS was in fact self-created by her previous employment record including non-renewals and other documentation regarding insubordination.

Plaintiff is characterizing the evidence of her non-renewals as equating the non-renewals to plaintiff being a bad person. Those are the words that Plaintiff is using in her motions, not the characterization by Defendants. Defendants are saying that the two non-renewals and numerous insubordinations are possible reasons that are necessary and logical to present to the jury as to why other principals within PSS did not hire plaintiff.  The issues is not as simple as Defendant blacklisting her for conduct as Hopwood, which she alleges and PSS denies, but reasons for her alleged stigma can be found in other areas including the non-renewals and disciplinary actions by other schools.

The other issue is in regards to the intentional infliction of emotional distress claim of whether defendants engage in conduct that was extreme and outrageous- if the conduct alleged is not giving Plaintiff a job at PSS or in the community, then again the issue of previous non-renewals is relevant.

**Conclusion**

Defendant PSS is quite aware that the issue regarding Plaintiff's non-renewal is settled as Defendant prevailed on the issue. Documents used to support the non-renewal are still relevant to show why Defendant Public School System and other employers did not hire Plaintiff. Plaintiff's past record of insubordination, performance, letters of reprimand and other documents go to the core of the defense in the remaining issue at trial that Defendant did

5

not place a stigma and seriously damage her reputation in the community or intentionally inflict emotional distress by preventing her from obtaining employment.

Submitted this 14th day of February, 2007.

_____/s/_____
Heather L. Kennedy    F0246
Karen M. Klaver        F0241
Attorneys for the Public School System

6