Heather L Kennedy F0246
C.N.M.I. Public School System
P.O. Box 1370 CK
Saipan, MP  96950

Telephone: (670) 237-3046
Fax:(670) 664-3713


Attorney for: CNMI Public School System

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **LISA S. BLACK,** ) | CIVIL ACTION NO.  05-0038 |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **DEFENDANT CNMI PUBLIC** |
| **JIM BREWER, individually and in his** ) | **SCHOOL SYSTEM'S OPPOSITION** |
| **official capacity as Acting Principal for** ) | **TO MOTION IN LIMINE TO** |
| **Hopwood Junior High School,** ) | **PRECLUDE TESTIMONY OF** |
| **COMMONWEALTH OF THE NORTHERN** ) | **KAREN KLAVER** |
| **MARIANA ISLANDS PUBLIC SCHOOL** ) | |
| **SYSTEM, and JOHN AND/OR JANE DOE,** ) | Trial Date: February 20, 2007 |
| ) | Hon. Terry Hatter |
| **Defendants.** ) | |

Defendant, the CNMI Public School System makes this opposition to Plaintiff's Motion in Limine to Preclude Testimony of Karen Klaver.

**Argument**

Ms. Klaver, an attorney for PSS will not be trying this case. The Office of the Attorney General will try the case. As far back as January 25, 2006, Plaintiff filed with this court, Plaintiff's Pre-Discovery Disclosure Statement, Plaintiff herself identified Ms. Klaver as a person with potentially discoverable information.  Plaintiff has never deposed Ms. Klaver

1

for this case, although Plaintiff identified Ms. Klaver as a potential witness. Plaintiff's counsel also did not object to Ms. Klaver attending any of the depositions, even though Plaintiff had listed Ms. Klaver as a potential witness.

The lawyer-witness rule only disqualifies the lawyer from acting as an advocate at trial; other matters such as participating in pretrial activities, preparation of briefs and pleadings, and planning and trial strategy are not generally barred. In the Michigan Bar Association Opinion RI-226 (February 7, 1995), which interprets Rule 3.7, it states "a lawyer who is going to be a necessary witness concerning a contested fact may not serve as the advocate <u>at trial</u>, i.e. <u>as the person who presents evidence and argument or otherwise participates as a spokesperson for the client in open court</u>.  The lawyer is not thereby prohibited from taking the case, from negotiating with the parties, or from performing trial preparation."  Citing to ABA op. 89-1529.  "Advocate", for purposes of the Rule, was defined as "a person who presents evidence and argument or otherwise participates as a spokesperson for the client <u>in open court</u>."   As Ms. Klaver will not be the advocate at trial, her participation is not barred nor unethical.

D.C. Bar Ethics Opinion No. 228 (1992) states although precluded from acting as trial counsel, a lawyer who is likely to be a necessary  witness at trial ethically may assist substitute counsel in both pre-trial matters and trial preparation and may continue him/herself to represent the party in most pretrial proceedings citing Rule 3.7 (a), Rule 1.7 (b) and Rule 1.4 (b).  The opinion continued that as comment to Rule 3.7 (a) explains:

> [T]he advocate-witness rule is intended to prevent prejudice that could result from the lawyer's assumption of dual roles at trial.   All of the reasons underlying the rule relate to concerns that might arise only at trial. Indeed, Rule 3.7(a)'s reach is limited to the trial stage, i.e, the lawyer is prohibited from acting only as "Advocate at trial" when he or she is likely to be a necessary witness. Given the Rule's express limitation and the trial

2

stage purposes it is intended to serve, we conclude that a lawyer who is likely to be a necessary witness at trial may represent a client in most pre-trial matters. This includes but is not limited to, taking witness depositions, pre-trial discovery and argument of most pre-trial motions, and also assisting in trial preparation.  It follows a fortiori that the lawyer-witness may assist substitute counsel in similar matters.

The American bar Association Committee on Ethics and professional Responsibility considered the same issue in Informal Opinion 89-1529 (10/20/89). In reaching the same conclusion under substantially the same rule, the ABA committee found several reasons for permitting the lawyer-witness to represent the client advocate during the pre-trial stage.

D.C. Bar Opinion 228, Lawyer-Witness Participation in Pre-trial Proceedings, Inquiry No. 91-10-38, Adopted May 19, 1992.

See also *Petrilli v. Dreschel*, 94 F. 3d 325, 329 (7th Cir. 1996) (lawyer-witness rule does not preclude in-house counsel from testifying in employee's ERISA action since counsel's role was solely that of fact witness; although counsel involved in litigation, he did not act as advocate); *Drago v. Davis, 1996* WL 479696 (N.D. Ill. Aug. 20, 1996) (defendant's attorney and his law firm not disqualified as witnesses even though attorney had conversation with plaintiff concerning alleged harassment by defendant's employee; no proof that testimony regarding the conversation would be disputed or that the testimony of defendant's attorney would be prejudicial to his client), *Cerill v. Highley*, 797 So. 2d 1288 (Fla. App. 2001) (plaintiff's counsel was not disqualified from participating in pretrial proceedings in civil battery action, even though there was possibility that counsel would be a witness at trial because he had witnessed the battery); *Anderson v. Koch Oil Co.,* 929 S.W.2d 416, 422 (Tex. 1996)(attorney-witness rule only prohibits testifying attorney from acting as an advocate before a tribunal, not from engaging in pretrial, out-of-court matters such as preparing and signing pleadings, planning trail strategy, and pursuing settlement negotiations); *In re Bahn*, 13 S.W.3d 865 (Tex. App.-FortWorth 2000)(fact that attorney's testimony would go to

3

essential fact of client's case and could cause confusion that would keep jury from fairly evaluating case on the merits and thus disqualification of attorney from representing client at trial warranted; however, fact that attorney would testify at trial did not warrant disqualifying him from participation in pretrial matters).

The cases cited and ethics opinions are more on point and relevant than the case of *U.S. v. Prantil* cited by Plaintiff. *Prantil* involves an attorney appearing as a witness and advocate at trial. The policies quoted in the opinion include "Barring testimony by the participating prosecutor 'eliminates the risk that a testifying prosecutor will not be a full objectionable witness given his position as an advocate for the government." *Prantil*, 764 F.2d at 553. Here, however, Ms. Klaver is not participating as an attorney at the actual trial in a criminal matter. The *Prantil* case continues that "prosecutor not disqualified as a witness under the "awesome office" theory so long as prosecutor does not otherwise participate in trial," *Id.*, citing *United States v. Cerone*, 452 F.2d 274, 288 (9th Cir, 1971). The case talks about the "potential for jury confusion is perhaps at its height during final argument when the prosecutor must marshal all the evidence, including his own testimony." *Id*. Here, once again, the factual situation is difference, Ms. Klaver is not a prosecutor and will not be presenting a closing argument or otherwise appearing as an attorney at trial.

The common fiber in the cases expounding the above principles is that the testifying attorney was also participating as **trial** counsel. However, the attorney is nonetheless a competent witness and his relationship goes to the weight, not to the competency of his testimony. (*Gowdy* v. *Richter* (1974), 20 Ill.App.3d 514, 523, 314 N.E.2d 549, 556.)

PSS, a government agency with limited resources, should not have had its choice of counsel interfered with by Plaintiff. "Where none of the Rule 3.7's purposes are served by

4

pre-trial disqualification, such a disqualification of the advocate-witness would only serves to deprive the client of the lawyer of firm which not only knows the case best but with whom the client most likely has an established relationship." See. D.C. Bar Ethics Opinion No. 228, citing *Norell, Inc. v. Federated Department Stores, Inc*., 450 F. Supp. 127, 130 (S.D.N.Y. 1978).   As in house counsel, Plaintiff could not preclude all work by Ms. Klaver on the case thus placing a substantial hardship on the PSS by necessitating outside counsel. The ethics rules do not require such an act, nor has Ms. Klaver breached any ethical code by participating in pre-trial matters. The motion in limine should be denied in its entirety,

                                   Submitted this 14th day of February 2007.


                                   _____/s/_____
                                   Heather L. Kennedy    F0246
                                   Attorney for the Public School System