**GEORGE L. HASSELBACK, ESQ. – (F0325-NMI)**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa S. Black*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| **LISA S. BLACK,** | ) | **CIVIL ACTION NO.  05-0038** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MOTION IN LIMINE TO** |
| **JIM BREWER, individually and in his** | ) | **PRECLUDE TESTIMONY OF** |
| **official capacity as Acting Principal for** | ) | **KAREN KLAVER** |
| **Hopwood Junior High School,** | ) | |
| **COMMONWEALTH OF THE NORTHERN** | ) | |
| **MARIANA ISLANDS PUBLIC SCHOOL** | ) | **Trial Date :  February 20, 2007** |
| **SYSTEM, and JOHN AND/OR JANE DOE,** | ) | |
| | ) | |
| Defendants. | ) | |

### I.  Introduction.

Plaintiff, by and through counsel, hereby offers her Reply to the opposition by Defendant CNMI Public School System ("PSS") to Plaintiff's Motion to preclude the testimony of proposed defense witness Ms. Karen Klaver ("Ms. Klaver").  Because of Ms. Klaver's participation in pretrial depositions that may be offered as substantive evidence implicates ethical rules her testimony at trial is unseemly and should not be allowed. Furthermore, PSS does nothing to address the portions of Plaintiff's Motion addressing policy

considerations and potential prejudice to Plaintiff. This Motion, therefore, should be granted despite PSS's opposition.

## II. Argument.

Despite PSS's opposition, this Motion should be granted and Ms. Klaver precluded from testifying.

### A. Ms. Klaver, As PSS's Attorney, Should Not Act As A Witness.

Whether or not Ms. Klaver's testimony at trial would implicate ethical rules (as Plaintiff insists it would), her sudden transformation from attorney to advocate would be unseemly and should not, therefore, be allowed. Plaintiff addressed the fact that the attorney-advocate rule implicates fundamental foundations of our adversarial system.[1] PSS insists upon a mechanical application of the rule that would preclude this Court's consideration of the appearance of impropriety generated by Ms. Klaver acting as a witness in this case. Therefore, to avoid such an appearance of propriety, Ms. Klaver should not testify.

### B. Plaintiff Will Be Unfairly Prejudiced By Her Testimony.

PSS also failed to address other significant concerns raised in Plaintiff's Motion In Limine. First, PSS says nothing to counter the contention that the jury may be unduly influenced by the testimony of a PSS *legal* representative in a *legal* proceeding. Since the risk of undue influence is present, and not addressed by PSS, this Court should grant this Motion.

---

[1] *See* Plaintiff's Motion at 2.

Finally, it bears mention that while Plaintiff may have listed Ms. Klaver as a person with potentially discoverable information, PSS did not. Relying upon this, and keeping in mind that testimony by acting counsel for parties is something that should be a last resort, Plaintiff did not take the deposition of Ms. Klaver. Furthermore, at what stage of litigation would Ms. Klaver have stopped being an attorney and started being a witness so that Plaintiff could depose her? Additionally, what information could Ms. Klaver have provided without violating attorney client privilege? Finally, what would have happened had Plaintiff deposed Ms. Klaver, she had declined to answer questions and then PSS waives privilege at trial to let her answer the same questions posed by PSS at trial? This sudden, 11th hour transformation into a witness should not be permitted.

Plaintiff's Motion should be granted.

Dated : February 14, 2007        Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Lisa Black


By: _____/s/_____
GEORGE L. HASSELBACK (F0325)

K:\3200\3221-01 Lisa Black\PL\draft\Motions In Limine\Ours\RepOppMotLimKlaver-021407-glh.doc