**MICHAEL W. DOTTS, ESQ., F0150**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Lisa S. Black*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE
### COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPLY TO DEFENDANT CNMI |
| ) | PUBLIC SCHOOL SYSTEM'S |
| JIM BREWER, individually and in his ) | OPPOSITION TO MOTION IN |
| official capacity as Acting Principal for ) | LIMINE TO PRECLUDE |
| Hopwood Junior High School, ) | INTRODUCTION OF IRRELEVANT |
| COMMONWEALTH OF THE NORTHERN ) | PREJUDICIAL CHARACTER |
| MARIANA ISLANDS PUBLIC SCHOOL ) | EVIDENCE |
| SYSTEM, and JOHN AND/OR JANE DOE, ) | |
| ) | |
| Defendants. ) | |

## I.
## PSS MISUNDERSTANDS RULE 404

The CNMI Public School System ("PSS") has opposed Plaintiff's motion in limine to exclude character evidence because, according to PSS, "character evidence is admissible to show action in conformity with that character." <u>Defendant CNMI Public School System's Opposition to Motion In Limine To Preclude Intervention of Irrelevant, Prejudicial Character Evidence</u>, filed February 14, 2007 ("<u>PSS's Opposition</u>") at p. 2, 1. 18. Rule 404 specifically states that character evidence is "not admissible for the purpose of proving action in conformity

therewith," with only three exceptions. The first two exceptions deal with *criminal cases* and are not applicable here. The third exception deals with the credibility of a witness who testifies and permits the admission character evidence bearing on the truthfulness of that witness. The character evidence in issue here involves allegedly showing up late to classes, taking unauthorized leave, and being argumentative and otherwise insubordinate. The character evidence in issue here does not related to the truthfulness of the Plaintiff. Therefore, Plaintiff's motion should be granted.

## II.
## PSS MISSES THE MARK ON THE BLACK LISTING CLAIM

PSS argues that "character evidence is relevant as to why other principals did not hire the Plaintiff." PSS's Opposition at p. 3, 1. 21. Plaintiff doubts this is true but what PSS intends to do and what Plaintiff has objected to is the calling of witnesses to testify as to Plaintiff's poor performance at other schools. Questioning the principals at the schools Plaintiff applied to as to why they did not hire her is not objected to. Presenting evidence of how Plaintiff allegedly behaved at other schools is what Plaintiff seeks to exclude.

If a principal testifies that he or she decided not to hire Lisa Black because she came late while working at a school other than at Hopwood, Plaintiff can deal with that testimony through cross examination. What is objected to is parading teachers or administrations before the jury to testify that Lisa showed up for work late at those schools, was argumentative or took unauthorized leave, and was otherwise insubordinate at those other schools. The witnesses who only have testimony about how Plaintiff behaved at other schools do not have relevant or

admissible evidence. All they offer is inadmissible character evidence as to how the Plaintiff may have behaved in the past.

### III.
### WHAT IS RELEVANT IS THE ACTIONS THE DEFENDANTS TOOK AFTER OCTOBER 6, 2004

Plaintiff concedes that her past performance at other schools *could* be relevant as to why her contract with Hopwood was not renewed except that PSS has already testified that it was not considered. No incident prior to April, 2004, when Plaintiff was already at Hopwood, was considered with regard to her nonrenewal. PSS made this clear in answer to Interrogatory Number 3 served on May 15, 2006.[1]

Lisa's actual conduct at Kagman Elementary School and other schools is not at issue. The truth or falsity of whether she came late to those schools or was insubordinate while there is not at issue. Evidence bearing or Lisa's behavior at the other schools is inadmissible character evidence and should be excluded. Plaintiff's motion in limine should be granted.

Dated : February 15, 2007             Respectfully submitted,

                                                  O'CONNOR BERMAN DOTTS & BANES
                                                Attorneys for Plaintiff Lisa Black

                                                By: _____/s/_____
                                                      Michael W. Dotts, Esq.

---

[1] Plaintiff asserts that the nonrenewal of her Hopwood contract was done to inflict emotional distress upon her and was outrageous because it was so out of line with PSS policies and procedures. The court has ruled that the nonrenewal is not actionable as a violation of civil rights but it remains actionable as an intentional infliction of emotional distress and as imposing a stigma and a disability upon her.

K:\3200\3221-01 Lisa Black\PL\draft\Motions In Limine\Ours\070215-Rep2DefCNMIPSStoOPP2MotioninLimine-.doc