Karen M. Klaver F0241
Heather L Kennedy F0246
C.N.M.I. Public School System
P.O. Box 1370 CK
Saipan, MP  96950

Telephone: (670) 237-3046
Fax:(670) 664-3713

Attorneys for: CNMI Public School System

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| LISA S. BLACK,                         ) | CIVIL ACTION NO.  05-0038 |
|                                        ) | |
| **Plaintiff,**                         ) | |
|                                        ) | |
| vs.                                    ) | |
|                                        ) | |
| JIM BREWER, individually and in his    ) | DEFENDANT CNMI PUBLIC |
| official capacity as Acting Principal for ) | SCHOOL SYSTEM'S |
| Hopwood Junior High School,            ) | MEMORANDUM IN SUPPORT OF |
| COMMONWEALTH OF THE NORTHERN ) | SIXTH MOTION IN LIMINE TO |
| MARIANA ISLANDS PUBLIC SCHOOL  ) | EXCLUDE TESTIMONY |
| SYSTEM, and JOHN AND/OR JANE DOE, ) | REGARDING EVIDENCE WHICH |
|                                        ) | WOULD UNNECESSARILY |
| **Defendants.**                        ) | EMBARRASS WITNESSES |

<u>**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE**</u>
<u>**TESTIMONY/ QUESTIONS REGARDING EVIDENCE WHICH WOULD**</u>
<u>**UNNECESSARILY EMBARRASS WITNESSES**</u>

Defendant PSS learned yesterday that the Plaintiff intends to illicit testimony regarding an alleged affair between Defendant Brewer and another Hopwood employee and other sexual history of Defendant Brewer.  Evidence, testimony and even questions regarding Brewer's sexual history are irrelevant, prejudicial, harassing, inappropriate, offensive, and will result in

1

undue embarrassment.

Plaintiff may attempt to introduce evidence at trial that is unfounded, inflammatory, and speculative- introduced solely for the purpose of embarrassing PSS witnesses and Defendant. PSS believes at trial plaintiff will try to introduce unflattering personal information about Brewer and another Hopwood administrator that is unrelated to work performance and this case. Plaintiff may go so far as to suggest that there was an affair between Defendant Brewer and another administrator at Hopwood. Plaintiff may also attempt to inquire about an alleged consensual relationship between Defendant Brewer and a co-worker at a former place of employment in the U.S. mainland.

This evidence should be excluded at trial on grounds of relevance, unfair prejudice, confusion and a waste of the court's time. *United States v. Lopez*, 611 F.2d 44, 45 (4th Cir. 1979) ("Courts should have the power to protect witnesses against cross-examination that does little to impair credibility but that may damage their reputation, invade their privacy and assault their personality"). Rule 403, Federal Rules of Evidence[1] provides the courts with the power to do just this.

In addition, Federal rules of Evidence 611 (a) provides courts with discretion to protect witnesses from questioning that causes "harassment or undue embarrassment." "Harassment" is intended to refer to a "manner of examination that is offensive." Charles Alan Wright and Victor James Gold, 28 Federal Practice and Procedure, Evidence § 6164. "Undue embarrassment" refers to "the offense that is caused by the subject matter of questioning." *Id.* Rule 611(a) contemplates that courts will intervene to prevent only "undue" embarrassment. The courts task under Rule 611 is essentially "to balance the extent to which the subject of questioning is

---

[1] Rule 403 should also be used provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

2

offensive against the potential probative value to be derived from the examination." *Id*.

"Most of the cases where courts have intervened [under rule 611] involve questioning concerning the illegality or acts involving sex, drugs, religion, and other matters of a highly personal nature." Wright and Gold, § 6164.  For example in *U.S. v. Scroggins*, 939 F.2d 416, 421 (1991), the Seventh Circuit concluded that the trial court did not abuse its discretion prohibiting the defendant from impeaching a government witness with questions regarding a sex-change operation:  Even if we were to acknowledge that NA' sexual identity had any potential relevance to her credibility, we would not conclude that the court erred in protecting NA from the much more obvious potential of such harassment and embarrassment. Furthermore, Mr. Scroggins had ample opportunity to attach NA's credibility on other, more relevant grounds. The district court is authorized to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to ... protect witnesses from harassment or undue embarrassment." Fed.R.Evid. 611(a).

In *U.S. v. Allen*, 772 F.2d 1555, 1557 (11th Cir. 1985), the Eleventh Circuit ruled that the trial court acted within its authority under Rule 611(a) to protect witnesses from harassment or undue embarrassment by prohibiting cross-examination regarding the witness's intimate relationship with a woman who had been placed in his custody as a ward, where defendant failed to develop some link between credibility of witness and the relationship.  The extent of cross-examination with respect to an appropriate subject of inquiry is within the trial court's discretion. *US v. Allen* at 1557.  Fed R. Evid. 611 (a)(3) allows the court the exercise reasonable control over the examination of a witness to protect them form harassment or undue embarrassment.

Any attempt at introduction of such ludicrous allegations has no place in this trial. Even in a sexual harassment case, evidence of consensual relationships between the plaintiff's

3

coworkers and a supervisor is not relevant, as it does not amount to discrimination under Title VII. See EEOC "Policy Guidance of Employer Liability Under Title VII for Sexual Favoritism, N 915-048, January 1990 ("Title VII does not prohibit isolated instances or preferential treatment based on consensual romantic relationships"; *Burgess v. Gateway Communications, Inc.*, 26 F. Supp. 2d 888, 893 (S.D.W. Va. 1998) (Dismissing hostile environment claim based on alleging favoritism toward paramours). According to the court in *Candelore v. Clark County Sanitation Dist.*, 975 F.2d 588, 590 (9th Cir. 1992) isolated instances of consensual relationships have no relevance to a plaintiff's sexual harassment claim because "[a] co-worker's romantic involvement with a supervisor doe s not by itself create a hostile work environment." Courts have also acknowledged the potential prejudice of such a revelation. *Stahl v. Sun Microsys., Inc.*, 19 F.3d 533, 539 (9th Cir. 1994) (as to evidence of a manager's sexual relationship with his administrative assistant, "the potential for unfair prejudice is obvious.")   The only reason for plaintiff's counsel to dig around for this information is to harass and embarrass defendants, such information and allegations offers no probative value to this case whatsoever.

Defendant PSS requests that the court exclude all such evidence and testimony pursuant to Fed. R. Evid. 402, 403, and 611.  The information is irrelevant and if considered marginally relevant, it is prejudicial and misleading as stated in this memorandum.

Respectfully submitted this 16th day of February, 2007.

CNMI Public School System
Attorneys for the Public School System


By: _____/s/_____
     Heather L. Kennedy    F0246
     Karen M. Klaver       F0241

4