1  **MICHAEL W. DOTTS, ESQ., FO150**
   **O'Connor Berman Dotts & Banes**
2  **Second Floor, Nauru Building**
   **P.O. Box 501969**
3  **Saipan, MP 96950**
   **Telephone No. (670) 234-5684**
4  **Facsimile No. (670) 234-5683**
5
   *Attorneys for Plaintiff Lisa S. Black*
6
                    IN THE UNITED STATES DISTRICT COURT
7                              FOR THE
                 COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
8

9  | LISA S. BLACK, | ) | CIVIL ACTION NO.  05-0038 |
   |---|---|---|
   |  | ) |  |
10 | Plaintiff, | ) |  |
   |  | ) |  |
11 | vs. | ) | **PLAINTIFF'S OPPOSITION TO** |
   |  | ) | **DEFENDANT CNMI PUBLIC** |
12 | JIM BREWER, individually and in his | ) | **SCHOOL SYSTEM'S SIXTH** |
   | official capacity as Acting Principal for | ) | **MOTION IN LIMINE** |
13 | Hopwood Junior High School, | ) |  |
   | COMMONWEALTH OF THE NORTHERN | ) |  |
14 | MARIANA ISLANDS PUBLIC SCHOOL | ) | Trial Date : February 20, 2007 |
   | SYSTEM, and JOHN AND/OR JANE DOE, | ) | Time:  9:00 a.m. |
15 |  | ) |  |
   | Defendants. | ) |  |

1

**I.**

**Plaintiff Has No Intention of Introducing Impermissible
Character Evidence About Mr. Brewer's
Prior Work Place Affairs**

Defendant CNMI Public School Systems ("PSS") has, in a panic, moved to exclude evidence of Defendant Jim Brewer's prior work place affairs.[1] PSS should be rightly concerned that admission of such evidence of prior work place affairs would tend to prove that Mr. Brewer was having an affair with an administrator at Hopwood. However, Plaintiff recognizes that this would be impermissible character evidence. Mr. Brewer's prior work place affairs are just like the Plaintiff's alleged prior work place insubordination. Both are inadmissible under Rule 404 to prove conduct at Hopwood School in conformity with their character.[2]

Plaintiff does not intend to introduce evidence of Mr. Brewer's prior work place affairs. The anonymous "community member" that called up PSS's legal counsel jumped to the wrong conclusion. PSS's Sixth *In Limine* Motion is unfounded and should not be granted.

**II.**

**Evidence of the Relationship Between Jim Brewer and Beth Nepaial
At Hopwood is Admissible**

PSS is vague as to the relationship that Mr. Brewer had that they do not want Plaintiff to introduce evidence about. There is principally one relationship that is relevant and whether or

---

[1] PSS's support for the motion is a declaration of Heather Kennedy that states that based on a call from an anonymous "community member", Plaintiff's counsel has been asking some unidentified potential witnesses questions about Brewer's affairs. The Kennedy Declaration is not based on personal knowledge and what it is based on is hearsay and speculation. The Kennedy Declaration should not be considered by this Court.

[2] Rule 404 is not mentioned or cited to in PSS's *in limine* motion. Likely, that is because PSS hopes to introduce character evidence of Plaintiff's alleged insubordination at schools other than Hopwood and PSS does not want to draw any further attention to what Rule 404 prohibits.

not it involved sex, it is a relationship that is important for the jury to understand. Plaintiff needs to introduce evidence about the relationship between Jim Brewer and Beth Nepaial so that the jury can understand why Mr. Brewer took the actions he did against the Plaintiff.

Mr. Brewer was involved in a very close relationship with Beth Nepaial. She came under public attack. Mr. Brewer went to Ms. Nepaial's defense and believing the Plaintiff was behind the attack on Ms. Nepaial, retaliated against the Plaintiff.

The close relationship between Mr. Brewer and Ms. Nepaial explains why Mr. Brewer acted so outrageously. Mr. Brewer acted to protect a person he cared about. He did not act like a school administrator investigating charges made against a subordinate.

What was going on at Hopwood from about August, 2004 until August, 2005, is all part of the operative facts of this case. The relationship that existed between Mr. Brewer and Ms. Nepaial, sexual or not, existed and explains Mr. Brewer's outrageous conduct. The presentation of evidence regarding that relationship is proper. PSS's Sixth Motion *In Limine* should be denied.

Dated: February 17, 2007.                    Respectfully submitted,

                                                 O'CONNOR BERMAN DOTTS & BANES
                                                 Attorneys for Plaintiff Lisa Black


                                                 By: ____/s/_____
                                                      Michael W. Dotts, Esq.

*K:\3200\3221-01 Lisa Black\PL\draft\Motions In Limine\Ours\070217-Plaintiff'sOPPto PSS6thMtn-miu.doc*

4

*K:\3200\3221-01 Lisa Black\PL\draft\Motions In Limine\Ours\070217-Plaintiff'sOPPto PSS6thMtn-miu.doc*