MATTHEW T. GREGORY  # F0205
Attorney General
GREGORY BAKA  # F0199
Deputy Attorney General
LINDA L. WAUGH # T0046
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:    (670) 664-2341
Fax:              (670) 664-2349
E-mail:          gbaka79@yahoo.com

Attorneys for Defendants Jim Brewer and the CNMI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LISA S. BLACK, | CIVIL ACTION NO. 05-0038 |
| Plaintiff, | |
| vs. | **MOTION FOR RECONSIDERATION OF ORDER RETAINING JIM BREWER AS A DEFENDANT** |
| JIM BREWER, individually and in his official capacity as Acting Principal of HJHS Junior High School, CNMI Public School System and JOHN AND/OR JANE DOE | |
| | Hearing:    Waived |
| | Judge:      Hon. Terry Hatter |
| Defendants. | |

The Commonwealth of the Northern Mariana Islands respectfully requests reconsideration of this Court's Order of February 12, 2007, retaining Jim Brewer as a defendant in his individual capacity.

**DISCUSSION**

The only remaining claims in this lawsuit are local law claims, *not* federal claims. CNMI Public Law 15-22[1], codified at 7 CMC § 2201 - 2210, was designed to shield Commonwealth employees from

---

[1] A copy of P.L. 15-22 is attached hereto for the convenience of the Court.

lawsuits brought against them in their *individual* capacities for actions performed within the scope of their office or employment. Specifically, Section 2, "Findings and Purpose" of PL 15-22 states:

> The legislature finds that the Public Employee Legal Defense and Indemnification Act has failed to achieve its purpose in a cost effective manner. *Commonwealth employees are still being unnecessarily sued in their individual capacities for actions performed as employees of the Commonwealth*, even though the Commonwealth is liable for their actions and no individual liability can attach to the employee.

P.L. 15-22, Section 2, page 1, lines 3 - 8 (emphasis added).

Section 8 of P.L. 15-22, 7 CMC § 2208(b)(1) provides that actions against the Commonwealth are the *exclusive remedy* for wrongful acts of employees acting within the scope of employment.

> The remedy against the Commonwealth provided for by this Title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Commonwealth while acting within the scope of his office or employment is *exclusive* of any other civil action or proceeding for money damages, by reason of the same subject matter, against the employee whose act or omission gave rise to the claim, or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is *precluded* without regard to when the act or omission occurred.

*Id.* (Emphasis added.)

The express purpose of P.L. 15-22 was to provide Commonwealth employees immunity from lawsuits brought against them in their individual capacity in the same manner that federal legislation immunized federal employees from similar lawsuits. P.L. 15-22 "closely tracks provisions of the Federal Tort Claims Act,"[2] as amended by Congress, following the decision of the United States Supreme Court in *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580 (1988).

> The amendments [to the Federal Tort Claims Act] provided, in relevant part, that federal *employees sued in their individual capacities were automatically dismissed from lawsuits* after certification to the court by the United States Attorney General that

---

[2] P.L. 15-22, Section 2, page 2, line 6.

2

> the employee was acting within the scope of his/her employment at the time of the actions which triggered the lawsuit. The government is simply substituted as the proper defendant if the government is not already in the case.
>
> These proposed amendments to the Commonwealth Government Liability Act would accomplish the same purpose for the Commonwealth.

P.L. 15-22, Section 2, page 2, lines 12 - 19 (emphasis added).

The United States Supreme Court has recently held that the intent of the Westfall Act amendments, after which CELRTCA is patterned, is to shield employees not only from liability, but from lawsuits themselves. In *Haley v. Osborn*, 127 S. Ct. 881, 75 USLW 4066, (2007), plaintiff sued federal employee Haley, alleging tortious interference with her employment and conspiracy to cause her wrongful discharge, and further alleged that defendant Haley's efforts to bring about her discharge were outside the scope of Haley's employment. The United States Attorney General's delegate certified that Haley was acting within the scope of employment at the time of the conduct alleged in the complaint and removed the case to federal court. The District Court, relying on plaintiff's allegations, entered an order that rejected the Westfall Act certification, denied the Government's motion to substitute the United States as a defendant in Haley's place, and remanded the case to state court. The Supreme Court held that the District Court erred in denying substitution "because the Westfall Act's purpose is to shield covered employees not only from liability but from suit." *Osborn v. Haley*, 127 S.Ct. at 886. "The District Court's rejection of certification and substitution effectively denied Haley the protection afforded by the Westfall Act, a measure designed to immunize covered federal employees not simply from liability, but from suit." *Osborn v. Haley*, 127 S.Ct. at 892.

To substitute the Commonwealth for defendant Brewer in his official capacity but to retain him in his individual capacity on plaintiff's local law claims defeats the entire purpose of CELRTCA as expressed by the CNMI Legislature.

**CONCLUSION**

The CNMI Attorney General has certified that defendant Jim Brewer was acting within the scope of his office or employment at the time of the incident out of which plaintiff's claims arose. Therefore, CELRTCA requires the automatic dismissal of defendant Jim Brewer not only in his official capacity, but in his individual capacity as well.

Respectfully submitted this 19th day of February, 2007.

OFFICE OF THE ATTORNEY GENERAL

_____/s/_____
GREGORY BAKA #F0199
Deputy Attorney General
Attorneys for Jim Brewer and the CNMI