

# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

**Benigno R. Fitial**
Governor

**Timothy P. Villagomez**
Lieutenant Governor

The Honorable Joseph M. Mendiola
Senate President
Fifteenth Northern Marianas
  Commonwealth Legislature
Saipan, MP 96950

AUG 0 3 2006

The Honorable Oscar M. Babauta
Speaker, House of Representatives
Fifteenth Northern Marianas
  Commonwealth Legislature
Saipan, MP 96950

Dear Mr. President and Mr. Speaker:

This is to inform you that pursuant to the override action by the Senate and the House of Representatives of the Fifteenth Commonwealth of the Northern Mariana Islands on July 28, 2006, Senate Bill No. 15-41, SD1, entitled, "To repeal the Public Employee Legal Defense and Indemnification Act, 7 CMC §§ 2301-2307 (Public Law 5-12, as amended by Public Law 9-68), and to amend the Government Liability Act to provide for dismissal and/or representation of the Commonwealth employees in court actions; to clarify the extent of Government Tort Liability; and for other purposes," the bill became **Public Law No. 15-22**.

Sincerely,

*[signature]*
BENIGNO R. FITIAL

Cc: Attorney General, Office of the Attorney General
    Chief Public Defender
    Secretary, Department of Finance
    Director of Personnel
    Executive Director, Law Revision Commission
    Special Assistant for Programs and Legislative Review

HOUSE CLERK'S OFC
RECEIVED BY: *[handwritten]*
DATE 8/4/06  TIME 4:32 pm

RECEIVED
AUG -4 2006

Caller Box 10007 Saipan, MP 96950 Telephone: (670) 664-2200/2300 Facsimile: (670) 664-2211/2311



# The Senate

NORTHERN MARIANAS COMMONWEALTH LEGISLATURE
P.O. BOX 500129
SAIPAN, MP 96950

August 01, 2006                                    PUBLIC LAW NO. 15-22

Honorable Benigno R. Fitial
Governor
Fifteenth Northern Marianas
  Commonwealth Legislature
Capitol Hill
Saipan, MP 96950

Dear Governor Fitial:

I have the honor to inform you that the Fifteenth Northern Marianas Commonwealth Legislature repassed **Senate Bill No. 15-41, SD1**, entitled, "To repeal the Public Employee Legal Defense and Indemnification Act, 7 CMC §§ 2301–2307 (Public Law 5-12, as amended by Public Law 9-68), and to amend the Government Liability Act to provide for dismissal and/or representation of Commonwealth employees in court actions; to clarify the extent of government tort liability; and for other purposes," by the affirmative vote of two-thirds (2/3) of the members of each house, in the Senate on July 28, 2006 and in the House of Representatives on July 28, 2006.

Senate Bill No. 15-41, SD1, is now a law. Please inform us of the Public Law number assigned to this Act.

Sincerely yours,

Dolores S. Bermudes
Senate Clerk

Attachment



Hse. Comm. No. 15-89

# The House of Representatives
## NORTHERN MARIANAS COMMONWEALTH LEGISLATURE
P.O. BOX 500586
SAIPAN, MP 96950

Reply to:
Hon. Oscar M. Babauta
Speaker of the House
P.O. Box 500586
Saipan, MP 96950

July 31, 2006                            PUBLIC LAW NO. 15-22

The Honorable Joseph M. Mendiola
President of the Senate
Fifteenth Northern Marianas
   Commonwealth Legislature
Capitol Hill
Saipan, MP 96950

Dear President Mendiola:

This is to inform you that the House of Representatives in its First Day, Fourth Special Session on July 28, 2006, overrode the Governor's veto of S. B. No. 15-41, SD1, entitled, "To repeal the Public Employee Legal Defense and Indemnification Act, 7 CMC §§ 2301–2307 (Public Law 5-12, as amended by Public Law 9-68), and to amend the Government Liability Act to provide for dismissal and/or representation of Commonwealth employees in court actions; to clarify the extent of government tort liability; and for other purposes.", with the affirmative vote of two-thirds (2/3) of the members of the House of Representatives.

Sincerely yours,

Evelyn C. Fleming
House Clerk

*Transmitted to the SENATE*

Received by: _____ Date: 7/31/06 Time: 10:05 am



# Northern Marianas Commonwealth Legislature
Capitol Hill
Saipan, MP 96950

July 28, 2006                                            PUBLIC LAW NO. 15-22

Honorable Oscar M. Babauta
Speaker
House of Representatives
Fifteenth Northern Marianas Commonwealth
   Legislature
Saipan, MP 96950

Dear Mr. Speaker:

This is to inform you that the Senate, in its First Day, Sixth Special Session on July 28, 2006, overrode the Governor's veto of Senate Bill No. 15-41, SD1, entitled, "To repeal the Public Employee Legal Defense and Indemnification Act, 7 CMC §§ 2301–2307 (Public Law 5-12, as amended by Public Law 9-68), and to amend the Government Liability Act to provide for dismissal and/or representation of Commonwealth employees in court actions; to clarify the extent of government tort liability; and for other purposes," by the affirmative vote of two-thirds (2/3) of the members, Fifteenth Northern Marianas Commonwealth Legislature.

Sincerely,

Dolores S. Bermudes
Senate Clerk

Attachment

**TRANSMITTED TO** *HOUSE*:

**Received By:** _____    Date: 7/28/06   Time: 2:35 pm



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

PUBLIC LAW NO. 15-22

**Benigno R. Fitial**
Governor

**Timothy P. Villagomez**
Lieutenant Governor

The Honorable Joseph M. Mendiola
Senate President, The Senate
Fifteenth Northern Marianas
 Commonwealth Legislature
Saipan, MP 96950

JUL 2 4 2006

The Honorable Oscar M. Babauta
Speaker, House of Representatives
Fifteenth Northern Marianas
 Commonwealth Legislature
Saipan, MP 96950

Dear Mr. President and Mr. Speaker:

I have considered carefully the provisions of Senate Bill No. 15-41, SD1 entitled "To repeal the Public Employee Legal Defense and Indemnification Act, 7 CMC §§ 2301-2307 (Public Law 5-12, as amended by Public Law 9-68), and to amend the Government Liability Act to provide for dismissal and/or representation of the Commonwealth employees in court actions; to clarify the extent of Government Tort Liability; and for other purposes," which was passed by the Senate and the House of Representatives of the Fifteenth Northern Marinas Commonwealth Legislature. I commend the Members for addressing a very complex and important problem in this constructive manner.

My only reservation with the Bill relates to its proposed revisions to the amounts set forth in Section 2202 of Title 7 of the Commonwealth Code. In view of the Commonwealth's current financial difficulties, I believe that the dollar limitations on the Commonwealth's liability should be $50,000 (rather than $100,000) per person and $100,000 (rather than $200,000) per occurrence.

If we had more time to discuss this issue, I would have preferred that the Legislature recall the Bill and consider amendments reflecting my concerns. Given the deadline of July 25, 2006, for acting on the bill, I have reluctantly concluded that the only way to deal with this difference is to veto the Bill and in that manner solicit the further consideration of the Legislature.

Sincerely,

BENIGNO R. FITIAL



# The Senate
## NORTHERN MARIANAS COMMONWEALTH LEGISLATURE
P.O. BOX 500129
SAIPAN, MP 96950

June 15, 2006                              PUBLIC LAW NO. 15-22

Honorable Benigno R. Fitial
Governor
Commonwealth of the Northern
   Mariana Islands
Capitol Hill
Saipan, MP 96950

Dear Governor Fitial:

I have the honor of transmitting herewith Senate Bill No. 15-41, SD1 entitled, "To repeal the Public Employee Legal Defense and Indemnification Act, 7 CMC §§ 2301–2307 (Public Law 5-12, as amended by Public Law 9-68), and to amend the Government Liability Act to provide for dismissal and/or representation of Commonwealth employees in court actions; to clarify the extent of Government Tort Liability; and for other purposes," which was passed by the Senate and the House of Representatives of the Fifteenth Northern Marianas Commonwealth Legislature.

Sincerely yours,

Dolores S. Bermudes
Senate Clerk

Attachment



# THE SENATE
## FIFTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

PUBLIC LAW NO. 15-22

SENATE BILL NO. 15-41, SD1

## AN ACT

To repeal the Public Employee Legal Defense and Indemnification Act, 7 CMC §§ 2301–2307 (Public Law 5-12, as amended by Public Law 9-68), and to amend the Government Liability Act to provide for dismissal and/or representation of Commonwealth employees in court actions; to clarify the extent of Government Tort Liability; and for other purposes

### SENATE ACTION

**Offered by Senator(s):** Maria Frica T. Pangelinan

**Date:** April 21, 2006

**Referred to:** Committee on Judiciary, Government and Law

**Standing Committee Report No.:** 15-43

**Final Reading:** May 30, 2006

### HOUSE ACTION

**Referred to:** None

**Standing Committee Report No.:** None

**First and Final Reading:** June 12, 2006

---

SENATOR MARIA FRICA T. PANGELINAN
**SENATE LEGISLATIVE SECRETARY**

FIFTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

FIRST REGULAR SESSION, 2006

PUBLIC LAW NO. 15-22
SENATE BILL NO. **15-41, SD1**

AN ACT

To repeal the Public Employee Legal Defense and Indemnification Act, 7 CMC §§ 2301–2307 (Public Law 5-12, as amended by Public Law 9-68), and to amend the Government Liability Act to provide for dismissal and/or representation of Commonwealth employees in court actions; to clarify the extent of government tort liability; and for other purposes.

BE IT ENACTED BY THE FIFTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:

**Section 1.** <u>Title.</u> This Act may be cited as the "Commonwealth Employees' Liability Reform and Tort Compensation Act of 2006."

**Section 2.** <u>Findings and Purpose.</u> The legislature finds that the Public Employee Legal Defense and Indemnification Act has failed to achieve its purpose in a cost effective manner. Commonwealth employees are still being unnecessarily sued in their individual capacities for actions performed as employees of the Commonwealth, even though the Commonwealth is liable for their actions and no individual liability can attach to the employee. Some private lawyers are using the Act as a litigation tool, and suing Commonwealth employees and the Commonwealth under circumstances where the Commonwealth alone is the party that will pay any damages assessed by the court, and the suit against the employee is completely unnecessary. Because of conflict of interest rules of the legal profession, private lawyers must frequently be hired to defend these employees. This obligates the Commonwealth to spend considerable money for employees' lawyers to perform legal tasks which are often duplicative of those being performed by the Attorney General in defending the Commonwealth in the same suit. Frequently, this can lead to excessive litigation costs which may force the Commonwealth to settle or compromise cases

PUBLIC LAW NO. 15-22
**SENATE BILL NO. 15-41, SD1**

---

1  for amounts in excess of a reasonable determination of liability, and even cases where there
2  may be no Commonwealth liability.
3      In addition, the United States Supreme Court, in construing the Federal Tort Claims
4  Act, has ruled in such a manner as to limit the defenses available to individual government
5  employees for actions taken within the scope of their employment. As the Commonwealth
6  Government Liability Act closely tracks provisions of the Federal Tort Claims Act, this
7  raises the specter of individual liability for Commonwealth employees for good faith actions
8  taken within the scope of their employment for which, because of this legal precedent, there
9  may be little or no defense. See Westfall v. Erwin, 484 U.S. 292 (1988).
10     Following the decision of The United States Supreme Court in Westfall, the United
11 States Congress passed amendments to the Federal Tort Claims Act to overcome the effects
12 of the Westfall decision. The amendments provided, in relevant part, that federal employees
13 sued in their individual capacities were automatically dismissed from lawsuits after
14 certification to the court by the United States Attorney General that the employee was acting
15 within the scope of his/her employment at the time of the actions which triggered the
16 lawsuit. The government is simply substituted as the proper defendant if the government is
17 not already in the case.
18     These proposed amendments to the Commonwealth Government Liability Act would
19 accomplish the same purpose for the Commonwealth. This Act also would require that any
20 person having a claim against the Commonwealth would have to file notice of that claim
21 with the Attorney General prior to bringing suit. The Attorney General would then have 90
22 days in which to investigate the claim before any legal action could be commenced. This
23 mandatory time period would allow the Commonwealth to investigate claims and settle
24 valid ones without the expense of litigation, resulting in less expense to the Commonwealth
25 and greater net recoveries for deserving plaintiffs. This is also in accord with current federal
26 requirements under the Federal Tort Claims Act.
27     This Act would also clarify current ambiguities in Commonwealth law concerning
28 the availability of jury trials in tort cases, and the total amount for which the commonwealth
29 is liable per claim and per occurrence. There would be no jury trials in tort actions except as

Page 2

requested, or assented to, by the Commonwealth. Government liability in tort cases would remain capped at $50,000 for wrongful death. Other tort liability would be capped at $100,000 per person and $200,000 per occurrence. The inclusion of the "per occurrence" cap limits the government's liability to a reasonable amount in cases where there are multiple claimants.

The legislature finds that this Act is a necessary and proper use of the legislative power.

**Section 3. <u>Repealer</u>.** Title 7, Division 2, Chapter 3 of the Commonwealth Code, The Public Employee Legal Defense and Indemnification Act, 7 CMC, §§ 2301–2307 (Public Law 5-12, as amended by Public Law 9-68), is hereby repealed in its entirety.

**Section 4. <u>Amendment</u>.** Section 2201 of Title 7 of the Commonwealth Code is amended as follows:

"§ 2201.    Short Title and Definitions.

(a) This article may be cited as the Government Liability Act of 1983, as amended.

(b) Definitions. As used in this Chapter:

(1) "Act" includes any omission or failure to act.

(2) "Claim" is a demand for compensation for injury or loss to person or property. It includes any civil action.

(3) "Claim or judgment" includes any portion of a claim or judgment.

(4) "Employee" means an officer, elected or appointed official, exempted service, excepted service, classified or unclassified employee, or servant of a public entity, whether or not compensated, but does not include an independent contractor of the Commonwealth. Employee includes former employees of the Commonwealth.

(5) "Employment" includes office or employment.

(6) "Injury" means death, injury to a person, damage or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person. For purposes of this section, a person includes a corporation or other legal person.

(7) "Occurrence" means any incident or event which results in damage to person(s) or property generally compensable in tort.

(8) "Settlement" includes any compromise."

**Section 5.**   <u>Amendment</u>.   Section 2202 of Title 7 of the Commonwealth Code is hereby deleted in its entirety and reenacted to read as follows:

"§ 2202.   Limitation of Tort Liability.

(a) The Commonwealth government shall be liable in tort for damages arising from the negligent acts of employees of the Commonwealth acting within the scope of their office or employment; provided, that:

(1) The Commonwealth and any employees engaged in the performance of services on behalf of the Commonwealth shall not be liable in tort for more than $50,000 in an action for wrongful death. Liability in other tortious occurrences shall be limited to $100,000 per person, or $200,000 per occurrence."

(2) The Commonwealth shall not be liable for interest prior to judgment, court fees, witness fees, or for punitive damages.

(3) If the Commonwealth is insured for a greater amount, the governmental liability shall be the same as the insurance coverage.

(4) This section does not in any way impair, limit or modify the rights and obligations under any government insurance policy.

(b) An action shall not be instituted upon a claim against the Commonwealth for money damages for injury or loss of property or personal injury or death caused by the negligent act or omission of any employee of the Commonwealth while acting within the scope of his/her employment, unless the claimant shall have first presented the claim to the Attorney General and the claim shall have been finally denied by the Attorney General, in writing, and the claimant so notified. The failure of the Attorney General to make final disposition of a claim within 90 days after it is presented shall be deemed a final denial of the claim for purposes of this section. The provisions of this section shall not apply to such claims as may be properly asserted as third party complaints, counterclaims, or cross-claims

under the Commonwealth Rules of Civil Procedure in a civil action. Every claim shall be presented within the period of limitations provided by statute for civil actions of a like nature.

(c) Action shall not be later instituted for any sum in excess of the amount of the claim presented to the Attorney General, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presentation of the claim, or upon allegation and proof of intervening facts relating to the amount of the claim.

(d) Disposition of any claim by the Attorney General shall not be competent evidence of liability or amount of damages.

(e) There shall be no jury trials of tort actions against the Commonwealth or its employees unless requested, or assented to, by the Commonwealth."

**Section 6.   Amendments.**   Section 2205 of Title 7 of the Commonwealth Code is hereby amended as follows:

"§ 2205.   Settlement of Claims and Payment of Judgments.

(a) The Attorney General may compromise or settle any claim asserted hereunder, whether asserted by initial claim, civil action, or otherwise. Money judgments rendered against the Commonwealth shall only be paid from funds specifically appropriated for that purpose by the legislature.

(b) The settlement of the claim by the Attorney General or the judgment in an action shall constitute a complete bar to any other action by the claimant, by reason of the same subject matter, against the employee of the Commonwealth whose act or omission gave rise to the claim."

**Section 7.   Amendments.**   Section 2207 of Title 7 of the Commonwealth Code is hereby amended as follows:

"§ 2207.   Retroactivity.

(a) The provisions of this article shall apply to every claim or action for tort liability which has not been reduced to judgment as of the effective date of this article, as amended, regardless of when the action was filed.

(b) Notwithstanding subsection (a), the requirements of 7 CMC § 2202(b) as amended by this Act shall not apply to civil actions filed and pending in court on the effective date of this Act.

(c) With respect to any civil action pending on the effective date of this Act in which a Commonwealth employee is represented by private counsel secured under the Public Employee's Legal Defense and Indemnification Act, upon dismissal of the employee from the action the employee's attorney shall furnish a final bill to the Attorney General within 60 days of such dismissal."

**Section 8.**   **<u>Amendment.</u>**   Division 2 of Title 7 of the Commonwealth Code is hereby amended by the addition of a new section numbered 2208 which reads as follows:

" §2208.   Exclusiveness of Remedy.

(a) The authority of any Commonwealth agency to sue or be sued in its own name shall not be construed to authorize suits against such agency or its employees on claims which are cognizable under this Title and the remedies provided by this Title in such cases shall be exclusive for claims against all branches of the Commonwealth government.

(b)(1) The remedy against the Commonwealth provided for by this Title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Commonwealth while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages, by reason of the same subject matter, against the employee whose act or omission gave rise to the claim, or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

(2) Paragraph (1) does not extend to or apply to a civil action against an employee of the Commonwealth which:

(A) is brought for a violation of the Constitution(s) of the United States or the Commonwealth, or

PUBLIC LAW NO. 15-22
SENATE BILL NO. <u>15-41, SD1</u>

  (B) is brought for a violation of a statute of the Commonwealth or the United States under which such action against an individual is otherwise authorized."

**Section 9.** <u>Amendment.</u> Division 2 of Title 7 of the Commonwealth Code is hereby amended by the addition of a new section numbered 2209 which reads as follows:

" §2209. Representation by Attorney General.

The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Commonwealth or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver, within 5 days of receiving service of process or other court documentation of suit, all papers, including the summons, the pleadings, or other materials received, to the head of the department where the employee is employed, if so employed, or to the office of the Attorney General, if not employed. Said department heads shall promptly furnish copies of said papers to the office of the Attorney General. In the sole discretion of the Attorney General, outside counsel may be employed for the purposes of this Act as may be appropriate."

**Section 10.** <u>Amendments.</u> Division 2 of Title 7 of the Commonwealth Code is hereby amended by the addition of a new section numbered 2210 which reads as follows:

" §2210. Certification by Attorney General.

(a) Upon certification by the Attorney General that the defendant employee was acting within the scope of his/her office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a court against an employee shall be deemed an action against the Commonwealth and the Commonwealth shall be substituted as the party defendant, if the Commonwealth was not already a defendant in the suit. An Order dismissing the employee from the suit shall be entered.

(b) In the event the Attorney General has refused to certify scope of office or employment, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his/her office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or

proceeding against the Commonwealth, and the Commonwealth shall be substituted as the party defendant. A copy of the petition shall be served upon the Commonwealth.

(c) Upon certification, any action or proceeding shall proceed in the same manner as any other action against the Commonwealth and shall be subject to the limitations and exceptions applicable to those actions.

(d) Whenever an action or proceeding in which the Commonwealth is substituted as the party defendant is dismissed for failure to first present a claim pursuant to the requirements of this title, such a claim shall be deemed to be timely presented under this title if:

    (1) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

    (2) the claim is presented to the Attorney General within 60 days after dismissal of the civil action."

**Section 11.   Amendment.** Section 3101(b)(1) of Title 7 of the Commonwealth Code is hereby amended as follows:

"(1) In civil actions where the amount claimed or value of the property involved exceeds $1,000 exclusive of interest and costs, the parties shall be entitled to a trial by a jury of six persons, of all legal (as distinguished from equitable) issues, to the same extent and under the same circumstances that they would be entitled to a trial by jury if the case were pending in a United States District Court and were within the jurisdiction of that court. The Commonwealth Rules of Civil Procedure which are not inconsistent with this subsection apply so far as all matters affecting trial by jury are concerned; provided, however, that there shall be no right to trial by jury in actions against the Commonwealth sounding in tort, in actions against the Commonwealth specified in 7 CMC § 2251, or in actions for annulment, divorce, adoption or eminent domain proceedings."

**Section 12. Rule Making Authority.** The Office of the Attorney General may promulgate needed rules and regulations to implement the intent of this Act.

**Section 13. Severability.** If any provision of this Act or the application of any

Page 8

PUBLIC LAW NO. 15-22
**SENATE BILL NO. 15-41, SD1**

such provision to any person or circumstance should be held invalid by a court of competent jurisdiction, the remainder of this Act or the application of its provisions to persons or circumstances other than those to which it is held invalid shall not be affected thereby.

**Section 14.** **Savings Clause.** This Act and any repealer contained herein shall not be construed as affecting any existing right acquired under contract or acquired under statutes repealed or under any rule, regulation or order adopted under the statutes. Repealers contained in this Act shall not affect any proceeding instituted under or pursuant to prior law. The enactment of the Act shall not have the effect of terminating, or in any way modifying, any liability, civil or criminal, which shall already be in existence on the date this Act becomes effective.

**Section 15.** **Effective Date.** This Act shall take effect upon its approval by the Governor or becoming law without such approval.

**CERTIFIED BY:**　　　　　　　　　　　　　　　**ATTESTED BY:**

_____　　　　　_____
**JOSEPH M. MENDIOLA**　　　　　　　　　　　　**MARIA FRICA T. PANGELINAN**
President of the Senate　　　　　　　　　　　　Senate Legislative Secretary


DISAPPROVED this 24th day of July, 2006

_____
**BENIGNO R. FITIAL**
Governor
Commonwealth of the Northern Mariana Islands

Page 9

```
                                              PUBLIC LAW NO. 15-22
                                              SENATE BILL NO. 15-41, SD1
```

Overridden by the Senate on July 28, 2006 and the House of Representatives on July 28, 2006 with the affirmative vote of two-thirds of the members in each House.

CERTIFIED BY:

_____     DATE: 8/2/06
PETE P. REYES
Acting President of the Senate


_____     DATE: 8/02/06
OSCAR M. BABAUTA
Speaker of the House of Representatives


Senate Overrode on July 28, 2006

House of Representatives Overrode on July 28, 2006

Became Public Law No. 15-22 on 3rd day of August, 2006.