1  **GEORGE L. HASSELBACK, ESQ. – (F0325-NMI)**
2  **O'Connor Berman Dotts & Banes**
   **Second Floor, Nauru Building**
3  **P.O. Box 501969**
   **Saipan, MP 96950**
4  **Telephone No. (670) 234-5684**
   **Facsimile No. (670) 234-5683**
5
6  *Attorneys for Plaintiff Lisa S. Black*

7  **IN THE UNITED STATES DISTRICT COURT**
   **FOR THE**
8  **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **LISA S. BLACK,** | **CIVIL ACTION NO. 05-0038** |
| Plaintiff, | |
| vs. | **OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER RETAINING JIM BREWER AS DEFENDANT** |
| **JIM BREWER, individually and in his official capacity as Acting Principal for Hopwood Junior High School, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM, and JOHN AND/OR JANE DOE,** | **Trial Date : February 20, 2007** |
| Defendants. | |

**I.**
**Introduction**

The CNMI Attorney General's Office ("AGO") moved, less than a week before trial, to have Defendant Jim Brewer dismissed from this case and the CNMI substituted as a party in his stead. That motion was in part granted before the Plaintiff was able to file an Opposition. Now, on the literal "eve of trial", the AGO has sought reconsideration of the part of its motion that was denied. The AGO's motion for reconsideration is both procedurally defective and legally untenable.

1

The Motion for Reconsideration contains a blatent misstatement of this case when it says the only remaining issues "are local claims, *not* federal claims." <u>Motion for Reconsideration</u>, at p. 1 (emphasis in original). Judge Munson in denying the last motion to dismiss held:

> Furthermore, because the "due process provision [of the Commonwealth Constitution] affords the same protection as does the due process clause of the U.S. Constitution", plaintiff's second claim for a due process violation under the Commonwealth Constitution states a claim for redress under the due process provision of the U.S. Constitution.

<u>Order Denying Brewer's Motion to Dismiss (92)</u>, entered January 18, 2007, <u>quoting</u> <u>Office of the Attorney General v. Rivera</u>, 3 N. Mar. I. 438, 445 n. 3 (1993).

The violation of due process claim that remains in this case *is* a federal claim. "Accordingly, the court has federal question jurisdictions on Plaintiff's second claim." <u>Order Denying Brewer's Motion to Dismiss,</u> <u>supra</u>. Defendant Jim Brewer, in his individual capacity, remains a proper defendant.

Notably, there is no mention in the motion for reconsideration of Rule 59 or Rule 60 or any discussion of what would justify reconsideration of this Court's February 12, 2007 <u>Order</u>. Unable to point to newly discovered evidence or allege some excusable neglect, the AGO instead argues the original motion all over again. This is not proper.

The AGO's motion for reconsideration has not been brought on shortened time as is required by the Local Rules. The motion to dismiss was actually the second such motion filed by Defendant Brewer and was itself improper. *See* <u>Memorandum in Support of Defendant Brewer's Motion for Summary Judgment</u>, No. 70, filed November 13, 2006. And the second

2

motion to dismiss was in direct contravention of an <u>Order</u> entered in this action on January 13, 2007, that stated "In order to allow the parties to prepare for trial, this court will not entertain further motions (other than proper motion *in limine*), including a motion brought pursuant to 28 U.S.C. § 1292". <u>Order</u>, entered Jan 13, 2007, at p. 5. The instant motion for reconsideration should not be entertained because of these procedural defects.

On the merits the instant motion for reconsideration ignores the text of the statute upon which it purportedly relies as did the original motion to dismiss. The statute clearly does not allow a government employee to escape as a defendant when what has been alleged is a violation of either the CNMI or U.S. Constitutions.

The Act:

> does not extend or apply to a civil matter action against an employee of the Commonwealth which….is brought for a violation of the Constitution(s) of the United States or the Commonwealth.

7 CMC § 2208 (b)(2)(A).

Further, local CNMI law cannot circumscribe the boundaries of federal law. Therefore, if the court reaches the merits of the instant motion it should deny the motion and not dismiss Mr. Brewer as a Defendant in this action.

**II**
**Argument**

*A. CNMI Statute Preserves Mr. Brewer As A Defendant To Constitutional Claims.*

3

First and foremost, the very statutes the AGO purports support dismissal of Mr. Brewer as a defendant in this action actually, when read fully, preserve him as a defendant as to Plaintiff's constitutional claims. *See* 7 CMC § 2208 (b)(2)(A). A copy of the full text of the statute as found in the enabling legislation is attached for the convenience of the Court. The AGO presents only the portion of CNMI statute that favors its position when it cites to 7 CMC § 2210(a) as requiring Mr. Brewer's dismissal. This section, however, only speaks to the technical requirements of this division of the CNMI Code and one must look elsewhere to determine the scope of coverage of this division. 7 CMC §2208 sets the provisions of this division as the sole remedy against the CNMI and its employees who are acting in the course and scope of their employment.[1]

This exclusivity, however, ***"does not extend or apply to a civil action against an employee of the commonwealth which … is brought for a violation of the Constitution(s) of the United States or the Commonwealth*** (emphasis added)**"** 7 CMC § 2208(b)(2)(A). Here, since one of Plaintiff's causes of action is for violations of due process rights protected under both the U.S. and CNMI Constitutions, by the plain language of CNMI statute, Mr. Brewer cannot be dismissed as a defendant as to that claim, and the CNMI government may not be substituted as a party.

*B. The CNMI Cannot Define The Scope Of A Federal Cause Of Action.*

Furthermore, even if the CNMI statute purported to exclusively define suits against the CNMI government and its employees (which it does not), such a claim would be facially

---

[1] Specifically, 7 CMC § 2208(b)(1).

4

invalid. Federal statutory causes of action, such as 42 U.S.C. § 1983, exist to protect persons against infringement of their rights protected under the U.S. Constitution. These rights cannot be limited by individual jurisdictions' stautes. To do so would be to defeat the entire purpose of such statutes. To contend that CNMI statute could eliminate a cause of action as against an individual CNMI employee for violations of U.S. Constitutionally protected rights, either vastly overestimates the reach of CNMI statute, or simply (as Defendants have done before) ignores that federal claims still exist.

### *C. This Court Should Not Reward The AGO's Obvious Gamesmanship.*

The AGO's motion for reconsideration is just a repeat of the original motion that was denied. Re arguing a motion that has already been decided is not permitted. See Fuller v. M.G. Jewelry, 950 F. 2d 1437, 1442 (9th Cir. 1991) (holding that denial of a motion for reconsideration was not an abuse of discretion because the motion presented no arguments the court had not already considered and rejected.) The AGO's motion for reconsideration is not proper under the Federal Rules. The motion should be denied.

Finally, this Court should not entertain dismissal of Mr. Brewer because the AGO has waited too long. There was motions cut off in this case and all dispositive motions were heard on December 14, 2006. Defendant Brewer did in fact move to dismiss but he did not raise 7 CMC § 2208 as a basis, and his motion to was denied on January 5, 2007. Judge Munson, troubled by a flurry of motions that followed the January 5, 2007 order, entered an order on January 13, 2007 that stated "this court will not entertain further motions (other than proper motion *in limine*)..." Trial is now only 18 hours away and the AGO has not even attempted to

support hearing the instant motion for reconsideration on shortened time by submitting a declaration and separate motion as is required by Local Rules.

The delay in bringing the underlying motion was either inexcusable neglect on the part of the Defendant in not acting promptly or a purposeful delay effectuated and timed to cause maximum disruption in these proceedings and prejudice to Plaintiff.  In either event, in addition to the reasons stated above, this Court should not dismiss Mr. Brewer because to do so would be to reward an inexcusable delay that is solely the fault of the Defendant. The motion for reconsideration should be denied.

## III
## Conclusion

For all the above stated reasons, Defendant Jim Brewer should not be allowed out of this case on the eve of trial as a named defendant.

Dated : February 19, 2007            Respectfully submitted,


                                     O'CONNOR BERMAN DOTTS & BANES
                                     Attorneys for Plaintiff Lisa Black



                                     By: _____/s/_____
                                         GEORGE L. HASSELBACK (F0325)

K:\3200\3221-01 Lisa Black\PL\draft\Motions In Limine\Response to theirs\070219-Opp2mtn forRECONSIDERATION-.doc