## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| **LISA S. BLACK,** | ) | **CIVIL ACTION NO.  05-0038** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **JURY INSTRUCTIONS** |
| | ) | |
| **JIM BREWER, individually and in his** | ) | |
| **official capacity as Acting Principal for** | ) | |
| **Hopwood Junior High School,** | ) | |
| **COMMONWEALTH OF THE NORTHERN** | ) | |
| **MARIANA ISLANDS PUBLIC SCHOOL** | ) | |
| **SYSTEM, and JOHN AND/OR JANE DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Dated this _____ of February, 2007.

_____
JUDGE TERRY J. HATTER, JR.
Senior United States District Judge

**TABLE OF CONTENTS**

A.  INITIAL INSTRUCTIONS

      1.      Duty of Jury

      2.      Claims and Defenses

      3.      Stipulations of Fact

      4.      Ruling on Objections

      5.      Bench Conferences and Recesses

      6.      Outline of Trial

      7.      No Transcript Available to Jury

      8.      Conduct of the Jury

      9.      Taking Notes

B.  FINAL INSTRUCTIONS

      1.      Duties of Jury to Find Facts and Follow Law

      2.      What Is Evidence

      3.      What Is Not Evidence

      4.      Direct and Circumstantial Evidence

      5.      Credibility of Witnesses

      6.      Opinion Evidence, Expert Witnesses

      7.      Charts and Summaries in Evidence

      8.      Burden of Proof - Preponderance of the Evidence

      9.      Intentional Infliction of Emotional Distress

      10.     "Outrageous" Defined

      11.     "Recklessness" Defined

12.    <u>Intentional Infliction of Emotional Distress – Physical Harm</u>

13.    <u>Violation of Constitutional Rights</u>

14.    <u>Damages – Proof</u>

15.    <u>Measures of Types of Damages</u>

16.    <u>Damages for Intentional Infliction of Emotional Distress</u>

17.    Damages – Mitigation

18.    Damages Arising in the Future – Discount to Present Cash Value

19.    <u>Punitive Damages</u>

20.    <u>Nominal Damages</u>

21.    Use of Notes

22.    Duty to Deliberate

23.    Communication with Court

24.    Return of Verdict

C.    SPECIAL INSTRUCTIONS

1.    Cautionary Instruction - First Recess

2.    Deadlocked Jury

3.    Evidence for Limited Purpose

*Underlined Jury Instruction are those that Plaintiff and Defendants disagree

**A1_____          DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**A-2**
**_____ CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff has two claims. First, Plaintiff claims that she was the victim of the intentional infliction of emotional distress by Defendant Jim Brewer.

Second, Plaintiff also claims that her Constitutional rights were violated because the defendants imposed a stigma or other disability upon her that prevented her from taking advantage of other employment opportunities in the Commonwealth.

The defendants deny those claims.

**A-3**
**_____ STIPULATIONS OF FACT**

The parties have agreed to certain facts. You should therefore treat these facts as having been proved.  The facts that the parties have agreed to are as follows:

1.    Plaintiff Lisa Black ("Ms. Black") is a citizen of the United States and, at the time of the events giving rise to this action, was a resident of the CNMI.

2.    Defendant Jim Brewer is a citizen of the United States and, at the time of the events giving rise to this suit occurred, was a resident of the CNMI.

3.    Defendant Commonwealth of the Northern Mariana Islands Public School System ("PSS") is a non-profit corporation organized pursuant to CNMI statute with its principal place of business in the CNMI.  PSS is charged with maintaining and operating all of the CNMI's public schools to include Hopwood Junior High School ("Hopwood").  PSS was Mr. Brewer's employer and therefore responsible for his supervision.

4.    In or about March of 2004, Ms. Black began working as a teacher at Hopwood.

5.    During the entire tenure of Ms. Black's employment as a classroom teacher at Hopwood, Mr. Brewer was the Principal of Hopwood.  As Principal, Mr. Brewer had primary authority to recommend hiring, non-renewal and termination of classroom teachers.

6.      Between the beginning of Ms. Black's tenure at Hopwood and October 6, 2004, members of the Hopwood faculty and staff became concerned with the qualifications and competence of Ms. Beth Nepaial the Vice Principal of Hopwood ("Ms. Nepaial"). Because of these concerns, several members of the staff and faculty participated in the drafting of a "letter of concern" ("the Letter").

7.      On October 6, 2004, the Letter was delivered to the administration of PSS and the Commonwealth's Board of Education. Upon receipt of this letter, the aforementioned contacted Mr. Brewer and tasked him with investigating these concerns.

8.      On April 25, 2005, Ms. Black received notice that her contract of employment would not be renewed.

9.      In April of 2006, Ms. Black left the Commonwealth to accept a teaching position in Morocco.

**A-4**

\_\_\_\_    **RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**A-5**

**_____ BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**A-6**

**_____ OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

**A-7**
**_____ NO TRANSCRIPT AVAILABLE TO JURY**

     At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**A-8**
**_____  CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the marshal to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**A-9**
_____ **TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**B-1**
**_____ DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should returnⒸthat is a matter entirely up to you.

**B-2**
_____ **WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

**B-3**
**_____ WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**B-4**
**_____ DIRECT AND CIRCUMSTANTIAL EVIDENCE**

      Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**B-5**
**_____ CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**B-5**

**B-6**
**_____ OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**B-7**

**_____ CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**B-8**
**BURDEN OF PROOF PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim, or affirmative defense, by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim, or affirmative defense, is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### B-9 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In order to recover for the intentional infliction of emotional distress**,** Ms. Black must establish:

   (1) PSS intentionally or recklessly inflicted severe emotional distress;
   (2) PSS's conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community;
   (3) the actions of PSS caused the plaintiff's emotional distress; and
   (4) the emotional distress suffered by the plaintiff was severe so that no reasonable person could be expected to endure it.

Sources:  South Carolina Jury Instructions Civil § 24-2 (modified), Restatement (Second) of Torts § 46 (1965) and *Charfauros v. Board of Elections*, 1998 WL 34073646 (N.M.I.).

## B-10 OUTRAGEOUS CONDUCT DEFINED

Plaintiff must establish by the preponderance of evidence that defendant Brewer's conduct was so outrageous conduct is so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

## B-11 <u>RECKLESS CONDUCT DEFINED</u>

You must decide whether Defendants intentionally or recklessly caused Plaintiff severe emotional distress. "Intentionally" means that Defendants desired to inflict severe emotional distress upon Plaintiff or knew to a certainty or substantial certainty that this distress would result from their actions. Recklessly could mean two things: (1) a person acts recklessly if he or she has reason to know that his actions will pose a high degree of risk injuring another person but acts in conscious disregard of what he or she knows he should do: and/or (2) a person acts recklessly if he does not realize or appreciate the high riskiness or this conduct when any reasonable person in his position would appreciate of realize the riskiness.

B-12  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (PHYSICAL HARM)

The plaintiff has also alleged that the emotional distress caused her physical harm.  If you find that plaintiff has proven her claim for the intentional infliction of emotional distress, and if you find that the emotional distress did cause her bodily harm, then you may find defendant liable for such bodily harm.

*Charfauros v. Board of Elections*, 1998 WL 34073646 (N.M.I.).

## B-13 COUNT I: DUE PROCESS- LIBERTY INTEREST

In order to establish a claim for the deprivation of a liberty interest without due process, Plaintiff must satisfy the following elements:

(1) PSS made statements that brought a charge against Ms. Black that seriously damaged her standing and associations in her community and placed her reputation, honor, or integrity at stake;

(2) Ms. Black disputed the charge made against her as false;

(3) The charges must have been intentionally publicized by Defendant PSS; and

(4) The charges were made in connection with the non-renewal of Plaintiff's contract;

(5) PSS did not give Black a name clearing hearing.

Not every statement which accompanies an adverse employment decision infringes on liberty interests. Charges of incompetence alone are not sufficiently serious to trigger a liberty interest protected by the Constitution. The charge must be so serious that it belittles the worth and dignity of Plaintiff as an individual and, as a consequence is likely to have severe repercussions outside professional life. *Joseph Hill vs. Government of the Northern Mariana Islands*, 1 CR 905 (District Court NMI 1984).

A decision not to reemploy, standing alone, does not deprive an employee of liberty under the Fourteenth Amendment. Proof that a record of non-retention in one position might make a person somewhat less attractive to some other employers, but is insufficient to establish the kind of foreclosure of opportunities amounting to a deprivation of liberty. *Board of Regents v. Roth*, 408 U.S. 564, 574-575 (1972).

Sources: Jury Instructions of MEGALLI v. TOWN OF MARSHFIELD, C.A. No. 02-10593-GAO, 2005 WL 2862424 (US District Court, D. Massachusetts)(modified); *Matthews v. Harney County*, 819 F.2d 889, 891 (9th Cir.1987), *Joseph Hill vs. Government of the Northern Mariana Islands*, 1 CR 905 (District Court NMI 1984); *Board of Regents v. Roth*, 408 U.S. 564, 574-575 (1972).

## B14 DAMAGES PROOF FOR DUE PROCESS

[ok first two paragraphs of plaintiff]

1.  Any actual damages. This is the amount of money that plaintiff lost as a result of deprivation of her due process rights due to loss of employment. It includes back wages minus any income from any other sources.

[ok with last two sentences in plaintiff's B-14]

## B15 MEASURES OF TYPES OF DAMAGES

Object to future wages and/or damages.

The reasonable value of wages lost to the present time minus any income earned from other sources.

### B16 DAMAGES FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Object.  Damages is aimed at allowing recovery for damages actually suffered and the focus is on the effect and the impact suffered.

*Charfauros v. Board of Elections*, 1998 WL 34073646 (N.M.I.).

**B-17_____ DAMAGES MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

**B-17**

**B18 _____ DAMAGES ARISING IN THE FUTUREc**
**DISCOUNT TO PRESENT CASH VALUE**


Any award for future economic damages must be for the present cash value of those damages.

Non-economic damages such as mental pain and suffering, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

## **<u>B19 PUNITIVE DAMAGES</u>**

Object.  There are no punitive damages available against PSS or the CNMI as stated in the motion in limine. We object to any instruction at all, however if one is given:

If first you first find that plaintiff is entitled to actual or compensatory damages, and second, if you find that Brewer's conduct was motivated by evil or malice, or involved reckless or callous indifference to Plaintiff.

Source *Davet v. Maccarone*, 973 F. 2d 22, 27 (1st Cir. 1992).

## **B20  NOMINAL DAMAGES**

Object to nominal damages.

B-21

_____ **USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**B-22**

**_____ DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**B-23**

**_____ COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyoneCincluding meChow the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**B-24**
_____ **RETURN OF VERDICT**

    A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**C-1**

**_____ CAUTIONARY INSTRUCTIONᴄFIRST RECESS**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**C-2**
_____ **DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

**C-3**

**_____ EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**C-3**