Ms. Heather L. Kennedy F0246
Karen M. Klaver F0241
C.N.M.I. Public School System
P.O. Box 1370 CK
Saipan, MP 96950
Telephone: (670) 237-3046
Fax:(670) 664-3713
Attorneys for Defendant CNMI Public School System

Matthew T. Gregory F0205
Gregory Baka F0199
Attorney Generals Office
Hon. Juan A Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950
Telephone: (670664-2341
Fax: (67)664-2349

Attorneys for the CNMI and Jim Brewer

**IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| LISA S. BLACK, ) | CIVIL ACTION NO. 05-0038 |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **DEFENDANT CNMI PUBLIC** |
| ) | **SCHOOL SYSTEM (PSS)** |
| **JIM BREWER, individually and in his** ) | **MEMORANDUM IN SUPPORT OF** |
| **official capacity as Acting Principal for** ) | **MOTION FOR JUDGMENT AS A** |
| **Hopwood Junior High School,** ) | **MATTER OF LAW** |
| **COMMONWEALTH OF THE NORTHERN** ) | |
| **MARIANA ISLANDS PUBLIC SCHOOL** ) | |
| **SYSTEM, and JOHN AND/OR JANE DOE,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR
JUDGMENT AS A MATTER OF LAW**

Defendants Commonwealth of the Northern Mariana Islands, CNMI Public School

1

System, and Jim Brewer ask this court to render judgment in its favor, as authorized by the Federal Rules of Civil Procedure 50(a). Fed. R. Civ. P. 50 (a) (1) states: If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

## I. Introduction

1. Plaintiff is Lisa S. Black, defendants are the Commonwealth of the Northern Mariana Islands (CNMI), CNMI Public School System and Jim Brewer.
2. Plaintiff sued Defendants for intentional infliction of emotional distress and violation of rights guaranteed by the CNMI Constitution.
3. On January 5, 2007, this court entered an Order Granting Partial Summary Judgment.
4. The court called the case for a trial on the merits on February 20, 2007.
5. Defendant seeks judgment as a matter of law because plaintiff has not presented legally sufficient evidence for a reasonable jury to find for plaintiff on her claims.
6. By February 22, 2007, Plaintiff rested her case in chief and has been fully heard on all issues on which she has the burden of proof.

## II. Argument

The court is authorized to render judgment as a matter of law against a party who, after being fully heard on an issue, does not present facts constituting a prima facie case and does not meet its burden of production. See Fed. R. Civ. P. 50(a) (1); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742, 2748 (1993). Plaintiff plead a claim for due

2

process, liberty interest violation and intentional infliction of emotional distress.

**A. Due Process Liberty Interest Claims**

Plaintiff claims that her liberty interest under Article 1, section 5 of the Commonwealth Constitution was violated. Plaintiff has not introduced legally, sufficient evidence to submit the issue to the jury.

In order to establish a claim for the deprivation of a liberty interest without due process, Plaintiff must satisfy the following elements:

(1) PSS made statements that brought a charge against Ms. Black that seriously damaged her standing and associations in her community and placed her reputation, honor, or integrity at stake;

(2) Ms. Black disputed the charge made against her as false;

(3) The charges must have been intentionally publicized by Defendant PSS; and

(4) The charges were made in connection with the non-renewal of Plaintiff's contract;

(5) PSS did not give Black a name clearing hearing.

*Matthews v. Harney County,* 819 F.2d 889, 891 (9th Cir.1987), *Joseph Hill vs. Government of the Northern Mariana Islands*, 1 CR 905 (District Court NMI 1984); *Board of Regents v. Roth*, 408 U.S. 564, 574-575 (1972).

At trial, Plaintiff has not provided any evidence that a stigmatizing allegation was made by Defendants. Plaintiff has not offered any evidence that there is a stigmatizing charge. The only reference to a stigmatizing conduct is a vague reference to a warrant for Plaintiff's arrest with no indication that the allegation came from anyone at PSS or Defendant Brewer. No reason was presented that the allegation was a reason for her non-renewal at Hopwood Junior High School. No testimony was given that Plaintiff's reputation has been damaged.

3

Not every statement which accompanies an adverse employment decision infringes on liberty interests. Charges of incompetence alone are not sufficiently serious to trigger a liberty interest protected by the Constitution. The charge must be so serious that it belittles the worth and dignity of Plaintiff as an individual and, as a consequence is likely to have severe repercussions outside professional life. *Joseph Hill vs. Government of the Northern Mariana Islands*, 1 CR 905 (District Court NMI 1984).

> The Order Granting Partial Summary Judgment stated: [A] reasonable inference can me [sic] made that defendant disclosed stigmatizing conduct. Accordingly, there is a genuine issue of material fact as to whether defendants disclosed stigmatizing conduct.
>
> *Black v. Brewer et al.,* Civil Action No. 05-0038 (N.M.I.D. Ct.) (Order Granting Partial Summary Judgment) p 7.

Plaintiff has offered no principals who testified that there was a willingness to hire plaintiff then withdrew a formal offer without explanation. Karen Borja testified that the offer was withdrawn after Plaintiff herself demanded a separation. There has been no evidence offered that Defendant's publicized any stigmatizing conduct. There has been no evidence that Defendants imposed a stigma or other disability upon Plaintiff that foreclosed her freedom to take advantage of other reemployment opportunities. Plaintiff has offered no evidence that Defendant PSS prevented Plaintiff from securing other employment or in any way violated Plaintiff's due process rights.

A decision not to reemploy, standing alone, does not deprive an employee of liberty under the Fourteenth Amendment. Proof that a record of non-retention in one position might make a person somewhat less attractive to some other employers but is insufficient to establish the kind of foreclosure of opportunities amounting to a deprivation of liberty. *Board of Regents v. Roth*, 408 U.S. 564, 574-575 (1972).

An employee's liberty interest is implicated when there is public disclosure of a stigmatizing reason for the termination of a public employee. *Board of Regents v. Roth,* 408 U.S. at 573, 92 S.Ct. 2701. In *Matthews v. Harney County,* 819 F.2d 889, 891 (9th Cir.1987), the Ninth Circuit found that a "liberty interest is implicated in the employment termination context if the charge impairs a reputation for honesty or morality...." However, "an employee must show that '(1) the accuracy of the charge is contested; (2) there is some public disclosure of the charge; and (3) the charge is made in connection with termination of employment'. *Mustafa v. Clark County School District*, 157 F.3d 1169 (9th Cir. 1998) citing *Matthews*, 819 F.2d at 891-892. See also, *Cox v. Roskelly*, 359 F.3d. 1105 (9th Cir.2004).

In *Roth*, a professor who had no tenure rights and was not rehired after the first year alleged that the decision not to rehire infringed on his Fourteenth Amendment rights. The Supreme Court held that where the state did not make any charge against the professor that might seriously damage his standing and associations in his community and there was no suggestion that the state imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities. It stretches the concept of a liberty interest in public employment too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another. *Roth,* 408 U.S. 575 citing *Cafeteria and Restaurant Workers* v. *McElroy*, 367 U.S. 886, 895-896, 81 S.Ct. 1743, 1748-1749, 6 L.Ed.2d 1230 (1961).

The Declaration of Robert Schwalbach states "Mr. Brewer wrote to me expressing his concern that Ms. Black was not in compliance with the terms of her grant." The statement continues, "On May 6, 2006, along with this letter of May 5, Mr. Brewer also faxed me a short note advising that I may have been 'hoodwinked' by Ms. Black with respect to the grant she

5

had been awarded." Schwalbach Declaration p. 2. The declaration from Mr. Schwalbach does not allege any stigmatizing conduct; Defendant Brewer is asking Mr. Schwalbach to look into the grant and does not state that Plaintiff committed fraud. Not only was there no stigmatizing conduct but the letter was not publicized and was between two government agencies. Nothing has been presented in Plaintiff's case alleging that Plaintiff was not renewed due to fraud.

In this case, Plaintiff has failed to allege any facts regarding public disclosure of stigmatizing conduct. Even if it is considered public disclosure, the correspondence with Mr. Schwalbach is not connected to the non-renewal. There is no evidence that the Schwalbach-Brewer e-mails were ever placed in Plaintiff's personal file. Even if it had been placed in Plaintiff's personal file, any statement regarding Plaintiff was not published. There is no allegation that the reasons for the Principal's decision not to renew Plaintiff's contract, including the letters of reprimand and performance appraisal, were publicized. Plaintiff's personnel file is not public information. CNMI law prohibits public disclosure of personal information contained in personnel files, 1 CMC § 9918(a)(2), and no evidence has been offered that there was any public disclosure of information contained in plaintiff's personal file.

Plaintiff attempts to create new CNMI law regarding blacklisting. Blacklisting is a creature of state law. The blacklisting alleged by Plaintiff does not meet the standard necessary to establish a violation of a liberty interest. Plaintiff was not terminated. She received notice that her contract at HJHS would not be renewed. No references were made or raised concerning sitmatizing reasons or representing public disclosure.

**B.      No Evidence Presented Supporting Intentional Infliction of Emotional Distress.**

6

In order to recover for the intentional infliction of emotional distress, Ms. Black must establish:

(1) PSS intentionally or recklessly inflicted severe emotional distress;

(2) PSS's conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community;

(3) the actions of PSS caused the plaintiff's emotional distress; and

(4) the emotional distress suffered by the plaintiff was severe so that no reasonable person could be expected to endure it.

Sources:  South Carolina Jury Instructions Civil § 24-2 (modified), Restatement (Second) of Torts §  46 (1965) and *Charfauros v. Board of Elections*, 1998 WL 34073646 (N.M.I.).

§ 46 of the Restatement of Torts provides:

One by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other result from it, for such bodily harm.

Plaintiff must establish by the preponderance of evidence that defendants' conduct was so outrageous conduct is so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. "Intentionally" means that Defendants desired to inflict severe emotional distress upon Plaintiff or knew to a certainty or substantial certainty that this distress would result from their actions. Recklessly could mean two things: (1) a person acts recklessly if he or she has reason to know that his actions will pose a high degree of risk injuring another person but acts in conscious disregard of what he or she knows he should do: and/or (2) a person acts recklessly if he does not realize or appreciate the high risk or this conduct when any reasonable person in his position would appreciate or realize the risk.

Plaintiff has not alleged let alone proved any facts that the Defendants' conduct was so extreme or outrageous as to cause her severe emotional distress.  The Restatement of Torts § 46

7

comment (h) notes that it is "an important duty of the courts to guard the gateway to the cause of action for intentional infliction of emotional distress." The Comment continues: "it is for the court to determine, in the first instance, whether the defendant's conduct may be reasonably regarded as so extreme and outrageous as to permit recovery . . ."   Courts must exercise their review of these claims or the standard of outrageous will be expanded into an unreviewable jury question, diluting the importance of the cause of action and the available relief. *Keiter v. Penn Mutual Ins. Co.*, 900 F.Supp 1339, 1348 (D.Haw.1995).

Plaintiff has not alleged any outrageous conduct on the part of the Defendants.

> d. *Extreme and outrageous conduct*.  The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous.  It has not been enough that the defendant has acted with an intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice", or a degree if aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to atrocious, and utterly intolerable in a civilized community.  Generally, the ease is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Claims of intimidation and harassment and angry words exchanged between a supervisor and his employee do not "go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Thomas v. Douglas,* 877 F.2d 1428 (9th Cir. 1989)(citing *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987)). In *Thomas*, the Ninth Circuit held "liability for intentional infliction of emotional distress 'does not extend to mere threats' because 'some safety valve must be left through which irascible tempers may blow off relatively harmless steam"

Indeed, courts throughout the nation have dismissed cases of intentional infliction of emotional distress in the employment context.  See, *Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667 (S.D.N.Y. 1995) (discriminatory comments about the plaintiff's

8

pregnancy and gender, criticism of her attitude and work product, rumors about her lack of work ethic, and the unlawful termination claims did not constitute a viable claim for intentional infliction of emotional distress; *Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No. 1,* 143 F.3d 351 (7th Cir. 1998), reh'g and suggestion for reh'g en banc denied, (June 26, 1998) and cert. denied, 1999 WL 8065 (U.S. 1999)(teacher terminated amidst rumors of sexual misconduct failed to establish intentional infliction of emotional distress claim despite his contentions that the reasons for his termination was pretextual and that school board defamed him); *Lupo v. Wyeth-Ayerst Laboratories*, 4 F. Supp. 2d 628 (E.D. Tex. 1997)(employee's claims that his sales figures were altered by employer to cast him as an incompetent and ineffective, and threat to subpoena employee's current employer for his personnel records if he refused to produce them voluntarily did not meet threshold requirements for cause of action); *Murphy v. American Home Products Corp*., 448 N.E.2d 86 (N.Y. Ct. App. 1983)(upholding dismissal of intentional infliction of emotional distress claim because plaintiff's allegations that he was demoted for reporting fraud, informed he would never advance because of his age, discharged, ordered to leave immediately, forcibly and publicly escorted from the workplace by company guards, and subjected to having his belongings dumped into the street, fell "far short" of the standard of conduct necessary to establish a cause of action).

    In an intentional infliction of emotional distress claim, the court granted the defendant employer's motion for summary judgment stating that the employer's reasons for denying the female employee promotions included the employee's inability to get along with her subordinates, peers, and supervisors, were legitimate and nondiscriminatory; pursuant to Texas law. The court found the employee's discharge did not give rise to a claim for intentional or negligent infliction of emotional distress, where the employee was suspended after questioning by two supervisors, was informed of her termination, where employee did not allege that any outrageous acts occurred during either event, and where the employer's refusal to transfer, refusal to address sources of distress, and the placing of a memo in the employee's file were not

9

sufficient to satisfy the requisite element of outrageous conduct. *Taylor* v. *Houston Lighting and Power Co.*, 756 F. Supp. 297 (S.D. Tex. 1990) (applying Texas law).

When a former employee brought suit alleging sexual discrimination and intentional infliction of emotional distress, claiming that her "demotion" and replacement were announced in the presence of other employees and that it created a "false impression that her work was inferior and unsatisfactory when in fact that was not the case," the court held that the employee failed to allege conduct that rose to the level of unconscionability necessary to support her emotional distress claim. *Harris* v. *Norfolk and Western Ry. Co.*, 720 F. Supp. 567 (W.D. Va. 1989) (applying Virginia law).

A terminated employee brought an action against her former employer for intentional infliction of emotional distress related to sexual discrimination did not sufficiently state a claim. In order to state a claim for intentional infliction of emotional distress, conduct must be alleged that is so outrageous in character, and "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community", "the law does not compensate one for threats, annoyances, or petty oppressions or other trivial incidents that must necessarily be expected and are incidental to modern life, no matter how upsetting." *Ruggiero* v. *Contemporary Shells, Inc.*, 160 A.D.2d 986, 554 N.Y.S.2d 708 (2d Dep't 1990).

A former employee brought an action against former employers and former supervisor alleging sexual discrimination and intentional infliction of emotional distress. The court granted defendants motion for failure to state a claim as the complaint failed to allege either intent or conduct sufficiently egregious to constitute intentional infliction of emotional distress, and that the former employee alleged primarily that the former supervisor's discriminatory conduct consisted of her giving him an unjustified poor performance review. The former employee only alleged that it was reasonably foreseeable that employee would suffer serious emotional distress rather than an actual intent to cause emotional distress, adding that a defendant must intend to cause, or recklessly disregard the probability of causing, emotional distress to be liable under

10

Illinois law for intentional infliction of emotional distress. *Lewis* v. *Cotton*, 932 F. Supp. 1116, (N.D. Ill. 1996) (applying Illinois law)

Plaintiff also failed to meet the fourth element of severe distress. Comment j. to RESTATEMENT §46 provides: "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." Plaintiff's stress claims are based on her lack of employment. Unemployment may be stressful, but it does not approach the severe stress standard required of an intentional infliction of emotional distress claim.

Plaintiff's claim for intentional infliction of emotional distress fails as a matter law because plaintiff has not alleged nor proven any outrageous conduct by Defendants and has not suffered any actionable severe stress. Accordingly, this Court should grant this motion.

### III. Conclusion

For these reasons, defendant asks the court to render a judgment as a matter of law in favor of defendants.

Respectfully submitted February 22, 2007 by:

_____/s/_____
Karen M. Klaver F0241
Heather L. Kennedy   F0246
Attorneys for the CNMI Public School System