_____ **Aggravation of Preexisting Condition or Disability**

Plaintiff is not entitled to damages for any physical or emotional condition that she had before Defendant Jim Brewer's conduct occurred. However, if Lisa Black has a physical or emotional condition that was made worse by Jim Brewer's wrongful conduct, you must award damages that will reasonably and fairly compensate her.

SOURCES AND AUTHORITY

- CACI 3927

- "A tortfeasor may be held responsible where the effect of his negligence is to aggravate a preexisting condition or disease." (Hastie v. Handeland (1969) 274 Cal.App.2d 599, 604 [79 Cal. Rptr. 268], internal citations ommited.)

- "Plaintiff may recover to the full extent that his condition has worsened as a result of defendant's tortious act." (Ng v. Hudson (1977) 75 Cal. App.3d 250, 255 [142 Cal.Rptr.69], internal citations omitted, overulled on another ground in Soule v. General Motors (1994) 8 Cal.4th 548, 574 [34 Cal.Rptr.2d 607, 882 P.2d 298].)

- "It is by no means self-evident that an act which precipitates a flare-up of a preexisting condition should be considered a 'cause which, in natural and continuous sequence, produces the injury.' Thus, general instructions on proximate cause were not sufficient to inform the jury on the more specific issue of aggravation of preexisting conditions." (Ng supra, 75 Cal.App.3d at p. 256.)

- "[ An instruction on preexisting condition] is proper only where the injured is the claimant seeking compensation for his injuries. That is not the case here in a

wrongful death action." (Vecchione v. Carlin (1980) 111 Cal.App.3d 351, 358 [168 Cal.Rptr. 571].)

K:\3200\3221-01 Lisa Black\070222-NewJury Inst-miu.doc