F I L E D
Clerk
District Court

FEB 2 6 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# United States District Court
# Northern Mariana Islands

| | |
|---|---|
| LISA S. BLACK, | Civil Action No. 05-38 |
| Plaintiff, | |
| v. | |
| JIM BREWER, individually and in his official capacity as acting Principal of Hopwood Junior High School, and COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS PUBLIC SCHOOL SYSTEM. | Jury Instructions |
| Defendants. | |

Date: February 26, 2007

_Terry J. Hatter_

Terry J. Hatter, Jr.
Senior United States District Judge

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to the plaintiff and to each defendant in the case.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

A government organization is entitled to the same fair trial at your hands as a private individual. All persons, including government organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

The Commonwealth of the Northern Mariana Islands/Public School System may act only through natural persons as its agents or employees. In general, agents or employees of CNMI/PSS may bind CNMI/PSS by their acts and declarations made while acting within their official capacity or within the scope of their duties as employees.

CNMI/PSS can only act through its employees or agents. Therefore CNMI/PSS is responsible for the acts of its employees and agents performed within their official capacity.

Jim Brewer was acting within his official capacity if he was engaged in the performance of duties which were expressly or impliedly assigned to him by CNMI/PSS.

Any acts not performed by Jim Brewer within his official capacity were made in his individual capacity.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments of the attorneys;

2. Questions and objections of the attorneys;

3. Testimony that I instruct you to disregard; and

4. Anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence; and

3. Any facts to which the lawyers stipulate.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

During the course of a trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or exhibits which that attorney believes is not properly admissible. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating to you who I believe should win or lose the case.

It is the duty of the Court to admonish an attorney who, out of zeal for the cause of his or her client, does something which is not in keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whom an admonition of the court may be addressed during the trial of this case.

The plaintiff has alleged that she was the victim of the intentional infliction of emotional distress. The plaintiff has the burden to prove the claim. In order to recover for the intentional infliction of emotional distress, the plaintiff must establish:

1. The conduct complained of was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community;

2. The conduct was intentional or reckless;

3. The conduct must have caused emotional distress; and

4. The distress must have been severe.

If you find that the plaintiff has proven the above four elements by a preponderance of evidence, you may then award the plaintiff damages to compensate her for the emotional distress she suffered.

You must decide whether defendants intentionally or recklessly caused plaintiff severe emotional distress.

"Intentionally" means that the defendants desired to inflict severe emotional distress upon plaintiff or knew to a certainty or substantial certainty that this distress would result from their actions.

"Recklessly" could mean two things:
1. A person acts recklessly if he or she has reason to know that this action will pose a high degree of risk injuring another person but acts in conscious disregard of what he or she knows he or she should do;
and/or
2. A person acts recklessly if he or she does not realize or appreciate the high riskiness of his or her conduct when any reasonable person in his or her position would appreciate or realize the riskiness.

A person acts with "intent" or "intentionally" when he or she desires to cause consequences of that act, or when he or she believes that the consequences are substantially certain to result from the act.

Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a person's intent from surrounding circumstances. You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances which indicate the party's state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is for you to decide what facts have been established by the evidence.

The plaintiff has, also, alleged that the emotional distress caused her physical harm. If you find that plaintiff has proven her claim for the intentional infliction of emotional distress, and if you find that the emotional distress did cause her bodily harm, then you may find defendant liable for such bodily harm.

The plaintiff has alleged that rights granted to her by the CNMI Constitution have been violated. The plaintiff has the burden of proof on this claim. To prevail on this claim the plaintiff must prove by a preponderance of the evidence either of the following:

> That the defendants made a charge against the plaintiff that might seriously damage her standing and associations in the community;
>
> – or –
>
> That the defendants imposed a stigma or other disability upon the plaintiff that foreclosed her freedom to take advantage of other employment opportunities.

The plaintiff must, also, prove by a preponderance of the evidence the following:

> 1. The charges must have been intentionally publicized by the defendants; and
>
> 2. The defendants did not give plaintiff a chance to clear her name at a hearing.

If you find that the plaintiff has met her burden and proven the above by a preponderance of the evidence, then you may then award the plaintiff damages.

Not every statement which accompanies an adverse employment decision infringes on liberty interests. Charges of incompetence alone are not sufficiently serious to trigger a liberty interest protected by the CNMI Constitution.

A decision not to reemploy, standing alone, does not deprive an employee of her liberty. Proof that a record of non-retention in one position might make a person somewhat less attractive to some other employers, but is insufficient to establish the kind of foreclosure of opportunities amounting to a deprivation of liberty.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants. You should consider the following:

1. Any actual damages;

2. Any future damages; and

3. Punitive damages in an amount to prevent a defendant from causing the same sort of injury to any one else.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The disfigurement and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of wages lost to the present time minus any income earned from other sources;

The reasonable value of wages which with reasonable probability will be lost in the future.

Plaintiff is not entitled to damages for any physical or emotional condition that she had before the defendants' conduct occurred.  However, if plaintiff has a physical or emotional condition that was made worse by defendants' wrongful conduct, you must award damages that will reasonably and fairly compensate her.

A person who may be more susceptible to injury than someone else is still entitled to recover the full amount of damages that were caused by defendant's fault. In other words, the amount of damages that were caused should not be reduced merely because plaintiff may be more susceptible to injury than someone else.

If you find for the plaintiff, you may, but are not required to, award punitive damages against defendant Jim Brewer in his individual capacity and only for a violation of plaintiff's constitutional rights. You can not award punitive damages against PSS or the CNMI for a violation of plaintiff's constitutional rights. You can not award punitive damages against any defendant for intentional infliction of emotional distress.

The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future. The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who performs or fails to perform it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.  That the plaintiff failed to use reasonable efforts to mitigate damages; and

2.  The amount by which damages would have been mitigated.

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, the foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.